MARVIN S. PUTNAM (S.B. #212839)
mputnam@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Twentieth Century Fox
Television, a division of Twentieth Century
Fox Film Corporation, and Fox Broadcasting
Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware company, and FOX BROADCASTING COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EMPIRE DISTRIBUTION, INC., a California corporation,<br><br>Defendant. | Case No. 2:15-cv-2158<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Twentieth Century Fox Television ("TCFTV"), a division of Twentieth Century Fox Film Corporation ("TCFFC"), and Fox Broadcasting Company ("FBC") (collectively, "Fox"), for their complaint against defendant Empire Distribution, Inc., allege as follows:

## NATURE OF THE ACTION

1. Fox brings this action to protect its intellectual property rights in and to its breakout fictional television series *Empire*. Even though the series only debuted on January 7, 2015, *Empire* has already become a cultural phenomenon. To date, each episode of *Empire* has attracted more viewers than the prior episode—a feat that no other show in the last 23 years has accomplished. FBC recently renewed the series for a second season.

2. Fox seeks a declaration pursuant to 28 U.S.C. § 2201 that *Empire*, and the release of music therefrom, does not violate any of defendant's purported trademark rights. This action has been necessitated by defendant's meritless claims of trademark infringement and dilution, as well as unfair competition, and its attendant demands for millions of dollars.

## PARTIES

3. TCFFC is a corporation organized and existing under the laws of Delaware, having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90064. TCFFC owns the intellectual property rights in and to the fictional television series *Empire* and the music therefrom, including copyright and trademark rights.

4. TCFTV is a television studio engaged in the business of creating and producing television programs.

5. FBC is a Delaware corporation, having its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90064. FBC operates the Fox Network, a national broadcast television network with 203 affiliates reaching approximately 99% of all United States households.

COMPLAINT FOR
DECLARATORY RELIEF

6. Defendant Empire Distribution, Inc. is a California corporation with a principal place of business at 375 Portrero Avenue, Suite 5, San Francisco, California 94103. On information and belief, defendant is a music record label and music distribution company engaged in the business of live and recorded music production, distribution, and sales.

## JURISDICTION AND VENUE

7. This is an action for declaratory relief brought under 28 U.S.C. §§ 2201 *et seq.*; under the Lanham Act, 15 U.S.C. §§ 1125(a) and 1125(c); and under state unfair competition law, California Business and Professions Code §§ 17200 *et seq*. This Court has federal question subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has subject matter jurisdiction over the state law claim under 28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction.

8. This Court has personal jurisdiction over defendant because defendant is incorporated and domiciled in California.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Fox's claims against defendant occurred in the Central District of California. Fox created, produces, distributes, exhibits, and sells the purportedly infringing properties in this District; attempted to resolve the dispute with defendant in this District; and received threats of litigation and cease-and-desist letters from defendant in this District. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because defendant directed its cease-and-desist letters to this District and also, on information and belief, distributes, promotes, and sells music under its alleged trademarks throughout this District.

## FOX'S VALUABLE INTELLECTUAL PROPERTY

10. *Empire* is a musical dramatic television series. The show tells the fictional story of a feuding entertainment-industry family. After rapper and drug

COMPLAINT FOR DECLARATORY RELIEF

dealer turned music mogul Lucious Lyon (played by Academy Award-nominee Terrence Howard) is diagnosed with a fatal disease, viewers watch his ex-wife, Cookie (played by Academy Award-nominee Taraji P. Henson), and their three sons fight for future control over Lucious' powerhouse music and entertainment company. This fictional company is fittingly called "Empire Enterprises," as it is a veritable—and fantastical—conglomerate based in New York City. In addition to producing hip-hop and R&B hits, Empire Enterprises is portrayed to own a nightclub, make champagne and sneakers, and generate over $343 million in annual revenue.

11. By all accounts, *Empire* is a massive hit, garnering widespread attention, critical acclaim, and unprecedented ratings success. For example, *Empire* has set multiple viewership records since its debut. Its recently-aired season finale reached 16.7 million same-day viewers. This represented an entire season in which each episode attracted more viewers than the last. No program has accomplished even five weeks of consecutive viewership growth under the modern system for measuring viewership, in place for over two decades. FBC renewed *Empire* for a second season on January 17, 2015.

12. Music is, not surprisingly, featured prominently on *Empire*. This music includes original songs produced for the show by Grammy Award-winning producer Timothy "Timbaland" Mosley. Through Columbia Records, Fox releases songs following the broadcast of each new episode, and it recently released an *Empire* compilation soundtrack (collectively, the "Soundtrack Music"). The album, *Empire: The Original Soundtrack from Season 1*, debuted as the number one album on the Billboard 200 chart for the week of March 28, 2015, beating out Madonna's new *Rebel Heart* album for the top slot. An earlier album, *Empire: Music from the Breach*, consisting of songs from *Empire*'s ninth episode, held the 22nd spot on the Billboard 200 chart for the week of March 21, 2015.

COMPLAINT FOR DECLARATORY RELIEF

# DEFENDANT'S ALLEGED TRADEMARKS

13. Defendant claims rights to three purported trademarks: "Empire," "Empire Distribution," and "Empire Recordings."

14. Defendant has never applied for federal registration of a trademark in "Empire."

15. Defendant's January 24, 2014 application for registration of "Empire Distribution" to identify various non-electronic music recordings is pending, and was initially denied by the United State Patent and Trademark Office (the "USPTO") due to a likelihood of confusion with "Empire Entertainment" and "DVD Empire." The USPTO has not yet taken action on defendant's December 10, 2014 application for registration of "Empire Distribution" to identify electronic delivery of musical recordings.

16. Defendant's January 24, 2014 application for registration of "Empire Recordings" to identify various non-electronic music recordings is pending, and it was initially denied by the USPTO due to a likelihood of confusion with "Empire Entertainment" and "DVD Empire."

17. Defendant claims to use the logo below:



Fig. 1.

18. Upon information and belief, the Empire Distribution logo does not generally appear on its album covers.

19. Upon information and belief, Empire Distributions, Inc. was not formed until June 2011, and the earliest that it claims to have used "Empire Distribution" or "Empire Recordings" in commerce is January 1, 2010.

20. On March 23, 2015, a Google search for "empire record label" displayed defendant's website on the seventh page and a job posting on the sixth

COMPLAINT FOR DECLARATORY RELIEF

1  page. None of the other hits on the first six pages were related to defendant. And
2  the entries on the first six pages are predominantly for other record labels with
3  "empire" in their name, such as Empire Records, Royal Empire Records, American
4  Empire Records, and Empire State Recordings.

5      21.    On March 23, 2015, a Google search for "Empire Distribution Inc."
6  displayed defendant's website as the fifth result, with none of the earlier entries
7  referring to defendant.

8      22.    Empire is a common word in trademarks, including in the
9  entertainment field. For example, just in the State of California, there are
10 companies doing business as Empire Recordings LLC; Dark Empire Recordings
11 LLC; Empire Entertainment, Inc.; Empire Entertainment Productions, Inc.; Empire
12 Media Center; and Empire Publishing, Inc. There is even a film called *Empire*
13 *Records*. Outside the State of California, as well as outside the entertainment field,
14 there are myriad more Empire-related marks.

15 **FOX'S USE OF THE WORD "EMPIRE"**

16     23.    *Empire* is the title of Fox's breakout dramatic series. Empire
17 Enterprises is the name of the fictional company at the heart of the series. The
18 Soundtrack Music also prominently bears the *Empire* series logos along with other
19 indicia from the series so that consumers can associate it with the television show.

20     24.    Fox has spent hundreds of thousands of dollars to advertise and
21 promote the series. These efforts included developing consistent branding. For this
22 reason, Fox uses several, related logos to identify *Empire* and the music therefrom.

25. The following two logos are exemplars of those used to promote the series itself:



Fig. 2.



Fig. 3.

26. The following two logos are exemplars of those used to promote the Soundtrack Music:



Fig. 4.

COMPLAINT FOR DECLARATORY RELIEF



Fig. 5.

## DEFENDANT'S CLAIMS

27. On February 16, 2015—three days after *Empire* increased viewership for a then-record fifth straight week and claimed a total viewership of 11.9 million—defendant sent Fox a claim letter, authored by outside counsel, accusing Fox of using defendant's alleged marks without authorization. *See* Exhibit A.

28. This letter claimed trademark infringement under sections 1114 and 1125(a) of the Lanham Act. Defendant claimed that use of the word "Empire" somehow confused defendant's customers, artists, and business partners as to whether the series and its music are somehow affiliated with defendant.

29. This letter also accused Fox of trademark dilution by tarnishment. Defendant's theory is that "*Empire*'s portrayal of a label run by a homophobic drug dealer prone to murdering his friends threatens to tarnish [defendant's] brand and harm [its] goodwill."

30. Defendant demanded that Fox issue document preservation notices for all records that are potentially relevant to this dispute.

31. During a subsequent March 6, 2015 telephone call, defendant, also through outside counsel, demanded $8 million to resolve its trademark infringement and dilution claims against Fox.

32. Later on March 6, 2015, defendant sent a second claim letter. *See* Exhibit B. This letter, again authored by outside counsel, reiterated defendant's trademark claims, asserted a new claim for unfair competition, and gave Fox three

COMPLAINT FOR DECLARATORY RELIEF

"options" to settle the claims made against it: (1) Fox could pay $5 million and include artists that defendant represents as "regular guest stars" on the fictional television series *Empire*; (2) Fox could pay defendant $8 million; or (3) Fox could stop using the word "Empire."

33. Faced with defendant's increasing claims and demands, Fox commences this action to affirm its rights.

## COUNT ONE-DECLARATORY JUDGMENT REGARDING FEDERAL TRADEMARK INFRINGEMENT
### (28 U.S.C. §§ 2201 *et seq*. and 15 U.S.C. § 1125(a))

34. Fox repeats and realleges each allegation contained in paragraphs 1 through 33 of this complaint as if fully set forth herein.

35. Defendant has alleged that the fictional television series *Empire* and the related Soundtrack Music infringe its purported trademark rights in "Empire," "Empire Distribution," and "Empire Recordings." Defendant has further made demands for millions of dollars to settle these purported claims. By virtue of defendant's conduct, Fox has a real and reasonable apprehension of litigation and has been brought into adversarial conflict with defendant.

36. Defendant's conduct threatens to place a cloud over Fox's intellectual property rights in the fictional television series *Empire* and the Soundtrack Music.

37. By reason of the foregoing, there now exists between the parties an actual and justiciable controversy concerning Fox's and defendant's respective rights with respect to the use of the word "Empire."

38. The aforesaid declaration is necessary and appropriate at this time so that Fox's right to continue its conduct can be affirmed.

39. Fox has no adequate remedy at law.

40. Accordingly, Fox seeks, pursuant to 28 U.S.C. § 2201, a judgment from this Court that Fox's use of the word "Empire" in the title of its fictional television series, in connection with the fictional entity "Empire Enterprises," and

COMPLAINT FOR DECLARATORY RELIEF

in connection with the Soundtrack Music does not infringe defendant's trademark rights, if any.

## COUNT TWO-DECLARATORY JUDGMENT REGARDING FEDERAL TRADEMARK DILUTION
### (28 U.S.C. §§ 2201 *et seq*. and 15 U.S.C. § 1125(c))

41. Fox repeats and realleges each allegation contained in paragraphs 1 through 33 of this complaint as if fully set forth herein.

42. Defendant contends that Fox's portrayal of the main character in the fictional television series *Empire* dilutes, by tarnishment, its purported trademark rights in "Empire," "Empire Distribution," and "Empire Recordings." Defendant has further made demands for millions of dollars to settle these purported claims. By virtue of defendant's conduct, Fox has a real and reasonable apprehension of litigation and has been brought into adversarial conflict with defendant.

43. Defendant's purported marks are not "famous marks" entitled to protection under 15 U.S.C. § 1125(c)(1).

44. Defendant's conduct threatens to place a cloud over Fox's intellectual property rights in the fictional television series *Empire* and the Soundtrack Music.

45. By reason of the foregoing, there now exists between the parties an actual and justiciable controversy concerning Fox's and defendant's respective rights and obligations with respect to the use of the word "Empire."

46. The aforesaid declaration is necessary and appropriate at this time so that Fox's right to continue its conduct can be affirmed.

47. Fox has no adequate remedy at law.

48. Accordingly, Fox seeks, pursuant to 28 U.S.C. § 2201, a judgment from this Court that Fox's use of the word "Empire" in the title of its fictional television series, in connection with the fictional entity "Empire Enterprises," and in connection with the Soundtrack Music do not tarnish or otherwise dilute defendant's trademark rights, if any.

# COUNT THREE-DECLARATORY JUDGMENT
# REGARDING STATE UNFAIR COMPETITION

**(28 U.S.C. §§ 2201 *et seq.* and Cal. Bus. Prof. Code §§ 17200 *et seq*.)**

49. Fox repeats and realleges each allegation contained in paragraphs 1 through 33 of this complaint as if fully set forth herein.

50. Defendant contends that Fox's use of the mark "Empire" in the title of its fictional television series, in connection with the fictional entity "Empire Enterprises," and in connection with the Soundtrack Music constitutes unfair competition. Defendant has further made demands for millions of dollars to settle this purported claim. By virtue of defendant's conduct, Fox has a real and reasonable apprehension of litigation and has been brought into adversarial conflict with defendant.

51. Defendant's conduct threatens to place a cloud over Fox's intellectual property rights in the fictional television series *Empire* and the Soundtrack Music.

52. By reason of the foregoing, there now exists between the parties an actual and justiciable controversy concerning Fox's and defendant's respective rights with respect to the use of the word "Empire."

53. The aforesaid declaration is necessary and appropriate at this time so that Fox's right to continue its conduct can be affirmed.

54. Fox has no adequate remedy at law.

55. Accordingly, Fox seeks, pursuant to 28 U.S.C. § 2201, a judgment from this Court that Fox's use of the word "Empire" in the title of its fictional television series, in connection with the fictional entity "Empire Enterprises," and in connection with the Soundtrack Music does not violate defendant's trademark rights, if any.

## PRAYER FOR RELIEF

WHEREFORE, Fox prays for a judgment against defendant as follows:

A. For a declaration that Fox's use of the word "Empire" in the title of its

fictional television series, in connection with the fictional entity "Empire Enterprises," and in connection with the Soundtrack Music does not:

    i. Infringe, dilute, or otherwise violate any of defendant's trademark rights;

    ii. Violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    iii. Violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c);

    iv. Violate California Business and Professions Code §§ 17200 *et seq.*;

    v. Violate any applicable common law or statutory unfair competition law;

B. For a permanent injunction enjoining defendant, and its agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with it, from making false statements and representations to third parties asserting that Fox has violated its trademark rights, if any;

C. For Fox's attorney fees and costs incurred; and

D. For such other and further relief as the Court deems just and equitable.

Dated: March 23, 2015

MARVIN S. PUTNAM
O'MELVENY & MYERS LLP

By: */s/ Marvin S. Putnam*
Marvin S. Putnam
Attorneys for Twentieth Century Fox Film Corporation, Twentieth Century Fox Television, and Fox Broadcasting Company

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Fox hereby demand a trial by jury for all issues triable to a jury.

Dated: March 23, 2015

MARVIN S. PUTNAM
O'MELVENY & MYERS LLP

By: _/s/ Marvin S. Putnam_
Marvin S. Putnam
Attorneys for Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation, and Fox Broadcasting Company