PAUL L. GALE (SBN 065873)
paul.gale@troutmansanders.com
PETER N. VILLAR (SBN 204038)
peter.villar@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, California  92614-2545
Telephone:  (949) 622-2704
Facsimile:   (949) 769-2052

JOHN M. BOWLER (*pro hac vice*)
john.bowler@troutmansanders.com
MICHAEL D. HOBBS (*pro hac vice*)
michael.hobbs@troutmansanders.com
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 5200
Atlanta, Georgia  30308-2216

*Attorneys for Defendant and*
*Counterclaimant Empire Distribution Inc.*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware company, and FOX BROADCASTING COMPANY, a Delaware corporation,<br><br>          Plaintiffs,<br><br>     v.<br><br>EMPIRE DISTRIBUTION, INC., a California corporation,<br><br>          Defendant.<br><br>*Caption continued on next page.* | Case No.  2:15-cv-02158-PA-FFM<br><br>Hon. Percy Anderson<br><br>**EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS FOR:**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT**<br>**2. FEDERAL TRADEMARK DILUTION**<br>**3. FEDERAL UNFAIR COMPETITION**<br>**4. CALIFORNIA STATUTORY UNFAIR COMPETITION AND FALSE ADVERTISING**<br>**5. CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**<br>**6. CALIFORNIA TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL** |

EMPIRE DISTRIBUTION, INC., a
California corporation,

                    Counterclaimant,

        v.

TWENTIETH CENTURY FOX
TELEVISION, a division of
TWENTIETH CENTURY FOX
FILM CORPORATION, a Delaware
company, and FOX
BROADCASTING COMPANY, a
Delaware corporation,

                    Counter-Defendants.

Defendant and Counterclaimant Empire Distribution, Inc. ("Empire") hereby asserts its Counterclaims against Plaintiffs and Counter-Defendants Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation, and Fox Broadcasting Company (collectively "Fox") as follows:

## INTRODUCTION

1.      Fox filed this suit as a preemptive ploy to deprive Empire of its natural position as the plaintiff.  This case arises out of Fox's willful infringement of Empire's well-established trademarks and Fox's unfair, unlawful and deceptive business practices in violation of federal and state law.  Fox's rampant, unauthorized use of the "Empire" name to promote, market, distribute and sell its television program and music has caused, and will continue to cause, significant confusion to Empire's customers and irreparable harm to the identity and brand that Empire has built over many years.

## THE PARTIES

2.      Empire is a California corporation with its principal place of business at 16 Maiden Lane, San Francisco, CA 94108.

3.      Upon information and belief, Counter-Defendant Twentieth Century Fox Film Corporation ("Fox Film") is a Delaware corporation with its principal

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA 92614 - 2545

place of business at 10201 West Pico Boulevard, Los Angeles, California 90064. Upon information and belief, Fox Film purports to own certain intellectual property rights in and to the television series *Empire* and the music therefrom.

4. Upon information and belief, Counter-Defendant Twentieth Century Fox Television ("Fox TV") is a division of Fox Film. Fox TV creates and produces television programs.

5. Upon information and belief, Counter-Defendant Fox Broadcasting Company ("Fox Broadcasting") is a Delaware corporation with its principal place of business at 10201 West Pico Boulevard, Los Angeles, California 90064. Upon information and belief, Fox Broadcasting operates the Fox Network, a national broadcast television network with 203 affiliates in the United States.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b) as it involves claims presenting federal questions under 15 U.S.C. § 1121(a) (actions arising under the Lanham Act have original jurisdiction in federal courts). This Court also has supplemental jurisdiction over the state statutory and common law claims under 28 U.S.C. §§ 1338(b) and 1367(a) because these claims are so related to the claims under which the Court has original jurisdiction that they form part of the same case and controversy under Article III of the United States Constitution.

7. Fox is subject to this Court's general and specific personal jurisdiction because it is domiciled in the State of California and has sufficient minimum contacts with the State of California.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because the parties are residents of this District and a substantial part of the acts or events giving rise to the claims occurred in this District.

1

## **FACTS COMMON TO ALL COUNTERCLAIMS**

2      9.    Empire is a well-known music record label and music distribution

3  company that continuously since 2010 has released albums in a wide variety of

4  genres, specifically focusing on hip hop, rap, and R&B, under the trademarks

5  EMPIRE™, EMPIRE DISTRIBUTION™ and EMPIRE RECORDINGS™ (the

6  "Marks").  Empire promotes, markets and sells its music through various channels

7  of commerce including, but not limited to, its websites (see http://empi.re and

8  www.empiredistribution.com).

9      10.    Over the past five years, Empire has become one of the largest

10  distributors and producers of music in the country.  It has had numerous Billboard

11  charting releases from well-recognized artists under its label, having partnered with

12  notable artists such as Kendrick Lamar, Migos, Too Short, Slim Thug, Rich Homie

13  Quan, Sage the Gemini and Snoop Dogg.  Songs released by Empire under the

14  EMPIRE DISTRIBUTION and EMPIRE RECORDINGS mark have earned

15  platinum and gold records, and the label has sponsored sold-out showcases under

16  its name at events such as South by Southwest.

17      11.    Under both Marks, Empire has built relationships across the music

18  industry to successfully record, promote, and distribute platinum-and gold-certified

19  records.  As part of its partnership with Universal/Republic Records, Empire was

20  recognized by the Recording Industry Association of America for its role in selling

21  over 1,500,000 records for the artist Sage the Gemini.

22      12.    The following images depict the Marks in use alongside the Republic

23  Records mark in Empire and Republic's RIAA-certified platinum plaque

24  commemorating their sale of over 1,000,000 copies of the record "Gas Pedal" and

25  their sale of over 500,000 copies of the record "Red Nose."

26

27

28

TROUTMAN  SANDERS  LLP
5 PARK PLAZA
SUITE  1400
IRVINE , CA  92614 - 2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA 92614 -2545





25   13.   Empire and its partners have now sold over 3,000,000 records for artist
26   Sage the Gemini.  "Red Nose" is being certified platinum (over one million sales)
27   and "Gas Pedal" is almost double platinum.
28

EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS

25293891

14.     The Marks have been used prominently in press releases and coverage of those records.  Separately, Empire is engaged in an ongoing relationship with Atlantic Records to co-develop, distribute, and market artists. Through its partnership with eOne and others, Empire has distributed, marketed, and sold thousands of physical records under its Marks domestically and around the world.

15.     Beyond this widespread exposure, the Marks have been the subject of broad advertising and promotional campaigns, leading to a prominent presence, both online and offline, as the images below demonstrate.  The Marks became a recognized symbol for quality music and music services years ago.  As a result, the Marks are well known among the relevant consuming public as identifying Empire's goods and services.

16.     For example, one of Empire's Marks was promoted online and in person at the A3C hip hop festival in October 2012, as the image below demonstrates.



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS

25293891

17.     One of Empire's Marks was used to promote the company as a leader in the music recording, promotion, and digital distribution space as part of a Beatstars seminar in May 2013.



18.     One of Empire's Marks was included among other prominent music and consumer brands at the BET awards weekend in June 2013.



EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS

25293891

19.     Due to the tremendous amount of valuable goodwill Empire has developed in the Marks, it cannot permit their unauthorized use, because such use is likely to cause confusion among the public as to the source, origin, sponsorship, or affiliation of services identified by the Marks, but not authorized by Empire.

20.     The recent debut of Fox's television program "Empire" -- over five years after Empire began using the Marks -- has created significant confusion with Empire's products and services in the marketplace.  The program follows the fictional hip hop music label named "Empire Enterprises."  Producers of "Empire" have publicly stated that the show's events, business, and characters are based on entities and individuals from the real-world music industry.  Numerous consumers, artists and Empire's business partners have expressed confusion to Empire as to whether the fictional "Empire" program has any affiliation or business relationship with the real-life Empire, which it does not.

21.     Fox's use of the "Empire" mark below in all upper case letters, the same font treatment as in Empire's marks, has significantly exacerbated this confusion.



22.     Fox's use of a city skyline graphic in conjunction with the "Empire" mark, a combination originating with and made famous by Empire, in both

- 8 -

25293891

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

marketing materials and merchandise, such as the gold necklace depicted below that is worn by one of the main characters on Fox's television series, has made the confusion between the marks inescapable.

 

23.    Moreover, Fox advertises, distributes and sells music under the "Empire" mark.  Because this music shares the same search terms and genres as Empire's music, the albums and songs have been positioned in close proximity in online stores such as iTunes, Google Play, Amazon.com, and Spotify.  As demonstrated by the images below, this further perpetuates damaging public confusion.



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA 92614 -2545

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS

25293891





EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS

25293891



24.     There is nothing "fictional" about Fox's music distribution operations. Like other record labels, Fox has an online account with Mediabase, a music industry service that monitors radio station airplay in the United States and Canadian markets and provides in-depth analytical tools for radio and record industry professionals.



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA  92614 - 2545

25. Fox also promotes, markets and advertises its music and artists under the "Empire" mark at radio stations, live performances, events, physical record stores, and other venues where Empire promotes, markets and advertises its music and artists.

26. For example, Empire's franchise artist, Rayven Justice, recently met with internationally renowned DJ Crisco Kidd, at a Dallas radio station to promote his new single. Fox's "Empire" artists, Yazz and Jussie, met with Crisco Kidd the very next day, at the very same radio station, to promote their new single.



27. The rap artist Yazz from Fox's "Empire" program was recently promoted, with the "Empire" mark, alongside multiple Empire rap artists, including Dizzy Wright, Hopsin, Jarren Benton, Rayven Justice and Pia Mia, for a concert sponsored by one of the largest radio stations in the country, Power 106 FM.

25293891

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA 92614 -2545



28.    Remarkably, Yazz is the only artist credited with the "Empire" logo, despite there being five other artists affiliated with Empire – the true owner of the Mark.

29.    Fox's misuse of the "Empire" name has confused other artists and their followers.  For example, Shaggy, a Grammy award winner and one of the best selling reggae musicians of all time, posted Empire's logo on the internet, and one follower commented "#teamCookie" in reference to one of the lead characters on Fox's "Empire" program, Cookie Lyon.

EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS
25293891

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA 92614 -2545



30.     A rap and hip hop music company, Gslaps Entertainment, recently posted a comment on its Facebook site praising Empire for the fame, success and longevity of the "Empire logo" over the years, yet had to clarify that it was "NOT the TV show."

EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS
25293891

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA 92614 -2545



GSlaps
March 25 at 10:11am · 🌐

I've seen a lot of love and support being shown to @empiredistribution
since last night and to be honest, I would feel ashamed if I didn't do the
same. The last few years, I was noticing the Empire logo on the back
covers of some of my favorite artists' projects. In July 2014, I was fortunate
enough to get in contact with @nima_empire (thank you Matt from
Thizzler), and he agreed to have Empire (NOT the TV show) digitally
distribute the music of @JohnnyPhrank and @Alocodaman; two artists who
I manage. THEY ARE #TheRealEmpire. Shouts to the Empire team, Nima
for giving us the opportunity and Empire founder, @ghazi.



    31.    The Lanham Act and similar state laws prohibit Fox's use of a

trademark in connection with the advertising or sale of any goods or services when

such use is likely to cause confusion as to the source of those goods or services. 15

U.S.C. §§ 1114, 1125(a).  The Lanham Act also prohibits any person or entity from

EMPIRE DISTRIBUTION, INC.'S COUNTERCLAIMS
25293891

using a word or name in a manner that is likely to cause confusion as to the affiliation, connection or association with another person or entity.

32.     Fox's unauthorized use of the Empire Marks has already confused and is likely to continue to confuse members of the public into believing that Fox is an approved licensee of or otherwise affiliated with Empire, the very type of deception that these laws prohibit.  Moreover, Fox's "Empire's" portrayal of a label run by a homophobic drug dealer prone to murdering his friends, threatens to tarnish the brand and harm the goodwill built by Empire.

## FIRST COUNTERCLAIM

### (Federal Trademark Infringement under 15 U.S.C. § 1125(a) against All Counter-Defendants)

33.     Empire realleges and incorporates herein the allegations contained in paragraphs 1-32 of this Counterclaim.

34.     Empire has valid trademarks that are entitled to protection, including the marks EMPIRE™, EMPIRE DISTRIBUTION™ and EMPIRE RECORDINGS™.

35.     Empire has continuously and extensively used its Marks in commerce to identify its goods and services in the United States and worldwide, long before Fox began using the "Empire" mark.

36.     Fox has used, and continues to use, its virtually identical and confusingly similar "Empire" name, along with other words, terms, names, symbols, or devices, or any combination thereof, in commerce, to market, promote, advertise and sell its goods and services, without Empire's consent.

37.     Fox's improper and unauthorized use of the "Empire" name constitutes false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which is likely to cause confusion, to cause mistake, or to deceive others as to the affiliation, connection, or association of Fox

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1  with Empire, or as to the origin, sponsorship, or approval of Fox's goods, services,

2  or commercial activities by Empire, in violation of 15 U.S.C. § 1125(a).

3      38.   Fox also misrepresents the nature, characteristics, qualities, or

4  geographic origin of its goods, services, or commercial activities, through its

5  improper and unauthorized use of the "Empire" name in commercial advertising or

6  promotion, in violation of 15 U.S.C. § 1125(a).

7      39.   As a result of Fox's trademark infringement and wrongful conduct,

8  Empire has suffered substantial and irreparable injury, and will continue to suffer

9  irreparable injury unless such conduct is preliminarily and permanently enjoined by

10  this Court.  This injury includes, but is not limited to, the loss of goodwill and

11  reputation that cannot be remedied solely through damages.

12      40.   Empire has no adequate remedy at law and is entitled to preliminary

13  and permanent injunctive relief pursuant to 15 U.S.C. § 1116 restraining and

14  enjoining Fox and its officers, directors, agents, employees, representatives, and

15  any persons or entities acting thereunder, in concert with, or on their behalf, from

16  using the "Empire" Marks in commerce.

17      41.   Pursuant to 15 U.S.C. § 1117, Empire is also entitled to recover Fox's

18  profits; all damages sustained by Empire; up to three times the amount of actual

19  damages; and the costs incurred in this action.

20      42.   Fox's willful use of Empire's Marks without excuse or justification

21  renders this an exceptional case entitling Empire to recover its reasonable attorneys'

22  fees.

23              **SECOND COUNTERCLAIM**

24  **(Federal Trademark Dilution under 15 U.S.C. § 1125(c) against all Counter-**

25                  **Defendants)**

26      43.   Empire realleges and incorporates herein the allegations contained in

27  paragraphs 1-42 of this Counterclaim.

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

44.     Empire's Marks are famous and distinctive, and became famous and distinctive well before Fox's admittedly recent use of the "Empire" mark.

45.     Fox's use of the "Empire" name in connection with the advertisement and sale of its goods and services is likely to cause dilution by blurring or tarnishment of Empire's Marks.  For example, Fox's "Empire's" portrayal of a record label run by a homophobic drug dealer prone to murdering his friends threatens to tarnish the brand and harm the goodwill built by Empire.

46.     As a result of Fox's trademark infringement and wrongful conduct, Empire has suffered substantial harm and is entitled to recover Fox's profits; all damages sustained by Empire; up to three times the amount of actual damages; and the costs incurred in this action, pursuant to 15 U.S.C. § 1117.

47.     Fox's willful use of Empire's Marks without excuse or justification renders this an exceptional case entitling Empire to recover its reasonable attorneys' fees.

48.     Empire has suffered, and will continue to suffer, irreparable injury.  Unless such conduct is preliminarily and permanently enjoined by this Court, Fox will continue to engage in such wrongful conduct to the detriment of Empire and its Marks.  This injury includes, but is not limited to, the loss of goodwill and reputation that cannot be remedied through damages.

49.     Empire has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116, restraining and enjoining Fox and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using the Marks in commerce.

## THIRD COUNTERCLAIM

## (Federal Unfair Competition under 15 U.S.C. § 1125(a) against all Counter-Defendants)

50.     Empire realleges and incorporates herein the allegations contained in paragraphs 1-49 of this Counterclaim.

TROUTMAN  SANDERS  LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA  92614 -2545

25293891

51.     Fox has deliberately and willfully attempted to trade on Empire's longstanding and hard-earned goodwill in its Marks and the reputation Empire established in connection with its products and services, as well as in order to confuse consumers as to the origin and sponsorship of Fox's goods and services and to unfairly compete by promoting those goods and services in commerce as those of Empire.

52.     Fox's unauthorized and wrongful conduct also has deprived and will continue to deprive Empire of the ability to control consumer perception of products and services offered under its Marks.

53.     Fox's conduct in adopting and using its "Empire" name is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Fox and its goods and services with Empire, and as to the sponsorship, origin or approval of Fox and its goods and services, in violation of 15 U.S.C. § 1125(a).

54.     As a result of Fox's trademark infringement and wrongful conduct, Empire has suffered, and will continue to suffer, irreparably injury.  Unless such conduct is preliminarily and permanently enjoined by this Court, Fox will continue to engage in such wrongful conduct to the detriment of Empire and its Marks.  This injury includes, but is not limited to, the loss of goodwill and reputation that cannot be remedied through damages.

55.     Empire has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116 restraining and enjoining Fox and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using the "Empire" Marks in commerce.

56.     Pursuant to 15 U.S.C. § 1117, Empire is also entitled to recover Fox's profits; all damages sustained by Empire; up to three times the amount of actual damages; and the costs incurred in this action.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA 92614 -2545

25293891

57.     Fox's willful use of Empire's Marks without excuse or justification renders this an exceptional case entitling Empire to recover its reasonable attorneys' fees.

## FOURTH COUNTERCLAIM

**(Statutory Unfair Competition and False Advertising under California Business and Professions Code §§ 17200 and 17500 et seq. against all Counter-Defendants)**

58.     Empire realleges and incorporates herein the allegations contained in paragraphs 1-57 of this Counterclaim.

59.     By the conduct described above, Fox has engaged in unlawful, unfair and/or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising.

60.     By the conduct described above, Fox has made untrue and misleading statements in connection with its promotion, marketing, advertisement and sale of its goods and services, which they knew, or by the exercise of reasonable care should have known, were untrue or misleading.

61.     Fox's untrue and misleading statements in connection with its promotion, marketing, advertisement and sale of its goods and services are likely to deceive members of the public.

62.     Fox's wrongful conduct constitutes unfair competition and false advertising under California Business and Professions Code §§ 17200 et seq. and 17500 et seq.

63.     As a direct and proximate result of Fox's conduct, Empire has suffered, and will continue to suffer, damages to its business, reputation and goodwill.

64.     Fox should be ordered to pay restitution and disgorge its profits gained from its wrongful conduct.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614 -2545

25293891

1    65.    Unless Fox's conduct is preliminarily and permanently enjoined,

2    Empire will continue to suffer irreparable injury for which there is no adequate

3    remedy at law.

4                              **FIFTH COUNTERCLAIM**

5    **(California Common Law Trademark Infringement against all Counter-**

6                                  **Defendants)**

7    66.    Empire realleges and incorporates herein the allegations contained in

8    paragraphs 1-65 of this Counterclaim.

9    67.    Fox's use of the "Empire" name to advertise, market, promote and sell

10   its products and services has created a likelihood of confusion, mistake or

11   deception, and therefore infringes on Empire's Marks in violation of the common

12   law of the State of California.

13   68.    As a direct and proximate result of Fox's conduct, Empire has

14   suffered, and will continue to suffer, damages to its business, reputation and

15   goodwill.

16   69.    Unless Fox's conduct is preliminarily and permanently enjoined,

17   Empire will continue to suffer irreparable injury for which there is no adequate

18   remedy at law.

19                              **SIXTH COUNTERCLAIM**

20   **(Trademark Dilution under California Business and Professions Code § 14247**

21                              **against all Counter-Defendants)**

22   70.    Empire realleges and incorporates herein the allegations contained in

23   paragraphs 1-69 of this Counterclaim.

24   71.    Empire's Marks are famous and distinctive, and they became famous

25   and distinctive well before Fox's unauthorized use of the "Empire" name.

26   72.    Fox's willful use of the "Empire" name in connection with the

27   advertisement and sale of its goods and services is likely to cause dilution by

28   blurring or tarnishment of Empire's Marks.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA  92614 - 2545

25293891

73.     Empire has suffered, and will continue to suffer, substantial and irreparable injury, and has no adequate remedy at law.

74.     Empire is entitled to an injunction against Fox's commercial use of the Marks under California Business and Professions Code § 14247.

75.     Because Fox willfully intended to cause dilution, it should be required to pay Empire up to three times Fox's profits from, and up to three times all damages suffered by reason of, the wrongful manufacture, use, display, or sale, under California Business and Professions Code § 14250.

## PRAYER FOR RELIEF

Wherefore, Empire prays for relief as follows:

1.     That the Court award judgment to Empire on all of its Counterclaims;

2.     That Fox, its officers, directors, agents, employees, representatives, and any persons or entities acting in concert or participation with them, be preliminarily and permanently enjoined from using in commerce the "Empire" name, or any variant thereof which is a colorable imitation of other otherwise likely to be mistaken or confused with Empire's Marks, pursuant to 15 U.S.C. § 1116, California Business and Professions Code §§ 14247, 17203, or as otherwise available under federal or state statutory or common law;

3.     That Fox, its officers, directors, agents, employees, representatives and any persons or entities acting in concert or participation with them, be preliminarily and permanently enjoined from causing any dilution, blurring and/or tarnishment to Empire's Marks, pursuant to 15 U.S.C. § 1116, California Business and Professions Code § 14247, or as otherwise available under federal or state statutory or common law;

4.     That Fox pay to Empire any and all profits derived by Fox and all damages sustained by Empire by reason of the acts hereinabove complained of, plus additional damages up to three times above the amount found as actual damages,

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE , CA  92614 - 2545

- 23 -

1    pursuant to 15 U.S.C. § 1117(a), California Business and Professions Code

2    § 14250, or as otherwise available under federal or state statutory or common law;

3        5.    That Fox pay restitution and disgorge its profits for all ill-gotten gains

4    from its wrongful conduct, as available under federal or state statutory or common

5    law;

6        6.    That Fox reimburse Empire for all of its reasonable costs and

7    attorneys' fees pursuant to 15 U.S.C. §1117(a), or other applicable federal or state

8    statutory or common law;

9        7.    That Fox pay pre-judgment and post-judgment interest to the fullest

10   extent permitted by law; and

11       8.    That the Court grant such other relief as it deems just, equitable or

12   appropriate.

13

14   Dated:  June 4, 2015              TROUTMAN SANDERS LLP

15

16                                    By: /s/ Paul L. Gale
17                                    Paul L. Gale
                                      Peter N. Villar
18                                    John M. Bowler
                                      Michael D. Hobbs
19
                                      *Attorneys for Defendant and*
20                                    *Counterclaimant Empire*
                                      *Distribution Inc.*
21

22

23

24

25

26

27

28

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine , CA 92614 -2545

25293891

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38, Empire demands a trial by jury on all issues so triable.

Dated:  June 4, 2015                         TROUTMAN SANDERS LLP


By:  /s/ Paul L. Gale
Paul L. Gale
Peter N. Villar
John M. Bowler
Michael D. Hobbs

*Attorneys for Defendant and
Counterclaimant Empire
Distribution Inc.*

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

- 25 -