# EXHIBIT A

1  PAUL L. GALE (SBN 065873)
2  paul.gale@troutmansanders.com
   PETER N. VILLAR (SBN 204038)
3  peter.villar@troutmansanders.com
   TROUTMAN SANDERS LLP
4  5 Park Plaza, Suite 1400
   Irvine, California 92614-2545
5  Telephone: (949) 622-2704
   Facsimile:  (949) 769-2052
6
   JOHN M. BOWLER (*pro hac vice*)
7  john.bowler@troutmansanders.com
   MICHAEL D. HOBBS (*pro hac vice*)
8  michael.hobbs@troutmansanders.com
   TROUTMAN SANDERS LLP
9  Bank of America Plaza
   600 Peachtree Street NE, Suite 5200
10 Atlanta, Georgia 30308-2216

11 *Attorneys for Defendant and*
   *Counterclaimant Empire Distribution Inc.*

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                  WESTERN DIVISION

15

16 TWENTIETH CENTURY FOX          Case No.  2:15-cv-02158-PA-FFM
   TELEVISION, a division of
17 TWENTIETH CENTURY FOX          Hon. Percy Anderson
   FILM CORPORATION, a Delaware
18 company, and FOX               **EMPIRE DISTRIBUTION, INC.'S**
   BROADCASTING COMPANY, a        **REQUEST FOR PRODUCTION OF**
19 Delaware corporation,          **DOCUMENTS**

20              Plaintiffs,

21         v.

22 EMPIRE DISTRIBUTION, INC., a
   California corporation,
23
                Defendant.
24
   ──────────────────────────────
25 *Caption continued on next page.*

26

27

28

   25727976v3
   ─────────────────────────────────────────────────────────
   EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

1    EMPIRE DISTRIBUTION, INC., a
     California corporation,
2

3                          Counterclaimant,

4           v.

5    TWENTIETH CENTURY FOX
     TELEVISION, a division of
6    TWENTIETH CENTURY FOX
     FILM CORPORATION, a Delaware
7    company, and FOX
     BROADCASTING COMPANY, a
8    Delaware corporation,

9                          Counter-Defendants.

10

11   **PROPOUNDING PARTY:**      **EMPIRE DISTRIBUTION, INC.**

12   **RESPONDING PARTIES:**     **TWENTIETH CENTURY FOX**
                                 **TELEVISION, TWENTIETH CENTURY FOX**
13                               **FILM CORPORATION, AND FOX**
                                 **BROADCASTING COMPANY**
14

15   **SET NO.:**                **ONE**

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

1  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant and
2  Counterclaimant Empire Distribution, Inc. ("EMPIRE DISTRIBUTION") hereby
3  serves this Request for Production of Documents upon Plaintiffs and Counter-
4  Defendants Twentieth Century Fox Television, Twentieth Century Fox Film
5  Corporation, and Fox Broadcasting Company (collectively "FOX").

6  **INSTRUCTIONS**

7  A.    Pursuant to Fed. R. Civ. P. 34 (b), FOX shall respond in writing to
8  each of these requests and produce all responsive documents within its possession,
9  custody or control, within thirty (30) days after the service of these requests, at the
10  offices of Troutman Sanders, LLP, located at 5 Park Plaza, Suite 1400, Irvine, CA
11  92614.

12  B.    Pursuant to Fed. R. Civ. P. 34 (b)(1)(C), FOX shall produce any
13  ELECTRONICALLY STORED INFORMATION in accordance with the ESI
14  Production Format attached as **Exhibit A**, unless otherwise agreed to in writing by
15  the parties.

16  C.    If FOX is unable to comply with any particular request, in whole or in
17  part, FOX shall state in its response that a diligent search and reasonable inquiry
18  has been made in an effort to locate the items and provide the reason for its inability
19  to comply – i.e., that the document never existed, has been lost, stolen or destroyed,
20  or is in the possession, custody or control of another person or entity.

21  D.    If FOX objects to any particular request, in whole or in part, FOX shall
22  state the specific reason for the objection and the specific items being withheld
23  based on the objection.

24  E.    If any document(s) is withheld under a claim of privilege, FOX shall
25  provide a "privilege log" with its responses, stating the specific basis of the
26  privilege and describing the document(s) being withheld in sufficient detail to
27  enable EMPIRE DISTRIBUTION to assess the applicability of the privilege
28  including the following information:

1.  the general nature of the document (letter, e-mail, memo, etc.);

2.  the general subject matter of the document;

3.  the date of the document;

4.  the identity and position of its author;

5.  the identity and position of all addressees and recipients; and

6.  the location of the document.

## DEFINITIONS

The following definitions apply to each of the document requests:

A.      The term "COMPLAINT" refers to the Complaint for Declaratory Relief filed by FOX on March 23, 2015 in this case, and any subsequent amendments thereto.

B.      The term "COUNTERCLAIMS" refers to the Counterclaims filed by EMPIRE DISTRIBUTION against FOX on June 4, 2015 in this case, and any subsequent amendments thereto.

C.      The term "FOX" refers collectively to Plaintiffs and Counter-Defendants Twentieth Century Fox Television, Twentieth Century Fox Film Corporation, and Fox Broadcasting Company, including their current or former officers, directors, employees, principals, agents, representatives, attorneys, accountants, parents, subsidiaries, affiliates and any other person or entity acting on their behalf.

D.      The term "EMPIRE DISTRIBUTION" refers to Defendant and Counterclaimant Empire Distribution, Inc., including its current or former officers, directors, employees, principals, agents, representatives, attorneys, accountants, parents, subsidiaries, affiliates and any other person or entity acting on its behalf.

E.      The term "*EMPIRE SERIES*" refers to FOX's musical dramatic television series that is described in paragraph 10 of the COMPLAINT.

TROUTMAN SANDERS LLP
5 PARK PLAZA
Suite 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

F.     The term "*EMPIRE SERIES MUSIC*" refers to any music that is produced, composed, performed and/or featured on or in connection with the *EMPIRE SERIES* as described in paragraph 12 of the COMPLAINT.

G.     The term "DOCUMENTS" is used in its customary and broadest sense to include all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, including all COMMUNICATIONS and ELECTRONICALLY STORED INFORMATION.

H.     The term "COMMUNICATIONS" refers to any transmission of information between two or more persons including, but not limited to, letters, facsimiles, correspondence, memos, e-mails, text messages, instant messages, and social network communications including, but not limited to, messages and other postings on social network sites such as Facebook and Twitter.

I.     The term "ELECTRONICALLY STORED INFORMATION" shall include any information stored in an electronic medium (such as electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities) including, but not limited to, e-mail, computer files, internet files, voice-mail, photos, graphics, text messages, instant messages, and social network communications including, but not limited to, messages and other postings on social network sites such as Facebook and Twitter.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS reflecting, referring or relating to FOX's creation and development of the *EMPIRE SERIES*, from the time the series was first conceived through the date of the first pilot episode on January 7, 2015, including, without limitation, any notes, drafts, memos, treatments, scripts, scriptments, synopsis, outlines, pitches or COMMUNICATIONS relating to the concepts, themes, plots, premises, topics and/or characters of the series.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

25727976v3

- 3 -

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between FOX and creators Lee Daniels or Danny Strong, or their agents/representatives, regarding the conception, creation or development of the *EMPIRE SERIES*, from the time the series was first conceived through the date of the first pilot episode on January 7, 2015.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting, referring or relating to FOX's decision to use the "Empire" name for the *EMPIRE SERIES* including, without limitation, when, where, why, and by whom the name was chosen, any artistic relevance of the name to the show, any alternate names for the series that were considered, proposed or discussed, and all meetings or COMMUNICATIONS regarding the use of the name "Empire," or any alternate names, for the series.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting, referring or relating to FOX's research, investigation or due diligence, prior to the date of the first pilot episode of the *EMPIRE SERIES* on January 7, 2015, regarding any use or trademarks of the name "Empire" by any other company.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting, referring or relating to any research, investigation or due diligence by FOX regarding EMPIRE DISTRIBUTION, including, but not limited to, its use or trademark of the "Empire" name.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS reflecting, referring or relating to any attempts by FOX to register the name "Empire", or any other name, mark, logo or symbol relating to the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*EMPIRE SERIES*, as a trademark, including any COMMUNICATIONS relating thereto.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS reflecting, referring or relating to any consumer or market research surveys conducted by FOX regarding the "Empire" name.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS reflecting, referring or relating to FOX's alleged "intellectual property rights in and to the fictional television series *Empire* and the music therefrom, including copyright and trademark rights," as alleged in paragraph 3 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting, referring or relating to FOX's design of the "Empire" mark/logo for the *EMPIRE SERIES* including, without limitation, all drafts, sketches, designs, outlines, depictions or illustrations of the "Empire" mark/logo (including without limitation those depicted in paragraph 25 of the COMPLAINT and paragraph 21 of the COUNTERCLAIMS), any drafts, sketches, designs, outlines, depictions or illustrations of any alternate designs of the "Empire" mark/logo, and all COMMUNICATIONS relating thereto.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS reflecting, referring or relating to FOX's use of a city skyline graphic in conjunction with the "Empire" mark/logo (as depicted in paragraph 22 of the COUNTERCLAIMS) including, without limitation, all COMMUNICATIONS regarding such use of the city skyline graphic.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting, referring or relating to any advertisements, promotions or marketing efforts by FOX using the "Empire" mark/logo.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS reflecting, referring or relating to the promotion, advertisement, or marketing of the *EMPIRE SERIES MUSIC* including, but not limited to, all contracts, agreements, or COMMUNICATIONS relating thereto.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS reflecting, referring or relating to the sale, license, distribution or release of the *EMPIRE SERIES MUSIC* in physical record stores, online stores such as iTunes, Google Play, Amazon.com, and Spotify, or anywhere else, including, but not limited to, all contracts, agreements, or COMMUNICATIONS relating thereto.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS between FOX and the main cast members of the *EMPIRE SERIES* or their agents/representatives, including, but not limited to, Terrance Howard, Taraji Henson, Trai Byers, Jussie Smollett, Bryshere Gray, Kaitlin Doubleday, Grace Gealey and Malik Yoba, regarding the concept of the series prior to the date of the first pilot episode on January 7, 2015.

**REQUEST FOR PRODUCTION NO. 15:**

All agreements, contracts or COMMUNICATIONS between FOX and any musicians who produce, perform or compose music for the *EMPIRE SERIES*, regarding the production, promotion, advertisement, sale, license, distribution or release of the *EMPIRE SERIES MUSIC*, including, but not limited to, Timbaland

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

1  (aka Timothy Mosely), Ne-Yo (aka Schaffer Chimere Smith), Jussie Smollett,

2  Bryshere Gray, Gladys Knight, Anthony Hamilton, Sway Calloway, Raven

3  Symone, Estelle, Mary J. Blige, Snoop Dogg, Rita Ora, Juicy J, Patti LaBelle and

4  Charles Hamilton, or any of their agents/representatives.

5

6  **REQUEST FOR PRODUCTION NO. 16:**

7      All contracts, agreements, marketing plans and COMMUNICATIONS

8  between FOX and Columbia Records regarding the promotion, advertisement, sale,

9  license, distribution or release of *EMPIRE SERIES MUSIC*.

10

11  **REQUEST FOR PRODUCTION NO. 17:**

12      All internal FOX COMMUNICATIONS regarding the production, sale,

13  license, promotion, advertisement, marketing, distribution or release of the

14  *EMPIRE SERIES MUSIC*.

15

16  **REQUEST FOR PRODUCTION NO. 18:**

17      All DOCUMENTS reflecting, referring or relating to FOX's online account

18  with Mediabase.

19

20  **REQUEST FOR PRODUCTION NO. 19:**

21      All DOCUMENTS reflecting, referring or relating to the performance,

22  presentation or promotion of the *EMPIRE SERIES MUSIC* at radio stations,

23  concerts, live performances, events, physical record stores and other venues.

24

25  **REQUEST FOR PRODUCTION NO. 20:**

26      Digital and hard copies of the *EMPIRE SERIES* including each season and

27  episode to date.

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

25727976v3

- 7 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 21:**

Digital and hard copies of all *EMPIRE SERIES MUSIC*.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting, referring or relating to any search or investigation of any record, including but not limited to the records of the United States Patent and Trademark Office, state trademark records, and business directories conducted by FOX that relate to the "Empire" mark or any similar name or mark used by FOX or anyone else, including any trademark search report for any mark or designation that consists of or includes the word "Empire" or any variant of that word.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS reflecting, referring or relating to any legal opinion that FOX is relying on in this proceeding concerning its right to use the "Empire" mark or any similar mark or name.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting, referring or relating to any agreements, written or oral, between FOX and anyone else concerning the use of the "Empire" mark.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS reflecting, referring or relating to any of FOX's present or prospective sales, marketing or business plans/strategies regarding products or services provided in connection with the "Empire" mark, including the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*.

EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS sufficient to identify every existing or intended good or service offered or sold by FOX in connection with the "Empire" mark, and the date on which each such good or service was first offered or sold, or will be offered or sold.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS sufficient to show the channels of trade or distribution (e.g., retail, wholesale, Internet, catalog, etc.) through which FOX has sold or offered for sale, currently sell or offer for sale, or plan to sell or offer for sale any goods or services identified by the "Empire" mark.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS sufficient to show all geographical areas (by city and state; and, if outside the United States, by country) in which FOX has sold, or offered for sale, goods or services under or in connection with the "Empire" mark.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS reflecting, referring or relating to any study regarding actual or likely purchasers of goods or services offered for sale, sold, promoted, or advertised under or in association with the "Empire" mark.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS sufficient to show each purchase of any good or service offered for sale, sold, promoted, or advertised under or in association with the "Empire" mark.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS reflecting, referring or relating to FOX's revenues, expenses, and profits relating to all goods and services sold, or offered for sale, under or in association with the "Empire" mark, including the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS reflecting, referring or relating to the total volume of sales for all goods and services sold under or in association with the "Empire" mark, including the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS reflecting, referring or relating to the amounts spent by FOX in each year to advertise, market and promote goods or services under or in association with the "Empire" mark or variations thereof, including the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS reflecting, referring or relating to any publicity or news relating to the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*, including but not limited to press releases, articles, interviews, and public relations pieces appearing in the media, press, blogs, websites, internet, journals, newspapers, magazines or trade publications.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS reflecting, referring or relating to anyone other than FOX that has used or is using the designation or word "Empire" in the music industry.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS sufficient to identify by name and address each entity or individual authorized to sell, distribute, promote, advertise or market any goods or services identified by FOX's "Empire" mark, including in connection with the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS reflecting, referring or relating to any cease-and-desist letter, demand, dispute, complaint, objection, protest, lawsuit, threatened lawsuit, or expression of concern by FOX to a third party, or by any third party to FOX, relating to FOX's or the third party's existing or intended use of the "Empire" mark.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS reflecting, referring or relating to the date FOX first became aware of EMPIRE DISTRIBUTION and/or its use of the "Empire" name and any subsequent COMMUNICATIONS regarding EMPIRE DISTRIBUTION'S use of that mark.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS reflecting, referring or relating any actual or potential, direct or indirect, competition between the products or services that FOX offers, offered, or intends to offer under its "Empire" mark and the products or services that EMPIRE DISTRIBUTION offers or offered under its "Empire" marks.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS reflecting, referring or relating to any instance in which any person or entity made any statement, comment, inquiry or question regarding

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   any actual or potential association, affiliation, connection, correlation, relation or

2   sponsorship between the *EMPIRE SERIES* and/or *EMPIRE SERIES MUSIC*, on the

3   one hand, and EMPIRE DISTRIBUTION, on the other hand.

4

5   **REQUEST FOR PRODUCTION NO. 41:**

6        All COMMUNICATIONS by or from FOX, FOX's customers or other

7   persons, expressing any actual or potential confusion, association, affiliation,

8   connection, correlation, relation or sponsorship between FOX and EMPIRE

9   DISTRIBUTION and their respective goods or services.

10

11  **REQUEST FOR PRODUCTION NO. 42:**

12       All COMMUNICATIONS by or from FOX, FOX's customers or other

13  persons, expressing any lack of confusion, association, affiliation, connection,

14  correlation, relation or sponsorship between FOX and EMPIRE DISTRIBUTION

15  and their respective goods or services.

16

17  **REQUEST FOR PRODUCTION NO. 43:**

18       All DOCUMENTS reflecting, referring or relating to whether or not FOX's

19  use of the "Empire" mark does, may or will infringe, or cause any actual or

20  potential confusion with, EMPIRE DISTRIBUTION'S "Empire" marks.

21

22  **REQUEST FOR PRODUCTION NO. 44:**

23       All DOCUMENTS reflecting, referring or relating to any poll, survey, study,

24  report, analysis, or evaluation done by FOX or on FOX's behalf that relates to the

25  "Empire" mark.

26

27

28

EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS reflecting, referring or relating to any witness retained or specially employed by FOX to provide expert testimony in the case, including, but not limited to, all DOCUMENTS that reflect, refer, or relate to any opinions or conclusions of the expert, the basis of any such opinions or conclusions, any facts or data considered by the expert in forming any such opinions or conclusions, and all DOCUMENTS reviewed or relied upon by the expert in forming his/her opinions or conclusions.

**REQUEST FOR PRODUCTION NO. 46:**

All COMMUNICATIONS between FOX's attorneys and any expert witness who is required to provide a report under Fed. R. Civ. P. 26(a)(2)(B), to the extent the COMMUNICATION relates to the compensation for the expert's study or testimony; identifies facts or data that FOX's attorneys provided and that the expert considered in forming his/her opinions to be expressed; or identifies assumptions that FOX's attorneys provided and that the expert relied on in forming the opinions to be expressed.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS supporting the allegations in paragraph 1 of FOX's COMPLAINT.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS supporting the allegations in paragraph 11 of FOX's COMPLAINT.

1   **REQUEST FOR PRODUCTION NO. 49:**

2        All DOCUMENTS supporting the allegations in paragraph 12 of FOX's

3   COMPLAINT.

4

5   **REQUEST FOR PRODUCTION NO. 50:**

6        All DOCUMENTS supporting the allegations in paragraph 20 of FOX's

7   COMPLAINT.

8

9   **REQUEST FOR PRODUCTION NO. 51:**

10        All DOCUMENTS supporting the allegations in paragraph 21 of FOX's

11   COMPLAINT.

12

13   **REQUEST FOR PRODUCTION NO. 52:**

14        All DOCUMENTS supporting the allegations in paragraphs 22 of FOX's

15   COMPLAINT.

16

17   **REQUEST FOR PRODUCTION NO. 53:**

18        All DOCUMENTS supporting the allegations in paragraph 23 of FOX's

19   COMPLAINT.

20

21   **REQUEST FOR PRODUCTION NO. 54:**

22        All DOCUMENTS supporting the allegations in paragraph 24 of FOX's

23   COMPLAINT.

24

25   **REQUEST FOR PRODUCTION NO. 55:**

26        All DOCUMENTS supporting the allegations in paragraphs 25 of FOX's

27   COMPLAINT.

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS supporting the allegations in paragraph 26 of FOX's COMPLAINT.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS supporting the allegations in paragraph 27 of FOX's COMPLAINT.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS upon which FOX's answer or affirmative defenses to the COUNTERCLAIMS are based including, but not limited to, its first affirmative defense purportedly based on the First Amendment to the United States Constitution.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS identified or referenced in FOX's Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).

Dated:  July 17, 2015                              TROUTMAN SANDERS LLP

                                                   By:
                                                   Paul L. Gale
                                                   Peter N. Villar
                                                   John M. Bowler
                                                   Michael D. Hobbs

                                                   *Attorneys for Defendant and*
                                                   *Counterclaimant Empire*
                                                   *Distribution Inc.*

EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# Exhibit A

# ESI Production Format

**Format of Production:**

Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below.  Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated document information and metadata for each document. The original native files shall be preserved.

ESI shall be collected in a manner that preserves metadata to the extent reasonably possible. ESI shall be produced in a format that is reasonably usable to same extent as the original native file. Duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only. A duplicate custodian field ["DupCustodian"] shall be provided that identifies each custodian from whom the document was collected, but not produced because it was removed as a duplicate.  Any duplicate ESI that is not produced shall be preserved.

Specific technical production format details are outlined below:

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page.  Upon written request, a Party shall produce color images for selected documents.  Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth.  Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with the original filename of the document, "Produced In Native Format," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown);

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the documents original text or images;

- One text file per document shall be provided for all ESI and scanned paper documents containing searchable text for the document. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in an ASCII (American Standard Code for Information Interchange) delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows: Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059)

## Document Information and Metadata To Be Produced

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| BegDoc | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| EndDoc | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| BegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| EndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| DupCustodian | Text – paragraph Separate entries with ";" | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within |

| | | | | those files |
|---|---|---|---|---|
| From | Text - paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| DateSent | Date (mm/dd/yyyy) | | | Date message sent |
| TimeSent | Time (hh:mm:ss) | | | Time message sent |
| DateReceived | Date (mm/dd/yyyy) | | | Date message received |
| TimeRecv | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| DateCreated | Date/Time (mm/dd/yyyy) | | Date file was created | |
| DateModified | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| FileHash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |

26309669v1

1

## PROOF OF SERVICE

2       I, Anabel Pineda, declare:

3       I am a citizen of the United States and employed in Orange County, CA.  I am over the

4 age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400,

5 Irvine, CA  92614-2545.

6       On July 17, 2015, I served the following document(s) described as:

7

**EMPIRE DISTRIBUTION, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS**

8

9 ☐   **BY FACSIMILE TRANSMISSION**: As follows: The papers have been
transmitted to a facsimile machine by the person on whom it is served at the
10 facsimile machine telephone number as last given by that person on any document
which he or she has filed in the cause and served on the party making the service.
11 The copy of the notice or other paper served by facsimile transmission shall bear a
notation of the date and place of transmission and the facsimile telephone number
12 to which transmitted or be accompanied by an unsigned copy of the affidavit or
certificate of transmission which shall contain the facsimile telephone number to
13 which the notice of other paper was transmitted to the addressee(s).

14 ☐   **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection
and processing correspondence for mailing. Under that practice it would be
15 deposited with U.S. postal service on that same day with postage thereon fully
prepaid at Irvine, CA, in the ordinary course of business. I am aware that on
16 motion of the party served, service is presumed invalid if postage cancellation date
or postage meter date is more than one day after date of deposit for mailing in
17 affidavit.

18

19 ☒   **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's
practice of collection and processing correspondence for overnight mailing. Under
20 that practice, it would be deposited with overnight mail on that same day prepaid at
Irvine, CA in the ordinary course of business.

21

22       On the following parties:

23 Molly M. Lens
**O'MELVENY & MYERS LLP**
24 1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035
25 Email: mlens@omm.com

26

27

28

26310892

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA  92614-2545

1   Marvin S. Putnam
2   **LATHAM & WATKINS LLP**
    10250 Constellation Blvd., #300
3   Los Angeles, California 90067-6203
    Email: marvin.putnam@lw.com
4

5       I declare that I am employed in the office of a member of the bar of this court at whose
6   direction the service was made.
7       Executed on July 17, 2015, at Irvine, CA.
8
9
10                                                    Anabel Pineda
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

26310892                          - 2 -

# EXHIBIT B

1 | DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
2 | MOLLY M. LENS (S.B. #283867)
mlens@omm.com
3 | CAMERON H. BISCAY (S.B. #266786)
cbiscay@omm.com
4 | O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
5 | Los Angeles, California  90067-6035
Telephone:  (310) 553-6700
6 | Facsimile:  (310) 246-6779

7 | Attorneys for Twentieth Century Fox
Television, a division of Twentieth Century
8 | Fox Film Corporation, and Fox Broadcasting
Company

9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 | **WESTERN DIVISION**

13

| | |
|---|---|
| TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware company, and FOX BROADCASTING COMPANY, a Delaware corporation, | Case No. 2:15-cv-2158<br><br>Hon. Percy Anderson<br><br>**FOX'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Plaintiffs, | |
| v. | |
| EMPIRE DISTRIBUTION, INC., a California corporation, | |
| Defendant. | |
| And related counterclaims | |

25 | **PROPOUNDING PARTY:**   EMPIRE DISTRIBUTION, INC.

26 | **RESPONDING PARTY:**   FOX

27 | **SET NO.:**   ONE

28

1           Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the

2   Local Rules of the United States District Court for the Central District of California

3   (the "Local Rules"), Plaintiffs and Counterclaim Defendants Twentieth Century

4   Fox Television, a division of Twentieth Century Fox Film Corporation, and Fox

5   Broadcasting Company (collectively, "Fox") hereby submit their responses and

6   objections to Defendant and Counterclaimant Empire Distribution, Inc.'s First Set

7   of Requests for Production of Documents ("Requests" and, individually,

8   "Request"), served on July 17, 2015, as follows:

9                                 **GENERAL OBJECTIONS**

10           In addition to Fox's specific responses and objections to each Request as

11   provided below, Fox makes the following general objections to the Requests:

12           1.      Fox objects to each and every Request, definition, and instruction that

13   purports to impose obligations beyond those required or permitted by the Federal

14   Rules of Civil Procedure or the Local Rules.

15           2.      Fox objects to each and every Request, definition, and instruction to

16   the extent it contains inaccurate, incomplete, or misleading descriptions of the facts,

17   persons, relationships, events, and pleadings underlying this action.  The production

18   of any information shall not constitute Fox's agreement with or acquiescence to any

19   such description.

20           3.      Fox objects to each and every Request to the extent it seeks

21   information that is neither relevant to any claim or defense in this action, nor

22   reasonably calculated to lead to the discovery of admissible evidence.

23           4.      Fox objects to each and every Request to the extent it is vague,

24   ambiguous, unclear, or fails to identify the requested documents with reasonable

25   particularity as required by Federal Rule of Civil Procedure 34.  To the extent that a

26   Request requires subjective judgment on the part of Fox as to what information is

27   requested, Fox will produce responsive, non-privileged documents according to its

28   understanding of the Request.

5.    Fox objects to each and every Request to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery.

6.    Fox objects to each and every Request to the extent it seeks information prior to the time Fox learned of the series that became *Empire* on the grounds that such requests are overbroad, beyond the scope of the allegations, and not reasonably calculated to lead to the discovery of admissible evidence.   Fox further objects to each and every Request to the extent it seeks information after the time that Empire Distribution sent its initial objection to Fox in February 2014 on the ground that such requests are overbroad, beyond the scope of the allegations, seek information protected by the attorney-client privilege and work product doctrines and not reasonably calculated to lead to the discovery of admissible evidence.  Fox will not produce documents outside of this relevant time period.

7.    Fox objects to each and every Request to the extent it seeks information that is a matter of public record, already in the possession of the defendant, or otherwise available to the public and the defendant.

8.    Fox objects to each and every Request to the extent it seeks the disclosure of information that is more easily obtainable by deposition.

9.    Fox objects to each and every Request to the extent it seeks cumulative or duplicative information.

10.    Fox objects to each and every Request to the extent it seeks the production of documents other than in Fox's possession, custody, or control.

11.    Fox objects to each and every Request to the extent it seeks the disclosure of information and/or production of documents protected by the attorney-client privilege, the attorney-work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law.  Inadvertent production by Fox of any information

- 2 -

1  protected by any applicable privilege or protection shall not constitute a waiver of
2  the privilege or protection.

3      12.    Fox objects to each and every Request to the extent it seeks Fox's
4  sensitive, confidential, or proprietary business information. To the extent such
5  documents are responsive, relevant, and not privileged, Fox will provide such
6  documents after the Court enters an appropriate protective order in this case.

7      13.    Fox objects to each and every Request to the extent it seeks
8  information or the production of documents whose disclosure would otherwise be
9  prohibited by applicable law, rule, regulation, or contract obligation.

10     14.    Nothing contained in any response herein shall be deemed an
11 admission, concession, or waiver by Fox as to the validity of any claim or defense
12 asserted by Fox.

13     15.    All objections as to the relevance, authenticity, or admissibility of any
14 documents produced are expressly reserved by Fox.

15     16.    To the extent that Fox responds to any of the Requests, it reserves the
16 right to object on any grounds, at any time, to other discovery requests involving or
17 relating to the subject matter of the Requests that Fox has responded to herein.

18     17.    An objection or an undertaking to produce documents pursuant to a
19 particular Request should not be construed to indicate that responsive documents
20 actually exist.

21     18.    Fox reserves all objections to the use of these responses. All such
22 objections may be interposed by Fox at the time of trial or as otherwise required by
23 the rules or order of the Court.

24     19.    Fox objects to each and every Request to the extent it seeks the
25 production of "all" documents in Fox's possession. To the extent that Fox
26 undertakes to produce documents, Fox will conduct a reasonable search of
27 custodians reasonably likely to have non-cumulative, responsive documents as
28 qualified by Fox's objections and responses and, in the case of electronic

- 3 -

1   documents, Fox will use search terms reasonably expected to yield responsive

2   documents.  Fox further objects to the production of "all" documents when a subset

3   of the documents would be sufficient to show the pertinent information.

4       20.   Fox objects to each and every Request to the extent it seeks the

5   production of documents restored from backup tapes or archived data sources that

6   are not reasonably accessible.  Fox will not search backup tapes or archived data

7   sources.

8       21.   Fox objects to Instruction A as unduly burdensome.  Fox will meet and

9   confer with defendant about the timing for the production of documents, including

10  whether productions should be done on a rolling basis.

11      22.   Fox objects to Instruction B as overly broad and unduly burdensome to

12  the extent that it purports to impose obligations beyond those required by the

13  Federal Rules of Civil Procedure or Local Rules.  Fox will meet and confer about a

14  reciprocal protocol for the production of documents.

15      23.   Fox objects to Instruction E as premature.  Fox will meet and confer

16  with defendant about a protocol for privilege logs.

17      24.   Fox objects to the definition of "Fox" as overly broad and unduly

18  burdensome to the extent that such definition purports to extend to Twentieth

19  Century Fox Film Corporation as a whole.  Fox will not produce documents from

20  any division of Twentieth Century Fox Film Corporation other than Twentieth

21  Century Fox Television.  Fox further objects to the definition of "Fox" as overly

22  broad and unduly burdensome to the extent it purports to include "principals,

23  agents, representatives, attorneys, accountants, parents, subsidiaries, affiliates, and

24  any other person or entity acting on" the behalf of Twentieth Century Fox

25  Television or Fox Broadcasting Company.

26      25.   Fox objects to the definition of "*Empire Series Music*" as overly broad,

27  unduly burdensome, and not reasonably calculated to lead to the discovery of

28

- 4 -

1    admissible evidence to the extent that it includes music other than the Soundtrack

2    Music, as defined in the complaint.

3        26.    Fox objects to the definition of "Documents" as overly broad and

4    unduly burdensome to the extent such definition purports to have Fox search for

5    documents or information neither relevant to the subject matter of this action nor

6    reasonably calculated to lead to the discovery of admissible evidence.  Fox further

7    objects to the definition to the extent that it purports to require Fox to produce

8    identical copies of documents.

9        27.    Fox objects to each and every Request to the extent it is premature in

10   asking or requiring Fox to provide information that is the subject of expert

11   disclosures under Federal Rule of Civil Procedure 26(a)(2) according to the

12   Scheduling Order filed by the Court on July 23, 2015 (Dkt. 23).

13       28.    Fox reserves the right to redact or exclude information from

14   documents to protect unnecessary disclosure of nonresponsive or irrelevant

15   sensitive, confidential, or proprietary business information.

16       29.    As used in each objection and response made herein, "and" or "or"

17   shall be construed both conjunctively and disjunctively.

18       30.    Fox reserves the right to supplement and/or amend these responses.

19       31.    The fact that Fox may reassert particular objections in responding to a

20   Request should not be construed in any way as limiting the generality of the

21   foregoing objections.  The General Objections set forth above are asserted with

22   respect to each and every Request set forth below.

23                    **SPECIFIC OBJECTIONS AND RESPONSES**

24       In addition to the foregoing General Objections that are incorporated in each

25   and every response set forth below, Fox makes the following specific responses and

26   objections to the Requests:

27

28

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS reflecting, referring or relating to FOX's creation and development of the *EMPIRE SERIES*, from the time the series was first conceived through the date of the first pilot episode on January 7, 2015, including, without limitation, any notes, drafts, memos, treatments, scripts, scriptments, synopsis, outlines, pitches or COMMUNICATIONS relating to the concepts, themes, plots, premises, topics and/or characters of the series.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to Fox's creation and development of the *Empire* series, from the time the series was first conceived through the date of the first pilot episode on January 7, 2015, without regard to whether such documents are relevant to the issues in this action; (b) is vague and ambiguous as to "the time the series was first conceived;" (c) seeks the production of documents immune from discovery under the attorney-client privilege or work product doctrine; and (d) seeks documents outside Fox's possession, custody, and control. Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents that reflect, refer, or relate to the use of the mark "Empire" in connection with Fox's creation and development of the *Empire* series from the time Fox learned of the series that became *Empire* through January 7, 2015, if any such documents are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between FOX and creators Lee Daniels or Danny Strong, or their agents/representatives, regarding the conception, creation or

1   development of the *EMPIRE SERIES*, from the time the series was first conceived

2   through the date of the first pilot episode on January 7, 2015.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4          In addition to the foregoing General Objections, each of which is

5   incorporated herein by reference, Fox objects to this Request because it (a) is overly

6   broad and unduly burdensome in seeking all communications between Fox and

7   creators Lee Daniels or Danny Strong, or their agents/representatives, regarding the

8   conception, creation, or development of the *Empire* series, from the time the series

9   was first conceived through the date of the first pilot episode on January 7, 2015,

10   without regard to whether such documents are relevant to the issues in this action;

11   (b) is vague and ambiguous as to "the time the series was first conceived"; (c) seeks

12   the production of information outside of Fox's possession, custody, or control;

13   (d) seeks information that violates the right of privacy of the talent with whom Fox

14   works; and (e) is cumulative and duplicative of Request No. 1.  Subject to, and

15   without waiving, the General Objections and these specific objections, Fox will

16   produce, based on a reasonable inquiry, responsive, non-privileged communications

17   between Fox and creators Lee Daniels or Danny Strong, or their known

18   agents/representatives, regarding the use of the mark "Empire" in connection with

19   the conception, creation, or development of the *Empire* series, from the time Fox

20   learned of the series that became *Empire* through January 7, 2015, if any such

21   documents are within Fox's possession, custody, or control.

22   **REQUEST FOR PRODUCTION NO. 3:**

23          All DOCUMENTS reflecting, referring or relating to FOX's decision to use

24   the "Empire" name for the *EMPIRE SERIES* including, without limitation, when,

25   where, why, and by whom the name was chosen, any artistic relevance of the name

26   to the show, any alternate names for the series that were considered, proposed or

27   discussed, and all meetings or COMMUNICATIONS  regarding the use of the

28   name "Empire," or any alternate names, for the series.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) seeks the production of documents immune from discovery under the attorney-client privilege or work product doctrine; (b) seeks information outside Fox's custody, possession, and control; and (c) is cumulative and duplicative of Request Nos. 1 and 2. Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents reflecting, referring, or relating to Fox's decision to use the "Empire" name for the *Empire* series. With respect to alternate names for the series that were considered, proposed, or discussed, however, subject to, and without waiving the General Objections and these specific objections, Fox will only produce documents sufficient to show any alternative names, if any such non-privileged documents are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting, referring or relating to FOX's research, investigation or due diligence, prior to the date of the first pilot episode of the EMPIRE SERIES on January 7, 2015, regarding any use or trademarks of the name "Empire" by any other company.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is vague and ambiguous as to what constitutes "use"; (b) seeks the production of documents immune from discovery under the attorney-client privilege or work product doctrine; and (c) is cumulative and duplicative of Request No. 1. Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents reflecting, referring, or relating to Fox's research, investigation, or due diligence

- 8 -

1   regarding any trademarks of the name "Empire" by any other company, prior to
2   January 7, 2015, if any such documents are within Fox's possession, custody, or
3   control.
4   **REQUEST FOR PRODUCTION NO. 5:**
5       All DOCUMENTS reflecting, referring or relating to any research,
6   investigation or due diligence by FOX regarding EMPIRE DISTRIBUTION,
7   including, but not limited to, its use or trademark of the "Empire" name.
8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
9       In addition to the foregoing General Objections, each of which is
10  incorporated herein by reference, Fox objects to this Request because it (a) is overly
11  broad and unduly burdensome in seeking all documents reflecting, referring, or
12  relating to any research, investigation, or due diligence by Fox regarding Empire
13  Distribution, without regard to whether such documents are relevant to the issues in
14  this action; (b) is vague and ambiguous as to what constitutes "use"; (c) seeks the
15  production of documents immune from discovery under the attorney-client
16  privilege or work product doctrine; and (d) is argumentative.  Subject to, and
17  without waiving, the General Objections and these specific objections, Fox will
18  produce, based on a reasonable inquiry, responsive, non-privileged documents
19  reflecting, referring, or relating to any research, investigation, or due diligence by
20  Fox regarding Empire Distribution and *Empire*, if any such documents are within
21  Fox's possession, custody, or control.
22  **REQUEST FOR PRODUCTION NO. 6:**
23      All DOCUMENTS reflecting, referring or relating to any attempts by FOX to
24  register the name "Empire", or any other name, mark, logo or symbol relating to the
25  EMPIRE SERIES, as a trademark, including any COMMUNICATIONS relating
26  thereto.
27
28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

1    In addition to the foregoing General Objections, each of which is
2    incorporated herein by reference, Fox objects to this Request because it (a) is overly
3    broad and unduly burdensome in seeking all documents reflecting, referring, or
4    relating to any attempts by Fox to register the name "Empire" or any other name,
5    mark, logo, or symbol relating to the *Empire* series, as a trademark, without regard
6    to whether such documents are relevant to the issues in this action; (b) seeks the
7    production of documents immune from discovery under the attorney-client
8    privilege or work product doctrine; and (c) seeks information otherwise available to
9    the public and the defendant.  Subject to, and without waiving, the General
10   Objections and these specific objections, Fox will produce, based on a reasonable
11   inquiry, responsive, non-privileged documents submitted to the United States
12   Patent and Trademark Office regarding Fox's application to register "Empire" as a
13   trademark and responses received thereto, if any such documents are within Fox's
14   possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS reflecting, referring or relating to any consumer or market research surveys conducted by FOX regarding the "Empire" name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to any consumer or market research surveys conducted by Fox regarding the "Empire" name, without regard to whether such documents are relevant to the issues in this action; (b) seeks the production of documents immune from discovery under the attorney-client privilege or work product doctrine; and (c) seeks proprietary or confidential business information, trade secrets, or other highly sensitive information.  Subject to, and without waiving, the General Objections and

- 10 -

1  these specific objections, Fox will produce, based on a reasonable inquiry,

2  responsive, non-privileged consumer or market research surveys conducted by Fox

3  regarding the "Empire" name, if any such documents are within Fox's possession,

4  custody, or control.

5  **REQUEST FOR PRODUCTION NO. 8:**

6        All DOCUMENTS reflecting, referring or relating to FOX's alleged

7  "intellectual property rights in and to the fictional television series *Empire* and the

8  music therefrom, including copyright and trademark rights," as alleged in paragraph

9  3 of the COMPLAINT.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11        In addition to the foregoing General Objections, each of which is

12  incorporated herein by reference, Fox objects to this Request because it (a) is overly

13  broad and unduly burdensome in seeking all documents reflecting, referring, or

14  relating to Fox's alleged intellectual property rights in and to the fictional television

15  series *Empire* and the music therefrom, including copyright and trademark rights,

16  without regard to whether such documents are relevant to the issues in this action;

17  (b) seeks the production of documents immune from discovery under the attorney-

18  client privilege or work product doctrine; (c) seeks information otherwise available

19  to the public and the defendant; and (d) is argumentative.  Fox will not produce

20  documents responsive to this Request.

21  **REQUEST FOR PRODUCTION NO. 9:**

22        All DOCUMENTS reflecting, referring or relating to FOX's design of the

23  "Empire" mark/logo for the *EMPIRE SERIES* including, without limitation, all

24  drafts, sketches, designs, outlines, depictions or illustrations of the "Empire"

25  mark/logo (including without limitation those depicted in paragraph 25 of the

26  COMPLAINT and paragraph 21 of the COUNTERCLAIMS), any drafts, sketches,

27  designs, outlines, depictions or illustrations of any alternate designs of the

28  "Empire" mark/logo, and all COMMUNICATIONS relating thereto.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

2           In addition to the foregoing General Objections, each of which is

3    incorporated herein by reference, Fox objects to this Request because it (a) is overly

4    broad and unduly burdensome in seeking all documents reflecting, referring, or

5    relating to Fox's design of the "Empire" mark/logo for the *Empire* series, without

6    regard to whether such documents are relevant to the issues in this action; and

7    (b) seeks the production of documents immune from discovery under the attorney-

8    client privilege or work product doctrine.  Subject to, and without waiving, the

9    General Objections and these specific objections, Fox will produce, based on a

10   reasonable inquiry, responsive, non-privileged documents relating to Fox's design

11   of the "Empire" mark/logo for the *Empire* series, if any such documents are within

12   Fox's possession, custody, or control.

13   **REQUEST FOR PRODUCTION NO. 10:**

14          All DOCUMENTS reflecting, referring or relating to FOX's use of a city

15   skyline graphic in conjunction with the "Empire" mark/logo (as depicted in

16   paragraph 22 of the COUNTERCLAIMS) including, without limitation, all

17   COMMUNICATIONS regarding such use of the city skyline graphic.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

19          In addition to the foregoing General Objections, each of which is

20   incorporated herein by reference, Fox objects to this Request because it (a) is

21   argumentative; (b) seeks the production of documents immune from discovery

22   under the attorney-client privilege or work product doctrine; and (c) is cumulative

23   and duplicative of Request No. 9.  Subject to, and without waiving, the General

24   Objections and these specific objections, Fox will produce, based on a reasonable

25   inquiry, responsive, non-privileged documents relating to Fox's use of a city

26   skyline graphic in conjunction with the "Empire" mark/logo, if any such documents

27   are within Fox's possession, custody, or control.

28

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting, referring or relating to any advertisements, promotions or marketing efforts by FOX using the "Empire" mark/logo.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to any advertisements, promotions, or marketing efforts by Fox using the "Empire" mark/logo, without regard to whether such documents are relevant to the issues in this action; and (b) is vague and ambiguous as to the meaning of "promotions or marketing efforts." Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged exemplars of advertisements, promotions, or marketing efforts by Fox using the "Empire" mark/logo, if any such exemplars are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS reflecting, referring or relating to the promotion, advertisement, or marketing of the *EMPIRE SERIES MUSIC* including, but not limited to, all contracts, agreements, or COMMUNICATIONS relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to the promotion, advertisement, or marketing of the *Empire* series music, without regard to whether such documents are relevant to the issues in this action; (b) seeks proprietary or confidential business information, trade secrets, or other highly sensitive information; and (c) is vague and ambiguous as to the meaning of "promotion" and "marketing." Subject to, and without waiving, the General

- 13 -

1    Objections and these specific objections, Fox will produce, based on a reasonable

2    inquiry, responsive, non-privileged exemplars of promotions, advertisements, or

3    marketing of the *Empire* series music and executed contracts, if any such

4    documents are within Fox's possession, custody, or control.

5    **REQUEST FOR PRODUCTION NO. 13:**

6         All DOCUMENTS reflecting, referring or relating to the sale, license,

7    distribution or release of the *EMPIRE SERIES MUSIC* in physical record stores,

8    online stores such as iTunes, Google Play, Amazon.com, and Spotify, or anywhere

9    else, including, but not limited to, all contracts, agreements, or

10   COMMUNICATIONS  relating thereto.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

12        In addition to the foregoing General Objections, each of which is

13   incorporated herein by reference, Fox objects to this Request because it (a) is overly

14   broad and unduly burdensome in seeking all documents reflecting, referring, or

15   relating to the sale, license, distribution, or release of the *Empire* series music,

16   without regard to whether such documents are relevant to the issues in this action;

17   (b) seeks proprietary or confidential business information, trade secrets, or other

18   highly sensitive information; and (c) seeks the production of documents immune

19   from discovery under the attorney-client privilege or work product doctrine.

20   Subject to, and without waiving, the General Objections and these specific

21   objections, Fox will produce, based on a reasonable inquiry, responsive, non-

22   privileged executed agreements relating to the sale, license, distribution, or release

23   of the *Empire* series music, if any such documents are within Fox's possession,

24   custody, or control.

25   **REQUEST FOR PRODUCTION NO. 14:**

26        All COMMUNICATIONS between FOX and the main cast members of the

27   EMPIRE SERIES or their agents/representatives, including, but not limited to,

28   Terrance Howard, Taraji Henson, Trai Byers, Jussie Smollett, Bryshere Gray,

- 14 -

1 Kaitlin Doubleday, Grace Gealey and Malik Yoba, regarding the concept of the

2 series prior to the date of the first pilot episode on January 7, 2015.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

4    In addition to the foregoing General Objections, each of which is

5 incorporated herein by reference, Fox objects to this Request because it (a) is overly

6 broad and unduly burdensome in seeking all communications between Fox and the

7 main cast members of the *Empire* series, or their agents/representatives, regarding

8 the concept of the series prior to January 7, 2015 without regard to whether such

9 documents are relevant to the issues in this action; (b) is vague and ambiguous as to

10 who the "main cast members" of the *Empire* series are; (c) seeks proprietary or

11 confidential business information, trade secrets, or other highly sensitive

12 information; (d) seeks the production of information outside of Fox's possession,

13 custody, or control; and (e) seeks information that violates the right of privacy of

14 the talent with whom Fox works. Subject to, and without waiving, the General

15 Objections and these specific objections, Fox will produce, based on a reasonable

16 inquiry, responsive, non-privileged communications between Fox and the main cast

17 members of the *Empire* series, or their known agents/representatives, relating to the

18 use of the mark "Empire" in connection with the *Empire* series, if any such

19 communications are within Fox's possession, custody, or control.

20 **REQUEST FOR PRODUCTION NO. 15:**

21    All agreements, contracts or COMMUNICATIONS between FOX and any

22 musicians who produce, perform or compose music for the *EMPIRE SERIES*,

23 regarding the production, promotion, advertisement, sale, license, distribution or

24 release of the *EMPIRE SERIES MUSIC*, including, but not limited to, Timbaland

25 (aka Timothy Mosely), Ne-Yo (aka Schaffer Chimere Smith), Jussie Smollett,

26 Bryshere Gray, Gladys Knight, Anthony Hamilton, Sway Calloway, Raven

27 Symone, Estelle, Mary J. Blige, Snoop Dogg, Rita Ora, Juicy J, Patti LaBelle and

28 Charles Hamilton, or any of their agents/representatives.

- 15 -

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2          In addition to the foregoing General Objections, each of which is

3    incorporated herein by reference, Fox objects to this Request because it (a) is overly

4    broad and unduly burdensome in seeking all agreements, contracts, or

5    communications between Fox and any musicians who produce, perform, or

6    compose music for the *Empire* series, regarding the production, promotion,

7    advertisement, sale, license, distribution, or release of the *Empire* series music,

8    without regard to whether such documents are relevant to the issues in this action;

9    (b) is vague and ambiguous as to "promotion"; (c) seeks the production of

10   documents immune from discovery under the attorney-client privilege or work

11   product doctrine; (d) seeks proprietary or confidential business information, trade

12   secrets, or other highly sensitive information; (e) seeks the production of

13   information outside of Fox's possession, custody, or control; (f) seeks information

14   that violates the right of privacy of the talent with whom Fox works; and (g) is

15   cumulative and duplicative of Request Nos. 12 and 14.  Fox will not produce

16   documents responsive to this Request.

17   **REQUEST FOR PRODUCTION NO. 16:**

18         All contracts, agreements, marketing plans and COMMUNICATIONS

19   between FOX and Columbia Records regarding the promotion, advertisement, sale,

20   license, distribution or release of *EMPIRE SERIES MUSIC*.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

22         In addition to the foregoing General Objections, each of which is

23   incorporated herein by reference, Fox objects to this Request because it (a) is overly

24   broad and unduly burdensome in seeking all contracts, agreements, marketing

25   plans, and communications between Fox and Columbia Records regarding the

26   promotion, advertisement, sale, license, distribution, or release of *Empire* series

27   music, without regard to whether such documents are relevant to the issues in this

28   action; (b) is vague and ambiguous as to "marketing plans" and "promotion";

- 16 -

1  (c) seeks the production of documents immune from discovery under the attorney-
2  client privilege or work product doctrine; (d) seeks proprietary or confidential
3  business information, trade secrets, or other highly sensitive information; (e) seeks
4  the production of information outside of Fox's possession, custody, or control; and
5  (f) is cumulative and duplicative of Request No. 12. Subject to, and without
6  waiving, the General Objections and these specific objections, Fox will produce,
7  based on a reasonable inquiry, responsive, non-privileged executed contracts or
8  agreements, marketing plans, and communications between Fox and Columbia
9  Records regarding the use of the "Empire" mark in connection with the promotion,
10  advertisement, sale, license, distribution, or release of *Empire* series music, if any
11  such documents are within Fox's possession, custody, or control.

12  **REQUEST FOR PRODUCTION NO. 17:**

13      All internal FOX COMMUNICATIONS regarding the production, sale,
14  license, promotion, advertisement, marketing, distribution or release of the
15  *EMPIRE SERIES MUSIC.*

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

17      In addition to the foregoing General Objections, each of which is
18  incorporated herein by reference, Fox objects to this Request because it (a) is overly
19  broad and unduly burdensome in seeking all internal Fox communications
20  regarding the production, sale, license, promotion, advertisement, marketing,
21  distribution, or release of the *Empire* series music, without regard to whether such
22  communications are relevant to the issues in this action; (b) is vague and
23  ambiguous as to "promotion" and "marketing"; (c) seeks the production of
24  communications immune from discovery under the attorney-client privilege or
25  work product doctrine; (d) seeks proprietary or confidential business information,
26  trade secrets, or other highly sensitive information; and (e) is cumulative and
27  duplicative of Request Nos. 12 and 13. Subject to, and without waiving, the
28  General Objections and these specific objections, Fox will produce, based on a

- 17 -

1  reasonable inquiry, responsive, non-privileged internal Fox communications

2  regarding the use of the "Empire" mark/logo in connection with the production,

3  sale, license, promotion, advertisement, marketing, distribution or release of the

4  *Empire* series music, if any such communications are within Fox's possession,

5  custody, or control.

6  **REQUEST FOR PRODUCTION NO. 18:**

7       All DOCUMENTS reflecting, referring or relating to FOX's online account

8  with Mediabase.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

10       In addition to the foregoing General Objections, each of which is

11  incorporated herein by reference, Fox objects to this Request because it (a) is overly

12  broad and unduly burdensome in seeking all documents reflecting, referring, or

13  relating to Fox's online account with Mediabase, without regard to whether such

14  documents are relevant to the issues in this action; (b) is vague and ambiguous as to

15  "Mediabase"; (c) seeks proprietary or confidential business information, trade

16  secrets, or other highly sensitive information; (d) seeks the production of

17  information outside of Fox's possession, custody, or control; and (e) is

18  argumentative.  Fox will not produce documents responsive to this Request.

19  **REQUEST FOR PRODUCTION NO. 19:**

20       All DOCUMENTS reflecting, referring or relating to the performance,

21  presentation or promotion of the *EMPIRE SERIES MUSIC* at radio stations,

22  concerts, live performances, events, physical record stores and other venues.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

24       In addition to the foregoing General Objections, each of which is

25  incorporated herein by reference, Fox objects to this Request because it (a) is overly

26  broad and unduly burdensome in seeking all documents reflecting, referring, or

27  relating to the performance, presentation, or promotion of the *Empire* series music

28  at radio stations, concerts, live performances, events, physical record stores, and

1  other venues, without regard to whether such documents are relevant to the issues

2  in this action; (b) is vague and ambiguous as to "promotion" and "presentation"; (c)

3  seeks the production of documents immune from discovery under the attorney-

4  client privilege or work product doctrine; and (d) is cumulative and duplicative of

5  Request No. 12.  Subject to, and without waiving, the General Objections and these

6  specific objections, Fox will produce, based on a reasonable inquiry, responsive,

7  non-privileged documents sufficient to show any performances, presentations, or

8  promotions of the *Empire* series music at radio stations, concerts, live

9  performances, events, physical record stores, and other venues, if any such

10  documents are within Fox's possession, custody, or control.

11  **REQUEST FOR PRODUCTION NO. 20:**

12      Digital and hard copies of the *EMPIRE SERIES* including each season and

13  episode to date.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

15      In addition to the foregoing General Objections, each of which is

16  incorporated herein by reference, Fox objects to this Request because digital and

17  hard copies of the *Empire* series are available to the public and the defendant.  Fox

18  will not produce digital or hard copies of the *Empire* series in response to this

19  Request.

20  **REQUEST FOR PRODUCTION NO. 21:**

21      Digital and hard copies of all *EMPIRE SERIES MUSIC*.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

23      In addition to the foregoing General Objections, each of which is

24  incorporated herein by reference, Fox objects to this Request because digital and

25  hard copies of all *Empire* series music are available to the public and the defendant.

26  Fox will not produce digital or hard copies of *Empire* series music in response to

27  this Request.

28

1   **REQUEST FOR PRODUCTION NO. 22:**

2        All DOCUMENTS reflecting, referring or relating to any search or

3   investigation of any record, including but not limited to the records of the United

4   States Patent and Trademark Office, state trademark records, and business

5   directories conducted by FOX that relate to the "Empire" mark or any similar name

6   or mark used by FOX or anyone else, including any trademark search report for any

7   mark or designation that consists of or includes the word "Empire" or any variant of

8   that word.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

10        In addition to the foregoing General Objections, each of which is

11   incorporated herein by reference, Fox objects to this Request because it (a) is overly

12   broad and unduly burdensome in seeking all documents reflecting, referring, or

13   relating to any search or investigation of any record by Fox that relates to the

14   "Empire" mark or any similar name or mark used by Fox or anyone else, without

15   regard to whether such documents are relevant to the issues in this action; (b) is

16   vague and ambiguous as to the meaning of "used," "record," and "similar"; (c)

17   seeks the production of documents immune from discovery under the attorney-

18   client privilege and work product doctrine; and (d) is cumulative and duplicative of

19   Request No. 4. Subject to, and without waiving, the General Objections and these

20   specific objections, Fox will produce, based on a reasonable inquiry, responsive,

21   non-privileged documents relating to any search or investigation of any record by

22   Fox that relates to the "Empire" mark, if any such documents are within Fox's

23   possession, custody, or control.

24   **REQUEST FOR PRODUCTION NO. 23:**

25        All DOCUMENTS reflecting, referring or relating to any legal opinion that

26   FOX is relying on in this proceeding concerning its right to use the "Empire" mark

27   or any similar mark or name.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to any legal opinions that Fox is relying on in this proceeding concerning its right to use the "Empire" mark or any similar mark or name, without regard to whether such documents are relevant to the issues in this action; (b) is vague and ambiguous as to "legal opinion," "use," and "similar"; and (c) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine. Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, any responsive legal opinions that Fox intends to rely on in this proceeding concerning its right to use the "Empire" mark, if any such documents are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting, referring or relating to any agreements, written or oral, between FOX and anyone else concerning the use of the "Empire" mark.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to any agreements, written or oral, between Fox and anyone else concerning the use of the "Empire" mark, without regard to whether such documents are relevant to the issues in this action; (b) is vague and ambiguous as to "use"; (c) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine; and (d) seeks proprietary or confidential business information, trade secrets, or other highly sensitive information. Subject to, and without waiving, the General Objections and these

- 21 -

1  specific objections, Fox will produce, based on a reasonable inquiry, responsive,

2  non-privileged executed agreements between Fox and anyone else concerning the

3  use of the "Empire" mark, if any such documents are within Fox's possession,

4  custody, or control.

5  **REQUEST FOR PRODUCTION NO. 25:**

6      All DOCUMENTS reflecting, referring or relating to any of FOX's present

7  or prospective sales, marketing or business plans/strategies regarding products or

8  services provided in connection with the "Empire" mark, including the *EMPIRE*

9  *SERIES* and *EMPIRE SERIES MUSIC.*

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

11      In addition to the foregoing General Objections, each of which is

12  incorporated herein by reference, Fox objects to this Request because it (a) is overly

13  broad and unduly burdensome in seeking all documents reflecting, referring, or

14  relating to any of Fox's present or prospective sales, marketing, or business

15  plans/strategies regarding products or services provided in connection with the

16  "Empire" mark, without regard to whether such documents are relevant to the

17  issues in this action; (b) seeks the production of documents immune from discovery

18  under the attorney-client privilege and work product doctrine; and (c) seeks

19  proprietary or confidential business information, trade secrets, or other highly

20  sensitive information.  Subject to, and without waiving, the General Objections and

21  these specific objections, Fox will produce, based on a reasonable inquiry,

22  responsive, non-privileged documents sufficient to show sales of products or

23  services provided bearing the "Empire" mark, if any such documents are within

24  Fox's possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 26:**

26      All DOCUMENTS sufficient to identify every existing or intended good or

27  service offered or sold by FOX in connection with the "Empire" mark, and the date

28

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

1   on which each such good or service was first offered or sold, or will be offered or

2   sold.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

4       In addition to the foregoing General Objections, each of which is

5   incorporated herein by reference, Fox objects to this Request because it (a) seeks

6   proprietary or confidential business information, trade secrets, or other highly

7   sensitive information; and (b) seeks information otherwise available to the public

8   and the defendant.  Subject to, and without waiving, the General Objections and

9   these specific objections, Fox will produce, based on a reasonable inquiry,

10   responsive, non-privileged documents sufficient to identify every existing or

11   intended good or service offered or sold by Fox in connection with the "Empire"

12   mark, and the date on which each such good or service was first offered or sold or

13   will be offered or sold, if any such documents are within Fox's possession, custody,

14   or control.

15   **REQUEST FOR PRODUCTION NO. 27:**

16       All DOCUMENTS sufficient to show the channels of trade or distribution

17   (e.g., retail, wholesale, Internet, catalog, etc.) through which FOX has sold or

18   offered for sale, currently sell or offer for sale, or plan to sell or offer for sale any

19   goods or services identified by the "Empire" mark.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

21       In addition to the foregoing General Objections, each of which is

22   incorporated herein by reference, Fox objects to this Request because it (a) seeks

23   proprietary or confidential business information, trade secrets, or other highly

24   sensitive information; and (b) seeks information otherwise available to the public

25   and the defendant.  Subject to, and without waiving, the General Objections and

26   these specific objections, Fox will produce, based on a reasonable inquiry,

27   responsive, non-privileged documents sufficient to show the channels of trade or

28   distribution through which Fox has sold or offered for sale or currently sells or

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

1   offers for sale or plans to sell or offer for sale any goods or services identified by

2   the "Empire" mark, if any such documents are within Fox's possession, custody, or

3   control.

4   **REQUEST FOR PRODUCTION NO. 28:**

5   All DOCUMENTS sufficient to show all geographical areas (by city and

6   state; and, if outside the United States, by country) in which FOX has sold, or

7   offered for sale, goods or services under or in connection with the "Empire" mark.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

9   In addition to the foregoing General Objections, each of which is

10   incorporated herein by reference, Fox objects to this Request because it seeks

11   information otherwise available to the public and the defendant.  Subject to, and

12   without waiving, the General Objections and these specific objections, Fox will

13   produce, based on a reasonable inquiry, responsive, non-privileged documents

14   sufficient to show all geographical areas (by state; and, if outside the United States,

15   by country) in which Fox has sold, or offered for sale, goods or services under or in

16   connection with the "Empire" mark, if any such documents are within Fox's

17   possession, custody, or control.

18   **REQUEST FOR PRODUCTION NO. 29:**

19   All DOCUMENTS reflecting, referring or relating to any study regarding

20   actual or likely purchasers of goods or services offered for sale, sold, promoted, or

21   advertised under or in association with the "Empire" mark.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23   In addition to the foregoing General Objections, each of which is

24   incorporated herein by reference, Fox objects to this Request because it (a) is overly

25   broad and unduly burdensome in seeking all documents reflecting, referring, or

26   relating to any study regarding actual or likely purchasers of goods or services

27   offered for sale, sold, promoted, or advertised under or in association with the

28   "Empire" mark, without regard to whether such documents are relevant to the

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

1   issues in this action; (b) is vague and ambiguous as to "promoted" and "in

2   association with"; (c) seeks the production of documents immune from discovery

3   under the attorney-client privilege and work product doctrine; and (d) seeks

4   proprietary or confidential business information, trade secrets, or other highly

5   sensitive information.  Subject to, and without waiving, the General Objections and

6   these specific objections, Fox will produce, based on a reasonable inquiry,

7   responsive, non-privileged studies regarding actual or likely purchasers of goods or

8   services offered for sale, sold, promoted, or advertised with the "Empire" mark, if

9   any such documents are within Fox's possession, custody, or control.

10  **REQUEST FOR PRODUCTION NO. 30:**

11      All DOCUMENTS sufficient to show each purchase of any good or service

12  offered for sale, sold, promoted, or advertised under or in association with the

13  "Empire" mark.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

15      In addition to the foregoing General Objections, each of which is

16  incorporated herein by reference, Fox objects to this Request because it (a) is overly

17  broad and unduly burdensome in seeking all documents sufficient to show each

18  purchase of any good or service offered for sale, sold, promoted, or advertised

19  under or in association with the "Empire" mark, without regard to whether such

20  documents are relevant to the issues in this action; (b) is vague and ambiguous as to

21  "promoted" and "in association with"; (c) seeks the production of documents

22  immune from discovery under the attorney-client privilege and work product

23  doctrine; and (d) seeks proprietary or confidential business information, trade

24  secrets, or other highly sensitive information.  Fox will not produce documents in

25  response to this Request.

26  **REQUEST FOR PRODUCTION NO. 31:**

27      All DOCUMENTS reflecting, referring or relating to FOX's revenues,

28  expenses, and profits relating to all goods and services sold, or offered for sale,

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

1 | under or in association with the "Empire" mark, including the *EMPIRE SERIES* and

2 | *EMPIRE SERIES MUSIC.*

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

4 | In addition to the foregoing General Objections, each of which is

5 | incorporated herein by reference, Fox objects to this Request because it (a) is vague

6 | and ambiguous as to "in association with"; and (b) seeks proprietary or confidential

7 | business information, trade secrets, or other highly sensitive information. Subject

8 | to, and without waiving, the General Objections and these specific objections, Fox

9 | will produce, based on a reasonable inquiry, responsive, non-privileged documents

10 | sufficient to show Fox's revenues, expenses, and profits relating to goods and

11 | services sold, or offered for sale, with the "Empire" mark, if any such documents

12 | are within Fox's possession, custody, or control.

13 | **REQUEST FOR PRODUCTION NO. 32:**

14 | All DOCUMENTS reflecting, referring or relating to the total volume of

15 | sales for all goods and services sold under or in association with the "Empire"

16 | mark, including the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC.*

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

18 | In addition to the foregoing General Objections, each of which is

19 | incorporated herein by reference, Fox objects to this Request because it (a) is overly

20 | broad and unduly burdensome in seeking all documents reflecting, referring, or

21 | relating to the total volume of sales for all goods and services sold under or in

22 | association with the "Empire" mark; (b) is vague and ambiguous as to "in

23 | association with"; and (c) seeks proprietary or confidential business information,

24 | trade secrets, or other highly sensitive information. Subject to, and without

25 | waiving, the General Objections and these specific objections, Fox will produce,

26 | based on a reasonable inquiry, responsive, non-privileged documents sufficient to

27 | show the total volume of sales for all goods and services sold with the "Empire"

28 | mark, if any such documents are within Fox's possession, custody, or control.

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS reflecting, referring or relating to the amounts spent by FOX in each year to advertise, market and promote goods or services under or in association with the "Empire" mark or variations thereof, including the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to the amounts spent by Fox in each year to advertise, market, and promote goods or services under or in association with the "Empire" mark or variations thereof; (b) is vague and ambiguous as to "market and promote," "in association with," "variations thereof"; (c) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine; and (d) seeks proprietary or confidential business information, trade secrets, or other highly sensitive information.  Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents sufficient to show the amount spent by Fox each year to advertise, market, and promote goods and services with the "Empire" mark, if any such documents are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS reflecting, referring or relating to any publicity or news relating to the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*, including but not limited to press releases, articles, interviews, and public relations pieces appearing in the media, press, blogs, websites, internet, journals, newspapers, magazines or trade publications.

- 27 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to any publicity or news relating to the *Empire* series and *Empire* series music, without regard to whether such documents are relevant to the issues in this action; (b) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine; and (c) seeks information otherwise available to the public and the defendant. Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents not otherwise available to the public and the defendant relating to any publicity or news relating to the use of the "Empire" mark in connection with the Empire series and Empire series music, if any such documents are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS reflecting, referring or relating to anyone other than FOX that has used or is using the designation or word "Empire" in the music industry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is overly broad and unduly burdensome in seeking all documents reflecting, referring, or relating to anyone other than Fox that has used or is using the designation or word "Empire" in the music industry, without regard to whether such documents are relevant to the issues in this action; (b) is vague and ambiguous as to "has used or is using" and "designation"; (c) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine; (d) seeks information otherwise available to the public and the defendant; and (e) is

1  cumulative and duplicative of Request Nos. 4 and 5.  Subject to, and without

2  waiving, the General Objections and these specific objections, Fox will produce,

3  based on a reasonable inquiry, responsive, non-privileged documents relating to

4  anyone other than Fox that has used or is using the designation or word "Empire" in

5  the music industry, if any such documents are within Fox's possession, custody, or

6  control.

7  **REQUEST FOR PRODUCTION NO. 36:**

8      All DOCUMENTS sufficient to identify by name and address each entity or

9  individual authorized to sell, distribute, promote, advertise or market any goods or

10  services identified by FOX's "Empire" mark, including in connection with the

11  *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

13      In addition to the foregoing General Objections, each of which is

14  incorporated herein by reference, Fox objects to this Request because it seeks the

15  production of documents immune from discovery under the attorney-client

16  privilege and work product doctrine.  Subject to, and without waiving, the General

17  Objections and these specific objections, Fox will produce, based on a reasonable

18  inquiry, responsive, non-privileged documents sufficient to identify by name and

19  address each entity or individual authorized to sell, distribute, promote, advertise, or

20  market any goods or services identified by Fox's "Empire" mark, if any such

21  documents are within Fox's possession, custody, or control.

22  **REQUEST FOR PRODUCTION NO. 37:**

23      All DOCUMENTS reflecting, referring or relating to any cease-and-desist

24  letter, demand, dispute, complaint, objection, protest, lawsuit, threatened lawsuit, or

25  expression of concern by FOX to a third party, or by any third party to FOX,

26  relating to FOX's or the third party's existing or intended use of the "Empire"

27  mark.

28

- 29 -

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

2          In addition to the foregoing General Objections, each of which is

3  incorporated herein by reference, Fox objects to this Request because it (a) is vague

4  and ambiguous as to "use"; and (b) seeks the production of documents immune

5  from discovery under the attorney-client privilege and work product doctrine.

6  Subject to, and without waiving, the General Objections and these specific

7  objections, Fox will produce, based on a reasonable inquiry, responsive, non-

8  privileged communications sent to a third-party regarding any objection or concern

9  by Fox regarding that third-party's existing or intended use of the "Empire" mark,

10  if any such documents are within Fox's possession, custody, or control.

11  **REQUEST FOR PRODUCTION NO. 38:**

12          All DOCUMENTS reflecting, referring or relating to the date FOX first

13  became aware of EMPIRE DISTRIBUTION and/or its use of the "Empire" name

14  and any subsequent COMMUNICATIONS regarding EMPIRE DISTRIBUTION'S

15  use of that mark.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

17          In addition to the foregoing General Objections, each of which is

18  incorporated herein by reference, Fox objects to this Request because it (a) is vague

19  and ambiguous as to "use"; (b) seeks the production of documents immune from

20  discovery under the attorney-client privilege and work product doctrine; and (c) is

21  argumentative.  Subject to, and without waiving, the General Objections and these

22  specific objections, Fox will produce, based on a reasonable inquiry, responsive,

23  non-privileged documents relating to the date Fox first became aware of Empire

24  Distribution and/or its use of the "Empire" name and any subsequent

25  communications regarding Empire Distribution's use of the name, if any such

26  documents are within Fox's possession, custody, or control.

27

28

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS reflecting, referring or relating any actual or potential, direct or indirect, competition between the products or services that FOX offers, offered, or intends to offer under its "Empire" mark and the products or services that EMPIRE DISTRIBUTION offers or offered under its "Empire" marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine; (b) seeks proprietary or confidential business information, trade secrets, or other highly sensitive information; and (c) is argumentative. Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents reflecting any actual or potential, direct or indirect, competition between the products or services that Fox offers, offered or intends to offer under its "Empire" mark and the products or services that Empire Distribution offers or offered with the "Empire" name, if any such documents are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS reflecting, referring or relating to any instance in which any person or entity made any statement, comment, inquiry or question regarding any actual or potential association, affiliation, connection, correlation, relation or sponsorship between the *EMPIRE SERIES* and/or *EMPIRE SERIES MUSIC*, on the one hand, and EMPIRE DISTRIBUTION, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to, and without waiving, the General Objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents relating to any instance in which any person or entity made any statement, comment, inquiry, or

1   question regarding any actual or potential association, affiliation, connection,

2   correlation, relation, or sponsorship between the *Empire* series and/or *Empire* series

3   music, on the one hand, and Empire Distribution, on the other hand, if any such

4   documents are within Fox's possession, custody, or control.

5   **REQUEST FOR PRODUCTION NO. 41:**

6          All COMMUNICATIONS by or from FOX, FOX's customers or other

7   persons, expressing any actual or potential confusion, association, affiliation,

8   connection, correlation, relation or sponsorship between FOX and EMPIRE

9   DISTRIBUTION and their respective goods or services.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

11          In addition to the foregoing General Objections, each of which is

12   incorporated herein by reference, Fox objects to this Request because it (a) seeks

13   the production of information outside of Fox's possession, custody, or control; (b)

14   seeks information that violates the right of privacy of Fox's customers; and (c) is

15   cumulative and duplicative of Request No. 40.  Subject to, and without waiving, the

16   General Objections and these specific objections, Fox will produce, based on a

17   reasonable inquiry, responsive, non-privileged communications by or from Fox,

18   Fox's customers or other persons, expressing any actual or potential confusion,

19   association, affiliation, connection, correlation, relation, or sponsorship between

20   Fox and Empire Distribution and their respective goods or services, if any such

21   documents are within Fox's possession, custody, or control.

22   **REQUEST FOR PRODUCTION NO. 42:**

23          All COMMUNICATIONS by or from FOX, FOX's customers or other

24   persons, expressing any lack of confusion, association, affiliation, connection,

25   correlation, relation or sponsorship between FOX and EMPIRE DISTRIBUTION

26   and their respective goods or services.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine; (b) seeks the production of information outside of Fox's possession, custody, or control; and (c) seeks information that violates the right of privacy of Fox's customers.  Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged communications by or from Fox, Fox's customers or other persons, expressing any lack of confusion, association, affiliation, connection, correlation, relation, or sponsorship between Fox and Empire Distribution and their respective goods or services, if any such documents are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS reflecting, referring or relating to whether or not FOX's use of the "Empire" mark does, may or will infringe, or cause any actual or potential confusion with, EMPIRE DISTRIBUTION'S "Empire" marks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) is vague and ambiguous as to "use"; (b) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine; (c) is cumulative and duplicative of Request No. 23; and (d) is argumentative.  Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents relating to whether Fox's use of the "Empire" mark does, may, or will infringe, or cause any actual or potential confusion with, Empire Distribution, if any such documents are within Fox's possession, custody, or control.

1   **REQUEST FOR PRODUCTION NO. 44:**

2   All DOCUMENTS reflecting, referring or relating to any poll, survey, study,
3   report, analysis, or evaluation done by FOX or on FOX's behalf that relates to the
4   "Empire" mark.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

6   In addition to the foregoing General Objections, each of which is
7   incorporated herein by reference, Fox objects to this Request because it (a) is overly
8   broad and unduly burdensome in seeking all documents reflecting, referring, or
9   relating to any poll, survey, study, report, analysis, or evaluation done by Fox or on
10   Fox's behalf that relates to the "Empire" mark, without regard to whether such
11   documents are relevant to the issues in this action; (b) seeks the production of
12   documents immune from discovery under the attorney-client privilege and work
13   product doctrine; (c) seeks proprietary or confidential business information, trade
14   secrets, or other highly sensitive information; and (d) is cumulative and duplicative
15   of Request No. 7. Subject to, and without waiving, the General Objections and
16   these specific objections, Fox will produce, based on a reasonable inquiry,
17   responsive, non-privileged polls, surveys, studies, reports, analyses, or evaluations
18   done by Fox or on Fox's behalf that relate to confusion between the "Empire" mark
19   and Empire Distribution, if any such documents are within Fox's possession,
20   custody, or control.

21   **REQUEST FOR PRODUCTION NO. 45:**

22   All DOCUMENTS reflecting, referring or relating to any witness retained or
23   specially employed by FOX to provide expert testimony in the case, including, but
24   not limited to, all DOCUMENTS that reflect, refer, or relate to any opinions or
25   conclusions of the expert, the basis of any such opinions or conclusions, any facts
26   or data considered by the expert in forming any such opinions or conclusions, and
27   all DOCUMENTS reviewed or relied upon by the expert in forming his/her
28   opinions or conclusions.

- 34 -

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

2  In addition to the foregoing General Objections, each of which is

3  incorporated herein by reference, Fox objects to this Request because it (a) seeks

4  the production of documents immune from discovery under the attorney-client

5  privilege and work product doctrine; (b) seeks documents protected from disclosure

6  by Rule 26; and (c) is premature in asking or requiring Fox to provide information

7  that is the subject of expert disclosures under Rule 26(a)(2), according to the

8  Scheduling Order filed by the Court on July 23, 2015 (Dkt. 23). Fox will comply

9  with its obligations under Rule 26 and the Court's Scheduling Order.

10  **REQUEST FOR PRODUCTION NO. 46:**

11  All COMMUNICATIONS between FOX's attorneys and any expert witness

12  who is required to provide a report under Fed. R. Civ. P. 26(a)(2)(B), to the extent

13  the COMMUNICATION relates to the compensation for the expert's study or

14  testimony; identifies facts or data that FOX's attorneys provided and that the expert

15  considered in forming his/her opinions to be expressed; or identifies assumptions

16  that FOX's attorneys provided and that the expert relied on in forming the opinions

17  to be expressed.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19  In addition to the foregoing General Objections, each of which is

20  incorporated herein by reference, Fox objects to this Request because it is

21  premature in asking or requiring Fox to provide information that is the subject of

22  expert disclosures under Federal Rule of Civil Procedure 26(a)(2), according to the

23  Scheduling Order filed by the Court on July 23, 2015 (Dkt. 23). Fox will comply

24  with its obligations under Rule 26 and the Court's Scheduling Order.

25  **REQUEST FOR PRODUCTION NO. 47:**

26  All DOCUMENTS supporting the allegations in paragraph 1 of FOX's

27  COMPLAINT.

28

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

2        In addition to the foregoing General Objections, each of which is

3  incorporated herein by reference, Fox objects to this Request because it seeks the

4  production of documents immune from discovery under the attorney-client

5  privilege and work product doctrine.  Subject to, and without waiving, the General

6  Objections and these specific objections, Fox will produce, based on a reasonable

7  inquiry, responsive, non-privileged documents supporting the allegations in

8  paragraph 1 of Fox's Complaint, if any such documents are within Fox's

9  possession, custody, or control.

10  **REQUEST FOR PRODUCTION NO. 48:**

11        All DOCUMENTS supporting the allegations in paragraph 11 of FOX's

12  COMPLAINT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

14        In addition to the foregoing General Objections, each of which is

15  incorporated herein by reference, Fox objects to this Request because it seeks the

16  production of documents immune from discovery under the attorney-client

17  privilege and work product doctrine.  Subject to, and without waiving, the General

18  Objections and these specific objections, Fox will produce, based on a reasonable

19  inquiry, responsive, non-privileged documents supporting the allegations in

20  paragraph 11 of Fox's Complaint, if any such documents are within Fox's

21  possession, custody, or control.

22  **REQUEST FOR PRODUCTION NO. 49:**

23        All DOCUMENTS supporting the allegations in paragraph 12 of FOX's

24  COMPLAINT.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

26        In addition to the foregoing General Objections, each of which is

27  incorporated herein by reference, Fox objects to this Request because it seeks the

28  production of documents immune from discovery under the attorney-client

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

1 privilege and work product doctrine. Subject to, and without waiving, the General

2 Objections and these specific objections, Fox will produce, based on a reasonable

3 inquiry, responsive, non-privileged documents supporting the allegations in

4 paragraph 12 of Fox's Complaint, if any such documents are within Fox's

5 possession, custody, or control.

6 **REQUEST FOR PRODUCTION NO. 50:**

7 All DOCUMENTS supporting the allegations in paragraph 20 of FOX's

8 COMPLAINT.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

10 In addition to the foregoing General Objections, each of which is

11 incorporated herein by reference, Fox objects to this Request because it seeks the

12 production of documents immune from discovery under the attorney-client

13 privilege and work product doctrine. Subject to, and without waiving, the General

14 Objections and these specific objections, Fox will produce, based on a reasonable

15 inquiry, responsive, non-privileged documents supporting the allegations in

16 paragraph 20 of Fox's Complaint, if any such documents are within Fox's

17 possession, custody, or control.

18 **REQUEST FOR PRODUCTION NO. 51:**

19 All DOCUMENTS supporting the allegations in paragraph 21 of FOX' s

20 COMPLAINT.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

22 In addition to the foregoing General Objections, each of which is

23 incorporated herein by reference, Fox objects to this Request because it seeks the

24 production of documents immune from discovery under the attorney-client

25 privilege and work product doctrine. Subject to, and without waiving, the General

26 Objections and these specific objections, Fox will produce, based on a reasonable

27 inquiry, responsive, non-privileged documents supporting the allegations in

28

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

1 | paragraph 21 of Fox's Complaint, if any such documents are within Fox's
2 | possession, custody, or control.

3 | **REQUEST FOR PRODUCTION NO. 52:**

4 | All DOCUMENTS supporting the allegations in paragraphs 22 of FOX's
5 | COMPLAINT.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

7 | In addition to the foregoing General Objections, each of which is
8 | incorporated herein by reference, Fox objects to this Request because it seeks the
9 | production of documents immune from discovery under the attorney-client
10 | privilege and work product doctrine. Subject to, and without waiving, the General
11 | Objections and these specific objections, Fox will produce, based on a reasonable
12 | inquiry, responsive, non-privileged documents supporting the allegations in
13 | paragraph 22 of Fox's Complaint, if any such documents are within Fox's
14 | possession, custody, or control.

15 | **REQUEST FOR PRODUCTION NO. 53:**

16 | All DOCUMENTS supporting the allegations in paragraph 23 of FOX's
17 | COMPLAINT.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

19 | In addition to the foregoing General Objections, each of which is
20 | incorporated herein by reference, Fox objects to this Request because it seeks the
21 | production of documents immune from discovery under the attorney-client
22 | privilege and work product doctrine. Subject to, and without waiving, the General
23 | Objections and these specific objections, Fox will produce, based on a reasonable
24 | inquiry, responsive, non-privileged documents supporting the allegations in
25 | paragraph 23 of Fox's Complaint, if any such documents are within Fox's
26 | possession, custody, or control.

27

28

- 38 -

1  **REQUEST FOR PRODUCTION NO. 54:**

2       All DOCUMENTS supporting the allegations in paragraph 24 of FOX's

3  COMPLAINT.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

5       In addition to the foregoing General Objections, each of which is

6  incorporated herein by reference, Fox objects to this Request because it seeks the

7  production of documents immune from discovery under the attorney-client

8  privilege and work product doctrine.  Subject to, and without waiving, the General

9  Objections and these specific objections, Fox will produce, based on a reasonable

10  inquiry, responsive, non-privileged documents supporting the allegations in

11  paragraph 24 of Fox's Complaint, if any such documents are within Fox's

12  possession, custody, or control.

13  **REQUEST FOR PRODUCTION NO. 55:**

14       All DOCUMENTS supporting the allegations in paragraphs 25 of FOX's

15  COMPLAINT.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

17       In addition to the foregoing General Objections, each of which is

18  incorporated herein by reference, Fox objects to this Request because it seeks the

19  production of documents immune from discovery under the attorney-client

20  privilege and work product doctrine.  Subject to, and without waiving, the General

21  Objections and these specific objections, Fox will produce, based on a reasonable

22  inquiry, responsive, non-privileged documents supporting the allegations in

23  paragraph 25 of Fox's Complaint, if any such documents are within Fox's

24  possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 56:**

26       All DOCUMENTS supporting the allegations in paragraph 26 of FOX's

27  COMPLAINT.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

2         In addition to the foregoing General Objections, each of which is

3    incorporated herein by reference, Fox objects to this Request because it seeks the

4    production of documents immune from discovery under the attorney-client

5    privilege and work product doctrine.  Subject to, and without waiving, the General

6    Objections and these specific objections, Fox will produce, based on a reasonable

7    inquiry, responsive, non-privileged documents supporting the allegations in

8    paragraph 26 of Fox's Complaint, if any such documents are within Fox's

9    possession, custody, or control.

10   **REQUEST FOR PRODUCTION NO. 57:**

11        All DOCUMENTS supporting the allegations in paragraph 27 of FOX's

12   COMPLAINT.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

14        In addition to the foregoing General Objections, each of which is

15   incorporated herein by reference, Fox objects to this Request because it seeks the

16   production of documents immune from discovery under the attorney-client

17   privilege and work product doctrine.  Subject to, and without waiving, the General

18   Objections and these specific objections, Fox will produce, based on a reasonable

19   inquiry, responsive, non-privileged documents supporting the allegations in

20   paragraph 27 of Fox's Complaint, if any such documents are within Fox's

21   possession, custody, or control.

22   **REQUEST FOR PRODUCTION NO. 58:**

23        All DOCUMENTS upon which FOX's answer or affirmative defenses to the

24   COUNTERCLAIMS are based including, but not limited to, its first affirmative

25   defense purportedly based on the First Amendment to the United States

26   Constitution.

27

28

RESP. TO FIRST SET OF RFPS
CASE NO. 2:15-CV-2158

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to this Request because it (a) seeks the production of documents immune from discovery under the attorney-client privilege and work product doctrine; and (b) seeks documents otherwise available to the public and defendant. Subject to, and without waiving, the General Objections and these specific objections, Fox will produce, based on a reasonable inquiry, responsive, non-privileged documents upon which Fox's answer or affirmative defenses to the Counterclaims are based, if any such documents are within Fox's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS identified or referenced in FOX's Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to the foregoing General Objections, each of which is incorporated herein by reference, Fox objects to and is unable to respond to this Request because Fox's Initial Disclosures did not identify or reference any particular documents but rather identified categories of documents.

Dated:  August 20, 2015

DANIEL M. PETROCELLI
MOLLY M. LENS
CAMERON H. BISCAY
O'MELVENY & MYERS LLP


By:    _/s/ Molly M. Lens_
Molly M. Lens
Attorneys for Twentieth Century Fox
Television, a division of Twentieth
Century Fox Film Corporation, and Fox
Broadcasting Company

1

## PROOF OF SERVICE BY MAIL

2         I am a citizen of the United States and employed in Los Angeles County,

3 California, at the office of a member of the bar of this Court at whose direction this

4 service was made. I am over the age of eighteen years and not a party to the within

5 action. I am a resident of or employed in the county where the service described below

6 occurred. My business address is 1999 Avenue of the Stars, Los Angeles, California

7 90067-6035. I am readily familiar with this firm's practice for collection and processing

8 of correspondence for mailing with the United States Postal Service. In the ordinary

9 course of business, correspondence collected from me would be processed on the same

10 day, with postage thereon fully prepaid and placed for deposit that day with the United

11 States Postal Service. On August 20, 2015, I served following:

12

### FOX'S RESPONSE TO DEFENDANT'S
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

13

14 by putting a true and correct copy thereof in a sealed envelope, with postage fully prepaid,

15 and placing the envelope for collection and mailing today with the United States Postal

16 Service in accordance with the firm's ordinary business practices, addressed as follows:

17 Paul L. Gale                     John M. Bowler
    Peter N. Villar                  Michael D. Hobbs, Jr.

18 **TROUTMAN SANDERS LLP**      **TROUTMAN SANDERS LLP**
    5 Park Plaza, Suite 1400           600 Peachtree St., NE Suite 5200

19 Irvine, CA 92614                Atlanta, GA 30308

20

21         I declare under penalty of perjury under the laws of the United States that

22 the above is true and correct. Executed on August 20, 2015, at Los Angeles, California.

23

24

25 _____

26                    Tylar R. Moore

27

28

# EXHIBIT C



PETER N. VILLAR
949.622.2783 telephone
949.622.2739 facsimile
peter.villar@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
949.622.2700 telephone
troutmansanders.com

September 25, 2015

**VIA E-MAIL**

Molly M. Lens, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Re:  **Twentieth Century Fox Television, et al. v. Empire Distribution, Inc.**

Dear Ms. Lens:

On July 17, 2015, your office was served with Empire Distribution, Inc.'s ("Empire") First Request for Production of Documents to Twentieth Century Fox Television, Twentieth Century Fox Film Corporation, and Fox Broadcasting Company (collectively "Fox").  In August 2015, Empire also served Subpoenas to Produce Documents on various third parties.  Your office has undertaken to respond to the First Request for Production as well as the Subpoenas to Fox Music, Inc., Daniel Strong, and Lee Daniels Entertainment.[1]  Pursuant to L.R. 37-1, we write in an effort to resolve the following deficiencies with each of the responses to this discovery.

I.    **First Request for Production of Documents**

As a preliminary matter, Fox's refusal to produce documents outside of its self-defined relevant time period is baseless.  Fox objects to requests seeking documents *prior to* the time that Fox learned of the series that became the *EMPIRE SERIES* and to requests seeking information *after* the time that Empire sent its initial objection to Fox in February 2014.  *See* General Objection No. 6.  Fox must produce responsive documents pertaining not only to the unnamed series that became the *EMPIRE SERIES*, but also documents referring or relating to the concepts and discrete ideas that Fox and others then developed into a unified television series.  Such documents may predate the existence of the "series" itself.  Fox also must produce responsive documents created after February 2014, as Empire's claim is not limited to instances of past infringement.  Fox's ongoing use of Empire's mark, its ever expanding use of such mark, and intended future use of the mark are highly relevant to this case.

---

[1] Lee Daniels Entertainment stipulated that it has "possession, custody, or control" over any and all documents that Lee Daniels may have and, therefore, the parties agreed that the subpoena directed at Lee Daniels personally did not have to be served or responded to.

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 2

### a.   REQUEST NOS. 1 & 2

Fox improperly limits its response to "documents that reflect, refer, or relate to the use of the mark 'Empire'" in connection with Fox's creation and development of the *EMPIRE SERIES* from the time of conception of the series that became *Empire* through January 7, 2015.  Empire's claim and document request is not limited to Fox's use of the mark 'Empire,' but also relates to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files.  Fox's objection based on "the right of privacy of the talent" is also improper in light of the Protective Order Concerning Confidential Information issued by the Court on September 24, 2015.  Fox must produce all documents relating to its creation and development of the *EMPIRE SERIES*, from the time the series was first conceived through the date of the first pilot episode on January 7, 2015, including, notes, drafts, memos, treatments, scripts, scriptments, synopsis, outlines, pitches or communications relating to the concepts, themes, plots, premises, topics and/or characters of the series, as well as communications between Fox and Lee Daniels or Danny Strong and their representatives regarding the same.

### b.   REQUEST NO. 3

Fox improperly limits its response to "documents sufficient to show any alternate names." Empire's claim and document request is not limited to Fox's use of the mark 'Empire,' but also relates to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is misleading.  Meetings or communications regarding the use of the name "Empire," or any alternate names, for the series are highly relevant to determining what

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 3

meaning and commercial impression Fox intended to communicate to the public through the name of the series, including the discussions and reasoning why alternate names were not used.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files. All documents requested in Request No. 3 must be produced.

### c.   REQUEST NO. 6

Fox improperly limits its response to "documents submitted to the United States Patent and Trademark Office regarding Fox's application to register 'Empire' as a trademark and responses received thereto." This request seeks all documents relating to any attempts by Fox "to register the name 'Empire', or any other name, mark, logo or symbol relating to the *EMPIRE SERIES*, as a trademark, including any communications relating thereto. These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files. All documents requested in Request No. 6 must be produced, including non-privileged documents and communications other than those directly with the USPTO.

### d.   REQUEST NO. 8

Fox has improperly refused to produce documents relating to its "intellectual property rights in and to the fictional television series *Empire* and the music therefrom, including copyright and trademark rights" as alleged in paragraph 3 of the Complaint. The request is limited to documents that Fox put at issue in this case. These documents are therefore plainly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.

Further, there has been no showing whatsoever by Fox that it does not have in its possession, custody, or control any responsive documents or that there is any undue burden on Fox in producing the documents from its own files. Fox's objection based on "proprietary or

**TROUTMAN SANDERS**

Molly M. Lens, Esq.
September 25, 2015
Page 4

confidential business information" is also improper in light of the Court's Protective Order   All documents requested in Request No. 8 must be produced.

### e.  REQUEST NOS. 11 & 12

Fox has improperly limited its response to "exemplars" of promotions, advertisements, and marketing efforts and executed contracts.  The limited production of exemplars does not fulfill Fox's obligation to produce relevant documents.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files.  Fox's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request Nos. 11 and 12 must be produced.

### f.  REQUEST NO. 13

Fox improperly limits its response to "executed agreements" relating to *EMPIRE SERIES MUSIC*.  The unnecessarily limited production of only executed agreements does not fulfill Fox's obligation to produce relevant documents relating to the sale, license, distribution or release of *EMPIRE SERIES MUSIC* in physical record stores, online stores such as iTunes, Google Play, Amazon.com, and Spotify, or anywhere else, including, but not limited to, all contracts, agreements, or communications relating thereto.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files.  Fox's objection based on "proprietary or

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 5

confidential business information" is also improper in light of the Court's Protective Order.  All
documents requested in Request No. 13 must be produced.

### g.  REQUEST NO. 14

Fox's objection based on "the right of privacy of the talent" is improper in light of the
Court's Protective Order.  These documents are highly relevant to the parties' claims and
defenses in this trademark case, which have put at issue thematic similarities between the
*EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand,
overlap between the parties' respective businesses, overlap between the parties' target markets,
and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists,
marketing/advertising channels, product line expansion, and distribution channels, all of which
are relevant to determining a likelihood of confusion.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox
in producing the documents from its own files.  All documents requested in Request No. 14 must
be produced.

### h.  REQUEST NO. 15

Fox has improperly refused to produce any documents responsive to this document request
which seeks all agreements, contracts or communications between Fox and any musicians who
produce, perform or compose music for the *EMPIRE SERIES*, regarding the production,
promotion, advertisements, sales, license, distribution or relate of the *EMPIRE SERIES MUSIC*.
These documents are highly relevant to the parties' claims (including damages) and defenses in
this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES*
or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the
parties' respective businesses, overlap between the parties' target markets, and overlap between
the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising
channels, product line expansion, and distribution channels, all of which are relevant to
determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First
Amendment" defense to trademark infringement and this request seeks documents relevant to
issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial
and/or misleading.

Further, there has been no showing whatsoever by Fox that it does not have in its possession,
custody, or control of any responsive documents or that there is any undue burden on Fox in
producing the documents from its own files.  Fox's objection based on "the right of privacy of
the talent" is also improper in light of the Court's Protective Order.  All documents requested in
Request No. 15 must be produced.

**TROUTMAN
SANDERS**

Molly M. Lens, Esq.
September 25, 2015
Page 6

### i.   REQUEST NOS. 16 & 17

Fox improperly limits its response to documents and communications referring or relating to "use of the mark 'Empire'" in connection with the promotion, advertisement, sale, license, distribution or release of *EMPIRE SERIES MUSIC*.  Empire's claim and document request are not limited to Fox's use of the mark 'Empire,' but also relate to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files.  Fox's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  Fox must produce documents and communications relating to the promotion, advertisement, sale, license, distribution or release of *EMPIRE SERIES MUSIC* generally, including, but not limited to, documents and communications relating to the use of the 'Empire' mark.

### j.   REQUEST NO. 18

Fox has improperly refused to produce any documents responsive to this document request which seeks documents reflecting, referring or relating to FOX's online account with Mediabase. Mediabase produces song charts based on monitored airplay to provide music industry analytics. Fox or others on its behalf have provided promotional content to Mediabase, and is functioning as a record label.  These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox that it does not have in its possession, custody, or control of any responsive documents or that there is any undue burden on Fox in producing the documents from its own files.  Fox's objection based on "proprietary or

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 7

confidential business information" is also improper in light of the Court's Protective Order.  Fox must produce documents relating to its involvement with Mediabase and its music industry analytics.

### k.  REQUEST NO. 25

Fox improperly limits its response to "documents sufficient to show sales," and does not address the remainder of Empire's request, which seeks not only present but also "prospective" sales, marketing or business plans/strategies regarding products or services provided in connection with the "Empire" mark.  Empire's claim is not limited to instances of past infringement.  Fox's ongoing use of Empire's mark and intended future use of the mark are highly relevant to this case.  In addition, Empire's claim and document request relate to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files.  Fox must produce documents relating to present and prospective sales, marketing, or business plans/strategies, including, but not limited to, documents showing sales to date as requested in Request No. 25.

### l.  REQUEST NO. 30

Fox has improperly refused to produce any documents responsive to this document request which seeks documents sufficient to show each purchase of any good or service offered for sale, sold, promoted, or advertised under or in association with the "Empire" mark.  Empire's claim and document request relate to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 8

Further, there has been no showing whatsoever by Fox that it does not have in its possession, custody, or control of any responsive documents or that there is any undue burden on Fox in producing the documents from its own files.  Fox's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request No. 30 must be produced.

**m.  REQUEST NO. 34**

Fox improperly limits its response to documents referring or relating to publicity or news relating to "use of the mark 'Empire.'"  These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

There has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files.  Further, Empire is not required to guess what documents that are "available to the public" may be in the possession, custody, or control of Fox and the fact that publicly-available documents are in Fox's possession, custody, or control may be highly relevant and pursued in a deposition of Fox.  Fox must produce documents relating to publicity or news relating to the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC* generally, including, but <u>not limited to,</u> those relating to the use of the 'Empire' mark.

**n.  REQUEST NO. 37**

Fox improperly limits its response to documents "sent to a third party regarding any objection or concern by Fox regarding that third-party's existing or intended use of the 'Empire' mark."  Empire's request also seeks documents relating to any expression of concern "by any third party <u>to FOX</u> relating to FOX's…existing or intended use of the 'Empire' mark."  There has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files.  All documents requested in Request No. 37 must be produced.

**o.  REQUEST NO. 44**

Fox improperly limits its response to documents relating to "confusion between the 'Empire' mark and Empire Distribution."  Empire's request seeks documents relating to any poll, survey, study, report, analysis or evaluation relating to the "Empire" mark, including, <u>but not limited to,</u> those relating to confusion.  For instance, Empire is entitled to, and its request covers, any focus

**TROUTMAN SANDERS**

Molly M. Lens, Esq.
September 25, 2015
Page 9

group studies or other studies testing audience impression of the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox that there is any undue burden on Fox in producing the documents from its own files. Fox's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order. All documents requested in Request No. 44 must be produced.

## II.   Daniel Strong Subpoena to Produce Documents

Mr. Strong's refusal to produce documents outside of a self-defined relevant time period is baseless. Namely, Mr. Strong objects to requests seeking documents prior to the time that he learned of the series that became the *EMPIRE SERIES* and to requests seeking information after the time that Empire sent its initial objection to Fox in February 2014. *See* General Objection No. 6. Mr. Strong must produce responsive documents pertaining not only to the unnamed series that became the *EMPIRE SERIES*, but also documents referring or relating to the concepts and discrete ideas that Fox then developed into a unified television series. Such documents may predate the existence of the "series" itself. Mr. Strong also must produce responsive documents created after February 2014, as Empire's claim is not limited to instances of past infringement. Fox's ongoing use of Empire's mark and intended future use of the mark are highly relevant to this case.

### a.   REQUEST NO. 1:

Mr. Strong improperly limits his response to "documents that reflect, refer, or relate to the use of the mark 'Empire' in connection with Mr. Strong's creation and development of the *EMPIRE SERIES* from the time he became involved with the series that became *Empire* through January 7, 2015. Empire's claim and subpoena request is not limited to Mr. Strong's use of the mark 'Empire,' but also relates to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 10

likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense
to trademark infringement and this request seeks documents relevant to issues including, but not
limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

There has been no showing whatsoever by Mr. Strong that he does not have in his
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Mr. Strong in producing the documents that are in his possession, custody, or control.
Mr. Strong must produce all documents relating to its creation and development of the *EMPIRE
SERIES*, from the time the series was first conceived through the date of the first pilot episode on
January 7, 2015, including, notes, drafts, memos, treatments, scripts, scriptments, synopsis,
outlines, pitches or communications relating to the concepts, themes, plots, premises, topics
and/or characters of the series.

     **b.  REQUEST NO. 3:**

With respect to alternate names for the series that were considered, proposed, or discussed,
Mr. Strong improperly limits his response to "documents sufficient to show any alternate
names."  Empire's claim and subpoena request is not limited to Mr. Strong's use of the name
"Empire," but also relates to the parties' claims and defenses in this trademark case, which have
put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on
the one hand and Empire on the other hand, overlap between the parties' respective businesses,
overlap between the parties' target markets, and overlap between the *EMPIRE SERIES*
characters, business themes, music, musical artists, marketing/advertising channels, product line
expansion, and distribution channels, all of which are relevant to determining a likelihood of
confusion.

There has been no showing whatsoever by Mr. Strong that he does not have in his
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Mr. Strong in producing the documents that are in his possession, custody, or control.
Mr. Strong must produce all documents regarding all meetings or communications regarding the
use of the name "Empire," or any alternate names, for the series are highly relevant to
determining what meaning and commercial impression Mr. Strong intended to communicate to
the public through the name of the series and the discussions and reasoning why alternate names
were not used.

     **c.  REQUEST NO. 6**

Mr. Strong has improperly refused to produce any documents responsive to this subpoena
request which seeks all documents relating to any attempts by Mr. Strong or Fox "to register the
name 'Empire', or any other name, mark, logo or symbol relating to the *EMPIRE SERIES*, as a
trademark, including any communications relating thereto.  These documents are highly relevant

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 11

to the issues in this case, and there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents that are in his possession, custody, or control.  All documents requested in Request No. 6 must be produced.

### d.   REQUEST NO. 9

Mr. Strong has improperly limited his response to "documents sufficient to reflect the use of a city skyline graphic in conjunction with the 'Empire' mark/logo."  Empire's claim is not limited to Fox or Mr. Strong's use of the name "Empire" or the city skyline graphic in conjunction with the "Empire" mark/logo, but also relates to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.

Empire's subpoena request therefore seeks all documents reflecting, referring or relating to use of such city skyline graphic, including, without limitation, all communications regarding such use of the city skyline graphic which are highly relevant to determining why the city skyline graphic was chosen, what meaning and commercial impression was intended to be conveyed to the public by use of the city skyline in conjunction with the "Empire" mark/logo, and the discussions and communications regarding such use.

### e.   REQUEST NO. 10.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring, or relating to any advertisements, promotions or marketing efforts by Mr. Strong or Fox using the "Empire" mark/logo.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

26931176v1

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 12

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents that are in his possession, custody, or control. All documents requested in Request No. 10 must be produced.

### f.  REQUEST NO. 11.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring, or relating to the promotion, advertisement, or marketing of the *EMPIRE SERIES MUSIC*, including, but not limited to, all contracts, agreements, or communications relating thereto.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents that are in his possession, custody, or control. Mr. Strong's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request No. 11 must be produced.

### g.  REQUEST NO. 12.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring, or relating to sale, license, distribution or release of the *EMPIRE SERIES MUSIC* in physical record stores, online stores such as iTunes, Google Play, Amazon.com, and Spotify, or anywhere else, including, but not limited to, all contracts, agreements, or communications relating thereto.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In

**TROUTMAN**
**SANDERS**

Molly M. Lens, Esq.
September 25, 2015
Page 13

addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents from his own files. All documents requested in Request No. 12 must be produced.

### h. REQUEST NO. 14.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena request which seeks all agreements, contracts or communications between him or Fox and any musicians who produce, perform or compose music for the *EMPIRE SERIES*, regarding the production, promotion, advertisements, sales, license, distribution or relate of the *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents that are in his possession, custody, or control. Mr. Strong's objection based on "the right of privacy of the talent" is also improper in light of the Court's Protective Order. All documents requested in Request No. 14 must be produced.

### i. REQUEST NO. 15.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena request which seeks all communications between him and FOX, or any other person or entity, regarding the production, sale, license, promotion, advertisement, marketing, distribution or release of the *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 14

the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business
themes, music, musical artists, marketing/advertising channels, product line expansion, and
distribution channels, all of which are relevant to determining a likelihood of confusion.  In
addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement
and this request seeks documents relevant to issues including, but not limited to, whether Fox's
use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Mr. Strong in producing the documents that are in his possession, custody, or control.
Mr. Strong's objection based on "the right of privacy of the talent" is also improper in light of
the Court's Protective Order.  All documents requested in Request No. 15 must be produced.

### j.   REQUEST NO. 16.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena
request which seeks all documents reflecting, referring or relating to the performance,
presentation or promotion of the *EMPIRE SERIES MUSIC* at radio stations, concerts, live
performances, events, physical record stores and other venues.  These documents are highly
relevant to the parties' claims and defenses in this trademark case, which have put at issue
thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand
and Empire on the other hand, overlap between the parties' respective businesses, overlap
between the parties' target markets, and overlap between the *EMPIRE SERIES* characters,
business themes, music, musical artists, marketing/advertising channels, product line expansion,
and distribution channels, all of which are relevant to determining a likelihood of confusion.  In
addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement
and this request seeks documents relevant to issues including but not limited to whether Fox's
use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Mr. Strong in producing the documents that are in his possession, control, or control.
All documents requested in Request No. 16 must be produced.

### k.   REQUEST NO. 18.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena
request which seeks all documents reflecting, referring or relating to any publicity or news
relating to the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*.  These documents are highly
relevant to the parties' claims and defenses in this trademark case, which have put at issue
thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 15

and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. Empire is not required to guess what documents that are "available to the public" may be in the possession, custody, or control of Mr. Strong and the fact that publicly-available documents are in Mr. Strong's possession, custody, or control may be highly relevant and pursued in a deposition of Fox.

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents that are in his possession, custody, or control. All documents requested in Request No. 18 must be produced.

### I.   REQUEST NO. 22.

Mr. Strong has improperly limited his response to documents relating to "confusion between the 'Empire' mark and Empire Distribution." Empire's subpoena request seeks documents relating to any poll, survey, study, report, analysis or evaluation relating to the "Empire" mark, including but not limited to those relating to confusion. For instance, Empire is entitled to, and its request covers, any focus group studies or other studies testing audience impression of the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents that are in his possession, custody, or control. Mr. Strong's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order. All documents requested in Request No. 22 must be produced.

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 16

### m. REQUEST NO. 23.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena request which seeks all documents relating to the complaint of Fox or counterclaims of Empire. These documents are highly relevant to the issues in this case.  Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents from its own files.  Mr. Strong's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request No. 23 must be produced.

### n. REQUEST NO. 24.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena request which seeks all documents relating to Empire.  These documents are highly relevant to the issues in this case.  Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents that are in his possession, custody, or control.  Further, Empire is not required to guess what documents that are "available to the public" may be in the possession, custody, or control of Mr. Strong and the fact that publicly-available documents are in Mr. Strong's possession, custody, or control may be highly relevant and pursued in a deposition of Mr. Strong.  All documents requested in Request No. 24 must be produced.

### o. REQUEST NO. 26.

Mr. Strong has improperly refused to produce any documents responsive to this subpoena request which seeks any research, including, but not limited to, marketing research such as surveys and focus groups, research on social media or on search engines conducted by Lee Daniels Entertainment, or acquired from third parties (e.g., Nielsen), regarding the demographics of the consumers of the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC*.  These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 17

Further, there has been no showing whatsoever by Mr. Strong that he does not have in his possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Mr. Strong in producing the documents that are in his possession, custody, or control. All documents requested in Request No. 26 must be produced.

## III.  Fox Music, Inc. Subpoena to Produce Documents

Fox Music's refusal to produce documents outside of its self-defined relevant time period is baseless. Namely, Fox Music objects to requests seeking documents prior to the time that Fox Music learned of the series that became the *EMPIRE SERIES* and to requests seeking information after the time that Empire sent its initial objection to Fox in February 2014. *See* General Objection No. 6. Fox Music must produce responsive documents pertaining not only to the unnamed series that became the *EMPIRE SERIES*, but also documents referring or relating to the concepts and discrete ideas that Fox developed into a unified television series. Such documents may predate the existence of the "series" itself. Fox Music also must produce responsive documents created after February 2014, as Empire's claim is not limited to instances of past infringement. Fox's ongoing use of Empire's mark and intended future use of the mark are highly relevant to this case.

### a.  REQUEST NOS. 1 & 2

Fox Music improperly limits its response to documents referring or relating to Empire Distribution, the *EMPIRE SERIES*, and *EMPIRE SERIES MUSIC* and their "use of the 'Empire' name." These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, Empire is not required to guess what documents that are "available to the public" may be in the possession, custody, or control of Fox Music and the fact that publicly-available documents are in Fox Music's possession, custody, or control may be highly relevant and pursued in a deposition of Fox Music. In addition, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Fox Music in producing the documents that are in its possession, custody, or control. Fox Music must produce documents relating to relating to the

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 18

Empire Distribution and the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC* generally,
including, but <u>not limited to,</u> those relating to the use of the 'Empire' name.

### b.  REQUEST NO. 5

Fox Music has improperly refused to produce any documents responsive to this subpoena
request which seeks all documents relating to any attempts by Fox Music to register 'Empire' or
any other name, mark, logo or symbol relating to *EMPIRE SERIES MUSIC*.  Fox Music's
decision to pursue trademark protection for names and symbols used in conjunction with its
music goods and services, which overlap with Empire's goods and services, and the
circumstances surrounding that decision are highly relevant to the parties' claims and defenses in
this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES*
or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the
parties' respective businesses, overlap between the parties' target markets, and overlap between
the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising
channels, product line expansion, and distribution channels, all of which are relevant to
determining a likelihood of confusion.

Further, there has been no showing whatsoever by Fox Music that it does not have in its
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Fox Music in producing the documents that are in its possession, custody, or control.
All documents requested in Request No. 5 must be produced.

### c.  REQUEST NO. 7

Fox Music has improperly refused to produce any documents responsive to this subpoena
request which seeks all documents reflecting, referring, or relating to the promotion,
advertisement, or marketing of the *EMPIRE SERIES MUSIC*, including, but not limited to, all
contracts, agreements, or communications relating thereto.  These documents are highly relevant
to the parties' claims (including damages) and defenses in this trademark case, which have put at
issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one
hand and Empire on the other hand, overlap between the parties' respective businesses, overlap
between the parties' target markets, and overlap between the *EMPIRE SERIES* characters,
business themes, music, musical artists, marketing/advertising channels, product line expansion,
and distribution channels, all of which are relevant to determining a likelihood of confusion.  In
addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement
and this request seeks documents relevant to issues including, but not limited to, whether Fox's
use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 19

burden on Fox Music in producing the documents that are in its possession, custody, or control.
Fox Music's objection based on "proprietary or confidential business information" is also
improper in light of the Court's Protective Order.  All documents requested in Request No. 7
must be produced.

### d.  REQUEST NO. 8

Fox Music has improperly refused to produce any documents responsive to this subpoena
request which seeks all documents reflecting, referring, or relating to sale, license, distribution or
release of the *EMPIRE SERIES MUSIC* in physical record stores, online stores such as iTunes,
Google Play, Amazon.com, and Spotify, or anywhere else, including, but not limited to, all
contracts, agreements, or communications relating thereto.  These documents are highly relevant
to the parties' claims (including damages) and defenses in this trademark case, which have put at
issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one
hand and Empire on the other hand, overlap between the parties' respective businesses, overlap
between the parties' target markets, and overlap between the *EMPIRE SERIES* characters,
business themes, music, musical artists, marketing/advertising channels, product line expansion,
and distribution channels, all of which are relevant to determining a likelihood of confusion.  In
addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement
and this request seeks documents relevant to issues including, but not limited to, whether Fox's
use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Fox Music in producing the documents from its own files.  Fox Music's objection
based on "proprietary or confidential business information" is also improper in light of the
Court's Protective Order.  All documents requested in Request No. 8 must be produced.

### e.  REQUEST NO. 9

Fox Music has improperly refused to produce any documents responsive to this subpoena
request which seeks all agreements, contracts or communications between it or Fox and any
musicians who produce, perform or compose music for the *EMPIRE SERIES*, regarding the
production, promotion, advertisements, sales, license, distribution or relate of the *EMPIRE
SERIES MUSIC*.  These documents are highly relevant to the parties' claims (including damages)
and defenses in this trademark case, which have put at issue thematic similarities between the
*EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand,
overlap between the parties' respective businesses, overlap between the parties' target markets,
and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists,
marketing/advertising channels, product line expansion, and distribution channels, all of which
are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a
"First Amendment" defense to trademark infringement and this request seeks documents relevant

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 20

to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Fox Music in producing the documents that are in its possession, custody, or control. Fox Music's objection based on "the right of privacy of the talent" is also improper in light of the Court's Protective Order.  All documents requested in Request No. 9 must be produced.

### f.   REQUEST NOS. 10 & 11

Fox improperly refuses to produce documents referring or relating to the promotion, advertisement, sale, license, distribution or release of *EMPIRE SERIES MUSIC*.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Fox Music in producing the documents that are in its possession, custody, or control. Fox Music's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request Nos. 10 and 11 must be produced.

### g.   REQUEST NO. 12

Fox Music has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring or relating to the performance, presentation or promotion of the *EMPIRE SERIES MUSIC* at radio stations, concerts, live performances, events, physical record stores and other venues.  These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters,

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 21

business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Fox Music in producing the documents that are in its possession, control, or control. All documents requested in Request No. 12 must be produced.

### h.  REQUEST NO. 13

Fox Music has improperly refused to produce any documents responsive to this subpoena request which seeks all documents relating to any present or prospective sales, marketing or business plans/strategies regarding the *EMPIRE SERIES MUSIC*.  These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Fox Music in producing the documents that are in its possession, control, or control. Fox Music's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request No. 13 must be produced.

### i.  REQUEST NO. 14

Fox Music has improperly refused to produce any documents responsive to this subpoena request which seeks all documents relating to any revenues, expenses, and profits relating to all goods and services sold, or offered for sale, in association with the *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims (including damages)  and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 22

parties' respective businesses, overlap between the parties' target markets, and overlap between
the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising
channels, product line expansion, and distribution channels, all of which are relevant to
determining a likelihood of confusion. In addition, Fox has injected the issue of a "First
Amendment" defense to trademark infringement and this request seeks documents relevant to
issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial
and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Fox Music in producing the documents that are in its possession, control, or control.
Fox Music's objection based on "proprietary or confidential business information" is also
improper in light of the Court's Protective Order. All documents requested in Request No. 14
must be produced.

### j.  REQUEST NO. 15

Fox Music has improperly refused to produce any documents responsive to this subpoena
request which seeks all documents relating to relating to the total volume of sales for all goods
and services sold in association with the *EMPIRE SERIES MUSIC*. These documents are highly
relevant to the parties' claims (including damages) and defenses in this trademark case, which
have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES
MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective
businesses, overlap between the parties' target markets, and overlap between the *EMPIRE
SERIES* characters, business themes, music, musical artists, marketing/advertising channels,
product line expansion, and distribution channels, all of which are relevant to determining a
likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense
to trademark infringement and this request seeks documents relevant to issues including, but not
limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its
possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Fox Music in producing the documents that are in its possession, control, or control.
All documents requested in Request No. 15 must be produced.

### k.  REQUEST NO. 16

Fox Music has improperly refused to produce any documents responsive to this subpoena
request which seeks all documents relating to the amounts spent to advertise, market and
promote goods or services in association with the *EMPIRE SERIES MUSIC*. These documents
are highly relevant to the parties' claims and defenses in this trademark case, which have put at

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 23

issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Fox Music in producing the documents that are in its possession, control, or control. Fox Music's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request No. 16 must be produced.

### l.  REQUEST NO. 17

Fox Music has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring or relating to any publicity or news relating to the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*.  These publicity documents are highly relevant to the issues in this case.  Empire is not required to guess what documents that are "available to the public" may be in the possession, custody, or control of Fox Music and the fact that publicly-available documents are in Fox Music's possession, custody, or control may be highly relevant and pursued in a deposition of Fox Music.

Further, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Fox Music in producing the documents that are in his possession, custody, or control. All documents requested in Request No. 17 must be produced.

### m.  REQUEST NO. 18

Fox Music has improperly refused to produce any documents responsive to this subpoena request which seeks all documents relating to anyone other than FOX that has used or is using the designation or word "Empire" in the music industry.  These documents are highly relevant to the issues in this case.  Empire is not required to guess what documents that are "available to the public" may be in the possession, custody, or control of Fox Music and the fact that publicly-available documents are in Fox Music's possession, custody, or control may be highly relevant and pursued in a deposition of Fox Music.

**TROUTMAN**
**SANDERS**

Molly M. Lens, Esq.
September 25, 2015
Page 24

Further, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Fox Music in producing the documents that are in his possession, custody, or control. All documents requested in Request No. 18 must be produced.

### n.   REQUEST NO. 21

Fox Music improperly limits its response to documents relating to "confusion between the 'Empire' mark and Empire Distribution." Empire's subpoena request seeks documents relating to any poll, survey, study, report, analysis or evaluation relating to the "Empire" mark, including, but not limited to, those relating to confusion. For instance, Empire is entitled to, and its request covers, any focus group studies or other studies testing audience impression of the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading. All documents requested in Request No. 21 must be produced.

### o.   REQUEST NO. 23

Fox Music has improperly refused to produce any documents responsive to this subpoena request which seeks any research, including, but not limited to, marketing research such as surveys and focus groups, research on social media or on search engines conducted by Fox Music, or acquired from third parties (e.g., Nielsen), regarding the demographics of the consumers of the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Fox Music that it does not have in its possession, custody, or control any responsive documents or that there is any undue burden on

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 25

Fox Music in producing the documents from its own files.  All documents requested in Request
No. 23 must be produced.

## IV.   Lee Daniels Entertainment Subpoena to Produce Documents

Lee Daniels Entertainment's refusal to produce documents outside of its self-defined relevant
time period is baseless.  Namely, Lee Daniels Entertainment objects to requests seeking
documents prior to the time that it learned of the series that became the *EMPIRE SERIES* and to
requests seeking information after the time that Empire sent its initial objection to Fox in
February 2014.  *See* General Objection No. 6.  Lee Daniels Entertainment must produce
responsive documents pertaining not only to the unnamed series that became the *EMPIRE
SERIES*, but also documents referring or relating to the concepts and discrete ideas that Fox then
developed into a unified television series.  Such documents may predate the existence of the
"series" itself.  Lee Daniels Entertainment also must produce responsive documents created after
February 2014, as Empire's claim is not limited to instances of past infringement.  Fox's ongoing
use of Empire's mark and intended future use of the mark are highly relevant to this case.

### a.   REQUEST NO. 1:

Lee Daniels Entertainment improperly limits its response to "documents that reflect, refer, or
relate to the use of the mark 'Empire'" in connection with Lee Daniels Entertainment's creation
and development of the *EMPIRE SERIES* from the time Lee Daniels Entertainment became
involved with the series that became *Empire* through January 7, 2015.  Empire's claim and
subpoena request is not limited to Fox or Lee Daniels Entertainment's use of the mark 'Empire,'
but also relates to the parties' claims (including damages) and defenses in this trademark case,
which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES
MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective
businesses, overlap between the parties' target markets, and overlap between the *EMPIRE
SERIES* characters, business themes, music, musical artists, marketing/advertising channels,
product line expansion, and distribution channels, all of which are relevant to determining a
likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense
to trademark infringement and this request seeks documents relevant to issues including, but not
limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

There has been no showing whatsoever by Lee Daniels Entertainment that it does not have in
its possession, custody, or control any responsive documents that are non-cumulative, non-
duplicative, or non-identical to the discovery available from Fox or that there is any undue
burden on Lee Daniels Entertainment in producing the documents that are in his possession,
custody, or control.  Lee Daniels Entertainment must produce all documents relating to its
creation and development of the *EMPIRE SERIES*, from the time the series was first conceived
through the date of the first pilot episode on January 7, 2015, including, notes, drafts, memos,
treatments, scripts, scriptments, synopsis, outlines, pitches or communications relating to the
concepts, themes, plots, premises, topics and/or characters of the series.

26931176v1

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 26

### b. REQUEST NO. 3:

With respect to alternate names for the series that were considered, proposed, or discussed, Lee Daniels Entertainment improperly limits its response to "documents sufficient to show any alternate names." Empire's claim and subpoena request is not limited to Fox or Lee Daniels Entertainment's use of the name "empire," but also relates to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.

There has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents that are in his possession, custody, or control. Lee Daniels Entertainment must produce all documents regarding all meetings or communications regarding the use of the name "Empire," or any alternate names, for the series are highly relevant to determining what meaning and commercial impression Lee Daniels Entertainment intended to communicate to the public through the name of the series and the discussions and reasoning why alternate names were not used.

### c. REQUEST NO. 6

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all documents relating to any attempts by Lee Daniels Entertainment or Fox "to register the name 'Empire', or any other name, mark, logo or symbol relating to the *EMPIRE SERIES*, as a trademark, including any communications relating thereto. These documents are highly relevant to the issues in this case, and there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files. All documents requested in Request No. 6 must be produced.

### d. REQUEST NO. 9

Lee Daniels Entertainment has improperly limited its response to "documents sufficient to reflect the use of a city skyline graphic in conjunction with the "Empire' mark/logo." Empire's claim is not limited to Fox or Lee Daniels Entertainment's use of the name "Empire" or the city skyline graphic in conjunction with the "Empire" mark/logo, but also relates to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 27

the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. Empire's subpoena request therefore seeks all documents reflecting, referring or relating to use of such city skyline graphic, including, without limitation, all communications regarding such use of the city skyline graphic which are highly relevant to determining why the city skyline graphic was chosen, what meaning and commercial impression was intended to be conveyed to the public by use of the city skyline in conjunction with the "Empire" mark/logo, and the discussions and communications regarding such use.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents that are in his possession, custody, or control. All documents requested in Request No. 9 must be produced.

### e.  REQUEST NO. 10.

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring, or relating to any advertisements, promotions or marketing efforts by Lee Daniels Entertainment or Fox using the "Empire" mark/logo. These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files. All documents requested in Request No. 10 must be produced.

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 28

### f.   REQUEST NO. 11.

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring, or relating to the promotion, advertisement, or marketing of the *EMPIRE SERIES MUSIC*, including, but not limited to, all contracts, agreements, or communications relating thereto.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files.  Lee Daniels Entertainment's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request No. 11 must be produced.

### g.   REQUEST NO. 12.

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring, or relating to sale, license, distribution or release of the *EMPIRE SERIES MUSIC* in physical record stores, online stores such as iTunes, Google Play, Amazon.com, and Spotify, or anywhere else, including, but not limited to, all contracts, agreements, or communications relating thereto.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative,

**TROUTMAN
SANDERS**

Molly M. Lens, Esq.
September 25, 2015
Page 29

non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files. Lee Daniels Entertainment's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order. All documents requested in Request No. 12 must be produced.

### h.  REQUEST NO. 14.

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all agreements, contracts or communications between Lee Daniels Entertainment or Fox and any musicians who produce, perform or compose music for the *EMPIRE SERIES*, regarding the production, promotion, advertisements, sales, license, distribution or relate of the *EMPIRE SERIES MUSIC*.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files. Lee Daniels Entertainment's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order. All documents requested in Request No. 14 must be produced.

### i.  REQUEST NO. 15.

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all communications between Lee Daniels Entertainment and FOX, or any other person or entity, regarding the production, sale, license, promotion, advertisement, marketing, distribution or release of the *EMPIRE SERIES MUSIC*.  These documents are highly relevant to the parties' claims (including damages) and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to

Molly M. Lens, Esq.
September 25, 2015
Page 30

determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files. Lee Daniels Entertainment's objection based on "the right of privacy of the talent" is also improper in light of the Court's Protective Order. All documents requested in Request No. 15 must be produced.

### j.   REQUEST NO. 16.

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring or relating to the performance, presentation or promotion of the *EMPIRE SERIES MUSIC* at radio stations, concerts, live performances, events, physical record stores and other venues. These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files. All documents requested in Request No. 16 must be produced.

### k.   REQUEST NO. 18.

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all documents reflecting, referring or relating to any publicity or news relating to the *EMPIRE SERIES* and *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap

T̲ROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 31

between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files. Empire is not required to guess what documents that are "available to the public" may be in the possession, custody, or control of Lee Daniels Entertainment and the fact that publicly-available documents are in Lee Daniels Entertainment's possession, custody, or control may be highly relevant and pursued in a deposition of Lee Daniels Entertainment. All documents requested in Request No. 18 must be produced.

### l.  REQUEST NO. 22.

Lee Daniels Entertainment has improperly limited its response to documents relating to "confusion between the 'Empire' mark and Empire Distribution." Empire's subpoena request seeks documents relating to any poll, survey, study, report, analysis or evaluation relating to the "Empire" mark, including, but not limited to, those relating to confusion. For instance, Empire is entitled to, and its request covers, any focus group studies or other studies testing audience impression of the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC*. These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion. In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Lee Daniels Entertainment's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.

### m.  REQUEST NO. 23.

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all documents relating to the complaint of Fox or counterclaims of Empire. These documents are highly relevant to the issues in this case.

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 32

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files.  Lee Daniels Entertainment's objection based on "proprietary or confidential business information" is also improper in light of the Court's Protective Order.  All documents requested in Request No. 23 must be produced.

**n.  REQUEST NO. 24.**

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks all documents relating to Empire.  These documents are highly relevant to the issues in this case.  There has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative, non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files.

Further, Empire is not required to guess what documents that are "available to the public" Lee Daniels Entertainment may have in its possession, custody, or control and the fact that they are in Lee Daniels' possession, custody, or control may be highly relevant and pursued in a deposition of Lee Daniels Entertainment.  All documents requested in Request No. 24 must be produced.

**o.  REQUEST NO. 26.**

Lee Daniels Entertainment has improperly refused to produce any documents responsive to this subpoena request which seeks any research, including, but not limited to, marketing research such as surveys and focus groups, research on social media or on search engines conducted by Lee Daniels Entertainment, or acquired from third parties (e.g., Nielsen), regarding the demographics of the consumers of the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC*.  These documents are highly relevant to the parties' claims and defenses in this trademark case, which have put at issue thematic similarities between the *EMPIRE SERIES* or *EMPIRE SERIES MUSIC* on the one hand and Empire on the other hand, overlap between the parties' respective businesses, overlap between the parties' target markets, and overlap between the *EMPIRE SERIES* characters, business themes, music, musical artists, marketing/advertising channels, product line expansion, and distribution channels, all of which are relevant to determining a likelihood of confusion.  In addition, Fox has injected the issue of a "First Amendment" defense to trademark infringement and this request seeks documents relevant to issues including, but not limited to, whether Fox's use of the 'Empire' mark is commercial and/or misleading.

Further, there has been no showing whatsoever by Lee Daniels Entertainment that it does not have in its possession, custody, or control any responsive documents that are non-cumulative,

26931176v1

TROUTMAN
SANDERS

Molly M. Lens, Esq.
September 25, 2015
Page 33

non-duplicative, or non-identical to the discovery available from Fox or that there is any undue burden on Lee Daniels Entertainment in producing the documents from its own files.  All documents requested in Request No. 26 must be produced.

    We reserve the right to raise additional issues including, but not limited to, any issues raised by Fox with regard to Empire's responses to requests for production of documents.  Pursuant to Local Rule 37-1, please provide your availability for a telephone conference within the next ten days, to discuss these issues.

                          Sincerely,

                          Peter N. Villar

# EXHIBIT D

1
2
3
4
5
6
7
8         UNITED STATES DISTRICT COURT
9         CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 TWENTIETH CENTURY FOX TELEVISION, et al. | No.  CV 15-2158 PA (FFMx) |
| 12       Plaintiff, | PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION |
| 13     v. | |
| 14 EMPIRE DISTRIBUTION, INC., | |
| 15       Defendants. | |

16
17       The Court enters the following protective order:

18       1.     In connection with discovery proceedings in this action, the parties may

19 designate any document, thing, material, testimony or other information derived therefrom,

20 as "Confidential" under the terms of this Protective Order (hereinafter "Order").

21 Confidential information is trade secrets, proprietary information, and other highly

22 confidential commercial information, or material required to be kept confidential by state or

23 federal law.

24       2.     By designating a document, thing, material, testimony or other information

25 derived therefrom as "Confidential" under the terms of this Order, the party making the

26 designation is certifying to the Court that there is a good faith basis in law and in fact for the

27 designation within the meaning of Federal Rule of Civil Procedure 26(g).

28

3.    Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4.    Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

        (a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

        (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

        (c)    court reporter(s) employed in this action;

        (d)    a witness at any deposition or other proceeding in this action; and

        (e)    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment

-2-

A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7.    Only qualified persons may attend depositions at which Confidential Material is used or discussed.

8.    The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10.    If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable).  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11.    This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court

-3-

1   under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or

2   information, including restrictions differing from those as specified herein.  This Order shall

3   not be deemed to prejudice the parties in any way in any future application for modification

4   of this Order.

5        12.   This Order is entered solely for the purpose of facilitating the exchange of

6   documents and information between the parties to this action without involving the Court

7   unnecessarily in the process.  Nothing in this Order nor the production of any information or

8   document under the terms of this Order nor any proceedings pursuant to this Order shall be

9   deemed to have the effect of an admission or waiver by either party or of altering the

10  confidentiality or nonconfidentiality of any such document or information or altering any

11  existing obligation of any party or the absence thereof.

12       13.   This Order shall survive the final termination of this action, to the extent that

13  the information contained in Confidential Material is not or does not become known to the

14  public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

15  information disclosed hereunder.  Upon termination of this case, counsel for the parties shall

16  assemble and return to each other all documents, material and deposition transcripts

17  designated as confidential and all copies of same, or shall certify the destruction thereof.

18       IT IS SO ORDERED.

19

20  DATED:  September 24, 2015

21                                              _____

22                                                    Percy Anderson
                                                UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28

Attachment A

**<u>Nondisclosure Agreement</u>**


I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in <u>Twentieth Century Fox Television, et al. v. Empire Distribution, Inc.</u>, United States District Court for the Central District of California, Civil Action No. CV 15-2158 PA (FFMx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.


DATED:                                                    _____

                                                                    [Name of Signator Typed]

# EXHIBIT E

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   TWENTIETH CENTURY FOX                 Case No. CV15-2158 PA (FFMx)
     TELEVISION, et al.,
12                                          SCHEDULING ORDER [FED. R. CIV. P.
                     Plaintiff,             16(b)]
13
           v.                              1.    Establishing a Discovery Cut-off
14                                               Date of 1/25/2016
     EMPIRE DISTRIBUTION, INC.,
15                                         2.    Setting Motion Cut-off date of
                     Defendant.                  2/1/2016
16
                                           3.    Setting Final Pretrial Conference for
17                                               3/4/2016, at 1:30 p.m.

18                                         4.    Setting Jury Trial Date of 4/5/2016,
19                                               at 9:00 a.m.

20

21         1.   Discovery Cut-Off.  This is the last date to complete discovery, including expert

22   discovery, and the resolution of any discovery motions before the magistrate judge.  If

23   expert witnesses are to be called at trial, the parties shall designate experts to be called at

24   trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks

25   prior to the discovery cutoff date.  Rebuttal expert witnesses shall be designated and reports

26   provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than five weeks prior to the

27   discovery cutoff date.  Failure to timely comply with this deadline may result in the expert

28   being excluded at trial as a witness.  The Court requires compliance with Local Rule 37-1

1   and 37-2 in the preparation and filing of discovery motions. Discovery motions may not be

2   heard on an ex parte basis.

3       2.  Joinder of Parties and Amendment of Pleadings.  The deadline for joining parties

4   and amending pleadings is listed in the "Schedule of Trial and Pretrial Dates" issued by the

5   Court.  Any motions to join other parties or for leave to amend the pleadings shall be filed

6   and served at least twenty-eight (28) days prior to the hearing deadline as required by Local

7   Rule 6-1 so that they can be heard and decided prior to the deadline.  This deadline does not

8   apply if the deadline for joining parties or amending pleadings has already been calendared

9   or occurred by virtue of an order issued by this Court or another court.

10      In addition to the requirements of Local Rule 15-1, all motions to amend the

11  pleadings shall (1) state the effect of the amendment; (2) be serially numbered to

12  differentiate the amendment from previous amendments and (3) state the page, line

13  number(s), and wording of any proposed change or addition of material.

14      For the Court's ease of reference, the moving party shall submit to chambers a

15  redlined version of the amended pleading.

16      3.  Motion Filing Cut-Off.  The Court hears motions on Mondays at 1:30 p.m.  The

17  motion filing cut-off date is the last day motions may be heard (not filed).  The Court will

18  not decide late motions.  Issues left undetermined by the passage of the motion cut-off date

19  should be listed as issues for trial in the Final Pretrial Conference Order.  As an exception to

20  the above, motions in limine dealing with evidentiary matters may be heard at or before trial;

21  however, summary judgment motions disguised as motions in limine will not be heard.

22  Parties need not wait until the discovery cut-off to bring motions for summary judgment or

23  partial summary judgment.  However, in the usual case, the Court expects that more than the

24  minimum notice will be provided to counsel opposing motions for summary judgment.  In

25  the usual case, the parties should confer and agree on the date for setting such motions.

26      Ex parte applications are entertained solely for extraordinary relief.  See Mission

27  Power Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995).  Strict

28

adherence to proper ex parte procedures is required for any ex parte application filed with the Court.

4.  Stipulations to Extend Time.  Stipulations to extend the time to file any required document or to continue any pretrial or trial date must set forth:

(a)  the existing due date or hearing date;

(b)  the current pretrial conference date and trial date;

(c)  the specific reasons supporting good cause for granting the extension or continuance.  For example, a statement that a continuance "will promote settlement" or that the parties decided to suspend discovery while engaging is settlement discussions is insufficient.

(d)  whether there have been any prior requests for extensions or continuances, and whether these were granted or denied by the Court.

5.  Summary Judgment Motions.  The Separate Statement of Undisputed Facts is to be prepared in a two column format.  The left hand column should set forth the allegedly undisputed fact.  The right hand column should set forth the evidence that supports the factual statement. The fact statements should be set forth in sequentially numbered paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared.  The document must be in two columns; the left hand column must restate the allegedly undisputed fact, and the right hand column must indicate either undisputed, or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed.  Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right hand column, label and restate the moving party's evidence in support of the fact, followed by the opposing party's evidence controverting the fact.  Where the opposing party is disputing the fact on the basis of an evidentiary objection, the

party must cite to the evidence alleged to be objectionable and state the ground of the objection and nothing more. **No argument should be set forth in this document**.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall follow the movant's facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right hand column the evidence that supports that statement.

The moving party, in its reply, shall respond to the additional facts in the same manner and format that the opposition party is required to adhere to in responding to the statement of undisputed facts, as described above.

(a) <u>Supporting Evidence</u>. No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment. Any such material will not be considered.

Evidence submitted in support or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the Memorandum of Points and Authorities. The Court will accept counsel's authentication of deposition transcript, of written discovery responses, and of the <u>receipt</u> of documents in discovery <u>if the fact that the document was in the opponent's possession is of independent significance</u>. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

If evidence in support of or in opposition to a motion exceeds twenty pages, the evidence must be in a separate bound volume and include a Table of Contents.

(b) <u>Objections to Evidence</u>.  If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document.  Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party.  This memorandum should be organized **to track the paragraph numbers of the separate statement in sequence**.  It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken.  The following is an example of the format contemplated by the Court:

> Separate Statement Paragraph 1: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue.

> Fed. R. Evid. 801, 802.

Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact: these will be disregarded and overruled.

(c) <u>The Memorandum of Points and Authorities</u>.  The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should contain a narrative statement of facts as to those aspects of the case that are before the Court. All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion and not to the underlying evidence.

Unless the case involves some unusual twist on Rule 56, the motion need only contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and with its interpretation under <u>Celotex</u> and its progeny. If at all possible, the argument should be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7, and where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the separate statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the statement of genuine issues, the citation should be to such fact by paragraph number.

(d) <u>Timing</u>. In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-eight (28) day notice for such motions. The moving party shall submit a copy of the Statement of Uncontroverted Facts and Conclusions of Law to the Court's ECF e-mail address, in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions).

6. <u>Motions in Limine</u>. Before filing any motion in limine, counsel for the parties shall confer pursuant to Local Rule 7-3 in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. The conference shall take place in person within seven days of service upon opposing counsel of a letter requesting such conference. Unless counsel agree otherwise, the conference shall take place at the office of the moving party. If both counsel are not located in the same county in the Central District, the conference may take place by telephone. The moving party's letter shall identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial, shall state briefly with respect to each such matter the moving party's position (and provide any legal authority which the moving party believes is dispositive), and specify the terms of the order to be sought.

(a) If counsel are unable to resolve their differences, they shall prepare a Joint Motion in Limine. The Joint Motion in Limine shall consist of one document signed by all counsel. The Joint Motion in Limine shall contain a clear identification of the testimony,

exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities.  The title page of the Joint Motion in Limine must state the hearing date for the motions in limine and the trial date.

(b)  Unless otherwise ordered by the Court, motions in limine will be heard on the date indicated in the Schedule of Trial and Pretrial Dates issued by the Court.  Unless the Court in its discretion otherwise allows, no motions in limine shall be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party. The moving party shall serve its portion of the Joint Motion in Limine on the responding party fourteen (14) days prior to the date for filing of motions in limine indicated in the Schedule of Trial and Pretrial Dates.  The responding party shall then serve the opposition portion of the Joint Motion in Limine on the moving party both on paper and in an electronic format seven (7) days prior to the date for the filing of motions in limine.  The moving party shall incorporate the responding party's portion into the Joint Motion in Limine, add its arguments in reply, and file and serve the Joint Motion in Limine. Neither party's portions of a Joint Motion in Limine shall exceed eight (8) pages.

(c)  Joint Motions in Limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration from the moving party that includes the following:  (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the

specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

(d)  Unless ordered by the Court, no supplemental or separate memorandum of points and authorities shall be filed by either party in connection with any motion in limine.

(e)  The Court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (1) failed to confer in a timely manner; (2) failed to provide the opposing party's portion of the joint motion in a timely manner; or (3) refused to sign and return the joint motion after the opposing party's portion was added.

(f)  The failure of any counsel to comply with or cooperate in the foregoing procedures will result in the imposition of sanctions, including a resolution of the issue against the party refusing to cooperate.

7.  <u>Pretrial Conference and Trial Setting</u>.  Compliance with the requirements of Local Rule 16 is mandatory.  Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-2.8 through 16-6. The Proposed Pre-Trial Conference Order shall conform to the example set forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists shall be served and filed no later than fourteen (14) days before the Pre-Trial Conference. The Proposed Pre-Trial Conference Order shall be filed fourteen (14) days before the Pre-Trial Conference.

The Proposed Pre-Trial Conference Order must contain a Table of Contents.  Place in all capital letters and in bold the separately numbered headings for each category in the PTCO.  Under paragraph 1, list each claim, counterclaim, or defense that has been dismissed or abandoned.  In multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, please specify to which party each claim or counterclaim directed.  The factual issues in dispute should track the elements of a

claim or defense upon which the jury would be required to make findings.  Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of 5th and Spring at 10:00 a.m. on May 3").  Issues of law should state legal issues upon which the Court will be required to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

In drafting the PTCO, the Court expects that counsel will attempt to agree on and set forth as many non-contested facts as possible.  The Court will normally read the uncontested facts to the jury at the start of the trial.  Carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

If expert witnesses are to be called at trial, each party must list and identify its respective expert witnesses, both retained and non-retained.  <u>Failure of a party to list and identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party from calling that expert witness at trial</u>.

This case has been placed on calendar for a Final Pretrial Conference ("PTC") pursuant to F. R. Civ. P. 16 and Local Rule 16-1, unless the PTC was expressly waived at the Scheduling Conference by the Court.  Unless excused for good cause, each party appearing in this action shall be represented at the PTC and all pretrial meetings of counsel, by lead trial counsel.  The failure to attend the PTC or to submit the required pretrial documents may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions.

A continuance of the Final Pretrial Conference at counsel's request or stipulation is highly unlikely.  Counsel should plan to do the necessary pretrial work on a schedule which will insure its completion with time to spare before the Final Pretrial Conference.  Specifically, failure to complete discovery work, including expert discovery, is not a ground for a continuance.

Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the Court.  Carefully prepared Memoranda of Contentions of Fact (which may also serve as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance with the provisions of Local Rule 16-6 and the form of the proposed Final Pretrial Conference Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

At the PTC, counsel should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the content of testimony, presentation of testimony on direct examination by declaration subject to cross-examination, and qualification of experts by admitted resumes.  In rare cases where the PTC is waived by the Court, counsel must follow Local Rule 16-10.

8.   <u>Summary of Witness Testimony and Time Estimates</u>.  Counsel shall prepare a list of their witnesses, including a brief summary (two to three paragraphs) of each witness' expected testimony and an estimate of the length of time needed for direct examination; and whether the witness will testify by deposition or in person.  Counsel shall exchange these lists with opposing counsel.  **Counsel shall jointly file a single list of witness testimony summaries, including estimates for direct examination of their own witnesses and estimates for cross-examination of opposing witnesses.**  These statements shall be filed at the time counsel file the Proposed Pre-Trial Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference.  A copy of the Joint Trial Witness Form is attached to this Order.

If a party desires to offer deposition testimony into evidence at trial, he shall designate only those relevant portions of same which he wishes to read at trial and advise opposing counsel of same.  Opposing counsel shall then designate those relevant portions of such deposition which he wishes to offer in evidence.  All objections to any such testimony shall be made in writing and filed at the same time counsel file the Proposed Pre-Trial Conference Order so the Court may consider whether ruling on such objections will either

-10-

facilitate the conduct of the trial or result in the disposition of certain evidentiary matters that may assist continuing settlement negotiations.

9.    Jury Instructions and Verdict Forms.  Fourteen (14) days prior to counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions (general and special) and special verdict forms (if applicable).  Seven (7) days prior to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and special verdict forms.  Prior to, or at the time of the Rule 16 meeting, counsel shall meet and confer with the goal of reaching agreement on one set of joint jury instructions and one special verdict form.

The parties should make every attempt to agree upon the jury instructions before submitting them to the Court.  The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern instructions provide a statement of applicable law.  When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an applicable requested instruction, the parties should submit the most recent version of the Model instruction.  Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text.  Where California law applies, counsel should use the current edition of the Judicial Council of California Civil Jury Instructions ("CACI").  If neither of the above sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig & Lee (formerly Devitt, et al.), Federal Jury Practice and Instructions (latest edition).  Each requested jury instruction shall cover only one subject or principle of law and shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction (except for the "clean" jury copy discussed below).

When the parties disagree on an instruction, the party opposing the instruction must attach a short statement (one to two paragraphs) supporting the objection, and the party submitting the instruction must attach a short statement supporting the instruction.  Each statement should be on a separate page and should follow directly after the disputed instruction.

The parties ultimately must submit one document or, if the parties disagree over any proposed jury instructions, two documents.  If the parties submit two documents, those documents shall consist of: (1) a set of Joint Proposed Jury Instructions and (2) a set of Disputed Jury Instructions, along with reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph.

The parties must file proposed jury instructions fourteen (14) days before the Pre-Trial Conference.  If the court is closed that day, counsel shall file the proposed instructions the preceding Friday.  No later than 5:00 p.m. on the date such instructions are due, the parties must submit conformed courtesy copies to the Court's courtesy box located outside the entrance to chambers on the Spring Street level of the U.S. Courthouse.  Counsel shall also submit a copy of the proposed jury instructions to the Court's ECF e-mail address in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions) in accordance with this paragraph and the previous paragraph.

The Court will send a copy of the instructions into the jury room for the jury's use during deliberations.  Accordingly, in addition to the file copies described above, the e-mail containing the jury instructions shall contain a "clean set" of Joint Proposed and/or Disputed Jury Instructions, containing only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. __" (eliminating titles, supporting authority, indication of party proposing, etc.).

An index page shall accompany all jury instructions submitted to the Court.  The index page shall indicate the following:

(a)  The number of the instruction;

(b)  A brief title of the instruction;

(c)  The source of the instruction and any relevant case citations; and

(d)  The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Trademark-Defined | 9th Cir. 15.3.2 | 7 |

-12-

1    (15 U.S.C. § 1127)

2    Along with the jury instructions, counsel shall submit any necessary special verdict

3    form fourteen (14) days before the Pre-Trial Conference and e-mail any such proposed

4    special verdict form in WordPerfect format (X6 or earlier versions) or Microsoft Word

5    (Word 2010 or earlier versions) to the Court's ECF e-mail address.

6    10.  <u>Voir Dire Questions</u>.  Counsel may, but need not, submit brief proposed <u>voir</u> <u>dire</u>

7    questions for the jury at the Pre-Trial Conference.  The Court will conduct its own <u>voir</u> <u>dire</u>

8    after consulting any proposed <u>voir</u> <u>dire</u> submitted by counsel.

9    11.  <u>Joint Statement of the Case</u>.  Counsel shall submit a joint statement of the case at

10   the Pretrial Conference.  The joint statement of the case will be read to the prospective panel

11   of jurors prior to the commencement of <u>voir</u> <u>dire</u>.  The statement should not exceed one

12   page.  The statement shall be filed with the Court at the Pre-Trial Conference.

13   12.  <u>Exhibits</u>.  The parties shall file their witness lists and exhibits lists in accordance

14   with Local Rule 16.  Counsel are to assemble their exhibits by placing them in three-ring

15   binders labeled on the spine portion of the binder showing both the volume number and the

16   exhibit numbers.  Each exhibit shall be separated by a tabbed divider on the right side.

17   Counsel shall provide original exhibits for the Courtroom Deputy Clerk and a duplicate set

18   for the judge.  The original exhibits shall be tagged with the appropriate exhibit tags in the

19   upper or lower right corner of the first page of each exhibit.  Each binder shall contain a

20   Table of Contents.  Counsel must comply with Local Rule 26-4 when numbering the

21   exhibits.  The Clerk's Office, Room G-8, 312 North Spring Street, Los Angeles, California

22   can supply counsel with appropriate exhibit tags.

23   13.  <u>Pre-Trial Exhibit Stipulation</u>.  The parties shall prepare a Pre-Trial Exhibit

24   Stipulation which shall contain each party's numbered list of trial exhibits, with objections,

25   if any, to each exhibit including the basis of the objection and the offering party's response.

26   All exhibits to which there is no objection shall be deemed admitted.  All parties shall

27   stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit

28

Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

The Stipulation shall be substantially in the following form:

<u>Pre-Trial Exhibit Stipulation</u>

<u>Plaintiff's Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>Objection</u> | <u>Response to Objection</u> |
|---|---|---|---|

<u>Defendant's Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>Objection</u> | <u>Response to Objection</u> |
|---|---|---|---|

The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel files the Proposed Pre-Trial Conference Order.  Failure to comply with this paragraph shall constitute a waiver of all objections.

The Court requires the following to be submitted to the Courtroom Deputy Clerk on the first day of trial:

(1)     The original exhibits with the Court's exhibit tags. Plaintiff shall use yellow tags; defendant shall use blue tags. Each tag shall be stapled to the front of the exhibit on the upper right corner and include the case number, case name, and exhibit number.

(2)     One bench book with a copy of each exhibit for the Court's use, tabbed as described above; a copy of the witness lists).

(3)     Three (3) copies of exhibit lists.  The exhibit list should also be submitted to the Court's ECF e-mail address in both a PDF version and a WordPerfect(X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions) version.

(4)     Three (3) copies of witness lists in the order in which the witnesses will be called to testify.

All counsel are to meet no later than fourteen (14) days before trial to discuss and agree to the extent possible on issues including foundation and admissibility.

14. <u>Findings of Fact and Conclusions of Law</u>.  For a non-jury trial, counsel for each party shall file and serve proposed findings of fact and conclusions of law fourteen days before trial.  The parties should also e-mail these proposed findings of fact and conclusions of law in WordPerfect format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions) to the Court's ECF e-mail address.  Counsel for each party shall then:

(1)    Underline or highlight in red the portions which it disputes;

(2)    Underline or highlight in blue the portions which it admits; and

(3)    Underline or highlight in yellow the portions which it does not dispute, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of it irrelevant.

The parties should then file and serve their respective objections to the other party's proposed findings of fact and conclusions of law.  Courtesy copies of the marked copies shall be delivered to the courtesy box next to the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street, by 12:00 noon of the business day following filing.

15. <u>Settlement</u>.  Local Rule 16-15.2 provides that the Settlement Conference shall be conducted not later than 45 days before the Pretrial Conference.  The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process.  However, in many cases, the parties find it more difficult to settle after they have incurred the cost of all discovery and motion practice.  Accordingly, the Court strongly encourages counsel and the parties to pursue settlement earlier.

Notwithstanding the provisions of Local Rule 16-15.5, unless the parties have received prior approval by the Court, lead trial counsel and each party shall appear at the settlement proceeding in person or, in the case of a corporation or other non-governmental

entity, by a corporate representative with final authority to settle the case and who is

knowledgeable about the facts of the case.  Representatives of insurers with decision-making

authority are also required to attend the settlement proceedings in person unless their

presence is expressly excused by the Court.  The Court's requirement that lead trial counsel,

parties, corporate representatives, and insurer representatives must appear at the settlement

proceedings in person unless they have been expressly excused by the Court applies to

individuals located both within and outside the Central District of California.

The Court has a keen interest in helping the parties achieve settlement.  If the

parties believe that it would be more likely that a settlement would be reached if they

conduct settlement conference at an earlier time than that specified by the Court, they should

conduct it at that time.  In any event, the parties must together file a single Joint Status

Report re Settlement at the time they file the Proposed Pretrial Order.

The Court will not conduct settlement conferences in non-jury cases which the

Court will try.  In jury cases, the Court will conduct a settlement conference at the parties'

request if three conditions exist:

1.   The parties are satisfied that the fact issues in the case will be tried to a jury;

2.   All significant pre-trial rulings which Court must make have been made; and

3.   The parties desire the Court to conduct the conference, understanding that if

settlement fails, the Court will preside over the trial of the case.

16. <u>Sanctions</u>.  The failure to attend the pretrial conference or to submit in conformity

with this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case,

voir dire questions, summary of witness testimony and times estimates, proposed Pretrial

1  Conference Order or the memorandum of contentions of fact and law may result in the

2  dismissal of the action, striking the answer and entering default and/or the imposition of

3  sanctions.

4       IT IS SO ORDERED.

5  Dated:  July 23, 2015

6  _____

7                 Percy Anderson
   UNITED STATES DISTRICT JUDGE

8

9  Revised:  10/29/2013

Case 2:15-cv-02158-PA-FFM Document 28-1 Filed 07/23/15 Page 98 of 19 Page ID #:156

<u>JOINT TRIAL WITNESS ESTIMATE FORM</u>

CA    _____        TRIAL DATE:   _____

SE:   _____                       _____

|   | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 1 | | | | | |
|   | TOTAL ESTIMATES THIS PAGE: | | | | |

<u>Instructions</u>:

(1) List witnesses (last name first); (2) For description, be extremely brief, <u>e.g.</u>, "eyewitness to accident." Or "expert on standard of care."

(3) Use estimates within fractions of an hour, rounded off to closest quarter of an hour.  <u>E.g.</u>, if you estimate 20 minutes, make it .25.  An

estimate of one and one-half hours would be 1.5.  An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column.  E.g., "Needs interpreter."  (5) Entries may be in handwriting if very neat and legible.