PAUL L. GALE (SBN 065873)
paul.gale@troutmansanders.com
PETER N. VILLAR (SBN 204038)
peter.villar@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, California  92614-2545
Telephone:  (949) 622-2700
Facsimile:   (949) 769-2052

JOHN M. BOWLER (*pro hac vice*)
john.bowler@troutmansanders.com
MICHAEL D. HOBBS (*pro hac vice*)
michael.hobbs@troutmansanders.com
LINDSAY MITCHELL HENNER (*pro hac vice*)
lindsay.henner@troutmansanders.com
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 5200
Atlanta, Georgia  30308-2216

*Attorneys for Defendant-Counterclaimant
Empire Distribution Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware company, and FOX BROADCASTING COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EMPIRE DISTRIBUTION, INC., a California corporation,<br><br>Defendant.<br><br>*AND RELATED COUNTERCLAIM.* | Case No.  2:15-cv-02158-PA-FFM<br><br>Hon. Percy Anderson<br><br>**EMPIRE DISTRIBUTION, INC.'S MEMORANDUM OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:     February 1, 2016<br>Time:    1:30 p.m.<br>Place:   Courtroom 15 |

27755234

EMPIRE DISTRIBUTION, INC.'S MEMORANDUM OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO
FOX'S MOTION FOR SUMMARY JUDGMENT

Defendant-Counterclaimant EMPIRE DISTRIBUTION, INC. ("EMPIRE") hereby submits this Memorandum of Evidentiary Objections in Opposition to Fox's Motion for Summary Judgment, in accordance with the Court's Scheduling Order dated July 23, 2015. (Dkt. 23, p.5.)

## OBJECTIONS TO FOX'S "STATEMENT OF UNCONTROVERTED FACTS"

**Separate Statement Paragraph 1:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation. The assertion that the *Empire* television series is "set in New York" and "tells the story of a 'fictional company'" lacks foundation as none of the cited declarations state or support the assertions. Fed. R. Evid. 601, 602.

(2) Hearsay. The paragraphs cited from the declarations of Bywater, Ryan, Blazek and Lens, and exhibits attached thereto, constitute inadmissible hearsay and no exception to the hearsay rule is applicable. Fed. R. Evid. 801, 802.

(3) Lacks authentication. The DVDs of *Empire* lodged with the Court as Exhibits 11 and 13 to the Lens Declaration have not been properly authenticated. Fed. R. Evid. 901.

**Separate Statement Paragraph 2:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Improper citations. The Court's Scheduling Order dated July 23, 2015 provides that "[n]o party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire set of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment. **Any such material will not be considered**." (Scheduling Order, p.4:12-17, emphasis added.) In support of this

statement, Fox cites to, among other inadmissible evidence, the *entire* set of DVDs of *Empire*, lodged with the Court as Exhibits 11 and 13 to the Lens Decl., without any citation or reference to any specific portion or portions of them. The Court would need to watch the entire *Empire* series in order to try to ascertain what, if any, support exists for this statement. Therefore, these items should not be considered.

(2) Lacks foundation. Beyond its improper citation to the entire set of DVDs, Fox provides *no witness testimony* or other admissible evidence to support this statement. The cover of the DVD attached to the Lens Decl. as Ex. 10 lacks foundation. Paragraph 2 of the Blazek Decl. does not support this assertion despite being cited by Fox. The content of the February 16, 2015 settlement letter from EMPIRE's counsel lacks foundation, and, in any event, it does not support Fox's assertion either. It states, "*Empire's* portrayal of a label run by a homophobic drug dealer prone to murdering his friends threatens to tarnish the brand and harm the goodwill built by our client." Fed. R. Evid. 601, 602.

(3) Hearsay. All documents cited by Fox, including Exhibits 2, 10, 11, and 13, constitute inadmissible hearsay, and no exception to the hearsay rule applies. Fed. R. Evid. 801, 802.

(4) Lacks authentication. All documents cited by Fox, including Exhibits 2, 10, 11, and 13, have not been authenticated. Fed. R. Evid. 901.

**Separate Statement Paragraph 3:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation. The Blazek Decl. cited by Fox does not state or support Fox's assertion. Fed. R. Evid. 601, 602.

(2) Hearsay. The DVDs of *Empire* lodged with the Court constitute inadmissible hearsay. Fed. R. Evid. 801, 802.

(3) Lacks authentication. The DVDs of *Empire* lodged with the Court have not been properly authenticated. Fed. R. Evid. 901.

**Separate Statement Paragraph 5:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Vague and ambiguous. The term "Soundtracks" is vague and ambiguous as it is not a defined term and it is unknown whether it is meant to include only the two compilation CDs (referenced in paragraphs 4 and 5 of the Ross Decl.) or whether it is also meant to include all of the numerous singles and digital extended plays ("EPs") released by Fox under the "Empire" label which are not part of any compilation or "soundtrack".

(2) Lacks foundation. The Bywater Decl. and Ross Decl. cited by Fox do not support Fox's assertions. Fed. R. Evid. 601, 602.

**Separate Statement Paragraph 6:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5 requiring a "narrowly focused statement of fact ... address[ing] a single subject in as concise a manner as possible"), but rather purports to assert the absence of an allegation in EMPIRE's Counterclaims.

(2) Irrelevant. The evidence does not tend to prove any material fact in this case. Fed. R. Evid. 401, 402.

(3) Argumentative. This is not evidence that supports any relevant fact, but instead is a legal argument. Fed. R. Evid. 701.

(4) Lacks foundation. The evidence does not support the assertion. Fed. R. Evid. 601, 602.

**Separate Statement Paragraph 7:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Vague and ambiguous as to the terms "Fox's products", and "endorsement or affiliation."

(2) Improper citations. The Court's Scheduling Order dated July 23, 2015

provides that "[n]o party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire set of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment. Any such material will not be considered." (Scheduling Order, p.4:12-17.) In support of this statement, Fox cites to, among other inadmissible evidence, the *entire* set of DVDs of *Empire* and the entire CDs of Soundtracks, lodged with the Court as Exhibits 11, 13, 15 and 17 to the Lens Decl., without any citation or reference to any specific portion or portions of them. The Court would need to watch the entire two seasons of the *Empire* series and listen to all CDs of the *Empire* music in order to try to ascertain what, if any, support exists for this statement. Therefore, items should not be considered.

(3) Lacks foundation. Beyond its improper citation to the entire set of DVDs and CDs, Fox provides *no witness testimony* at all to support this statement. Rather, Fox cites only to the cover of a DVD of the first season of *Empire* (Lens Decl., Ex. 10), covers of two soundtrack albums of EMPIRE (Lens Decl. Exs. 14, 16) and various purported pages from the amazon.com website (Lens Decl. Exs. 18, 19). These select excerpts do not purport to encompass *all products* sold by Fox in connection with the *Empire* series including, but not limited to, the sale of singles, digital extended plays ("EPs"), apparel and accessories. Fox also cites to the declaration of Melissa Blazek (Blazek Decl. ¶ 2) and Shannon Ryan (Ryan Decl. ¶ 6). However, Blazek simply references the Season 2 DVDs and Ryan merely identifies various logos that are used to promote *Empire* and its Soundtracks. Neither of them states the purported uncontroverted fact raised by Fox and, moreover, neither purports to address all *other products* sold by Fox in connection with the *Empire* series. Fed. R. Evid. 601, 602.

(4) Hearsay. The cover of a DVD of the first season of *Empire* (Lens Decl.,

Ex. 10), covers of two soundtrack albums of EMPIRE (Lens Decl. Exs. 14, 16) and various purported pages from the amazon.com website (Lens Decl. Exs. 18, 19) are hearsay and no exception to the hearsay rule applies. Fed. R. Evid. 801, 802.

(5) Irrelevant. This assertion is irrelevant to the extent it does not address Fox's improper use of EMPIRE's other trademarks including the "Empire" and "Empire Recordings" marks. Fed. R. Evid. 401, 402.

**Separate Statement Paragraph 9:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5 requiring a "narrowly focused statement of fact ... address[ing] a single subject in as concise a manner as possible"), but rather purports to assert the absence of an allegation in EMPIRE's Counterclaims. Moreover, Fox's citation to the alleged absence of allegations in the Counterclaims is an improper attempt to circumvent all of the relevant evidence that has been provided to Fox in discovery (including, but not limited to, EMPIRE's response to Fox's Requests for Admissions Nos. 3 and 4) as set forth in EMPIRE's additional undisputed facts.

(2) Irrelevant. The evidence does not tend to prove any material fact in this case. Fed. R. Evid. 401, 402.

(3) Argumentative. This is not evidence that supports any relevant fact, but instead is a legal argument. Fed. R. Evid. 701.

(4) Lacks foundation. The evidence does not support the assertion made by Fox. Fed. R. Evid. 601, 602.

(5) Vague and ambiguous as to the term "broadcast television programming".

**Separate Statement Paragraph 10:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation. The Reynolds Decl. lacks foundation, as it does not support the statement made, and Reynolds has not shown a basis for her knowledge

of this assertion. Fed. R. Evid. 601, 602.

(2) Hearsay. The Reynolds Decl. constitutes inadmissible double hearsay, and no exception to the hearsay rule applies. Fed. R. Evid. 801, 802.

(3) Lacks authentication. The exhibits attached to the Reynolds Decl. have not been authenticated by someone with knowledge thereto. Fed. R. Evid. 901.

**Separate Statement Paragraph 11:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation. Fox cites only to the declaration of its attorney, Farrah Reynolds of O'Melveny & Myers, in support of this assertion. (Reynolds Decl. ¶ 2 as Ex. 1 at pp. 10-27.) However, the Reynolds Decl. lacks foundation, as Reynolds has not shown a basis for personal knowledge of the facts asserted or of the exhibits attached. Moreover, Reynolds' assertion is unreliable and untrue, as many of the purported "empire" related marked contained on the list attached do not contain the word "empire." Fed. R. Evid. 601, 602.

(2) Hearsay. The Reynolds Decl. constitutes inadmissible double hearsay. Fed. R. Evid. 801, 802.

(3) Lacks authentication. Exhibit 1 to the Reynolds Decl. has not been authenticated by someone with personal knowledge thereto. Moreover, the description of the exhibit in the Reynolds' Decl. is inaccurate. Fed. R. Evid. 901.

**Separate Statement Paragraph 12:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation. The Reynolds Decl. lacks foundation, as Reynolds has not shown a basis for personal knowledge of the facts asserted or of the exhibits attached. Fed. R. Evid. 601, 602.

(2) Hearsay. The Reynolds Decl. constitutes inadmissible double hearsay. Fed. R. Evid. 801, 802.

(3) Lacks authentication. Exhibits 21 and 22 to the Reynolds Decl. have not been authenticated by someone with personal knowledge thereto. Fed. R. Evid.

901.

**Separate Statement Paragraph 13:** EMPIRE objects to this the purported evidence in support of statement on the following grounds:

(1) Lacks foundation. The Reynolds Decl. lacks foundation, as Reynolds has not shown a basis for personal knowledge of the facts asserted or of the exhibits attached. Moreover, Reynolds' assertion is unreliable and untrue. Indeed, the "evidence" cited by Reynolds (purported search results from a series of random searches of websites) does not support Fox's assertion. There is no clear indication from the purported search results whether any of these entities are "record labels" and many of the companies seem clearly not to be record labels. Fed. R. Evid. 601, 602.

(2) Hearsay. The Reynolds Decl. constitutes inadmissible double hearsay. Fed. R. Evid. 801, 802.

(3) Lacks authentication. Exhibits 2-20 to the Reynolds Decl. have not been authenticated by someone with personal knowledge thereto. Fed. R. Evid. 901.

**Separate Statement Paragraph 14:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Vague and ambiguous as to the term "trademark enforcement effort."

(2) Lacks foundation. Fox cites only to EMPIRE's response to Interrogatory No. 10 (Lens Decl., Ex. 5 at p. 78) in support of this statement. However, EMPIRE's response does not "admit" or even address any "trademark enforcement efforts" (including this case or otherwise). Rather, it simply identifies other entities/individuals purporting to use marks or designations consisting of or including the word "Empire." Fed. R. Evid. 601, 602.

**Separate Statement Paragraph 15:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Improper citations. The Court's Scheduling Order dated July 23, 2015 provides that "[n]o party should submit any evidence other than the specific items

of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire set of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment. Any such material will not be considered." (Scheduling Order, p.4:12-17.) In support of this statement, Fox cites to, among other inadmissible evidence, the *entire* set of DVDs of *Empire* and the entire CDs of Soundtracks, lodged with the Court as Exhibits 11, 13, 15 and 17 to the Lens Decl., without any citation or reference to any specific portion or portions of them. Therefore, the Court would need to watch the entire two seasons of the *Empire* series and listen to all CDs of the *Empire* music in order to try to ascertain what, if any, support exists for this statement. Therefore, items should not be considered.

(2) Lacks foundation. Beyond its improper citation to the entire set of DVDs and CDs, Fox provides *no witness testimony* at all to support this statement. Rather, Fox cites only to the cover of a DVD of the first season of *Empire* (Lens Decl., Ex. 10), covers of two soundtrack albums of EMPIRE (Lens Decl. Exs. 14, 16) and various purported pages from the amazon.com website (Lens Decl. Exs. 18, 19). These select excerpts do not purport to encompass *all products* sold by Fox in connection with the *Empire* series including, but not limited to, the sale of singles, digital extended plays ("EPs"), apparel and accessories. Fox also cites to the declaration of Melissa Blazek (Blazek Decl. ¶ 2) and Shannon Ryan (Ryan Decl. ¶ 6). However, Blazek simply references the Season 2 DVDs and Ryan merely identifies various logos that are used to promote *Empire* and its Soundtracks. Neither of them states the purported uncontroverted fact raised by Fox and, moreover, neither purports to address all *other products* sold by Fox in connection with the *Empire* series. Fed. R. Evid. 601, 602.

(3) Hearsay. The cover of a DVD of the first season of *Empire* (Lens Decl.,

Ex. 10), covers of two soundtrack albums of EMPIRE (Lens Decl. Exs. 14, 16) and various purported pages from the amazon.com website (Lens Decl. Exs. 18, 19) are inadmissible hearsay and no exception to the hearsay rule applies. Fed. R. Evid. 801, 802.

(4) Irrelevant. This assertion is irrelevant to the extent it does not address Fox's improper use of EMPIRE's other trademarks including the "Empire" and "Empire Recordings" marks. Fed. R. Evid. 401, 402.

**Separate Statement Paragraph 17:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Hearsay. Fox cites to paragraph 4 of the declaration of Andrew Ross in support of this assertion. Ross cites to what purports to be a page from the www.amazon.com website. Therefore, this statement constitutes inadmissible *double hearsay* and no exception to the hearsay rule is applicable. Fed. R. Evid. 801, 802.

(2) Lacks foundation. Ross does not lay any foundation to support his assertion, beyond his reference to the purported page from the www.amazon.com website, which is inadmissible hearsay. Moreover, even if Ross's assertion were admissible, it only references the release and distribution of the soundtrack on the www.amazon.com website and, thus, would not support the broad statement regarding the release and distribution of the soundtrack generally or in other online venues. Fed. R. Evid. 601, 602.

**Separate Statement Paragraph 18:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Hearsay. Fox cites to paragraph 5 of the declaration of Andrew Ross in support of this assertion. Ross cites to what purports to be a page from the www.amazon.com website. Therefore, this statement constitutes inadmissible *double hearsay* and no exception to the hearsay rule is applicable. Fed. R. Evid. 801, 802.

(2) Lacks foundation. Ross does not lay any foundation to support his assertion, beyond his reference to the purported page from the www.amazon .com website, which is inadmissible hearsay. Moreover, even if Ross's assertion were admissible, it only references the release and distribution of the soundtrack on the www.amazon.com website and, thus, would not support the broad statement regarding the release and distribution of the soundtrack generally or in other online venues. Fed. R. Evid. 601, 602.

**Separate Statement Paragraph 19:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Hearsay. Fox cites to paragraph 4 of the declaration of Andrew Ross in support of this assertion. Ross cites to what purports to be a page from the www.billboard.com website. Therefore, this statement constitutes inadmissible *double hearsay* and no exception to the hearsay rule is applicable. Fed. R. Evid. 801, 802.

(2) Lacks foundation. Ross does not lay any foundation to support his assertion, beyond his reference to the purported page from the www.billboard .com website, which is inadmissible hearsay. Fed. R. Evid. 601, 602.

**Separate Statement Paragraph 23:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Vague and ambiguous as to the terms "soundtracks", "generally familiar" and "underlying show or movie".

(2) Lacks foundation. Fox cites to the report of its hired expert, Ted Cohen, in support of this assertion. (Lens Decl., Ex. 7 at p. 88.) Mr. Cohen provides *no foundation whatsoever* to support this assertion. He does not purport to have *any* experience or knowledge regarding the sale or purchase of soundtracks at all and does not include any information (including any citation to any survey, study, other any other materials) as to how he made the determination that purchasers of soundtracks are "generally fans of the underlying work." He also does not

1  distinguish between the sale of soundtracks and the sale of singles and digital
2  extended plays ("EPs") released by Fox under the "Empire" label which are not part
3  of any compilation or "soundtrack". Fox also cites to the declaration of Andrew
4  Ross (Ross Decl. ¶ 3); however, Ross's declaration does not support the assertion.
5  Ross merely states that "[f]or the first season, approximately ninety percent of the
6  digital streaming and sales of the Episode EPs occurred in the four days following
7  the episode's broadcast." That testimony lacks foundation and does not support the
8  purported statement. In fact, that may simply be evidence that the majority of
9  digital sales occur at or around the time they are released. Fed. R. Evid. 601, 602.
10  (3) Hearsay. Both the basis of Cohen's opinion and Ross's assertion
11  constitute inadmissible hearsay. Fed. R. Evid. 801, 802.
12  **Separate Statement Paragraph 25:** EMPIRE objects to the purported
13  evidence in support of this statement on the following grounds:
14  (1) Vague and ambiguous as to the terms "generally accompanied," "Fox
15  house mark", and "well-known elements from the show." Without a clear
16  explanation of the meaning of these terms, it is virtually impossible to provide a
17  response.
18  (2) Lacks foundation. Fox cites only to paragraph 5 of the declaration of
19  Shannon Ryan to support this assertion. However, Ms. Ryan does even make this
20  assertion let alone lay sufficient foundation for it. Ryan states "[w]hen Fox
21  advertises *Empire*, it consistently uses the FOX mark in conjunction with the show
22  logo, title treatment, or other well-known elements from the show." This statement
23  is different that the alleged uncontroverted fact No. 25 (*i.e.*, Statement No. 25 states
24  that "Fox's Empire marks are generally accompanied by the Fox house mark").
25  Further, Ryan fails to lay foundation for her statement in that she fails to explain
26  how she has personal knowledge to support the alleged assertion. In fact, she only
27  purports to "oversee the marketing and public relations" for the *Empire* television
28  show, but does not purport to have *any involvement or knowledge whatsoever* with

the marketing, advertisement, promotion or sale of the *Empire* series music or the use of the "Fox house mark" in connection therewith. She also fails to explain what is meant by "the FOX mark" or "Fox house mark" or "well-known elements from the show". Moreover, Ryan contradicts her own testimony in the very next paragraph of her declaration as several of the "Empire" logos she references are standalone "Empire" logos without any reference to Fox or the *Empire* series. (*See* Ryan Decl. ¶ 6, Fig. 2, Fig. 6 & Fig. 7.)  Fed. R. Evid. 601, 602.

(3) Hearsay. The Ryan Decl. constitutes inadmissible hearsay. Fed. R. Evid. 801, 802.

**Separate Statement Paragraph 26:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Vague and ambiguous as to the term "the Soundtracks."

(2) Lacks foundation. Fox cites to the declaration of Shannon Ryan (Ryan Decl. ¶ 2) and to EMPIRE's Response to Interrogatory No. 6 (Lens Decl., Ex. 5 at p. 74) to support this assertion. However, paragraph 2 of Ryan's declaration does not reference the Soundtracks at all, and EMPIRE's Response to Interrogatory No. 6 does not provide any information as to the amount of money spent by Fox to advertise or promote *Empire* or the Soundtracks. Fed. R. Evid. 601, 602.

**Separate Statement Paragraph 27:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation. Fox cites to the declaration of Tracey Raftery to support this assertion. (Raftery Decl. ¶ 2.) Ms. Raftery purports to be an "Executive Director of Publicity" for Fox. She vaguely claims to be "aware of the circumstances surrounding the creation of this necklace for *Empire*." However, she fails to provide any foundation for that assertion including specifically <u>how</u> she became aware of the use of the necklace or how she is in a position to know how it has been used or whether it has been offered for sale, including, but not limited to whether she has any involvement in the production of the *Empire* show, an

responsibility for "props" used for the show, or any knowledge regarding the sale of items relating to the show. Fed. R. Evid. 601, 602.

(2) Hearsay. The Raftery Decl. constitutes inadmissible hearsay and no exception to the hearsay rule applies. Fed. R. Evid. 801, 802.

(3) Irrelevant. The evidence does not tend to prove any material fact in this case. Fed. R. Evid. 401, 402.

**Separate Statement Paragraph 29:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5 requiring a "narrowly focused statement of fact ... address[ing] a single subject in as concise a manner as possible"), but rather purports to assert the existence of certain allegations and the absence of other allegations in EMPIRE's Counterclaims.

(2) Irrelevant. The evidence does not tend to prove any material fact in this case. Fed. R. Evid. 401, 402.

(3) Argumentative. This evidence and the statement it purports to support are legal argument rather than evidence of facts in the case. Fed. R. Evid. 701.

**Separate Statement Paragraph 31:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation. To support this assertion, Fox cites only to a paragraph in the declaration of its counsel, Molly Lens, wherein she states that she "looked up the number of 'followers' that Empire Distribution, Empire Distribution's owner, Ghazi Shami, and Fox's Empire each had on Instagram." (Lens Decl. ¶ 20.) However, Ms. Lens fails to lay *any* foundation for the assertion including, but not limited to, what if any experience or knowledge she has using Instagram, what she allegedly did to access or determine the number of "followers" of Fox's *Empire* Instagram account, what a "follower" is or why it's relevant, which specific Instagram account or accounts of EMPIRE, Ghazi Shami and/or Fox

she allegedly viewed to make this determination, and does not even attach screenshots or any other documentation of her alleged search to support her statement.  Fed. R. Evid. 601, 602.

(2) Hearsay.  Ms. Lens' statement constitutes inadmissible *double hearsay* (Ms. Lens' out-of-court statement regarding the out-of-court statements on Instagram) and no exception to the hearsay rule is applicable.  Fed. R. Evid. 801, 802.

**Separate Statement Paragraph 32:**  EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation.  To support this assertion, Fox cites only to a paragraph in the declaration of its counsel, Molly Lens, wherein she states that she "looked up the number of 'followers' that Empire Distribution, Empire Distribution's owner, Ghazi Shami, and Fox's Empire each had on Instagram." (Lens Decl. ¶ 20.)  However, Ms. Lens fails to lay *any* foundation for the assertion including, but not limited to, what if any experience or knowledge she has using Instagram, what she allegedly did to access or determine the number of "followers" of Fox's *Empire* Instagram account, what a "follower" is or why it's relevant, which specific Instagram account or accounts of EMPIRE, Ghazi Shami and/or Fox she allegedly viewed to make this determination, and does not even attach screenshots or any other documentation of her alleged search to support her statement.  Fed. R. Evid. 601, 602.

(2) Hearsay.  Ms. Lens' statement constitutes inadmissible *double hearsay* (Ms. Lens' out-of-court statement regarding the out-of-court statements on Instagram) and no exception to the hearsay rule is applicable.  Fed. R. Evid. 801, 802.

**Separate Statement Paragraph 33:**  EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) Lacks foundation.  To support this assertion, Fox cites only to a

paragraph in the declaration of its counsel, Molly Lens, wherein she states that she "looked up the number of 'followers' that Empire Distribution, Empire Distribution's owner, Ghazi Shami, and Fox's Empire each had on Instagram." (Lens Decl. ¶ 20.) However, Ms. Lens fails to lay *any* foundation for the assertion including, but not limited to, what if any experience or knowledge she has using Instagram, what she allegedly did to access or determine the number of "followers" of Fox's *Empire* Instagram account, what a "follower" is or why it's relevant, which specific Instagram account or accounts of EMPIRE, Ghazi Shami and/or Fox she allegedly viewed to make this determination, and does not even attach screenshots or any other documentation of her alleged search to support her statement. Fed. R. Evid. 601, 602.

(2) Hearsay. Ms. Lens' statement constitutes inadmissible *double hearsay* (Ms. Lens' out-of-court statement regarding the out-of-court statements on Instagram) and no exception to the hearsay rule is applicable. Fed. R. Evid. 801, 802.

**Separate Statement Paragraph 38:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5 requiring a "narrowly focused statement of fact ... address[ing] a single subject in as concise a manner as possible").

(2) Argumentative. This evidence and the statement it purports to support are legal argument rather than evidence of facts in the case. Fed. R. Evid. 701.

(3) Irrelevant. The evidence does not tend to prove any material fact in this case. Fed. R. Evid. 401, 402.

**Separate Statement Paragraph 39:** EMPIRE objects to the purported evidence in support of this statement on the following grounds:

(1) The expression of an opinion, in and of itself, is not a statement of

1 material fact as required by Local Rule 56-1 and this Court's Scheduling Order
2 dated July 23, 2015 (Dkt. 23, p.3 ¶5).

3     (2) Hearsay. The Report of Deborah Jay and opinions stated therein
4 constitute inadmissible double hearsay, and no exception to the hearsay rule is
5 applicable. Fed. R. Evid. 801, 802.

6     (3) Lacks foundation. The Report of Deborah Jay and opinions expressed
7 therein lack foundation. Fed. R. Evid. 601, 602.

8     **Separate Statement Paragraph 40:** EMPIRE objects to the purported
9 evidence in support of this statement on the following grounds:

10     (1) This is not a statement of material fact as required by Local Rule 56-1
11 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5 requiring a
12 "narrowly focused statement of fact ... address[ing] a single subject in as concise a
13 manner as possible"), but rather purports to assert the absence of "evidence" in
14 EMPIRE's Counterclaims.

15     (2) Irrelevant. The evidence does not tend to prove any material fact in this
16 case. Fed. R. Evid. 401, 402.

17     (3) Argumentative. This evidence and the statement it purports to support
18 are legal argument rather than a statement of material fact. Fed. R. Evid. 701.

19     (4) Lacks foundation. The evidence cited does not stand for or support Fox's
20 assertion. Fed. R. Evid. 601, 602.

Dated:  January 6, 2016

Respectfully submitted,

TROUTMAN SANDERS LLP

By:  /s/ Peter N. Villar
Paul L. Gale
Peter N. Villar
John M. Bowler
Michael D. Hobbs
Lindsay Mitchell Henner

*Attorneys for Defendant-Counterclaimant Empire Distribution Inc.*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27755234

- 17 -

EMPIRE DISTRIBUTION, INC.'S MEMORANDUM OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT