1  PAUL L. GALE (SBN 065873)
   paul.gale@troutmansanders.com
2  PETER N. VILLAR (SBN 204038)
   peter.villar@troutmansanders.com
3  TROUTMAN SANDERS LLP
   5 Park Plaza, Suite 1400
4  Irvine, California  92614-2545
   Telephone:  (949) 622-2700
5  Facsimile:   (949) 769-2052

6  JOHN M. BOWLER (*pro hac vice*)
   john.bowler@troutmansanders.com
7  MICHAEL D. HOBBS (*pro hac vice*)
   michael.hobbs@troutmansanders.com
8  LINDSAY MITCHELL HENNER (*pro hac vice*)
   lindsay.henner@troutmansanders.com
9  TROUTMAN SANDERS LLP
   Bank of America Plaza
10 600 Peachtree Street NE, Suite 5200
   Atlanta, Georgia  30308-2216
11
   *Attorneys for Defendant-Counterclaimant*
12 *Empire Distribution Inc.*

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

16

17 TWENTIETH CENTURY FOX          Case No.  2:15-cv-02158-PA-FFM(x)
   TELEVISION, a division of
18 TWENTIETH CENTURY FOX          Hon. Percy Anderson
   FILM CORPORATION, a Delaware
19 company, and FOX               **EMPIRE DISTRIBUTION, INC.'S**
   BROADCASTING COMPANY, a        **OPPOSITION TO FOX'S MOTION TO**
20 Delaware corporation,          **STRIKE EXPERT REPORT OF**
                                  **JAMES PAMPINELLA**
21              Plaintiffs,
                                  Date:      February 1, 2016
22      v.                        Time:      1:30 p.m.
                                  Place:     Courtroom 15
23 EMPIRE DISTRIBUTION, INC., a
   California corporation,
24
               Defendant.
25

26 AND RELATED
   COUNTERCLAIM.
27

28

   27797736

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................ 2

    A.    EMPIRE's Discovery Requests Relating to Damages ......................... 2

    B.    Expert Witness Disclosures ................................................................. 4

    C.    Fox's Failure to Meet and Confer in Good Faith................................. 5

III.  FOX'S MOTION TO STRIKE IS PROCEDURALLY IMPROPER
      AND SHOULD BE DENIED ON THAT BASIS ...................................... 7

    A.    Fox Failed to Comply with Local Rule 37 and this Court's
            Standing and Scheduling Orders......................................................... 7

    B.    Fox Violated the Local Rules by Failing to Meet and Confer in
            Good Faith........................................................................................... 8

IV.   EMPIRE'S EXPERT REPORT COMPLIES WITH RULE 26 AND
      SHOULD NOT BE STRICKEN ............................................................... 9

    A.    EMPIRE's Report Substantially Complies with Rule 26's
            Requirements ...................................................................................... 9

    B.    Rule 26 Expressly Allows Supplemental Expert Reports ................. 11

    C.    The Alleged Deficiencies in EMPIRE's Report are the Direct
            Result of Fox's Failure to Produce Documents ................................ 12

    D.    Fox Has Suffered No Harm Or Prejudice .......................................... 15

V.    CONCLUSION ....................................................................................... 16

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S OPPOSITION TO FOX'S MOTION TO STRIKE
EXPERT REPORT OF JAMES PAMPINELLA

1

## TABLE OF AUTHORITIES

2

Page(s)

3  CASES

4  *103 Investors I., L.P. v. Square D. Co.*,
5      372 F.3d 1213 (10th Cir. 2004)........................................................................13

6  *Allstate Ins. Co. v. Nassiri*,
7      2010 U.S. Dist. LEXIS 138220 (D. Nev. Dec. 16, 2010).................................10

8  *Alvarado v. Fedex Corp.*,
9      2006 U.S. Dist. LEXIS 45683 (N.D. Cal. June 27, 2006)................................14

10  *Childress v. Darby Lumber, Inc.*,
11      357 F.3d 1000 (9th Cir. 2004)........................................................................12

12  *Churchill v. United States*,
      2011 U.S. Dist. LEXIS 13761 (E.D. Cal. Feb. 8, 2011).................................11

13  *City and County of San Francisco v. Tutor-Saliba Corporation*,
14      218 F.R.D. 219 (N.D. Cal. 2013).....................................................................10

15  *City of Grass Valley v. Newmont Mining Corp.*,
16      2007 U.S. Dist. LEXIS 8651 (E.D. Cal. Jan. 25, 2007)..................................14

17  *Johnson v. Mammoth Recreations, Inc.*,
18      975 F.2d 604 (9th Cir. 1992)...........................................................................8

19  *Lanard Toys, Ltd. v. Novelty, Inc.*,
20      375 Fed. Appx. 705 (9th Cir. 2010)...........................................................12, 15

21  *Maharaj v. Cal. Bank & Trust*,
22      288 F.R.D. 458 (E.D. Cal. 2013).....................................................................16

23  *Qualcomm Inc. v. Broadcom Corp.*,
      2006 U.S. Dist. LEXIS 100608 (S.D. Cal. Dec. 14, 2006)..........................13, 14

24  *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*,
25      73 F.3d 546 (5th Cir. 1996).............................................................................15

26  *Taser Int'l v. Bestex Co., Inc*,
27      . 2007 U.S. Dist. LEXIS 80775 (C.D. Cal. Feb. 9, 2007)................................15

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S OPPOSITION TO FOX'S MOTION TO STRIKE
EXPERT REPORT OF JAMES PAMPINELLA

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Wechsler v. Macke Int'l Trade Inc.,*
  221 F.R.D. 619 (C.D. Cal. 2004) .................................................................. 13

*Yeti by Molly, Ltd v. Deckers Outdoor Corp.,*
  259 F.3d 1101 (9th Cir. 2001) ................................................................. 11, 12

**OTHER AUTHORITIES**

F.R.Civ.P. 26-37 ...................................................................................... 5, 8

F.R.Civ.P. 26-27… ........................................................................................ 7

Fed. R. Civ. P. 16(f)… .................................................................................. 7

Fed. R. Civ. P. 26 ............................................................... 1, 2, , 7, 10, 11

Fed. R. Civ. P. 26(a)… .................................................................................. 7

Fed. R. Civ. P. 26(a)(2) ...................................................................... 1, 4, 9

Fed. R. Civ. P. 26(a)(2)(C) .................................................................... 6, 9

Fed. R. Civ. P. 26(a)(2)(A) and (D) .......................................................... 4

Fed. R. Civ. P. 26(a)(3) ............................................................................. 12

Fed. R. Civ. P. 26(e)(1) .............................................................................. 11

Fed. R. Civ. P. 26(e)(2) ............................................................................. 12

Fed. R. Civ. P. 30(b)(6) ............................................................................... 4

Fed. R. Civ. P. 33 ......................................................................................... 4

Fed. R. Civ. P. 33(d) .................................................................................... 4

Fed. R. Civ. P. 37(c)(1) ............................................................................. 12

Fed. R. Civ. P. 37… ............................................................................... 7, 12

Fed. R. Evid. 702 ....................................................................................... 15

L.R. 7-3 ................................................................................................... 5, 8

EMPIRE DISTRIBUTION, INC.'S OPPOSITION TO FOX'S MOTION TO STRIKE
EXPERT REPORT OF JAMES PAMPINELLA

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

L.R. 37 ................................................................................................................ 1, 7

L.R. 37-1 ........................................................................................................ 5, 7, 8

L.R. 37-2 ............................................................................................................ 7, 8

L.R. 37-2.2 ............................................................................................................. 7

L.R. 37-4 ................................................................................................................ 7

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S OPPOSITION TO FOX'S MOTION TO STRIKE
EXPERT REPORT OF JAMES PAMPINELLA

1  **I.    <u>INTRODUCTION</u>**

2      Fox's motion to strike the expert report of James Pampinella fails both

3  procedurally and substantively.  Procedurally, the motion violates this Court's

4  Standing Order, Scheduling Order and Local Rule 37; substantively, it misstates

5  and omits significant facts and controlling case law which undermine Fox's motion

6  in its entirety.

7      In July 2015, this Court issued a Scheduling Order requiring that expert

8  reports be submitted by November 30, 2015, in accordance with Rule 26.  In

9  compliance with that order and Rule 26, EMPIRE Distribution, Inc. ("EMPIRE")

10  submitted the report of its damages expert, James Pampinella, on November 30.

11  Pursuant to Rule 26(a)(2), Mr. Pampinella provided *inter alia* his background,

12  qualifications, compensation, and his anticipated damages opinions in this case,

13  including for disgorgement of profits, reasonable royalties, corrective advertising

14  costs, and actual damages.  However, Mr. Pampinella stated that he could not

15  render a final opinion as to EMPIRE's damages given that Fox had not produced

16  relevant information and documents relating to Fox's revenues, expenses and

17  profits in response to discovery served by EMPIRE, including but not limited to

18  Empire's document requests served on July 17, 2015, more than four months

19  earlier.

20      Since the time EMPIRE submitted Mr. Pampinella's initial report, EMPIRE

21  has repeatedly requested that Fox produce the relevant information and documents

22  that it had promised to produce so that Mr. Pampinella could supplement and

23  complete his report.  Regrettably, Fox had no interest in obtaining Mr. Pampinella's

24  final report and instead chose to file this motion in an attempt to gain a strategic

25  advantage at trial.

26      In rushing to file this motion, Fox violated Local Rule 37, the Court's

27  Standing Order and Scheduling Order such that the motion should not even be

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27797736

- 1 -

considered.  This is particularly disconcerting given the emphasis Fox purports to place on strict adherence to the Court's orders and Local Rules in its brief.

In short, Fox's motion fails both procedurally and substantively.  EMPIRE complied with Rule 26, was substantially justified in submitting an initial report without final damage calculations, under the circumstances, and Fox has alleged no conceivable harm or prejudice as a result beyond the delays it caused by not producing relevant discovery.  Fox's motion has no merit and should be denied in its entirety.

## II.   STATEMENT OF FACTS

### A.   EMPIRE's Discovery Requests Relating to Damages

On July 17, 2015, EMPIRE served its First Request for Production of Documents on Fox.  (Declaration of Peter N. Villar in Support of Empire's Opposition to Fox's Motion to Strike Expert Report of James Pampinella ("Villar Decl."), ¶ 2, Ex. A.)  Multiple document requests relate directly to the issues of damages in this case including, but not limited to, Fox's revenues, expenses and profits relating to all goods and services sold, or offered for sale, under or in association with the "Empire" mark including the *Empire* television series and music.  (*See* e.g. Ex. A, Request Nos. 31, 32, 33.)  On August 20, 2015, Fox served its Response to EMPIRE's First Request for Production of Documents.  (Villar Decl., ¶ 3, Ex. B.)  Subject to various general objections, which are the subject of a pending motion to compel, Fox agreed to produce documents relating to its damages including, but not limited to, Request Nos. 31, 32 and 33.  (*Id*.)

EMPIRE commenced the meet and confer process regarding Fox's document responses and production in September 2015, and engaged in numerous and extensive discussions with Fox's counsel for more than two months.  Ultimately, the parties reached agreement on many of the issues, but EMPIRE was forced to file a motion to compel regarding certain unresolved issues on December 3, 2015 (Villar Decl., ¶ 4; Dkt. 37, 38).  The motion to compel was scheduled for hearing

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    on January 5, 2016, but has since been taken under submission by Magistrate Judge

2    Mumm (Dkt. 45) and is still pending as of the filing of this opposition.

3        Toward the end of the parties' meet and confer efforts, the parties discussed the

4    timing of their respective document productions.  On November 18, 2015, Fox's

5    counsel proposed that the parties complete their productions by December 3, 2015.

6    (Villar Decl., ¶ 5, Ex. C.)  EMPIRE agreed to the production date, in the spirit of

7    cooperation, without any indication or understanding from Fox's counsel that they

8    would try to take advantage of EMPIRE's willingness to extend the production

9    deadline, in an effort to strike its damages expert report.  (*Id*.)

10       On November 12, 2015, EMPIRE served its Second Set of Requests for

11   Production of Documents.  (Villar Decl., ¶ 6, Ex. D.)  This set of requests also

12   included documents relevant to damages including, for example, Request No. 62

13   relating to revenue streams relating to the *Empire* series and music.  (*Id*.)

14       Despite serving EMPIRE's First Request for Production of Documents on July

15   17, 2015, Fox did not make its initial production of documents until on or about

16   December 7, 2015, nearly five months later.  (Villar Decl., ¶ 7.)  Fox's document

17   production does not contain the documents it agreed to produce evidencing all of

18   Fox's revenues, expenses and profits in connection with the *Empire* series and

19   music.  (*Id*.)

20       On November 12, 2015, EMPIRE served its First Set of Interrogatories on Fox.

21   Like its document requests, EMPIRE's interrogatories sought information

22   regarding Fox's revenues, expenses and profits including, but not limited to,

23   Interrogatory Nos. 4, 6, 7 and 11.  (Villar Decl., ¶ 8, Ex. E.) [1]  On December 14,

---

[1] Fox's responses to the First Set of Interrogatories were due several days after the expert disclosure deadline.  Had Fox simply answered the questions at that time, EMPIRE could have supplemented its report in December 2015.  Moreover, Fox ignores the fact that EMPIRE had requested similar information relating to Fox's revenues, expenses and profits in its First Request for Production of Documents, *four months earlier*.  If Fox had produced the documents that EMPIRE had requested in a timely manner, there would have been less of a need to obtain the information via interrogatories.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

2015, Fox served its Response to EMPIRE's First Set of Interrogatories.  In response to Interrogatory Nos. 4, 6, 7 and 11, Fox failed to provide any substantive response and instead, defaulted to Fed. R. Civ. P. 33(d).  However, Fox did not direct Empire to any specific Bates numbers within the production in which the relevant information can be found as required under Rule 33(d ).  (Villar Decl., ¶ 9, Ex. F.)

On November 23, 2015, EMPIRE served a Rule 30(b)(6) deposition notice on multiple topics.  (Villar Decl., ¶ 10, Ex. G.)  Topic Nos. 28, 34 and 35, among others, relate to Fox's revenues, expenses and profits.  EMPIRE has made repeated attempts to secure deposition dates from Fox's counsel since filing the 30(b)(6) deposition notice.  EMPIRE has repeatedly told Fox's counsel that the 30(b)(6) deposition is the first priority, particularly as it relates to the issue of damages.  Notwithstanding, to date, Fox has not produced a 30(b)(6) witness on the majority of topics including, but not limited to, Topic Nos. 28, 34 and 35.  (Villar Decl., ¶ 11.)  Just three days ago, on January 8, 2016, Fox's counsel informed EMPIRE for the first time that they would produce Fox's remaining 30(b)(6) witnesses on January 22, 2016.  They have yet to provide the specific topics they will be covering but, presumably, they will be covering Topic Nos. 28, 34 and 35 at that time.  (Villar Decl., ¶ 12.)

**B.      Expert Witness Disclosures**

Pursuant to the Court's July 23, 2015 Scheduling Order and Fed. R. Civ. P. Rule 26(a)(2)(A) and (D), Empire served the Initial Expert Report of James E. Pampinella on November 30, 2015 in support of EMPIRE's claims for damages in this case.  (Villar Decl., ¶ 13, Ex. H.)  Pursuant to Rule 26(a)(2), Mr. Pampinella provided his background, qualifications, his compensation, a list of other cases in which he has testified as an expert, and his anticipated damages opinions in this case, including for disgorgement of profits, reasonable royalties, corrective advertising costs, and actual damages.  (Villar Decl., ¶ 14, Ex. H.)  However, Mr.

27797736

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    Pampinella stated "[g]iven that fact discovery is ongoing and that Fox has not
2    produced any documents in response to Empire's document requests served on July
3    27, 2015 and November 12, 2015, or provided any deposition testimony, both of
4    which are necessary for a damages determination, I am unable at present to render a
5    final opinion as to Empire's damages in this matter."  (Villar Decl., Ex. H, ¶ 10.)

6         Mr. Pampinella specifically listed in his report the information and documents
7    he needed from Fox to complete his report on each specific issue including, but not
8    limited to, Request for Production Nos. 3, 6, 11, 16, 31, 32, 33, 62 and
9    Interrogatory Nos. 1, 2 , 6, 7 and 11.  (Villar Decl., Ex. H, ¶¶ 13, 19, 23. )  He
10   stated that since no documents, information or testimony had been provided by Fox
11   in response to the above-listed discovery requests as of the date of his report, there
12   was "insufficient information" available at the time to complete his report.  (Villar
13   Decl., Ex. H, ¶¶ 14, 20, 24. )  Mr. Pampinella further indicated "that additional
14   evidence and testimony may be produced by Fox" and that he "may change or add
15   to [his] opinions in view of such additional information or positions taken by Fox."
16   (Villar Decl., Ex. H, ¶ 27.)

17        On December 21, 2015, in response to Mr. Pampinella's expert report, Fox
18   served a "rebuttal expert disclosure" identifying two rebuttal experts on damages,
19   William R. Ackerman and Scott D. Phillips.  (Villar Decl., ¶ 16, Ex. I.)

20        **C.    Fox's Failure to Meet and Confer in Good Faith**

21        Fox's counsel arranged a meet and confer conference, purportedly under
22   Local Rule 7-3, to discuss their contemplated motion to strike Mr. Pampinella's
23   report on Monday, December 28, 2015.  (Villar Decl., ¶ 17, Ex. J.)  Fox's counsel
24   never arranged a conference under Local Rule 37-1, which applies to "any motion
25   relating to discovery pursuant to F.R.Civ.P. 26-37."  (Villar Decl., ¶ 17.)

26        Rule 7-3, to the extent applicable, requires that parties to "discuss
27   thoroughly, preferably in person, the substance of the contemplated motion and *any*
28   *potential resolution*."  During the phone call on December 28, 2015, EMPIRE

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   proposed a reasonable resolution to the dispute.  Specifically, EMPIRE's counsel

2   proposed that it would promptly supplement Mr. Pampinella's report once it

3   received the relevant discovery and that Fox could then supplement its rebuttal

4   reports.   (Villar Decl., ¶ 18.)

5          On December 31, 2015, EMPIRE's counsel sent Fox's counsel a detailed

6   email following the conference call on December 28, 2015.  At Fox's counsel's

7   request, EMPIRE's counsel provided substantial legal authority to support its

8   position that Mr. Pampinella's initial expert report was appropriate under the

9   circumstances and reiterated that "we have already agreed to supplement the report

10  (as expressly permitted by FRCP 26(a)(2)(C)), once we receive the relevant

11  information and documents we have requested from Fox in discovery relating to the

12  damages calculations."  (Villar Decl., ¶ 19, Ex. K.)  EMPIRE's counsel concluded

13  by asking Fox's counsel to "please let me know your availability next week to

14  further discuss these issues."  (*Id*.)

15         Regrettably, Fox's counsel made a decision to end any further discussion and

16  proceed with filing the motion.  On January 4, 2016, Fox's counsel sent a short

17  email that did not address any of the legal authorities cited in EMPIRE's December

18  31 email.  Fox's counsel again rejected EMPIRE's "continued suggestion that we

19  stipulate to allow defendant to submit a 'supplemental' expert report from Mr.

20  Pampinella", and concluded that they were "not willing to continue to delay the

21  filing of [their] motion and intend to proceed with the filing later today."  (Villar

22  Decl., ¶ 20, Ex. L.)

23         On the afternoon of January 11, 2015, the day EMPIRE's Opposition to

24  Fox's Motion to Strike was due, Fox's counsel sent a belated email purporting to

25  respond, for the first time, to EMPIRE's prior requests for them to supplement

26  Interrogatory Nos. 4, 6, 7 and 11 by identifying specific documents produced by

27  Fox related to its revenues, expenses and profits in connection with the *Empire*

28  series and music.  (Villar Decl., ¶ 21, Ex. M.)  Fox's counsel identified a total of

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 6 -

1  three pages from its production:  FoxEmpire00084735, FoxEmpire00085224 and

2  FoxEmpire00072294.  Those documents were produced on December 22, 2015,

3  nearly a month *after* the expert disclosure deadline, and do not provide all of the

4  relevant information requested by EMPIRE and Mr. Pampinella evidencing Fox's

5  revenues, expenses and profits relating to all goods and services sold, or offered for

6  sale, under or in association with the "Empire" mark including the *Empire*

7  television series and music.  (*Id.*)

8  **III.   FOX'S MOTION TO STRIKE IS PROCEDURALLY IMPROPER**

9  **AND SHOULD BE DENIED ON THAT BASIS**

10  **A.   Fox Failed to Comply with Local Rule 37 and this Court's**

11  **Standing and Scheduling Orders**

12  Central District Local Rule 37 governs "**any motion relating to discovery**

13  **pursuant to F.R.Civ.P. 26-27**…"  (L.R. 37-1.)  Here, Fox clearly states that its

14  motion to strike is brought "**pursuant to Federal Rules of Civil Procedure 16(f),**

15  **26(a) & 37**…"  (Fox's Notice of Motion and Motion to Strike Expert Report of

16  James Pampinella at 2; *see also* Fox's Memo of Points and Authorities at 2-6 citing

17  Rules 26 and 37).  However, Fox failed to comply with <u>any</u> of the requirements of

18  Rule 37 in violation of the Local Rules and this Court's Standing and Scheduling

19  Orders.

20  Rule 37 requires a Pre-Filing Conference of Counsel and the preparation of

21  submission of a Joint Stipulation.  (L.R. 37-1, 37-2.)  "The Court **will not consider**

22  any discovery motion in the absence of a joint stipulation or a declaration from

23  counsel for the moving party establishing that opposing counsel (a) failed to confer

24  in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing

25  party's portion of the joint stipulation in a timely manner in accordance with L.R.

26  37-2.2; or (c) refused to sign and return the joint stipulation after the opposing

27  party's portion was added."  (L.R. 37-4.)  Here, Fox did not comply with any of

28  these rules and no exception applies.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

It is noteworthy that Fox quotes from this Court's Scheduling Order in its motion to strike noting that "[f]ailure to comply with this deadline may result in an expert being excluded at trial as a witness" but conveniently ignores the *very next sentence* stating that "**[t]he Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions.**"  (Dkt. 23, ¶1.)

Fox also failed to comply with this Court's Standing Order which states that "**All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes**."  (Standing Order at 2.)  Fox admits that its motion to strike is brought pursuant to Federal Rules of Civil Procedure 26 and 37, and is therefore clearly a discovery dispute.  Fox also failed to file its motion with Magistrate Judge Mumm and include the words "DISCOVERY MATTER" in the caption of its motion as required by this Court's Standing Order.  (*Id*.)

Fox's failure to comply with the Court's Orders and Local Rules is particularly egregious given the position Fox takes in its motion regarding strict adherence to such rules.  (Fox's Memo of Points and Authorities at 5-6.)  As Fox cites, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).

For all of these motions, the Court should not consider Fox's motion and it should be denied.

### B.     Fox Violated the Local Rules by Failing to Meet and Confer in Good Faith

Before filing the motion to strike, Fox's attorneys were required to meet and confer pursuant to Rule 37-1.  That did not happen.  Fox's counsel purported to meet and confer under Local Rule 7-3.  However, to the extent that Rule even applies, Fox did not satisfy the fundamental meet and confer requirements.

Rule 7-3, to the extent applicable, requires the parties to "discuss thoroughly, preferably in person, the substance of the contemplated motion and *any potential*

27797736

- 8 -

1   *resolution*."  Fox's counsel participated in one brief phone call with EMPIRE's

2   counsel.  During the phone call, EMPIRE proposed a reasonable resolution to the

3   dispute.  Specifically, EMPIRE' proposed that it would promptly supplement Mr.

4   Pampinella's report once it received the relevant discovery and that Fox could then

5   supplement its rebuttal reports.  (Villar Decl., ¶ 18.)

6       EMPIRE's counsel sent Fox's counsel a detailed email following the

7   conference call on December 28, 2015.  At Fox's counsel's request, EMPIRE's

8   counsel provided substantial legal authority to support its position that Mr.

9   Pampinella's initial expert report was appropriate under the circumstances and

10  reiterating that "**we have already agreed to supplement the report (as expressly**

11  **permitted by FRCP 26(a)(2)(C)), once we receive the relevant information and**

12  **documents we have requested from Fox in discovery relating to the damages**

13  **calculations**."  (Villar Decl., ¶ 19, Ex. K.)  EMPIRE's counsel concluded by asking

14  Fox's counsel to "please let me know your availability next week to further discuss

15  these issues."  (*Id*.)  However, Fox's counsel made a unilateral decision to end any

16  further discussion and proceed with filing the motion.  (Villar Decl., ¶ 20, Ex. L.)

17  That is not consistent with the spirit, intent or letter of the meet and confer

18  requirements.

19  **IV.   EMPIRE'S EXPERT REPORT COMPLIES WITH RULE 26 AND**

20      **SHOULD NOT BE STRICKEN**

21      **A.   EMPIRE's Report Substantially Complies with Rule 26's**

22          **Requirements**

23      Federal Rule of Civil Procedure 26(a)(2)(c) directs each party to disclose its

24  expert opinion reports "at the times and in the sequence directed by the court."  Fed.

25  R. Civ. P. 26(a)(2)(c).  Under Rule 26(a)(2) of the Federal Rules of Civil Procedure,

26  the expert disclosure must contain: (1) a complete statement of all opinions the

27  expert witness intends to give at trial, and the basis and reasons for those opinions;

28  (2) the data or other information considered by the expert witness in forming those

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S OPPOSITION TO FOX'S MOTION TO STRIKE
EXPERT REPORT OF JAMES PAMPINELLA

1   opinions; (3) any exhibits to be used as a summary of, or support for, the opinions;

2   (4) the qualifications of the expert witness, including a list of all publications

3   authored by the witness within the preceding ten years; (5) the compensation to be

4   paid for the study and testimony of the expert witness; and (6) a list of any other

5   cases in which the witness has testified as an expert at trial or by deposition within

6   the preceding four years.

7        EMPIRE's expert James Pampinella submitted an initial report containing

8   substantial information regarding his background, qualifications, compensation,

9   other cases in which he has testified as an expert, his anticipated damages opinions

10  in this case, including for disgorgement of profits, reasonable royalties, corrective

11  advertising costs, and actual damages, and the relevant accounting period.  (Villar

12  Decl., ¶ 14, Ex. H.)  However, Mr. Pampinella stated that he could not render a

13  final opinion as to EMPIRE's damages given that Fox had not produced relevant

14  information and documents relating to Fox's revenues, expenses and profits in

15  response to discovery served by EMPIRE, including but not limited to Empire's

16  document requests served on July 17, 2015, more than four months earlier.

17       Contrary to Fox's assertions, Rule 26 does not require a complete calculation

18  of damages in initial expert disclosures.  *Allstate Ins. Co. v. Nassiri*, 2010 U.S. Dist.

19  LEXIS 138220, at *17 (D. Nev. Dec. 16, 2010) (recognizing that a party may not

20  be able to provide a detailed computation of damages before all relevant documents

21  or evidence has been obtained.)  In *City and County of San Francisco v. Tutor-*

22  *Saliba Corporation*, 218 F.R.D. 219 (N.D. Cal. 2013), the court noted that cases in

23  which courts have excluded evidence based on the failure to provide damages

24  computations have involved "extreme situations" in which a party did not provide a

25  damages computation until shortly before trial or until well after the close of

26  discovery.  *Id*. at 220.

27       Mr. Pampinella's initial expert disclosure clearly provided Fox notice of the

28  type of damages EMPIRE seeks and the information that would be used to calculate

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27797736

1   those damages.  In fact, Fox submitted *two rebuttal experts on damages*, William
2   R. Ackerman and Scott D. Phillips.  (Villar Decl., ¶ 16, Ex. I.) Moreover, Mr.
3   Pampinella specifically listed in his report the information and documents he
4   needed from Fox to complete his report on each specific issue including, but not
5   limited to, Request for Production Nos. 3, 6, 11, 16, 31, 32, 33, 62 and
6   Interrogatory Nos. 1, 2 ,6, 7 and 11.  (Villar Decl., Ex. H, ¶¶ 13, 19, 23. )

7        In short, to the extent there is any deficiency, as claimed by Fox, it is the
8   direct result of Fox's failure to comply and respond to discovery requests.  This is
9   not an extreme situation where a plaintiff is improperly submitting its damages
10  report on a defendant, without notice, shortly before trial.  *See Yeti by Molly, Ltd v.*
11  *Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming the
12  exclusion of defendant's only damages expert where the report was submitted
13  almost two years after discovery closed and one month before trial.)  EMPIRE has
14  made it abundantly clear that it will provide more detailed damages calculations as
15  soon as Fox produces the information and documents required to make those
16  calculations.  Fox is aware that EMPIRE seeks substantial damages and the basis
17  for those damages.

18        **B.     Rule 26 Expressly Allows Supplemental Expert Reports**

19        Rule 26(e)(1) provides guidance for the filing of supplemental expert reports,
20  mandating supplementation at appropriate intervals to include information
21  thereafter acquired if ordered by the court, or "if the party learns that in some
22  material respect the disclosure or response is incomplete or incorrect."  The Rule
23  Fox claims provides a basis for its motion expressly recognizes that expert
24  disclosures will be supplemented as new information becomes available.  "Rule 26
25  anticipates that an expert's written report may need to be updated to reflect newly
26  discovered evidence after it has been disclosed.  The Rule allows supplementation
27  of the expert report and, in fact, requires the parties to supplement it."  *Churchill v.*
28  *United States,* 2011 U.S. Dist. LEXIS 13761,  at * 10 (E.D. Cal. Feb. 8, 2011).  In

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 11 -

27797736

the context of supplementing an expert report, "[a]ny additions or changes…must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

EMPIRE has proposed supplementing Mr. Pampinella's initial expert report to include the detailed damages calculations demanded by Fox.  However, Mr. Pampinella's supplemental expert report cannot be provided until Fox responds to the numerous discovery requests specifically outlined by Mr. Pampinella in his initial report.  EMPIRE recognizes it has a duty to supplement the initial report and will do so immediately after it receives the necessary documents from Fox.

### C. The Alleged Deficiencies in EMPIRE's Report are the Direct Result of Fox's Failure to Produce Documents

In the event that a party fails to comply with the expert disclosure deadlines articulated in Rule 26, Rule 37 endows district courts with the discretion to impose a remedy.  *See* Fed. R. Civ. P. 37(c)(1).  However, the Ninth Circuit has identified at least two express exceptions to the rule's harshness: "[t]he information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."  *Yeti by Molly, Ltd.,* 259 F.3d at 1106.  In deciding whether an untimely disclosure was harmless, courts may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."  *Lanard Toys, Ltd. v. Novelty, Inc.,* 375 Fed. Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).

There is ample court precedent denying challenges to the sufficiency of expert reports when the opposing party has not been provided the necessary discovery and/or has not been prejudiced.  *See e.g., Lanard Toys, Ltd.,* 375 Fed. Appx. at, 713 (9th Cir. 2010); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004) (The Ninth Circuit found that appellee's expert report was

- 12 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

incomplete due to the fact that the appellants had failed to produce relevant documents in discovery.  Because a complete report was provided to the appellants shortly after the appellees received the relevant information, the Court did not exclude the expert witness' report or opinion from trial.); *103 Investors I., L.P. v. Square D. Co.*, 372 F.3d 1213, 1217 (10th Cir. 2004); *Wechsler v. Macke Int'l Trade Inc.,* 221 F.R.D. 619 (C.D. Cal. 2004) (allowing plaintiff's economics expert to submit a second supplemental report after the close of discovery because it was submitted in response to new information that was being withheld by defendants at the time of the initial disclosure and the initial disclosure put defendants on notice that the expert intended to offer the testimony when he received certain information from defendants.)  If Fox had timely produced the evidence specifically requested in Mr. Pampinella's report and in EMPIRE's discovery requests, EMPIRE would have provided detailed damages calculations to Fox weeks ago.

The *Qualcomm Inc. v. Broadcom Corp.*, 2006 U.S. Dist. LEXIS 100608 (S.D. Cal. Dec. 14, 2006) case is directly on point.  In that case, defendant filed a motion to strike the first supplemental declaration of one of plaintiff's expert because it was served three months after the expert disclosure deadline, six weeks after the discovery cutoff date, and less than two weeks before pretrial disclosures were due.  In his initial report, plaintiff's expert expressly reserved the right to submit a supplemental declaration.  Defendant claimed much of the supplemental report relied primarily on information produced well in advance of the expert discovery deadline while plaintiff claimed that defendant's failure to provide complete discovery until after the deadline for initial expert disclosures required the filing of a supplemental report.  The court denied defendant's motion to strike partly because plaintiff and its expert "unambiguously informed [defendant] that the Opening Report would require supplementation…"  Id. at *12.  The court therefore concluded that defendants could hardly claim any prejudice or surprise.  Finally, the court found that the record clearly demonstrated that defendant would

1  not be prejudiced from the admission of the report because months of discovery and

2  the disclosure of the initial expert report provided defendant with the knowledge

3  and understanding of the nature and specifics of the expert's theories.  *Id.* at *16.

4       The facts of this case similarly strongly support an order denying Fox's

5  motion to strike.  Here, Mr. Pampinella could not provide the detailed opinions now

6  demanded by Fox until Fox complied with its discovery obligations.  EMPIRE's

7  counsel and Mr. Pampinella repeatedly and unequivocally informed Fox that the

8  initial report would require supplementation as a result of Fox's failure to provide

9  relevant discovery.  Moreover, Fox can hardly be prejudiced by Mr. Pampinella's

10  initial expert report (and forthcoming supplemental report) because the initial report

11  clearly communicated to Fox the nature of EMPIRE's damages and how those

12  damages would be determined.  Fox therefore has a clear understanding of the

13  nature of the damages sought and how they will be calculated.

14       Fox cites several cases allegedly demonstrating that expert testimony should

15  be excluded under certain circumstances.  However, the cases cited by Fox are not

16  remotely applicable to the facts of this case and do not in any respect support

17  excluding Mr. Pampinella's report.  In *City of Grass Valley v. Newmont Mining*

18  *Corp.,* 2007 U.S. Dist. LEXIS 8651 (E.D. Cal. Jan. 25, 2007), the court excluded an

19  expert report where the expert simply stated that he expected "to revise his opinion

20  as additional information becomes available."  *Id.* at *5.  Moreover, the party

21  proffering the expert had no justification for its failure to submit a more complete

22  report and could not show the other side was not harmed.  Here, Mr. Pampinella has

23  specifically identified the exact discovery requests he needs to provide a

24  supplemental and final report.  Fox also cites *Alvarado v. Fedex Corp.*, 2006 U.S.

25  Dist. LEXIS 45683 (N.D. Cal. June 27, 2006), where the court excluded plaintiff's

26  expert report that was submitted four months after the discovery cut-off.  The

27  expert claimed he had not reviewed certain information in his client's possession

28  that would be important for his analysis.  In the present matter, Mr. Pampinella has

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 14 -

1   not seen certain materials because *Fox* is in sole possession of those materials and

2   he agreed to supplement his report as soon as he receives them.

3        The other cases cited by Fox are equally misplaced.  In *Sierra Club, Lone*

4   *Star Chapter v. Cedar Point Oil Co., Inc*., 73 F.3d 546, 571 (5th Cir. 1996), the

5   Fifth Circuit excluded various initial expert disclosures including a one-and-a-half-

6   page outline simply listing points of testimony and two other expert opinions that

7   only provided one paragraph statements relating to their opinion.  Here, Mr.

8   Pampinella provided nine pages detailing his background, qualifications,

9   compensation, his anticipated damages opinions in this case, and the specific

10  information needed to calculate those damages.  The initial report submitted by Mr.

11  Pampinella is significantly more substantial than the one-and-a-half-page outline

12  submitted by one of the experts in *Sierra Club*.  Finally, in *Taser Int'l v. Bestex Co.,*

13  *Inc,*. 2007 U.S. Dist. LEXIS 80775 (C.D. Cal. Feb. 9, 2007), the court excluded one

14  of defendant's reports that was disclosed on the last day of discovery and excluded

15  another report because it failed to provide any raw data or measurements for the

16  various experiments and tests conducted by the expert.  Moreover, the court also

17  concluded that the second expert's opinion was not sufficiently reliable under Rule

18  702 to be admissible.  Mr. Pampinella's opinion is reliable and admissible.

19  EMPIRE has shown substantial justification for any alleged deficiency because of

20  Fox's failure to provide specific and relevant discovery.

21        **D.     Fox Has Suffered No Harm Or Prejudice**

22        In deciding whether an alleged expert disclosure deficiency is harmless,

23  courts may consider: "(1) prejudice or surprise to the party against whom the

24  evidence is offered; (2) the ability of the party to cure that prejudice; (3) the

25  likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not

26  timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.,* 375 Fed. Appx.

27  705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th

28  Cir. 2003)).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27797736

- 15 -

Mr. Pampinella provided substantial information regarding his anticipated damages opinions in this case, and the specific information needed to render a final opinion.  Any alleged deficiency in Mr. Pampinella's report is completely harmless given that the information and documents requested by Mr. Pampinella and EMPIRE are in Fox's possession, custody and control.  Fox can hardly claim to have suffered any prejudice or surprise when it withheld the relevant information and documents needed to calculate the damages and when it has already retained two rebuttal experts on damages.  Indeed, a failure to disclose a precise damages analysis is harmless when the information on which the damages are calculated is already in Fox's possession.  *See Maharaj v. Cal. Bank & Trust,* 288 F.R.D. 458, 463 (E.D. Cal. 2013) (finding plaintiff's failure to disclose its damages analysis was harmless because the information on which damages would be calculated was in defendant's possession.)

In addition, EMPIRE is ready and willing to cure any alleged prejudice by submitting its supplemental damages report as soon as Fox produces responsive information and documents.  Further, allowing Mr. Pampinella's initial report and forthcoming supplemental report into evidence will not delay the trial, which is scheduled for April 5, 2016.  Fox has ample time to analyze his supplemental damages theories before trial.  Finally, the only bad faith is Fox's refusal to provide the requested discovery that it has agreed to produce months ago and its decision to file this procedurally defective motion despite EMPIRE's repeated offers to supplement the report.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Fox's motion to strike Mr. Pampinella's expert report fails, procedurally and substantively, and should be denied.

27797736

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    Dated:  January 11, 2016                    Respectfully submitted,

2                                                TROUTMAN SANDERS LLP

3                                                By:  /s/ Peter N. Villar

4                                                    Paul L. Gale
                                                     Peter N. Villar
5                                                    John M. Bowler
                                                     Michael D. Hobbs
6                                                    Lindsay Mitchell Henner

7                                                *Attorneys for Defendant-
                                                 Counterclaimant Empire*
8                                                *Distribution Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27797736

- 17 -

EMPIRE DISTRIBUTION, INC.'S OPPOSITION TO FOX'S MOTION TO STRIKE
EXPERT REPORT OF JAMES PAMPINELLA