1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  MOLLY M. LENS (S.B. #283867)
   mlens@omm.com
3  CAMERON H. BISCAY (S.B. #266786)
   cbiscay@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 7th Floor
5  Los Angeles, California  90067-6035
   Telephone:   (310) 553-6700
6  Facsimile:   (310) 246-6779

7  Attorneys for Twentieth Century Fox
   Television, a division of Twentieth Century
8  Fox Film Corporation, and Fox Broadcasting
   Company
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware company, et al.,<br><br>               Plaintiffs,<br><br>     v.<br><br>EMPIRE DISTRIBUTION, INC., a California corporation,<br><br>               Defendant.<br><br>And related counterclaims | Case No. 2:15-cv-02158 PA (FFMx)<br><br>Hon. Percy Anderson<br><br>**FOX'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND EXCLUDE EXPERT REPORT AND TESTIMONY OF JAMES PAMPINELLA**<br><br>**[SUPPLEMENTAL DECLARATION OF MOLLY LENS filed concurrently herewith]**<br><br>Hearing Date: February 1, 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 15 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................1

II. THE DISTRICT COURT HAS POWER TO HEAR FOX'S MOTION AND DETERMINE WHETHER TO EXCLUDE MR. PAMPINELLA. ..............................................................................................1

III. MR. PAMPINELLA'S REPORT DOES NOT COMPLY WITH THE SCHEDULING ORDER OR RULE 26. ..........................................................3

IV. THE COURT SHOULD STRIKE MR. PAMPINELLA'S REPORT AND EXCLUDE HIM FROM PROVIDING EXPERT TESTIMONY. ........8

    A. Defendant's Failure to Timely Submit a Complete Expert Report Was Not Substantially Justified. ................................................8

    B. Fox Will Be Prejudiced If Defendant Is Permitted to Provide a New Expert Opinion. ...........................................................................10

V. CONCLUSION ............................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*103 Investors I, L.P., v. Square D Co.*,
 372 F.3d 1213 (10th Cir. 2004) ................................................................................ 11

*Allstate Ins. Co. v. Nassiri*,
 2010 U.S. Dist. LEXIS 138220 (D. Nev. Dec. 16, 2010) ......................................... 6

*Alvarado v. FedEx Corp.*,
 2006 WL 1761276 (N.D. Cal. June 27, 2006) ................................................ *passim*

*Childress v. Darby Lumber, Inc.*,
 357 F.3d 1000 (9th Cir. 2004) ................................................................................ 12

*Churchill v. United States*,
 2011 U.S. Dist. LEXIS 13761 (E.D. Cal. Feb. 8, 2011) ................................... 10, 11

*City and Cty. of San Francisco v. Tutor-Saliba Corp.*,
 218 F.R.D. 219 (N.D. Cal. 2003) ........................................................................ 6, 7

*City of Grass Valley v. Newmont Mining Corp.*,
 2007 WL 210516 (E.D. Cal. Jan. 26, 2007) ................................................. 2, 5, 10

*E.E.O.C. v. Mazzanti*,
 2009 WL 927426 (N.D. Miss. Apr. 2, 2009) ........................................................... 7

*Henry v. Gill Indus., Inc.*,
 983 F.2d 943 (9th Cir. 1993) .................................................................................. 11

*Hoffman v. Constr. Protective Servs.*,
 541 F.3d 1175 (9th Cir. 2008) .................................................................................. 2

*Hyde v. Drath & Baker*,
 24 F.3d 1162 (9th Cir. 1994) .................................................................................... 8

*Johnson v. Mammoth Recreations, Inc.*,
 975 F.2d 604 (9th Cir. 1992) ............................................................................ 10, 11

*Keener v. United States*,
 181 F.R.D. 639 (D. Mont. 1998) .............................................................................. 7

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Lanard Toys Ltd. v. Novelty, Inc.*,
  375 Fed. App'x. 705 (9th Cir. 2010) ................................................................. 11

*Maharaj v. Cal. Bank & Trust*,
  288 F.R.D. 458 (E.D. Cal. 2013) ....................................................................... 12

*Qualcomm Inc. v. Broadcom Corp.*,
  2006 U.S. Dist. LEXIS 100608 (S.D. Cal. Dec. 14, 2006) ............................. 2, 12

*Quevedo v. Trans–Pac. Shipping, Inc.*,
  143 F.3d 1255 (9th Cir. 1998) ........................................................................... 10

*Richardson v. Watco Cos., Inc.*,
  2011 WL 12842517 (W.D. Okla. Apr. 29, 2011) ................................................ 7

*Shore v. Brown*,
  2009 U.S. Dist. LEXIS 94828 (E.D. Cal. Oct. 9, 2009) .................................... 10

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*,
  73 F.3d 546 (5th Cir. 1996) .................................................................... 2, 6, 7, 9

*Taser Int'l v. Bestex Co., Inc.*,
  2007 WL 2947564 (C.D. Cal. Feb. 9, 2007) (Anderson, J.), *aff'd*,
  314 F. App'x 46 (9th Cir. 2008) .............................................................. 2, 6, 11

*Wechsler v. Macke Int'l Trade, Inc.*,
  221 F.R.D. 619 (C.D. Cal. Mar. 22, 2004) .................................................... 3, 12

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) ........................................................................... 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16 ................................................................................................ 2, 10

Fed. R. Civ. P. 26 ............................................................................................*passim*

Fed. R. Civ. P. 37 .................................................................................................. 2, 8

Local Rule 7-3 ........................................................................................................... 3

iii

FOX'S REPLY ISO MOTION TO STRIKE
AND EXCLUDE EXPERT WITNESS
CASE NO. 2:15-CV-02158 PA (FFMX)

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

Local Rule 37 ................................................................................................. 1, 2, 3, 4

## I. INTRODUCTION

Fact and expert discovery closes in 10 short days. Trial is less than 12 weeks away. Yet Fox still has *no idea* what defendant's purported damages, if any, are. Fox does not know because defendant refuses to say. Defendant's continued refusal to provide any meaningful computation of its alleged damages is particularly egregious given that Fox provided *all* of the documents and information defendant's expert (wrongly) claims to need before he can issue his opinion in December. (Supplemental Lens Declaration ("Supp. Lens Decl.") ¶ 10.)

Defendant's failure to provide an expert report on damages has seriously impacted and prejudiced Fox's ability to meaningfully evaluate this case and prepare for trial, and now threatens to completely derail the remaining schedule put in place by the Court. Even if Mr. Pampinella provided a substantive opinion on damages early next week, it is unlikely Fox could review the new report, prepare rebuttal reports, and conduct and defend expert depositions within the few short days remaining in the discovery period.

Defendant has no justification—much less "substantial justification"—for its flagrant and cavalier disregard of Rule 26 and the Court's deadlines. The only way this case will remain on track is if Mr. Pampinella's report is stricken and he is excluded from testifying at trial. The Court should grant Fox's motion.

## II. THE DISTRICT COURT HAS POWER TO HEAR FOX'S MOTION AND DETERMINE WHETHER TO EXCLUDE MR. PAMPINELLA.

Defendant's assertion that Local Rule 37 required Fox to prepare a joint stipulation and notice its motion for hearing before Magistrate Judge Mumm is specious. *See* Dkt. No. 57 ("Opp.") at 12-13. This is *not* a discovery motion seeking to compel defendant to produce documents or answer interrogatories. This is a sanctions motion directly concerning and implicating the Court's inherent authority to manage its docket and this case. Fox has asked the Court to strike Mr. Pampinella's expert report and exclude him from testifying at trial as a sanction for

defendant's failure to abide by Federal Rule 26[1] and the Court's scheduling order. *See* Dkt. No. 46 ("Mot.") at 4, 10.  These are matters falling squarely within the province of the district court, and Local Rule 37 simply does not apply here.  *See Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1178-79 (9th Cir. 2008) (holding defendant's motion to exclude evidence of damages calculations "was not a motion 'relating to discovery'" but "[r]ather, it was a motion relating to sanctions pursuant to Rule 37" and thus "[n]o pre-motion meeting was required" under Local Rule 37-1); *see also Qualcomm Inc. v. Broadcom Corp.*, 2006 U.S. Dist. LEXIS 100608, at *15 n.4 (S.D. Cal. Dec. 14, 2006) (magistrate judge "notes that any motion regarding the admission or exclusion of evidence at trial is more properly addressed to the judge who will be presiding over the trial").[2]

      Tellingly, defendant fails to identify a single legal authority holding that motions to strike and exclude expert witnesses are required to be heard by the magistrate judge.  In fact, most of the cases cited in the parties' respective briefing involve rulings by the *district court*, including on motions brought under Rule 37.  *See*, *e.g.*, *City of Grass Valley v. Newmont Mining Corp.*, 2007 WL 210516, at *1, *3 (E.D. Cal. Jan. 26, 2007) (district court judge granted motion to strike expert opinion); *Alvarado v. FedEx Corp.*, 2006 WL 1761276, at *1, *3-4 (N.D. Cal. June 27, 2006) (same); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 550, 569 (5th Cir. 1996) (appeal from district court order striking expert designation and excluding experts from trial); *Taser Int'l v. Bestex Co., Inc.*, 2007 WL 2947564, at *7-9 (C.D. Cal. Feb. 9, 2007) (Anderson, J.), *aff'd*, 314 F. App'x

---

[1] Fox's citation to Rule 26(a) in its moving papers does not somehow transform this into a discovery motion.  *See* Opp. at 12:13-17.  Fox cited to Rule 26(a) because defendant's violation of that and other rules gave rise to this motion.  The relief sought here is afforded by other provisions, however, including Rules 16(f) and 37(c).

[2] If Local Rule 37 did apply, then defendant violated that rule by waiting more than 10 days to meet and confer.  *See* Dkt. No. 46-1 ("Lens Decl.") at 2:13-26 (noting how defendant declined to meet and confer for *three weeks*).  Defendant's three-week delay in agreeing to meet and confer makes its claim that Fox "rushed" to file this motion especially remarkable.  *See* Opp. at 6:26.

46 (9th Cir. 2008) (excluding expert opinion for "[f]ailure to comply with the Rule 26(a)(2) deadlines for disclosing an expert, or the Court's own deadlines for doing so"); *Wechsler v. Macke Int'l Trade, Inc.*, 221 F.R.D. 619, 621-623 (C.D. Cal. Mar. 22, 2004) (district court denies Rule 37 motion to exclude untimely expert report).

Nor does the Court's scheduling order mandate that this matter be filed as a discovery motion. (Opp. at 13:1-5.) The scheduling order states only that "[f]ailure to timely comply with [the expert disclosure] deadline may result in the expert being excluded at trial as a witness," while noting that the Court "requires compliance with Local Rule 37-1 and Local Rule 37-2 in the preparation and filing of discovery motions." (Dkt. No. 23 at 1:27-2:2.) This does not mean and there is no indication—in either the scheduling order or the Court's standing order—that motions like this one are to be treated as routine discovery matters.

Defendant's alternative argument that Fox violated Local Rule 7-3 also lacks merit. (Opp. at 13:23-14:18.) Contrary to defendant's suggestion, the parties did "discuss thoroughly. . . the substance of the contemplated motion *and any potential resolution*." C.D. Cal. L.R. 7-3 (emphasis added); *see also* Lens Decl. at 2:13-3:4 (describing parties' meet and confer efforts). During the meet and confer, defendant suggested that it cure any deficiency by filing a new expert report following its receipt of some additional documents. (Lens Decl. at 3:1-4.) That Fox rejected defendant's proposal and proceeded with this motion does not mean the parties failed to meet and confer, however. To the contrary, Fox's rejection of defendant's proposed "solution" was eminently reasonable, given the substantial prejudice Fox would suffer and the considerable disruption that would result to the remaining schedule. *See* Section IV(B), *infra*.

### III. MR. PAMPINELLA'S REPORT DOES NOT COMPLY WITH THE SCHEDULING ORDER OR RULE 26.

The Federal Rules are clear: litigants "must make [expert] disclosures at the times and in the sequence that the court orders." Fed. Rule Civ. P. 26(a)(2)(D).

Here, the Court ordered the parties to exchange by November 30, 2015 written expert reports containing "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B); *see also* Dkt. No. 23 (Scheduling Order) at 1 (setting November 30, 2015 deadline for exchange of initial expert reports). The Court also repeatedly reminded the parties that "[f]ailure to timely comply with this deadline may result in the expert being excluded at trial as a witness." Dkt. No. 23 at 1:27-28; *see also* Dkt. No. 10 (Standing Order) at 3:1-2 (same).

Notwithstanding these unambiguous admonitions, defendant argues the Court should refuse to strike Mr. Pampinella's report because it "substantially complies" with Rule 26 and the Scheduling Order. (Opp. at 14:21-22.) But the Federal Rules do not provide for "substantial compliance" and defendant was required to produce full and "complete" expert reports by November 30, 2015, not partial disclosures.[3] In any event, Mr. Pampinella's preliminary report does not come remotely close to satisfying Rule 26:

    1.    The Pampinella report does not include the most critical part of any expert report—namely, a "*complete* statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added); *see also Alvarado*, 2006 WL 1761276, at *3 ("An expert report is to be a detailed and complete statement of the testimony of the expert on direct

---

[3] This was not an onerous requirement given that Mr. Pampinella was the *sole* expert designated by defendant. (Lens Decl. at 7.)

examination."). To the contrary, Mr. Pampinella's report contains only "anticipated damages opinions" that he expects to provide at some uncertain date in the future. For example, Mr. Pampinella intends "to testify regarding Empire's actual losses sustained from Fox's infringement" but he never provides any specific calculation of these damages or even an estimated damages range. (Lens Decl. at 17.) Mr. Pampinella offers similar non-opinions for the other categories of damages identified in his report, including disgorgement of profits, royalty damages, and corrective advertising costs. *See*, *e.g.*, *id.* at 14 (stating that he expects defendant's "disgorgement of profits" damages "to be substantial"). This is far from a "complete statement" of defendant's damages and the "basis and reasons for them."

  2. The report omits to identify the "facts or data considered by" Mr. Pampinella in forming his opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii). This is not surprising, since Mr. Pampinella's report is completely devoid of any actual opinion.

  3. Similarly, the report does not identify what exhibits, if any, will be used by Mr. Pampinella to "summarize or support" his yet-to-be-formed damages opinions. Fed. R. Civ. P. 26(a)(2)(B)(iii).

  Put simply, Mr. Pampinella's report does not provide a shred of meaningful information concerning defendant's purported damages. It contains no actual damages calculations, much less articulates a single substantive opinion concerning those alleged damages. The report also fails to identify any facts, data, or exhibits relevant to any opinions Mr. Pampinella may have. Not surprisingly courts routinely exclude expert reports and testimony under similar circumstances. *See*, *e.g.*, *City of Grass Valley*, 2007 WL 210516, at *1-2 (striking "preliminary" expert report that was "unable to provide any definitive case-specific conclusions" and did "not contain details about [expert's] expected trial testimony"); *Alvarado*, *id.* at *3 (striking "preliminary report" that was "so general and lacking in detail that it does not provide a meaningful basis for determining the substance of [the expert's]

opinions, nor does it provide a fair basis for expert discovery"); *Sierra Club*, 73 F.3d at 571 (affirming exclusion of expert report containing "no substantive opinions, but only declar[ing] what subjects [the expert] intended to research and to discuss at trial"); Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendment ("The purpose of a detailed and complete expert report as contemplated by Rule 26(a)…is, in part, to minimize the expense of deposing experts . . . .").[4]

Defendant's legal authorities are inapposite. For instance, defendant cites *Allstate Ins. Co. v. Nassiri*, 2010 U.S. Dist. LEXIS 138220 (D. Nev. Dec. 16, 2010), for the proposition that Rule 26 "does not require a complete calculation of damages in initial expert disclosures." *See* Opp. at 15:17-21. But *Nassiri* involved a party's refusal early in the case to timely provide a "computation of damages" in their Rule 26(a) initial disclosures, not a failure to provide expert disclosures by the court-ordered pretrial deadline. *Id*. at *10. Moreover, the court in *Nassiri* expressly warned plaintiffs that the very result urged by Fox here was likely. *See id*. at *19 (stating that if plaintiffs did not "act diligently to complete their expert analysis of the subject claims [and] provide their experts' reports and a final damages computation . . . by the expert disclosure deadline," then "a motion to preclude them from introducing damages evidence at trial will likely by granted"). Likewise, *City and Cty. of San Francisco v. Tutor-Saliba Corp*., 218 F.R.D. 219 (N.D. Cal. 2003), involved a motion to compel supplementation of the plaintiffs' Rule 26(a) initial disclosures concerning damages, not the exclusion of expert

---

[4] Defendant's assertion that the Pampinella report contains "substantial information regarding his background, qualifications, compensation, [and] other cases in which he has testified as an expert" is untenable. *See* Opp. at 15:7-12. None of that ancillary information bears directly on the key issue here—namely, the amount of damages Mr. Pampinella believes defendant has sustained, and the bases for that opinion. *See Taser, Int'l*, 2007 WL 2947564, at *7 (holding that expert's resume and list of other cases he has testified in do not "provide the basis and reasons for [the expert's] opinions or the underlying data and other information considered by him in forming those opinions").

testimony for violation of a scheduling order.[5]

Defendant's argument that Rule 26(e) "expressly allows supplemental expert reports" also misses the mark. Rule 26(e) permits parties to supplement reports when a substantive opinion has already been provided and where a party "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). But Rule 26(e) was not designed to remedy a party's failure to provide any substantive opinion in the first instance. *See Sierra Club*, 73 F.3d at 571 ("The purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. [Supplemental] disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."); *Richardson v. Watco Cos., Inc.*, 2011 WL 12842517, at *4 (W.D. Okla. Apr. 29, 2011) (excluding preliminary expert report because "[i]t would make a mockery of [Rule 26's requirements] if a party were allowed to file what was essentially a placeholder report by the deadline and then fill in the blanks, or change the substance, later."); *Keener v. United States*, 181 F.R.D. 639, 640-41 (D. Mont. 1998) (party's first expert disclosure was "tantamount to a non-opinion" and the second disclosure, although "styl[ed] as a supplement," contained "the information, reasoning and opinions that Rule 26 requires be disclosed in the critical initial disclosure"); *E.E.O.C. v. Mazzanti*, 2009 WL 927426, at *2 (N.D. Miss. Apr. 2, 2009) ("The duty to supplement disclosures is not license to delay or strategically postpone disclosure of relevant information."). Put simply, defendant cannot rectify its violation of the scheduling order and Rule 26 by pretending to merely "supplement" Mr. Pampinella's initial non-opinion.

---

[5] Defendant claims that damages evidence is only excluded in "'extreme situations' in which a party did not provide a damages computation until shortly before trial or until well after the close of discovery." (Opp. at 15:21-26.) But defendant's own authorities make clear that "extreme situations" include those "in which the defendant was . . . prejudiced by plaintiff's conduct." *Tutor-Saliba Corp.*, 218 F.R.D. at 220. That is precisely the case here, as explained herein and in Fox's moving papers.

## IV. THE COURT SHOULD STRIKE MR. PAMPINELLA'S REPORT AND EXCLUDE HIM FROM PROVIDING EXPERT TESTIMONY.

Defendant does not dispute it bears the burden of persuading the Court that its failure to timely submit a full and complete expert report was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Hyde v. Drath & Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) (burden lies on the party facing sanctions). As explained below, defendant's opposition only further confirms that it has not met, and cannot meet, its burden under either exception.

### A. Defendant's Failure to Timely Submit a Complete Expert Report Was Not Substantially Justified.

The sole excuse proffered by defendant for its deficient expert report is that Fox has purportedly refused to produce documents and information needed by Mr. Pampinella to complete his damages opinion. *See*, *e.g.*, Opp. at 17:10-11, 19:5-6. Defendant's argument fails for two reasons.

*First*, Mr. Pampinella's opinions do *not* in fact depend on Fox documents and information, a point which defendant did not dispute in its brief. For example, Mr. Pampinella plans to opine on defendant's "actual damages," including "any loss of sales, profits or other business, [and] the value of time spent related to clarifying customer confusion . . . ." (Lens Decl. at 17.) By definition, information concerning such purported damages resides solely with defendant as only it can identify any sales it believes to have lost by Fox's alleged trademark infringement, or quantify how much time it has spent "clarifying customer confusion."[6] Similarly, Mr. Pampinella claims he will opine on "corrective advertising costs," which "include *costs actually incurred by Empire* to correct the effects of Fox's infringement . . . ." (*Id.* at 16) (emphasis added). With respect to "reasonable

---

[6] Mr. Pampinella concedes that his actual damages opinion does not depend on discovery from Fox, as evidenced by the absence of any allegation in his report that Fox has withheld documents and information concerning this category of damages. (*Id.*)

royalty" damages, Mr. Pampinella claims this "may be based on a hypothetical negotiation between a willing trademark owner and willing licensee." (*Id*. at 14.) Calculation of these damages in no way depends on documents from Fox's files.[7] Interestingly, recent events have likely shed light on why Mr. Pampinella has yet to opine on defendant's damages. During yesterday's deposition of defendant's Vice President of Operations, Fox elicited testimony confirming, among other things, that defendant has not spent *any* money on corrective advertising and is not aware of *any* lost sales due to Fox (Supp. Lens Decl. ¶ 11, Ex. N at 96:14-97:5, 212:21-25), which suggests defendant in fact has no quantifiable damages.

*Second*, defendant's dilatory conduct does not constitute "substantial justification" as a matter of law. Damages was presumably part of defendant's consideration from the outset, and it had months to "solicit experts and prepare reports on this issue by the [November 30, 2015] deadline." *Sierra Club*, 73 F.3d at 573. If completion of expert reports concerning defendant's damages was so dependent on discovery from Fox—a point which Fox vehemently denies—then it was incumbent on defendant to raise this issue and seek appropriate relief *before* expiration of the November 30, 2015 expert deadline. There is not a *single* letter or email from defendant on this subject, however, and the record is completely devoid of any evidence supporting defendant's newly-minted position.

To the contrary, the record shows a complete lack of concern and diligence on defendant's part. For instance, the parties agreed to mutually exchange responsive documents on December 3, with defendant never mentioning or complaining that this proposed schedule would interfere with completion of its expert report. (Lens Decl. at 3:21-26, Ex. F.) Likewise, defendant waited until

---

[7] Even if defendant's damages did depend on receipt of Fox's documents, defendant and Mr. Pampinella have had those documents since December and still no expert opinion has been issued. Moreover, to date defendant still has not provided Fox with responses to any of the damages discovery it propounded. (Supp. Lens Decl. at ¶ 10.)

*after* October 31 to serve much of the discovery it now claims to need—including interrogatories, requests for admission, and deposition notices—which means that defendant could not have reasonably expected to receive responsive information until *after* the time for submitting Mr. Pampinella's expert report had expired. (*Id.* at 3:5-20, Exs. C-E.)

Litigants are not allowed to ignore or treat lightly deadlines in a scheduling order.[8] Defendant is represented by sophisticated and able counsel, and had a variety of options available to it. Defendant's tactical choice to let the expert report deadline pass without raising this issue or seeking relief precludes it from now asserting its conduct was "substantially justified."[9]

### B. Fox Will Be Prejudiced If Defendant Is Permitted to Provide a New Expert Opinion.

The evidence also demonstrates defendant's failure to abide by the rules was not harmless. Fox will clearly be prejudiced if defendant is allowed to prepare new

---

[8] *See* Dkt. No. 22 (7/23/15 Civil Minutes) at 1 ("The dates set by the Court are firm dates. Absent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure 16(b) and be brought to the Court's attention in a timely manner, the Court will not modify these dates."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."); *Shore v. Brown*, 2009 U.S. Dist. LEXIS 94828, at *7 (E.D. Cal. Oct. 9, 2009) ("The Ninth Circuit has consistently demonstrated that Rule 16's deadlines are firm, real, and are to be taken seriously by the parties and their counsel.").

[9] *See City of Grass Valley*, 2007 WL 210516, at *2 ("The only justification Plaintiff proffers is the mistaken belief that [the expert's] incomplete initial report could be supplemented in a manner that satisfies the Rule 26 disclosure requirements. This argument misconstrues Plaintiff's disclosure obligation under Rule 26(a)(2), and does not satisfy the substantial justification exception."); *Alvarado*, 2006 WL 1761276, at *2 ("Having made the choice not to seek a further extension of these pretrial deadlines, plaintiffs were obligated to comply with these deadlines."); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting defendant could have asked for an extension of the deadline to provide expert reports); *Quevedo v. Trans–Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (same); *Churchill v. United States*, 2011 U.S. Dist. LEXIS 13761, at *11-12 (E.D. Cal. Feb. 8, 2011) (no substantial justification for untimely expert disclosure where "plaintiff's counsel . . . fails to provide any cogent explanation as to the question at the heart of this matter: Why did counsel not seek modification of the scheduling order to allow a later disclosure or request an extension of time from the Court?").

expert opinions at this late juncture.  Nor is there any way to cure that prejudice without a complete modification of the remaining schedule.  *Churchill*, *id*. at *19-23.  Discovery is set to close in 10 days, with trial rapidly approaching.  *See* Dkt. 23.  There simply is not enough time to start over with new expert opinions, and defendant's proposed "supplemental opinion" would render it a near certainty that post-cutoff discovery will be required and trial delayed.  As this Court noted in a similar case, "[d]isruption to the schedule of the court and other parties in that manner is not harmless."  *Taser*, 2007 WL 2947564, at *7 (citations omitted).  *See also Alvarado*, *id*. at *4 ("[T]he Court does not have resources to spare in order to manage cases in which counsel create foreseeable delay through violation of the rules.") (citations omitted).[10]

Defendant's conduct was also willful.  As discussed *supra*, defendant made the conscious decision to disregard the rules and the scheduling order and refused to seek any relief prior to expiration of the expert deadline.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) ("[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault.").  Allowing defendant to file a new expert report would "reward the indolent and the cavalier."  *Mammoth Recreations, Inc.*, 975 F.2d at 610.

Finally, none of defendant's legal authorities are factually analogous.  In *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x. 705, 713 (9th Cir. 2010), the court found no prejudice where the plaintiff furnished an initial expert report containing "a listing of the materials reviewed" and a "statement of [the] scope of work," and a supplemental report "more than seven months before" trial.  In

---

[10] Defendant claims that there is no prejudice because Fox has identified two potential rebuttal experts is meritless. (Opp. at 16:1-2.) Obviously, Fox cannot rebut defendant's evidence and arguments until it receives a full and complete substantive damages report from defendant. *Cf. 103 Investors I, L.P., v. Square D Co.*, 372 F.3d 1213, 1216 (10th Cir. 2004) (lower court's scheduling order "put [plaintiff] in the impossible situation of attempting to rebut [an expert report] that it had not yet seen").

*Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1010 (9th Cir. 2004), *Wechsler*, 221 F.R.D. at 621-623, and *Qualcomm*, 2006 U.S. Dist. LEXIS 100608, at *13-15, the courts refused to strike expert reports where the other side withheld and refused to produce documents during discovery. None of those circumstances are present here. Fox has never received a single substantive expert opinion from defendant, it has not withheld and has now produced any relevant documents to defendant,[11] and trial is imminent. Nor does *Maharaj v. Cal. Bank & Trust*, 288 F.R.D. 458 (E.D. Cal. 2013), help defendant. In that case, the court held plaintiff's failure to initially disclose an economic damages analysis was harmless because "the information on which these damages are calculated is already in Defendant's possession." *Id.* at 463. As previously explained, the information supporting defendant's alleged damages—including information concerning lost sales, corrective advertising costs, and other damages—resides *solely* in defendant's possession.

## V. CONCLUSION

For all the foregoing reasons and for the reasons set forth in its moving papers, Fox requests that the Court strike Mr. Pampinella's expert report and preclude him from presenting any testimony at or before the trial of this action.

Dated: January 15, 2016        Respectfully submitted,


By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli
Attorneys for Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation, and Fox Broadcasting Company

---

[11] Notably, just this week the Court denied in full defendant's motion to compel (which defendant references numerous times its opposition) on the grounds that it sought irrelevant and overbroad categories of documents, thus further evidencing Fox's compliance with its discovery obligations. *See* Dkt. No. 57-1 at 2:22-28; Dkt. No. 59 at 1.