DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
CAMERON H. BISCAY (S.B. #266786)
cbiscay@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

Attorneys for Twentieth Century Fox
Television, a division of Twentieth Century
Fox Film Corporation, and Fox Broadcasting
Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware company, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EMPIRE DISTRIBUTION, INC., a California corporation,<br><br>Defendant.<br><br>And related counterclaims | Case No. 2:15-cv-02158 PA(FFMx)<br><br>**[REDACTED] FOX'S REPLY STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF FOX'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Judge:** Hon. Percy Anderson<br><br>**Hearing Date:** February 1, 2016<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 15 |

In support of Fox's Reply In Support Of Motion For Summary Judgment, plaintiffs and counterclaim defendants Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation, and Fox Broadcasting Company (collectively, "Fox") offers the following Reply Statement Of Uncontroverted Facts And Conclusions Of Law.

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **First Amendment** ||
| 1.    *Empire* is a musical dramatic television series set in New York, which tells the story of a fictional company called Empire Enterprises. | **Defendant's Response:** **Objection/Disputed in part**. EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication. Subject to these objections, EMPIRE does not dispute that *Empire* is a musical dramatic television series.  However, there is conflicting evidence as to where it is "set," there is no evidence submitted by Fox that it is based on a "fictional" company (and there is evidence to the contrary including statements from Fox that it is based on individuals and events from the real world music industry), and the company is actually called "Empire |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Entertainment," though it is also referred to in the series as "Empire Enterprises" and generally just as "Empire" in connection with the series and the sale of music.<br><br>**Fox's Evidence:**<br>• Bywater Decl. ¶ 2<br>• Ryan Decl. ¶ 2<br>• Defendant's Answer to Complaint, attached to Lens Decl. as Ex. 3 at p. 37 ¶ 10; p. 38 ¶ 23<br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at p. 54 ¶ 20<br>• DVDs of *Empire,* lodged with Court as Exs. 11 & 13 to Lens Decl., *passim,* including, *e.g.,* Season 1, Episode 1 at 2:57 (Statue of Liberty); Season 1, Episode 2 at 47:53-57 (Lucious Lyon's New York license plate and Statue of Liberty); Season 1, Episode 4 at 36:06 (announcement for event in NYC at Leviticus, the club owned by Empire Enterprises)<br>• Blazek Decl. ¶ 2 |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Defendant's Evidence:** |
| | • DVDs of *Empire*, lodged with Court as Ex. 11 to Lens Decl. including Season 1 Pilot at 6:31-6:39 ("I am proud to announce that **Empire Entertainment** has filed to become a publicly traded company on the New York Stock Exchange.");  45:16-25 ("Ladies and gentlemen, it is my great honor to welcome back the heart and soul of **Empire Enterprises**, Ms. Cookie Lyon"; 45:16-25; 7:15-7:20 ("Your brother and I have been working hard to turn **Empire** into a publicly traded company"; 9:20-9:22 (reference to "Empire"); 27:32-34 (reference to "Empire"); 45:55 (reference to "Empire"); *see also* signage, symbols and labels reflecting the name "Empire" throughout series; 33:16-33:23 ("You're so pure only a couple hundred white kids in Brooklyn and **San Francisco** even know your stuff.") |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | • Ryan Decl. ¶ 6 (various logos reflecting use of the standalone name "Empire") |
| | • Bowler Decl., ¶ 4, Ex. 69  (Bywater Deposition Transcript) at 48:22-25, 49:3-5, 71:22-24, 72:5-7, 72:9-10, 72:14, 72:24-13, 73:16-18, 73:23-74:17, 75:18-24, 83:25-84:7, 84:11-21; 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19; 93:1-11; Bywater Exs. 6, 7. |
| | **FOX'S OBJECTIONS** |
| | Relevance.  Fed. R. Evid. 401. |
| | **FOX'S REPLY** |
| | Defendant's response is immaterial. First, defendant does not dispute the fact that *Empire* is a musical dramatic television series.  Second,  defendant's cited evidence (dialogue stating, "You're so pure only a couple hundred white kids in Brooklyn and San Francisco even know your stuff.") does not dispute the fact that the series is set |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | in New York.  Third, the cited Bywater testimony about efforts to make the fictional world *seem* realistic does not dispute the fact that the show, its characters, and the company are fictional.  In fact, defendant's own evidence demonstrates that *Empire* tells the story of a fictional company.  *See* Shami Decl. ¶ 94 (*Empire* storylines are "fictional" events); Julien Decl. ¶ 26 (referring to "fictional 'Empire'" company).  Finally, defendant's citation to logos containing the name of the *show* does not dispute the fact that the name of the *fictional company* is Empire Enterprises. |
| 2.    In *Empire*, when drug-dealer-turned-music-mogul Lucious Lyon (played by played by Academy Award-nominee Terrence Howard) is diagnosed with a fatal disease, his ex-wife, Cookie (played by Academy Award-nominee Taraji P. Henson), and their three sons fight for future control over Lucious' | **Defendant's Response:** **Objection/Disputed in part.** EMPIRE objects to this statement on the following grounds: (1) Improper citations in violation of the Court's Scheduling Order dated July 23, 2015 stating that "[n]o party should submit any evidence other than the |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| entertainment company. | specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact …"  (Scheduling Order, p.4:12-17.) (2) Lacks foundation. (3) Hearsay. (4) Lacks authentication. Subject to these objections, EMPIRE does not dispute that Lucious Lyon is played by Terrence Howard and that Cookie Lyon is played by Taraji Henson, or that Lucious Lyon is a "drug dealer-turned-music mogul."  However, that is a not a complete description of Lucious Lyon's character as he is also a murderer, felon, homophobic and child abuser.<br><br>**Fox's Evidence:**<br>• Cover of DVD set of *Empire: The Complete First Season*, attached to Lens Decl. as Ex. 10 at p. 135<br>• DVDs of *Empire*, lodged with Court as Exs. 11 & 13 to Lens Decl., *passim* |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | • Blazek Decl. ¶ 2 |
| | • February 16, 2015 Letter From Defendant's Counsel To Fox (Exhibit A to Fox's Complaint), attached to Lens Decl. as Ex. 2 at p. 23. |
| | **Defendant's Evidence:** |
| | • DVDs of *Empire*, lodged with Court as Ex. 11 to Lens Decl. including Season 1 Pilot at 42:00-43:15 (murder scene); 31:18-31:50 (scene of Lucious throwing his young gay child in garbage can); 44:33-45:02 ("You really aren't ashamed of [gay son Jamal] ...  I'm gonna show you a faggot really can run this company." |
| | **FOX'S REPLY** |
| | Defendant's response is immaterial. Defendant's evidence does not dispute the fact that the show concerns a family's fight for future control over Lucious Lyon's entertainment company (a figurative empire).  In fact, these |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | scenes only serve to highlight the dramatic and high-stakes fictional fight for the empire. |
| 3.     The fictional Empire Enterprises produces hip-hop and R&B hits, owns a nightclub, makes champagne and sneakers, and generates hundreds of millions of dollars in annual revenue. | **Defendant's Response:** **Objection/Disputed in part.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication.  Subject to these objections, EMPIRE disputes this statement to the extent it refers to the "fictional Empire Enterprises".  There is no evidence submitted by Fox that it is based on a "fictional" company and there is evidence to the contrary including statements from Fox that it is based on individuals and events from the real world music industry.  Moreover, the company is actually called "Empire Entertainment," though it is also referred to in the series as "Empire Enterprises" and generally just as "Empire" in connection with the series and the sale |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | of music.<br><br>**Fox's Evidence**:<br>• DVDs of *Empire*, lodged with Court as Exs. 11 & 13 to Lens Decl., *passim*, including, e.g., Season 1, Episode 2 at 34:56 (nightclub); Season 1, Episode 8 at 28:46 (champagne); Season 1, Episode 2 at 1:38 (sneakers); Season 1, Episode 9 at 31:59 (revenue)<br>• Blazek Decl. ¶ 2<br><br>**Defendant's Evidence:**<br>• DVDs of *Empire*, lodged with Court as Ex. 11 to Lens Decl. including Season 1 Pilot at 6:31-6:39 ("I am proud to announce that **Empire Entertainment** has filed to become a publicly traded company on the New York Stock Exchange."); 45:16-25 ("Ladies and gentlemen, it is my great honor to welcome back the heart and soul of **Empire Enterprises**, Ms. Cookie Lyon"; |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | 45:16-25; 7:15-7:20 ("Your brother and I have been working hard to turn **Empire** into a publicly traded company"; 9:20-9:22 (reference to "Empire"); 27:32-34 (reference to "Empire"); 45:55 (reference to "Empire"); *see also* signage, symbols and labels reflecting the name "Empire" throughout series; 33:16-33:23 ("You're so pure only a couple hundred white kids in Brooklyn and **San Francisco** even know your stuff.")<br><br>• Ryan Decl. ¶ 6 (various logos reflecting use of the standalone name "Empire")<br><br>• Bowler Decl., ¶ 4, Ex. 69  (Bywater Deposition Transcript) at 48:22-25, 49:3-5, 71:22-24, 72:5-7, 72:9-10, 72:14, 72:24-13, 73:16-18, 73:23-74:17, 75:18-24, 83:25-84:7, 84:11-21; 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19; 93:1-11; Bywater Exs. 6, 7. |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **FOX'S OBJECTIONS**<br>Relevance.  Fed. R. Evid. 401.<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. First, defendant does not dispute the fact that the company in the series produces hip-hop and R&B hits, owns a nightclub, makes champagne and sneakers, and generates hundreds of millions of dollars in annual revenue.  Second, the cited Bywater testimony about efforts to make the fictional world *seem* realistic does not dispute the fact that the show, its characters, and the company are fictional.  In fact, defendant's own evidence demonstrates that *Empire* tells the story of a fictional company.  *See* Shami Decl. ¶ 94 (*Empire* storylines are "fictional" events); Julien Decl. ¶ 26 (referring to "fictional 'Empire'" company).  Third, defendant's citation to logos containing the name of the *show* does not dispute the fact that the name of the *fictional company* is Empire |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | Enterprises. |
| 4.    *Empire* features songs in each episode, including original songs produced by Timothy "Timbaland" Mosley. | **Undisputed**. |
| 5.    The Soundtracks comprise songs that appear in *Empire*. | **Defendant's Response:** **Objection/Undisputed in part.** EMPIRE objects to this statement on the following grounds: (1) Vague and ambiguous as to the term "Soundtracks" in this context. (2) Lacks foundation. Subject to these objections, and with the understanding that the term "Soundtracks" only refers to the two compilation CDs released by Fox (and not all other singles and EPs), Empire does not dispute that the Original Soundtrack from Season 1 and the Original Soundtrack Season 2 include songs that appear in the *Empire* series.  **Fox's Evidence:** <br>• Bywater Decl. ¶¶ 2-3 |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | • Ross Decl. ¶¶ 2-5 |
| | • Defendant's Answer to Complaint, attached to Lens Decl. as Ex. 3 at p. 38 ¶ 23 |
| | **FOX'S REPLY** |
| | Defendant's response is immaterial. Defendant does not dispute the fact that the two compilation CDs (*Empire: Original Soundtrack From Season 1* and *Empire: Original Soundtrack Season 2 Volume 1*) comprise songs that appear in *Empire*.  Fox used "Soundtracks" consistent with its use in its Motion For Summary Judgment.  Motion at 1:5-7 ("The musical soundtracks for the show … bear the name of the show … and contain original music tied directly to the show's plot.").  Singles and EPs fit within this description.  Accordingly, defendant cites no evidence disputing the fact the singles and EPs also appeared in *Empire*. |
| 6.    Defendant has not alleged in the Counterclaims that Fox has made any | **Defendant's Response:** **Objection/Disputed.** |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| statements explicitly misleading consumers as to the source of *Empire* or the Soundtracks. | EMPIRE objects to this statement on the following grounds: (1) This is not a statement of fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5.) (2) Irrelevant. (3) Argumentative. (4) Lacks foundation. Subject to these objections, EMPIRE disputes this statement as there are numerous such allegations in the Counterclaims.  Moreover, Fox's citation to the alleged absence of allegations in the Counterclaims is an improper attempt to circumvent all of the relevant evidence that has been provided to Fox in discovery as set forth in EMPIRE's additional undisputed facts below.  **Fox's Evidence:** <ul><li>Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 47-71</li></ul> |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| | **Defendant's Evidence:**<br>• EMPIRE's Counterclaims, Lens Decl., Ex. 4 ¶¶ 1, 20, 21, 22, 23, 32, 38, 45, 51, 53, 60, and 61.<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. Defendant's citations to its Counterclaims, most of which reference Fox's use of its *Empire* mark, confirm the fact that defendant has not alleged that Fox has made *statements explicitly misleading* consumers as to the *source* of *Empire* or the Soundtracks. |
| 7.  Fox's products do not contain any representation as to Empire Distribution's endorsement or affiliation. | **Defendant's Response:**<br>**Objection/Disputed**.<br>EMPIRE objects to this statement on the following grounds:<br>(1) Vague and ambiguous as to the terms "Fox's products", and "endorsement or affiliation."<br>(2) Improper citations in violation of the Court's Scheduling Order dated July 23, 2015 stating that "[n]o party should |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact …"  (Scheduling Order, p.4:12-17.) (3) Lacks foundation. (4) Hearsay. (5) Irrelevant. Subject to these objections, EMPIRE disputes this statement as EMPIRE contends that Fox's use of the "Empire" mark in connection with all goods and services promoted, advertised, marketed, distributed and sold in connection with the *Empire* series and *Empire* series music (including, but not limited to, DVDs, CDs, singles, digital extended plays ("EPs"), apparel and accessories) misleads and confuses consumers as to the endorsement or affiliation of such goods and services.  **Fox's Evidence:** • DVDs of *Empire*, lodged with Court as Exs. 11 & 13 to Lens Decl., |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | *passim* |
| | • Blazek Decl. ¶ 2 |
| | • CDs of Soundtracks, lodged with Court as Exs. 15 & 17 to Lens Decl., *passim* |
| | • Cover of DVD set of *Empire*: *The Complete First Season*, attached to Lens Decl. as Ex. 10 at p. 135 |
| | • Covers of albums *Empire: Original Soundtrack From Season 1* and *Empire: Original Soundtrack Season 2 Volume 1*, attached to Lens Decl. as Exs. 14 & 16 at pp. 143, 145 |
| | • Amazon.com sales pages for *Empire: Music From The Pilot* and *Empire: Music From A Man Sinned Against*, attached to Lens Decl. ¶¶ 17-18 as Exs. 18-19 at pp. 147-50 Ryan Decl. ¶ 6 |
| | **Defendant's Evidence:** |
| | • Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114; Simon Decl. ¶¶ 2-3; Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 34-45, 48; |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶ 14; Julien Decl. ¶¶ 22-26 |

**FOX'S OBJECTIONS**

Relevance.  Fed. R. Evid. 401.  Lack of personal knowledge.  Fed. R. Evid. 602.  Impermissible opinion testimony.  Fed. R. Evid. 701.  Impermissible legal conclusion.  Fed. R. Evid. 701.  Improper bases for expert opinion.  Fed. R. Evid. 703.  Speculation.

**FOX'S REPLY**

Defendant's response is immaterial.  Defendant's evidence of alleged or purported actual or potential confusion does not dispute the fact that Fox's products do not contain any representation as to Empire Distribution's endorsement or affiliation.  Further, paragraph 100 of the Shami declaration misstates evidence in exhibit 7.  Mr. Shami  speculates that "[i]t is not clear to consumers viewing these pages that EMPIRE and Fox's Empire are

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | distinct entities."  However, many of the tweet authors appear to distinguish between defendant and *Empire*.  For example, the tweet of "Risto Smith" on the fifth page of Exhibit 7 (Fox cannot point the Court to a page number of the exhibit since defendant failed to consecutively paginate exhibits in accordance with L.R. 11-5.2) appears to be trying to sell the "empire.hiphop" internet domain name to different "empire" entities the user knows are distinct, including defendant, Empire, Empire Magazine, and Beats Empire. |
| **Likelihood of Confusion** | |
| 8.   Defendant is a music record label and music distribution company. | **Defendant's Response:** **Undisputed in part.** EMPIRE does not dispute that it is a music record label and music distribution company, but that is not a complete description of its business. EMPIRE is a full-service music company under the umbrella brand name "EMPIRE" which includes "EMPIRE Distribution" (which provides |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | distribution goods and services), "EMPIRE Recordings" (which offers recording goods and services), and "EMPIRE Publishing" (which provides publishing goods and services). (Shami Decl., ¶¶ 6-21) <br><br> **Fox' Evidence:** <br> • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at p. 50 ¶ 9 <br><br> **FOX'S REPLY** <br> Defendant does not dispute this uncontroverted fact. |
| 9.    Defendant does not allege in its Counterclaims that it produces broadcast television programming or that it intends to expand into broadcast television programming. | **Defendant's Response:** <br> **Objection/Disputed.** <br> EMPIRE objects to this statement on the following grounds: <br> (1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5). <br> (2) Irrelevant. <br> (3) Argumentative. <br> (4) Lacks foundation. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | (5) Vague and ambiguous as to the term "broadcast television programming". Subject to these objections, EMPIRE disputes this statement in that EMPIRE has been involved in broadcast television programming and intends to expand into broadcast television programming.<br><br>**Fox's Evidence**:<br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 47-71<br><br>**Defendant's Evidence:**<br>• Shami Decl. ¶¶ 136-141<br><br>**FOX'S OBJECTIONS**<br>Relevance.  Fed. R. Evid. 401. Impermissible opinion testimony.  Fed. R. Evid. 701.  Impermissible legal conclusion.  Fed. R. Evid. 701.<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. Defendant's evidence does not dispute |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | the fact that it does not produce broadcast television programming.  The networks described in paragraph 139 of the Shami Declaration are *not* broadcast television networks.  Further, the appearance of an individual on a non-broadcast television network does not constitute producing broadcast television programming.  Finally, while defendant plans to advertise and have artists appear on television programs, defendant has demonstrated no intention to develop or produce broadcast television programming itself. |
| 10.    Defendant claims the rights to three marks, none of which is federally registered: "Empire," the application for which was submitted in April 2015, and "Empire Recordings" and "Empire Distribution," the applications for which were submitted in December 2014, after Fox announced on November 19, 2014 the forthcoming premiere of *Empire*. | **Defendant's Response:** **Objection/Disputed.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication. Subject to these objections, EMPIRE disputes this statement.  Contrary to Fox's statement, EMPIRE applied for |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | federal registration of the "EMPIRE DISTRIBUTION" and "EMPIRE RECORDINGS" marks on January 24, 2014, *before* Fox announced the premiere of *Empire*.  Moreover, contrary to Fox's statement, the USPTO has approved the following five EMPIRE trademark applications, and will be publishing same on January 19, 2016: (1) EMPIRE DISTRIBUTION (Serial No. 86174484); (2) EMPIRE DISTRIBUTION (Serial No. 86477123); (3) EMPIRE (Serial No. 86174393); (4) EMPIRE (Serial No. 86590415); and (5) EMPIRE (Serial No. 86590385).<br><br>**Fox's Evidence**:<br>• *Compare* Fox's Complaint, attached to Lens Decl. as Ex. 2 at p. 11 ¶ 14-16 *with* Defendant's Answer to Complaint, attached to Lens Decl. as Ex. 3 at p. 37 ¶¶ 14-16<br>• Reynolds Decl. ¶¶ 8-14<br>• Ryan Decl. ¶ 2 |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Defendant's Evidence:**<br>• Hobbs Decl. ¶ 4-9, Ex. 1.<br><br>**FOX'S OBJECTIONS**<br>Relevance.  Fed. R. Evid. 401.  Lack of personal knowledge.  Fed. R. Evid. 602.  Impermissible legal conclusion.  Fed. R. Evid. 701.<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial.  Defendant does not dispute the fact that none of its marks are federally registered.  As defendant admits, its marks have not even been published in the *Official Gazette*, a prerequisite to federal registration that gives the public the chance to oppose federal registration.  Defendant further does not dispute the fact that its application for "Empire" was submitted in April 2015. |
| 11.    The USPTO has over 650 registered or pending applications for | **Defendant's Response:**<br>**Objection/Disputed.** |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| "empire" related marks. | EMPIRE objects to this statement on the following grounds:<br><br>(1) Lacks foundation.<br><br>(2) Hearsay.<br><br>(3) Lacks authentication.<br><br>Subject to these objections, EMPIRE disputes this statement in that many of the purported "empire" related marks contained in the list submitted by Fox do not contain the word "empire".  For example, Fox's list erroneously includes the names: "ACE MEDIA CORP", "TXTPIRE", "IE TREADS", "1494 IMPERIO", "IMPERIO", "IMPERIO SALSA", "EMPYRE", "IE", "IMPERIO AJEDREZ", "MPIREBOYZ", "VIGILAR IMPERIO", "IMPERIO DEL TIEMPO", "EDM PIRE APPAREL", "ES", "ESRT", "ESG", "E.", "AURUM IMPERIUM", "IMPERIO DOS ACORES", "YKE", "MPIRE", "IMPIRE", "EPC", "SHRIMP IMPERIO", "TEIKOKU PHARMA USA", "ANTIGUO IMPERIO", "IESHINEON.COM", |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | "IEHP MEDICARE DUALCHOICE", and "FEMPIRE", among others.<br><br>**Fox's Evidence**:<br>• Empire Search Results from USPTO, attached to Reynolds Decl. ¶ 2 as Ex. 1 at pp. 10-27.<br><br>**Defendant's Evidence:**<br>• Empire Search Results from USPTO, Reynolds Decl. ¶ 2 as Ex. 1 at pp. 10-27.<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. Many of the marks defendant mentions are, in fact, "empire" related marks. Some are intentional misspellings or plays on the word "empire" (*e.g.*, "EMPYRE," "MPIREBOYZ") while others are "empire" in a different language (*e.g.*, "imperio" is Spanish for "empire," and "imperium" is Latin for "empire").  Moreover, even excluding all of defendant's examples of names not |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | containing the precise word "empire," there would be over 600 registered or pending applications for "empire" related marks with the USPTO. |
| 12.     Searches for corporations and limited liability companies/limited partnerships on California's Secretary of State website for entity names with the word "empire" generates over 5,000 results. | **Defendant's Response:** **Objection.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication. **Fox's Evidence:** • Empire Entity Search Results from California Business Searches, attached to Reynolds Decl. ¶¶ 6-7 as Exs. 21-22 at pp. 262-89 **FOX'S REPLY** Defendant does not dispute this uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | Evidentiary Objections. |
| 13.    Empire Distribution is not the only record label with the word "empire" as part of its name. | **Defendant's Response:** **Objection.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication. **Fox's Evidence:** • Empire Music Search Results from USPTO, attached to Reynolds Decl. ¶ 3 as Exs. 2-3 at pp. 28-159 • Empire Record Label Search Results from discogs.com & Label Webpages, attached to Reynolds Decl. ¶ 4 as Exs. 4-11 at pp. 160-231 • Empire Music Company Internet Search Webpages, attached to Reynolds Decl. ¶ 5 as Exs. 12-20 at pp. 232-61 **FOX'S REPLY** Defendant does not dispute this |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 14.     Defendant has admitted this case constitutes its lone trademark enforcement effort. | **Defendant's Response:** **Objection/Undisputed in part.** EMPIRE objects to this statement on the following grounds: (1) Vague and ambiguous as to the term "trademark enforcement effort." (2) Lacks foundation. Subject to these objections, EMPIRE does not dispute that it has not filed any other trademark infringement lawsuits. **Fox's Evidence:** • Defendant's Responses To Fox's First Set of Interrogatories, attached to Lens Decl. as Ex. 5 at p. 78 (Interrogatory No. 10) **FOX'S REPLY** Defendant does not dispute this uncontroverted fact.  Defendant's |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | evidentiary objections are not well taken. *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 15.    Fox has never used the name "Empire Distribution" on or in connection with any of its products. | **Defendant's Response:** **Objection.** EMPIRE objects to this statement on the following grounds: (1) Improper citations in violation of the Court's Scheduling Order dated July 23, 2015 stating that "[n]o party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact …" (Scheduling Order, p.4:12-17.) (2) Lacks foundation. (3) Hearsay. (4) Irrelevant.  **Fox's Evidence:** <br> • DVDs of *Empire*, lodged with Court as Exs. 11 & 13 to Lens Decl., *passim* <br> • Blazek Decl. ¶ 2 |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | • CDs of Soundtracks, lodged with Court as Exs. 15 & 17 to Lens Decl., *passim* |
| | • Cover of DVD set of *Empire: The Complete First Season*, attached to Lens Decl. as Ex. 10 at p. 135 |
| | • Covers of albums *Empire: Original Soundtrack From Season 1* and *Empire: Original Soundtrack Season 2 Volume 1*, attached to Lens Decl. as Exs. 14 & 16 at pp. 143, 145 |
| | • Amazon.com sales pages for *Empire: Music From The Pilot* and *Empire: Music From A Man Sinned Against*, attached to Lens Decl. ¶¶ 17-18 as Exs. 18 & 19 at pp. 147-50 |
| | • Ryan Decl. ¶ 6 |
| | **FOX'S REPLY** |
| | Defendant does not dispute this uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 16.    Columbia Records, a division of Sony Music Entertainment, acts as the record label for the *Empire* soundtrack music and distributes *Empire's* original songs. | **Defendant's Response:** <br><br> **Disputed in part.** <br><br> EMPIRE does not dispute that Fox identifies Columbia Records as the "record label" for the *Empire* series music, but denies the balance of the request insofar as Fox exercises control over Columbia's release of the music. In fact, Fox omits the relevant portion of paragraphs it cites from the declarations of Bywater and Ross stating that the release of the *Empire* series music is done only "[w]ith the permission of Fox."  (Bywater Decl. ¶ 3, Ross Decl. ¶ 2.)  Moreover, Fox has used the "Empire" name as a source-identifier outside of the construct of the *Empire* series, including by suggesting, for instance, that "Empire" or "Empire Entertainment" or "Empire Enterprises" is a real-life record label creating and releasing the *Empire* series music. <br><br> **Fox's Evidence**: <br> • Bywater Decl. ¶ 3 |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | • Ross Decl. ¶ 2-5 |
|  |  |
|  | **Defendant's Evidence:** |
|  | • Bywater Decl. ¶ 3 |
|  | • Ross Decl. ¶ 2 |
|  | • Bowler Decl., ¶ 4, Ex. 69 at 22:3-5, 22:10-18, 22:25-23:1, 23:4-6; 23:8-9, 23:14-24:4; 24:8-25:7, 25:11-23, 32:23-33:10, 33:14-15, 33:21-34:5, 34:9-10, 34:13-14, 34:16-22, 37:22-23, 38:2-10, 38:25-39:5, 39:7-13, 39:18-22; 59:4-7, 66:24-67:5, 67:8-21, 70:2-17, 70:21, 85:3-10, 85:14-17, 130:15-17, 130:20-22, 131:4-6; 132:2-5, 132:14-17, 132:20-24, 133:2-5, 133:9-13, 133:15-16, 133:20, 133:24-134:1, 134:9-10, 134:13-17, 134:20-137:11, 138:8-14, 138:17-24; 139:20-140:11; 140:20-141:2; 142:19-143:4; 143:15-20; 144:8-17, 145:2-12, 158:5-8, 158:11-21, 163:1-3, 163:10-164:1, 164:5-7, 164:11-164:24, 165:15-16, 165:19-21, 167:3-4, 167:7, 208:3-6; 209:15-24, 210:4-5, 210:8-1; Bywater Exs. |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | 3, 4, 10, 11, 12, 13, 30. |

**FOX'S OBJECTIONS**

Relevance.  Fed. R. Evid. 401.  Lack of personal knowledge.  Fed. R. Evid. 602.  Hearsay.  Fed. R. Evid. 801, 802.

**FOX'S REPLY**

Defendant's response is immaterial. Defendant's evidence, despite myriad citations, does not dispute the fact that Columbia Records is identified as the record label for the *Empire* soundtrack and releases the *Empire* series music. That Columbia Records does so with Fox's permission does not change this fact.  While defendant refers to "the balance of the request," it is unclear to which request defendant is referring. Finally, in defendant's many citations, there is no evidence to support its contention that Fox suggests that "Empire," "Empire Entertainment," or "Empire Enterprises" is a real-life record label.

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 17. *Empire: The Original Soundtrack From Season 1* is released and distributed with the album cover shown in Exhibit 2 to the Ross Declaration. | **Defendant's Response:**<br>**Objection.**<br>EMPIRE objects to this statement on the following grounds:<br>(1) Hearsay.<br>(2) Lacks foundation.<br><br>**Fox's Evidence:**<br>• Ross Decl. ¶ 4<br><br>**FOX'S REPLY**<br>Defendant does not dispute this uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 18. *Empire: The Original Soundtrack Season 2 Volume 1* is released and distributed with the album cover shown in Exhibit 3 to the Ross Declaration. | **Defendant's Response:**<br>**Objection.**<br>EMPIRE objects to this statement on the following grounds:<br>(1) Hearsay.<br>(2) Lacks foundation. |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Fox's Evidence:**<br><br>• Ross Decl. ¶ 5<br><br>**FOX'S REPLY**<br><br>Defendant does not dispute this uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 19.    *Empire: The Original Soundtrack From Season 1* debuted as the number one album on the Billboard 200 chart for the week of March 28, 2015. | **Defendant's Response:**<br>**Objection.**<br>EMPIRE objects to this statement on the following grounds:<br>(1) Hearsay.<br>(2) Lacks foundation.<br><br>**Fox's Evidence:**<br>• Billboard Chart for Week of March 28, 2015, attached to Ross Decl. ¶ 4 as Ex. 1 at p. 3<br><br>**FOX'S REPLY**<br>Defendant does not dispute this uncontroverted fact.  Defendant's |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 20.    Fox has sold hundreds of thousands of units of the music associated with *Empire*. | **Undisputed.** |
| 21.    *Empire's* Season 1 finale attracted more than 16 million same-day viewers. | **Undisputed.** |
| 22.    *Empire's* Season 2 premiere debuted to an audience of over 20 million viewers. | **Undisputed.** |
| 23.    Consumers who purchase soundtracks are generally familiar with the underlying show or movie. | **Defendant's Response:** **Objection.** EMPIRE objects to this statement on the following grounds: (1) Vague and ambiguous as to the terms "soundtracks", "generally familiar" and "underlying show or movie". (2) Lacks foundation. (3) Hearsay. **Fox's Evidence:** • Report of Ted Cohen, attached to Lens Decl. as Ex. 7 at p. 88 |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | • Ross Decl. ¶ 3 (approximately 90% of *Empire*'s digital Soundtrack purchases within seven days of episode airing)<br><br>**FOX'S REPLY**<br>Defendant does not dispute this uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 24.    Fox uses the marks shown in Figures 2-5 of Complaint; Paragraph 21 of defendant's Counterclaims (first image); Paragraph 6 of the Declaration of Shannon Ryan; and Exhibits 2-3 of the Declaration of Andrew Ross. | **Undisputed but incomplete**.<br>EMPIRE does not dispute that Fox uses the "EMPIRE" marks depicted in the pleadings and declarations cited. However, EMPIRE does not agree that these examples encompass *all* of Fox's uses of the "EMPIRE" marks.<br><br>**Fox's Evidence**<br>• Compare Fox's Complaint, attached to Lens Decl. as Ex. 2 at pp. 13-14, ¶¶ 25-26 with Defendant's Answer to Complaint, attached to Lens Decl. as |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Ex. 3 at p. 39 ¶¶ 25-26<br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at p. 54 ¶ 21 (first image)<br>• Ryan Decl. ¶ 6<br>• Amazon.com sales pages for Empire: Original Soundtrack From Season 1 and Empire: Original Soundtrack Season 2, Volume 1, attached to Ross Decl. ¶¶ 4-5 as Exs. 2 & 3 at pp. 5-11<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. Defendant does not dispute this uncontroverted fact and further provides no examples of any additional marks used by Fox. |
| 25.    Fox's *Empire* marks are generally accompanied by the Fox house mark and/or well-known elements from the show. | **Defendant's Response:**<br>**Objection/Disputed.**<br>EMPIRE objects to this statement on the following grounds:<br>(1) Vague and ambiguous as to the terms "generally accompanied," "Fox house mark", and "well-known elements |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | from the show." |
|  | (2) Lacks foundation. |
|  | (3) Hearsay. |
|  | Subject to these objections, EMPIRE disputes this assertion.  In fact, Shannon Ryan contradicts this assertion in paragraph 6 of her declaration as several of the "EMPIRE" logos she references are standalone "EMPIRE" logos without any reference to Fox or the *Empire* series. |
|  | **Fox's Evidence**: |
|  | • Ryan Decl. ¶ 5 |
|  | **Defendant's Evidence:** |
|  | • Ryan Decl. ¶ 6 Fig. 2, Fig. 6 & Fig. 7 |
|  | **FOX'S REPLY** |
|  | Defendant's response is immaterial.  The Shannon Ryan declaration does not contradict Fox's assertion that Fox's *Empire* marks are generally accompanied by the Fox house mark and/or well-known elements from the |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | show (*e.g.*, cast members).  In fact, in paragraph 6 of the Ryan declaration, the majority of the marks contain either the Fox house mark or well-known elements from the show.  Defendant incorrectly cites Figure 2 and Figure 6 as examples of marks that do not have a Fox house mark or well-known elements from the show.  Figure 2 features a golden record within the word "Empire," while Figure 6 features "show-business"-type lights behind the word "Empire."  Both graphic elements were pervasive parts of the *Empire* launch campaign. |
| 26.    Fox has spent millions of dollars to advertise and promote *Empire* and the Soundtracks. | **Defendant's Response:** **Objection.** EMPIRE objects to this statement on the following grounds: (1) Vague and ambigious as to the term "the Soundtracks." (2) Lacks foundation. **Fox's Evidence:** • Ryan Decl. ¶ 2 |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | • Defendant's Responses to Fox's First Set of Interrogatories, attached to Lens Decl. as Ex. 5 at p. 74 (Interrogatory No. 6)<br><br>**FOX'S REPLY**<br>Defendant does not dispute this uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 27.    The necklace depicted in Paragraph 22 of Empire Distribution's Counterclaims was used as a prop on the show and was not offered for sale. | **Objection/Undisputed in part.**<br>EMPIRE objects to this statement on the following grounds:<br>(1) Lacks foundation.<br>(2) Hearsay.<br>(3) Irrelevant.<br>Subject to these objections, EMPIRE does not dispute that the necklace may have been used as a prop on the *Empire* show but disputes that it was used exclusively as a prop on the show.  In fact, Fox spent considerable time and effort promoting the necklace and city |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | skyline graphic on Twitter, Instagram and other social media.<br><br>**Fox's Evidence**<br>• Raftery Decl. ¶ 2<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. Defendant does not dispute the fact that the necklace was used as a prop on the show and not offered for sale.  Further, defendant cites *no evidence* to support its assertion that "Fox spent considerable time and effort promoting the necklace and city skyline graphic on Twitter, Instagram, and other social media." |
| 28.    Defendant uses the logos identified in Paragraphs 16, 17, 18, 21 and 22 of its Counterclaims. | **Undisputed but incomplete.**<br>EMPIRE does not dispute that it uses the logos identified in paragraphs 16, 17, 18, 21 and 22.  However, EMPIRE disputes that those are the only logos it has used. (Shami Decl., ¶ 35.)<br><br>**Fox's Evidence:**<br>• Defendant's Counterclaims, attached |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | to Lens Decl. as Ex. 4 at pp. 52-55 ¶¶ 16-18, 21-22 **FOX'S REPLY** Defendant does not dispute this uncontroverted fact. |
| 29.    Defendant alleges shared use of "online stores such as iTunes, Google Play, Amazon.com, and Spotify" but does not allege in its Counterclaims that it advertises its marks on television, billboards, or print media. | **Defendant's Response:** **Objection/Disputed.** EMPIRE objects to this statement on the following grounds: (1) This is not a statement of fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5.) (2) Irrelevant. (3) Argumentative. Subject to these objections, EMPIRE disputes this assertion as there are multiple such allegations (general and specific) in the Counterclaims. **Fox's Evidence**: • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at p. 55 ¶ 23; pp. 47-71 |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Defendant's Evidence:**<br>• EMPIRE's Counterclaims, Lens Decl., Ex. 4 at ¶¶ 9 ("Empire promotes, markets and sells its music through various channels of commerce"), 10 ("sponsored sold-out showcases under its name at events such as South by Southwest"), 14 ("The Marks have been used prominently in press releases and coverage of those records"), 15 ("the Marks have been the subject of broad advertising and promotional campaigns, leading to a prominent presence, both online and offline"), 16 ("one of Empire's Marks was promoted … in person at the A3C hip hop festival"), 18 (poster at televised BET awards).<br><br>**FOX'S OBJECTIONS**<br>Relevance.  Fed. R. Evid. 401.<br><br>**FOX'S REPLY** |

- 45 -

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Defendant's response is immaterial. Defendant's evidence does not dispute this uncontroverted fact as none of its citations to its Counterclaims demonstrate its advertising on television, billboards, or print media. |
| 30.   Defendant's examples of its "Marks [being] promoted online" are Instagram posts by its CEO, Ghazi Shami, with the posting in Paragraph 16 receiving 25 likes. | **Defendant's Response:**<br>**Disputed in part.**<br>EMPIRE does not dispute that one example in its Counterclaims of its marks being promoted online included a post in October 2012 by EMPIRE's CEO Ghazi Shami which, at the time of the screenshot, had received 25 "likes." However, EMPIRE disputes that is the only example of online promotion of EMPIRE's marks provided in the Counterclaims including multiple other Instagram posts that received many hundreds of "likes", online promotion on EMPIRE's websites http://empi.re and www.empiredistribution.com, and promotion in online stores including iTunes, Google Play, Amazon.com, and |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Spotify.<br><br>**Fox's Evidence**:<br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 52-53 ¶¶ 16-18<br><br>**Defendant's Evidence:**<br>• EMPIRE's Counterclaims, Lens Decl., Ex. 4 at ¶¶ 9, 17, 18, 23, 26, 29<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. Defendant does not dispute the fact that its Counterclaims include Instagram posts by its CEO, Ghazi Shami, as examples of its marks being promoted online.  Paragraph 9 of the Counterclaims does not show examples of defendant's marks being promoted online, and paragraphs 17 and 18 show Instagram posts from defendant's CEO, Ghazi Shami.  The evidence from paragraphs 23, 26, and 29 of the |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Counterclaims do not show *defendant* promoting *its marks* online.  Paragraph 23 references defendant's music in online stores like iTunes, Google Play, Amazon.com, and Spotify, but *none* of the images from these online stores include defendant's marks.  Paragraph 26 shows an Instagram post by an alleged artist of defendant that similarly fails to include defendant's marks.  Paragraph 29 shows an Instagram post by Shaggy, not promotion by defendant. |
| 31.    As of the date of filing, Ghazi Shami's Instagram account has fewer than 5,000 followers. | **Defendant's Response:** **Objection.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay.  **Fox's Evidence:** <br> • Lens Decl. ¶ 20  **FOX'S REPLY** Defendant does not dispute this |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 32.    As of the date of filing, Empire Distribution's Instagram account has approximately 6,000 followers. | **Defendant's Response:** **Objection.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. **Fox's Evidence:** • Lens Decl. ¶ 20 **FOX'S REPLY** Defendant does not dispute this uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 33.    As of the date of filing, Fox's *Empire* Instagram account has over 1.6 million followers. | **Defendant's Response:** **Objection.** EMPIRE objects to this statement on the |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | following grounds:<br><br>(1) Lacks foundation.<br><br>(2) Hearsay.<br><br><br>**Fox's Evidence:**<br><br>• Lens Decl. ¶ 20<br><br><br>**FOX'S REPLY**<br><br>Defendant does not dispute this uncontroverted fact.  Defendant's evidentiary objections are not well taken.  *See* Fox's Response To Defendant's Memorandum Of Evidentiary Objections. |
| 34.    The screenshots of albums in Paragraph 23 of defendant's Counterclaims do not show defendant's marks; defendant highlighted the albums it released. | **Defendant's Response:**<br>**Disputed.**<br>The first screenshot in paragraph 23 of EMPIRE's Counterclaims (on the bottom of page 9) shows EMPIRE's marks including the marks "EMPIRE Distribution" and "EMPIRE".  The other screenshots in paragraph 23 (pages 10, 11 and 12) also show EMPIRE's mark "EMPIRE" albeit on several of the albums released by Fox, which, as |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | shown, are sold in close proximity to EMPIRE's music because they share the same search terms and genres.<br><br>**Fox's Evidence**:<br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 55-58 ¶ 23<br><br>**Defendant's Evidence:**<br>• Defendant's Counterclaims, Lens Decl., Ex. 4 at pp. 55-58 ¶ 23<br><br>**FOX'S OBJECTIONS**<br>Relevance.  Fed. R. Evid. 401.<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. Defendant's evidence does not dispute the fact that the screenshots of *albums* in Paragraph 23 of defendant's Counterclaims do not show defendant's marks and that defendant highlighted the albums.  The first screenshot in paragraph 23 shows the text of a Google |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | search result, not an *album*. The screenshots of albums released by Fox do not show *defendant's* marks. |
| 35.    The poster in Paragraph 27 of defendant's Counterclaims lists "Yazz of Fox's Hit TV Show 'Empire.'" | **Defendant's Response:** **Disputed.** EMPIRE disputes this statement in that Fox's assertion misstates and mischaracterizes the content of the poster in paragraph 27 of EMPIRE's Counterclaims.  The poster lists Dizzy Wright, Hospin, Jarren Benton, Joey Bada$$, Dej Loaf, Rayven Justie, Jay 305, Chedda Da Connect and Yazz "of Fox's Hit Show 'Empire'".  This mistakenly suggests that all of these rap artists are affiliated with the *Empire* television series; however, Dizzy Wright, Hospin, Jarren Benton, Rayven Justice and Pia Mia are EMPIRE rap artists <u>not</u> affiliated with the *Empire* television series. **Fox's Evidence**: • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 59-60 ¶ |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | 27<br><br>**Defendant's Evidence:**<br>• EMPIRE's Counterclaims, Lens Decl., Ex. 4 at pp. 59-60 ¶ 27<br><br>**FOX'S REPLY**<br>Defendant's response is immaterial. Defendant does not dispute the fact that the poster in paragraph 27 lists "Yazz of Fox's Hit TV Show 'Empire.'"  Further, defendant misstates the content of the poster.  The poster does *not* list the artists separated by commas such that it would suggest all the artists are affiliated with *Empire*.  Instead, the artists are separated by either line breaks or the following symbol: | (*e.g.*, "Dizzy Wright | Hopsin | Jarren Benton").  This formatting makes clear that only Yazz is from *Empire*. |
| 36.    The Instagram comment "#teamCookie" in Paragraph 29 of defendant's Counterclaims contains no | **Defendant's Response:**<br>**Disputed.**<br>EMPIRE disputes this statement in that |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| other text. | the Instagram comment in paragraph 29 of EMPIRE's Counterclaims contains other highly relevant text that evidences the confusion between EMPIRE and the *Empire* television series.  Shaggy, a Grammy award winner and one of the best selling reggae musicians of all time, posted EMPIRE's logo on the internet and commented #therealempire #empire (referring to EMPIRE the record label). In response to Shaggy's comment, another user posted the comments #loveit and #teamCookie (referring to the lead character in the *Empire* television series). <br><br>**Fox's Evidence**: <br> • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 60-61 ¶ 29 <br><br>**Defendant's Evidence:** <br> • EMPIRE's Counterclaims, Lens Decl., Ex. 4 at pp. 60-61 ¶ 29 |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **FOX'S REPLY**<br><br>Defendant's response is immaterial. Defendant's evidence does not dispute the fact that the Instagram comment "#teamCookie" in Paragraph 29 of defendant's Counterclaims contains no other text.  The screenshot of the Instagram comment in paragraph 29 speaks for itself—user sashareble's comment of "#teamCookie" contains no other text. |
| 37.    The Facebook comment in Paragraph 30 of defendant's Counterclaims by GSlaps, states, in part, that "@nima_empire ... agreed to have Empire (NOT the TV show) digitally distribute the music of @JohnnyPhrank and @Alocodaman; two artists who I manage." | **Defendant's Response:**<br>**Undisputed but incomplete.**<br>EMPIRE does not dispute that the rap and hip hop music company Glaps Entertainment, posted a comment on its Facebook site praising EMPIRE for the fame, success and longevity of the "Empire logo" over the years (clarifying that it was referring to EMPIRE not the *Empire* television show), which is set forth in full in paragraph 30 of EMPIRE's Counterclaims (Lens Decl., Ex. 4 at pp. 61-62 ¶ 30).  However, |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | Fox's assertion includes only a select portion of that comment taken out of context. **Fox's Evidence** • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 61-62 **FOX'S REPLY** Defendant does not dispute this uncontroverted fact. |
| 38.    When asked to state the basis for its allegation of confusion in Paragraph 20 of the Counterclaims, defendant listed the examples found in its response to Interrogatory No. 8. | **Defendant's Response: Objection/Disputed in part.** EMPIRE objects to this statement on the following grounds: (1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5). (2) Argumentative. Subject to these objections, EMPIRE does not dispute that it listed certain "examples" of confusion in its response to Fox's First Set of Interrogatories, Interrogatory No. 8.  EMPIRE disputes |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | that these are the only examples, as expressly stated in EMPIRE's response, including the additional examples of confusion set forth in EMPIRE's additional material facts below. (3) Irrelevant. **Fox's Evidence**: • Defendant's Responses To Fox's First Set of Interrogatories, attached to Lens Decl. as Ex. 5 at pp. 75-77 (Interrogatory No. 8) **Defendant's Evidence:** • EMPIRE's Responses To Fox's First Set of Interrogatories, Lens Decl., Ex. 5 at pp. 75-77 (Interrogatory No. 8) **FOX'S REPLY** Defendant does not dispute the fact that it listed the examples in its response to Interrogatory No. 8 as the basis for its allegation of confusion in Paragraph 20 of the Counterclaims. |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 39.   Expert Deborah Jay concluded that the survey she conducted "strongly supports the conclusion that potential viewers of the *Empire* television series are not likely to mistakenly believe that Empire Distribution (or Empire Recordings) is the source, the sponsor of, or affiliated with the *Empire* television series (*i.e.*, there is <u>not</u> a likelihood of confusion)." | **Defendant's Response:** **Objection/Disputed.** EMPIRE objects to this statement on the following grounds: (1) The expression of an opinion, in and of itself, is not a statement of fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5). (2) Hearsay. (3) Lacks foundation. Subject to these objections, EMPIRE does not dispute that the expert hired by Fox, Deborah Jay, submitted a report expressing, in part, this opinion. However, EMPIRE strongly disputes both the opinion and the factual basis of the opinion as set forth in the rebuttal Expert Report of Dr. Joel H. Steckel and rebuttal Expert Report of Kristin J. Lieb.  **Fox's Evidence**: • Report of Deborah Jay, attached to Lens Decl. as Ex. 8 at p. 96 |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Defendant's Evidence:** |
| | • Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 34-45, 48; Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p. 9, ¶¶21, 22; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114; Simon Decl. ¶¶ 2-3; Bowler Decl., ¶ 7-8, Ex. 72-73 |
| | **FOX'S OBJECTIONS** |
| | Relevance.  Fed. R. Evid. 401.  Lack of personal knowledge.  Fed. R. Evid. 602.  Impermissible opinion testimony.  Fed. R. Evid. 701.  Impermissible legal conclusion.  Fed. R. Evid. 701.  Improper bases for expert opinion.  Fed. R. Evid. 703.  Speculation. |
| | **FOX'S REPLY** |
| | Defendant's response is immaterial. Defendant does not dispute the fact that |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | expert Deborah Jay reached the stated conclusion.  Further, paragraph 100 of the Shami declaration misstates evidence in exhibit 7.  Mr. Shami  speculates that "[i]t is not clear to consumers viewing these pages that EMPIRE and Fox's Empire are distinct entities."  However, many of the tweet authors appear to distinguish between defendant and *Empire*.  For example, the tweet of "Risto Smith" on the fifth page of Exhibit 7 (Fox cannot point the Court to a page number of the exhibit since defendant failed to consecutively paginate exhibits in accordance with L.R. 11-5.2) appears to be trying to sell the "empire.hiphop" internet domain name to different "empire" entities the user knows are distinct, including defendant, Empire, Empire Magazine, and Beats Empire. |
| **Dilution** | |
| 40.     Defendant has not identified any evidence in its Counterclaims to support | **Defendant's Response:** **Objection/Disputed:** |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| its conclusory assertions that its marks are widely recognized by the general consuming public. | EMPIRE objects to this statement on the following grounds:<br><br>(1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5).<br><br>(2) Irrelevant.<br><br>(3) Argumentative.<br><br>(4) Lacks foundation.<br><br>Subject to these objections, EMPIRE disputes this assertion as there is substantial evidence in EMPIRE's Counterclaims that EMPIRE's marks are widely recognized by the general consuming public.<br><br>**Fox's Evidence**:<br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 47-71<br><br>**Defendant's Evidence:**<br>• EMPIRE's Counterclaims, Lens Decl., Ex. 4 at ¶¶ 9-19, 25-30.<br><br>**FOX'S REPLY** |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Defendant's response is immaterial. Defendant's evidence does not dispute the fact that defendant has not identified any evidence in its Counterclaims to support its conclusory assertions that its marks are widely recognized by the general consuming public. |
| 41.    Empire Distribution was formed in June 2011. | **Undisputed but incomplete**. Fox cites to an allegation in its Complaint (Lens Decl., Ex. 2 at p. 11 ¶ 19) and EMPIRE's Answer to the Complaint (Lens Decl., Ex. 3 at p. 37 ¶ 19) as evidence to support this statement but includes only a select excerpt from the allegation and fails to include the remainder of the allegation including the relevant portion stating that EMPIRE began using "**'Empire Distribution' and 'Empire Recordings' in commerce [on] January 1, 2010**." <br><br> **Fox's Evidence:** <br> • *Compare* Fox's Complaint, attached to Lens Decl. as Ex. 2 at p. 11 ¶ 19 |

| FOX'S UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| | *with* Defendant's Answer to Complaint, attached to Lens Decl. as Ex. 3 at p. 37 ¶ 19 **FOX'S REPLY** Defendant does not dispute the fact that Empire Distribution was formed in June 2011. |

**DEFENDANT'S ADDITIONAL MATERIAL FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 42.    Continuously since at least as early as January 2010, EMPIRE has used the mark "EMPIRE" alone and with other words as marks to signify services and products originating uniquely from EMPIRE. | **FOX'S RESPONSE:** Disputed.  Lack of personal knowledge.  FRE 602.<br><br>**Defendant's Evidence:** Hobbs Decl., ¶ 4. |
| 43.    EMPIRE's common law trademark rights in the "EMPIRE" mark and variants date back to January, 2010. | **FOX'S RESPONSE:** Disputed.  Lack of personal knowledge.  FRE 602.  Impermissible legal conclusion.  FRE 701.<br><br>**Defendant's Evidence:** Hobbs Decl., ¶ 5. |
| 44.    On January 24, 2014, EMPIRE filed applications through counsel with the USPTO for its "EMPIRE" marks and received Serial Nos. 86174484 and 86174393 for such applications.  ("First Empire Applications"). | Undisputed. |
| 45.    On December 10, 2014, EMPIRE | Undisputed. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| filed applications through counsel for the mark "EMPIRE Distribution" and received Serial Nos. 86476822 and 86477123 for such applications. ("Second Empire Applications"). | |
| 46.   On April 8, 2015, EMPIRE filed applications through counsel for the mark "EMPIRE" and received Serial Nos. 86590365, 86590402, 86590415 and 86590385 for such applications. ("Third Empire Applications"). | Undisputed. |
| 47.   The EMPIRE Applications include applications in International Trademark Classes 9 and 41. | Undisputed. |
| 48.   Finding no conflicting prior applications or existing registrations and that the marks were entitled to registration, the USPTO has approved five of the EMPIRE Applications, which will be publishing on January 19, 2016. | **FOX'S RESPONSE:** Undisputed that five of defendant's applications have been approved for publication (following which there will be an objection period).  Disputed as to USPTO's reasons for approving the applications for publication based on lack of personal knowledge.  FRE 602.  For example, as to application 86174484, the USPTO cited a registered mark as presenting a bar to |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | registration of the mark and only reconsidered that decision after Empire Distribution entered into a consent agreement with the owner of the registered mark.  Relevance.  FRE 401.<br><br>**Defendant's Evidence:**<br>Hobbs Decl. ¶¶ 9-10, Ex. 1.<br><br>**Fox's Evidence:**<br>Reynolds Decl. ¶ 11, Ex. 30. |
| 49.    EMPIRE's application for Serial No. 86174393 for "EMPIRE" was filed January 24, 2014, nearly a year before Fox broadcast the first episode of the television program "EMPIRE" on January 7, 2015. | **FOX'S RESPONSE:**<br>Disputed.  The cited evidence does not demonstrate this fact.  Empire Distribution filed an application to register the trademark "Empire Recordings," Application Serial No. 86174393 on January 24, 2014.  Defendant subsequently requested that the mark be amended from "Empire Recordings" to "Empire" on December 7, 2015, nearly a year after Fox broadcast the first episode of *Empire*.<br><br>**Defendant's Evidence:** |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Hobbs Decl. ¶ 12, Ex. 1. **Fox's Evidence:** Reynolds Decl. ¶ 12, Ex. 32. |
| 50.    The EMPIRE applications were filed without claim to any particular font style, size, design or color and protect and permit use of the Empire marks regardless of the font style, design, size or color. | **FOX'S RESPONSE:** Disputed.  The cited evidence does not demonstrate this purported fact. Impermissible legal conclusion.  FRE 701.  Relevance.  FRE 401. **Defendant's Evidence:** Hobbs Decl. ¶ 13. **Fox's Evidence:** Shami Decl. ¶ 36. |
| 51.    Of the over "650 registered or pending applications for 'empire' related marks" (SUF ¶ 11), many of the applications are for services unrelated to the services and products provided by Fox and EMPIRE under their marks. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. Further disputed to the extent defendant suggests that the services and products provided by Fox under the "Empire" mark are the same as those provided by defendant under its purported marks. **Defendant's Evidence:** Hobbs Decl. ¶ 14. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 52.    Of the over "650 registered or pending applications for 'empire' related marks" (SUF ¶ 11), the supporting marks for many of such applications or registrations are no longer in use, the marks have been abandoned and they are therefore not entitled to trademark rights or protection. | **FOX'S RESPONSE:** Disputed.  The cited evidence does not demonstrate this purported fact.  Over 650 registered or pending applications for "empire" related marks appear in the USPTO database when searching for "live" (*i.e.* not abandoned) marks. Relevance.  FRE 401.  Impermissible legal conclusion.  FRE 701.<br><br>**Defendant's Evidence:** Hobbs Decl. ¶ 15.<br><br>**Fox's Evidence:** Reynolds Decl. ¶ 2. |
| 53.    Fox has filed two trademark applications in the USPTO for the mark "Empire," in International Trademark Classes 9 and 41, asserting trademark rights therein and seeking the benefits of U.S. federal trademark registrations. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401.<br><br>**Defendant's Evidence:** Hobbs Decl. ¶ 16, Ex. 2. |
| 54.    Fox has shown a pattern of filing trademark applications in the USPTO for the names of television programs that it broadcasts, asserting trademark rights | **FOX'S RESPONSE:** Disputed.  Impermissible legal conclusion.  FRE 701.  Relevance. FRE 401. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| therein and seeking the benefits of U.S. federal trademark registrations. | **Defendant's Evidence**: Hobbs Decl. ¶ 17, Ex. 3. |
| 55. Fox has shown a pattern of filing trademark opposition and cancellation actions before the Trademark Trial and Appeal Board ("TTAB") of the USPTO arising out of the names of programs that it broadcasts, asserting trademark rights therein and seeking the benefits of U.S. trademark rights in the names of its television programs. | **FOX'S RESPONSE**: Disputed. Impermissible legal conclusion. FRE 701. Relevance. FRE 401. **Defendant's Evidence**: Hobbs Decl. ¶ 18, Ex. 4. |
| 56. Since January 2010, EMPIRE has established itself as a leading record label and music distribution company for urban music, including hip-hop, rap, and R&B in the United States, releasing over 11,000 albums/singles, 6,000 music videos and 85,000 songs. | **FOX'S RESPONSE**: Disputed. Impermissible opinion testimony. FRE 701. **Defendant's Evidence**: Shami Decl., ¶¶ 6-21 **Fox's Evidence**: Lens Decl., Ex. 7, p. 88-89. |
| 57. EMPIRE has worked with an extensive list of well-known hip hop, rap, and R&B musical artists in the | **FOX'S RESPONSE**: Disputed. Impermissible opinion testimony. FRE 701. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| world, including but not limited to, T.I., Snoop Dogg, Kendrick Lamar, Trinidad James, Too $hort, The Game, Mally Mall, Rich Homie Quan, Tyga, Shaggy, Migos, Busta Rhymes, Fat Joe, Sage the Gemini, Cam'ron, Jim Jones, Rocko, Gladys Knight, Rae Sremmurd, and many more. | **Defendant's Evidence**: Shami Decl., ¶¶ 7, 9-19  **Fox's Evidence**: Lens Decl., Ex. 7, p. 88-89. |
| 58.    EMPIRE helped launch the careers of a number of rap and hip hop hit-makers including, for example, Grammy Award winning, multi-platinum recording artist, Kendrick Lamar. | **FOX'S RESPONSE**: Disputed.  Impermissible opinion testimony.  FRE 701.  **Defendant's Evidence**: Shami Decl., ¶ 8 |
| 59.    EMPIRE released eleven of the top one hundred hip-hop songs of 2015 listed by Spotify (a commercial music streaming service with over 75 million active users) including the number one song, "Flex" by Rich Homie Quan. | **FOX'S RESPONSE**: Disputed.  Hearsay.  FRE 801, 802.  **Defendant's Evidence**: Shami Decl., ¶ 20 |
| 60.    EMPIRE has four albums on Rolling Stone's list of the 40 Best Rap Albums of 2015, four tracks in | **FOX'S RESPONSE**: Disputed.  Hearsay.  FRE 801, 802. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Pitchfork's Best Songs of 2015, and three artists in Pigeons & Planes' New Artists for 2016 list. | **Defendant's Evidence:**<br>Shami Decl., ¶ 20 |
| 61.    What began as EMPIRE Distribution in 2010 has grown into a full-service music company under the umbrella brand name "EMPIRE," which includes "EMPIRE Distribution" (distribution services), "EMPIRE Recordings" (recording and label), and "EMPIRE Publishing" (publishing services). | **FOX'S RESPONSE:**<br>Disputed to the extent defendant claims that the name of its company is "Empire" rather than "Empire Distribution."  The party to this litigation and company at issue is Empire Distribution, Inc.  *See* Lens Decl. Ex. 4 (defendant's Counterclaims).<br><br>**Defendant's Evidence:**<br>Shami Decl., ¶¶ 22-29 |
| 62.    EMPIRE has been using "EMPIRE" as a standalone trademark in association with its music business continuously since at least as early as January 2010. | **FOX'S RESPONSE:**<br>Disputed to the extent defendant suggests it has primarily identified its music business with the standalone "Empire" mark since January 2010. Defendant's own Counterclaims indicate otherwise. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | **Defendant's Evidence:** Shami Decl., ¶ 31 **Fox's Evidence:** Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at ¶¶ 16-18, 21-22. |
| 63.    EMPIRE has used the primary branding "EMPIRE" sometimes in association with other words such as "Distribution" and "Recordings," to identify the services that EMPIRE provides and the products associated with those services under the umbrella EMPIRE brand. | **FOX'S RESPONSE:** Disputed to the extent defendant suggests it has primarily identified its music business with the standalone "Empire" mark.  Defendant's own Counterclaims indicate otherwise. **Defendant's Evidence:** Shami Decl., ¶ 31 **Fox's Evidence:** Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at ¶¶ 16-18, 21-22. |
| 64.    Prior to the first airing of Fox's "Empire" television series, EMPIRE had six pending trademark applications. | **FOX'S RESPONSE:** Disputed.  Defendant's own evidence directly contradicts this purported fact. **Defendant's Evidence:** Shami Decl., ¶ 34 **Fox's Evidence:** |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | Hobbs Decl., ¶¶ 6-8. |
| 65.    By April of 2015, EMPIRE had an additional four pending trademark applications. | Undisputed. |
| 66.    Five of these ten trademark applications – three for EMPIRE and two for EMPIRE DISTRIBUTION – are expected to be published by the United States Patent and Trademark Office in January 2016. | **FOX'S RESPONSE:** Undisputed that five of defendant's applications have been approved for publication (following which there will be an objection period) but disputed that defendant has five additional trademark applications. Defendant's own evidence directly contradicts this purported fact.<br><br>**Defendant's Evidence:** Shami Decl., ¶ 34<br><br>**Fox's Evidence:** Hobbs Decl., ¶¶ 6-8. |
| 67.    EMPIRE's brand is represented in the marketplace in several ways, including, but not limited to, the logos depicted in paragraph 35 of the | **FOX'S RESPONSE:** Disputed to the extent defendant suggests it has primarily represented its brand in the marketplace with the logos |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| declaration of Ghazi Shami. | depicted in paragraph 35 of the declaration of Ghazi Shami. Defendant's own Counterclaims indicate otherwise.<br><br>**Defendant's Evidence:**<br>Shami Decl., ¶¶ 35, 36<br><br>**Fox's Evidence:**<br>Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at ¶¶ 16-18, 21-22. |
| 68.    Advertising and publicity campaigns began immediately on EMPIRE's launch in 2010 and increased markedly beginning in late 2013 and early 2014. | **FOX'S RESPONSE:**<br>Disputed to the extent defendant does not specify what its "[a]dvertising and publicity campaigns" were and whether such campaigns advertised and publicized Empire Distribution's *marks*, as opposed to Empire Distribution's *artists*.  Relevance objection to the extent these campaigns advertised and publicized  Empire Distribution's *artists* without reference to Empire Distribution's *marks*.  FRE 401. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Defendant's Evidence**: Shami Decl., ¶ 37 |
| 69.    EMPIRE spent approximately $650,000 in 2014 in marketing, advertising, and promotion and approximately $2.5 million in 2015 on advertising, marketing, and promotional expenses. | **FOX'S RESPONSE**: Disputed to the extent these figures do not distinguish between amounts spent marketing, advertising, and promoting Empire Distribution's *marks*, as opposed to Empire Distribution's *artists*.  Relevance objection as to the portion of these amounts spent marketing, advertising, and promoting Empire Distribution's *artists*.  FRE 401.  **Defendant's Evidence**: Shami Decl., ¶ 37 |
| 70.    The EMPIRE logo is used in a variety of advertising and promotional contexts including, for example, iTunes CD covers, billboards, concerts, and promotional items. | **FOX'S RESPONSE**: Disputed to the extent defendant claims the Empire Distribution logo is used in advertising and promotional contexts beyond the limited examples provided |

FOX'S REPLY STATEMENT OF UNCONTROVERTED FACTS & CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | in paragraphs 38-40 of Mr. Shami's declaration.<br><br>**Defendant's Evidence:**<br>Shami Decl., ¶¶ 38-40 |
| 71.    EMPIRE is a well known, highly respected and influential record label and music distribution company. | **FOX'S RESPONSE:**<br>Disputed.  Impermissible opinion testimony.  FRE 701.<br><br>**Defendant's Evidence:**<br>Shami Decl., ¶¶ 35-61; McDaniels Decl. ¶¶ 4-8; Douthit Decl. ¶¶ 11-14; Julien Decl. ¶¶ 7-11<br><br>**Fox's Evidence:**<br>Lens Decl., Ex. 7, p. 88-89. |
| 72.    EMPIRE has sold millions of songs distributed or recorded under the EMPIRE marks. | Undisputed. |
| 73.    Record labels, including EMPIRE, are important to consumers in the urban music genre. | **FOX'S RESPONSE:**<br>Disputed.  Impermissible opinion testimony.  FRE 701.  Improper bases for expert opinion.  FRE 703. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Defendant's Evidence**: Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 12-22, 46; McDaniels Decl. ¶¶ 9-14; Douthit Decl. ¶¶ 7-10; Julien Decl. ¶¶ 12-21; Shami Decl., ¶¶ 62-83 **Fox's Evidence**: Lens Decl., Ex. 7, p. 86-88. |
| 74.    EMPIRE's reputation is being seriously damaged by Fox's unauthorized use of the "Empire" name for the Empire Series and Empire Series Music. | **FOX'S RESPONSE**: Disputed.  Impermissible legal conclusion.  FRE 701. **Defendant's Evidence**: Shami Decl., ¶¶ 90, 93 |
| 75.    EMPIRE and Fox are competing for the sale of the same type of music to the same customers in the same places. | **FOX'S RESPONSE**: Disputed.  Impermissible legal conclusion.  FRE 701. **Defendant's Evidence**: Shami Decl., ¶¶ 95-113 **Fox's Evidence**: Shami Decl. ¶ 92 (distinguishing between the audience for the *Empire* Soundtracks from the audience for |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Empire Distribution's music). |
| 76.     Fox's Empire marks are nearly identical to EMPIRE's marks. | **FOX'S RESPONSE:** Disputed.  Impermissible legal conclusion.  FRE 701.  Defendant's cited evidence does not support this purported fact.  The appearances of the marks speak for themselves. <br><br> **Defendant's Evidence:** Shami Decl., ¶¶ 35, 96; Ryan Decl., ¶ 6 <br><br> **Fox's Evidence:** Ryan Decl. ¶ 6; Lens Decl., Ex. 4 at pp. 52-55 ¶¶ 16-18; 21-22. |
| 77.     Given their overlapping businesses, there is likely to be consumer confusing between EMPIRE, on the one hand, and Fox's *Empire* television series and music, on the other hand. | **FOX'S RESPONSE:** Disputed.  Impermissible opinion testimony.  FRE 701.  Further, defendant's cited evidence does not support this purported fact, as it does not involve instances of mistaken purchasing decisions and thus provides no evidence of actionable confusion. <br><br> **Defendant's Evidence:** |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Simon Decl. ¶¶ 2-3<br><br>**Fox's Evidence:**<br>Lens Decl., Ex. 8, p. 96. |
| 78.    There have been many instances of actual confusion expressed by artists and consumers between EMPIRE, on the one hand, and Fox's *Empire* television series and music, on the other hand. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.  Lack of personal knowledge.  FRE 602.  Impermissible opinion testimony.  FRE 701.  Impermissible legal conclusion.  FRE 701.  Hearsay.  FRE 801, 802.  Speculation.  Further, defendant's cited evidence does not support this purported fact, as it does not involve instances of mistaken purchasing decisions and thus provides no evidence of actionable confusion.<br><br>**Defendant's Evidence:**<br>Shami Decl., ¶¶ 115-135, Exs. 8-24; Simon Decl. ¶¶ 2-3; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26 |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Fox's Evidence:** Lens Decl., Ex. 8, p. 96. |
| 79.    There are consumers and artists who have expressed confusion as to whether the products bearing EMPIRE's marks were sponsored or approved by Fox or the *Empire* television series. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401.  Lack of personal knowledge.  FRE 602.  Impermissible opinion testimony.  FRE 701.  Impermissible legal conclusion.  FRE 701.  Hearsay.  FRE 801, 802.  Speculation.  Further, defendant's cited evidence does not support this purported fact, as it does not involve instances of mistaken purchasing decisions and thus provides no evidence of actionable confusion.

**Defendant's Evidence:** McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114115-135, Exs. 8-24; Simon Decl. ¶¶ 2-3

**Fox's Evidence:** Fox's Evidence:  Lens Decl., Ex. 8, p. 96. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 80.    There are consumers and artists who have expressed confusion as to whether the *Empire* series and the *Empire* series related products were sponsored or approved by EMPIRE. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401.  Lack of personal knowledge.  FRE 602.  Impermissible opinion testimony.  FRE 701.  Impermissible legal conclusion.  FRE 701.  Hearsay.  FRE 801, 802.  Speculation.  Further, defendant's cited evidence does not support this purported fact, as it does not involve instances of mistaken purchasing decisions and thus provides no evidence of actionable confusion.  **Defendant's Evidence:** McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114115-135, Exs. 8-24; Simon Decl. ¶¶ 2-3  **Fox's Evidence:** Lens Decl., Ex. 8, p. 96. |
| 81.    Numerous consumers, artists, and EMPIRE's business partners have expressed confusion to EMPIRE as to | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401.  Lack of personal knowledge.  FRE 602. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| whether the fictional "Empire" program has any affiliation or business relationship with the real-life EMPIRE. | Impermissible opinion testimony.  FRE 701.  Impermissible legal conclusion.  FRE 701.  Hearsay.  FRE 801, 802.  Speculation.  Further, defendant's cited evidence does not support this purported fact, as it does not involve instances of mistaken purchasing decisions and thus provides no evidence of actionable confusion. |
| | **Defendant's Evidence:** |
| | McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114115-135, Exs. 8-24; Simon Decl. ¶¶ 2-3 |
| | **Fox's Evidence:** |
| | Lens Decl., Ex. 8, p. 96. |
| 82.    Fox has used the "Empire" name as a source-identifier outside of the construct of the Empire series. | **FOX'S RESPONSE:** |
| | Disputed.  Relevance.  FRE 401.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler |

FOX'S REPLY STATEMENT OF UNCONTROVERTED FACTS & CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Decl. ¶ 4, Ex. 69, Ross Decl. ¶ 3, and Bywater Decl. ¶ 3.  These pieces of evidence reference the music and limited promotional products released *in connection with the* Empire *series.* They do not suggest that Fox is using the "Empire" name "outside of the construct of the *Empire* series."<br><br>**Defendant's Evidence:**<br>Bywater Decl. ¶ 3; Ross Decl. ¶ 2; Bowler Decl., ¶ 4, Ex. 69 at 22:3-5, 22:10-18, 22:25-23:1, 23:4-6; 23:8-9, 23:14-24:4; 24:8-25:7, 25:11-23, 32:23-33:10, 33:14-15, 33:21-34:5, 34:9-10, 34:13-14, 34:16-22, 37:22-23, 38:2-10, 38:25-39:5, 39:7-13, 39:18-22; 59:4-7, 66:24-67:5, 67:8-21, 70:2-17, 70:21, 85:3-10, 85:14-17, 130:15-17, 130:20-22, 131:4-6; 132:2-5, 132:14-17, 132:20-24, 133:2-5, 133:9-13, 133:15-16, 133:20, 133:24-134:1, 134:9-10, 134:13-17, 134:20-137:11, 138:8-14, 138:17-24; 139:20-140:11; 140:20-141:2; 142:19-143:4; 143:15- |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | 20; 144:8-17, 145:2-12, 158:5-8, 158:11-21, 163:1-3, 163:10-164:1, 164:5-7, 164:11-164:24, 165:15-16, 165:19-21, 167:3-4, 167:7, 208:3-6; 209:15-24, 210:4-5, 210:8-1; Bywater Exs. 3, 4, 10, 11, 12, 13, 30. |
| 83.    Empire has been involved in network television programming and intends to continue using television-based media to promote and grow its brand. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Mr. Shami's appearance on one episode of a reality television show, participation in the production of music videos that have appeared on television, and vague plans to have Empire Distribution's artists appear on television in the future do not support defendant's claim that Empire Distribution has been *involved with network television programming.*  **Defendant's Evidence:** Shami Decl. ¶¶ 136-141 |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 84.   Fox's purported survey expert, Philip Johnson, conducted a survey purporting to measure the extent of "reverse confusion" between the Empire's marks and the *Empire* series and *Empire* series music. | **FOX'S RESPONSE:** Undisputed that Mr. Johnson conducted a survey to test for reverse confusion. However, Fox disputes to the characterization of Mr. Johnson as a "purported" survey expert. **Defendant's Evidence:** Bowler Decl., ¶ 6, Ex. 71 (Johnson Deposition Transcript) at 20:2-10. |
| 85.   Fox's purported survey expert, Deborah Jay, conducted a survey purporting to measure the extent of "forward confusion" between the Empire's marks and the *Empire* series and *Empire* series music. | **FOX'S RESPONSE:** Undisputed that Dr. Jay conducted a survey to test for forward confusion. However, Fox disputes to the characterization of Dr. Jay as a "purported" survey expert. **Defendant's Evidence:** Lens Decl., ¶ 11, Ex. 8. |
| 86.   The survey conducted by Philip Johnson does not provide a valid scientific basis for measuring the extent | **FOX'S RESPONSE:** Disputed.  The opinion cited by defendant is also immaterial, as its |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| of reverse confusion in this matter. | expert presents no survey data showing that any of his alleged criticisms would have changed Mr. Johnson's survey results.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶21<br><br>**Fox's Evidence:**<br>Lens Decl., Ex. 9 |
| 87.    Philip Johnson's choice of stimuli inhibited respondents from linking the stimuli with Empire. | **FOX'S RESPONSE:**<br>Disputed.  The opinion cited by defendant is also immaterial, as its expert presents no survey data showing that his alleged criticism would have changed Mr. Johnson's survey results.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶21<br><br>**Fox's Evidence:**<br>Lens Decl., Ex. 9 |

- 86 -

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Lens Reply Decl., Ex. 26 (P. Johnson Depo.) at 43:1-44:10, 61:6. |
| 88.    Philip Johnson's survey question wording minimized the possibility of respondents linking the stimuli with Empire. | **FOX'S RESPONSE:** Disputed.  The opinion cited by defendant is also immaterial, as its expert presents no survey data showing that his alleged criticism would have changed Mr. Johnson's survey results.<br><br>**Defendant's Evidence:** Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶21<br>**Fox's Evidence:** Lens Decl., Ex. 9 Lens Reply Decl., Ex. 26 (P. Johnson Depo.) at 61:9-63:3. |
| 89.    Philip Johnson's survey did not measure confusion among consumers who have encountered both parties' marks. | **FOX'S RESPONSE:** Disputed.  Defendant's cited evidence does not support this purported fact. This purported fact is also immaterial and inaccurate, because in a reverse confusion survey, the appropriate universe is the senior user's (*i.e.*, |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | defendant's) customers.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 6, Ex. 71 at 21:11-14, 21:16-21, 21:23-22:3, 22:5-18.<br><br>**Fox's Evidence:**<br>McCarthy on Trademarks and Unfair Competition § 32:159<br>Lens Decl., Ex. 9 |
| 90.    Deborah Jay's survey results do not generalize beyond the situation where a consumer is watching a television trailer or commercial. | **FOX'S RESPONSE:**<br>Disputed.  The opinion cited by defendant is also immaterial, as its expert presents no survey data showing that his alleged criticism would have changed Dr. Jay's survey results.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶22<br><br>**Fox's Evidence:**<br>Lens Decl., Ex. 8<br>Lens Reply Decl., Ex. 27 (D. Jay Depo.) at 18:1-18, 19:13-24, 20:20- |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | 21:7, 22:14-24:9. |
| 91.    In particular, Deborah Jay's survey results could not be generalized to a situation when a consumer searches for the *Empire* television show or its soundtrack or hip hop music generally on a platform like iTunes or Google Play or Google search engine. | **FOX'S RESPONSE:** Disputed.  The opinion cited by defendant is also immaterial, as its expert presents no survey data showing that his alleged criticism would have changed Dr. Jay's survey results or is relevant to any issue in this case. **Defendant's Evidence:** Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶22 **Fox's Evidence:** Lens Decl., Ex. 8 |
| 92.    Deborah Jay's survey cannot be used to measure confusion amongst the subset of consumers who participate in the activities mentioned above. | **FOX'S RESPONSE:** Disputed.  The opinion cited by defendant is also immaterial, as its expert presents no survey data showing that his alleged criticism would have changed Dr. Jay's survey results or is relevant to any issue in this case. **Defendant's Evidence:** |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶22<br><br>**Fox's Evidence:**<br>Lens Decl., Ex. 8 |
| 93.    Deborah Jay's survey did not account for the *Empire* Series Music. | **FOX'S RESPONSE:**<br>Disputed.  Defendant's cited evidence does not support this purported fact. This purported fact is also immaterial, as Dr. Jay's survey used a representative stimulus.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 5, Ex. 70 (Jay Deposition Transcript) at 20:2-3, 20:6-11, 20:16-21:18, 21:23, 21:25-22:15, 22:19-23:4.<br><br>**Fox's Evidence:**<br>Lens Decl., Ex. 8<br>Lens Reply Decl., Ex. 27 (D. Jay Depo.) at 18:1-18, 19:13-24, 20:20-21:7, 22:14-24:9. |
| 94.    Record labels are important to consumers of rap, hip hop, and R&B | **FOX'S RESPONSE:**<br>Disputed.  Impermissible opinion |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| music. | testimony.  FRE 701.  Improper bases for expert opinion.  FRE 703.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 12-22, 46; McDaniels Decl. ¶¶ 9-14; Douthit Decl. ¶¶ 7-10; Julien Decl. ¶¶ 12-21; Shami Decl., ¶¶ 62-83<br><br>**Fox's Evidence:**<br>Lens Decl., Ex. 7, p. 86-88. |
| 95.    EMPIRE is a well-known and respected label in the rap and hip hop music genre/space. | **FOX'S RESPONSE:**<br>Disputed.  Impermissible opinion testimony.  FRE 701.  Improper bases for expert opinion.  FRE 703.<br><br>**Defendant's Evidence:**<br>Shami Decl., ¶¶ 6-21, 35-61; Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 24-33, 47; McDaniels Decl. ¶¶ 4-8; Douthit Decl. ¶¶ 11-14; Julien Decl. ¶¶ 7-11; McDaniels Decl. ¶¶ 4-8; Douthit Decl. ¶¶ 11-14; Julien Decl. ¶¶ 7-11 |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Fox's Evidence:** Lens Decl., Ex. 7, p. 88-89. |
| 96.    EMPIRE receives significant press in industry and national publications. | **FOX'S RESPONSE:** Disputed as to defendant's characterization of the articles identified in Bowler Decl. ¶ 3, Exs. 42-68 as "significant press."  The articles speak for themselves.  **Defendant's Evidence:** Bowler Decl., ¶ 3, Exs. 42-68. |
| 97.    Some consumers are likely to be confused regarding the affiliation between EMPIRE's use of the brand or term "Empire" and Fox's use of the term "Empire" in connection with the *Empire* television series and sales of the *Empire* series music. | **FOX'S RESPONSE:** Disputed.  Impermissible opinion testimony.  FRE 701.  Improper bases for expert opinion.  FRE 703.  Further, defendant's cited evidence does not support this purported fact, as it does not involve instances of mistaken purchasing decisions and thus provides no evidence of actionable confusion.  **Defendant's Evidence:** Bowler Decl., ¶ 8, Ex. 73 (Expert |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Report of Dr. Kristen J. Lieb) at ¶3, 34-45, 48; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114; Simon Decl. ¶¶ 2-3 **Fox's Evidence:** Lens Decl., Ex. 8, p. 96. |
| 98.    On July 31, 2015, Fox served its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) identifying only six individuals including:  Geoff Bywater (SVP, Television Music); Jeremy Kaufman (VP, Intellectual Property, Fox Group Legal); Vibiana Molina (SVP, Business Affairs); Shannon Ryan (EVP, Marketing and Communications); Mei-lan Stark (SVP, Intellectual Property, Fox Group Legal); and Michael Thorn (EVP, Development). | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. **Defendant's Evidence:** Villar Decl. ¶ 2, Ex. 25 |
| 99.    Shannon Ryan, whom Fox has not made available for deposition, has significant relevant knowledge regarding *Empire* Series Music marketing and promotional efforts. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Decl. ¶ 4, Ex. 69 at 32:12-22.  That portion of the transcript states that Ms. Ryan "is on the marketing team of FBC" and that Mr. Bywater has interactions with Ms. Ryan regarding marketing opportunities for *Empire*. **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 32:12-22. |
| 100.    Fox has not yet produced a witness on the selection of the name "Empire" for the *Empire* Series. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 45:23-47:1, 47:4. That portion of the transcript states that Mr. Bywater does not know how the name "Empire" was selected for Fox's television series, not that Fox has not yet produced a witness on this topic. **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 45:23-47:1, |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | 47:4. |
| 101.    Fox has not yet produced a witness on whether Fox conducted trademark searches prior to adopting the name "Empire." | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 49:13-15, 49:19. That portion of the transcript states that conducting trademark searches prior to adopting the name "Empire" would not be part of Mr. Bywater's job, not that Fox has not yet produced a witness on this topic.<br><br>**Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 49:13-15, 49:19. |
| 102.    Fox has not yet provided a witness with knowledge of Fox's marketing spend on *Empire* Series Music. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Decl. ¶ 4, Ex. 69 at 150:3-9.  That portion of the transcript states that Mr. Bywater did not know how much the network spent marketing *Empire* and that Shannon Ryan could probably answer that question, not that Fox has not yet produced a witness on this topic. <br><br> **Defendant's Evidence**: <br> Bowler Decl., ¶ 4, Ex. 69 at 150:3-9. |
| 103.   Fox has not produced the witness most knowledgeable regarding sales data for the *Empire* Series Music. | **FOX'S RESPONSE**: <br> Disputed.  Relevance.  FRE 401.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 165:23-166:5, 166:11-15.  That portion of the transcript states that Mr. Bywater had not looked at the current week's report to see how many downloads there had been to date of music released from the second season of *Empire* and that |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | marketing would know more about the reports than he would, not that Fox has not yet produced a witness on this topic.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 165:23-166:5, 166:11-15. |
| 104.    There were many other individuals known to Fox who have discoverable information who were not identified in Fox's Initial Disclosures including, for example, the creators and executive producers of the *Empire* series, Daniel Strong and Lee Daniels, and other employees of Fox and Columbia Records who release music from the *Empire* series. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.  Lack of personal knowledge.  FRE 602.<br><br>**Defendant's Evidence:**<br>Villar Decl. ¶ 3 |
| 105.    Fox filed seven declarations in support of its Motion for Summary Judgment, five of which are purported percipient witnesses (Melissa Blazek, Geoff Bywater, Tracey Raftery, Andrew | **FOX'S RESPONSE:**<br>Disputed.  Lack of personal knowledge. FRE 602.<br><br>**Defendant's Evidence:** |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Ross, and Shannon Ryan) and two of which are Fox's attorneys of record, Molly Lens and Farrah Reynolds of O'Melveny & Myers LLP. | Villar Decl. ¶ 3 |
| 106.    Three of the five (60%) percipient witnesses (Melissa Blazek, Tracey Raftery, and Andrew Ross) who submitted declarations in support of Fox's Motion for Summary Judgment were *not disclosed* in Fox's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1). | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.<br><br>**Defendant's Evidence:**<br>Villar Decl. ¶ 3 |
| 107.    As of the date EMPIRE's opposition was due, Fox had not amended or supplemented its Initial Disclosures pursuant to Fed. R. Civ. P. 26(e). | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.<br><br>**Defendant's Evidence:**<br>Villar Decl. ¶ 4 |
| 108.    Despite serving a First Request for Production of Documents on July 17, 2015, Fox did not make its initial production documents until on or about December 7, 2015, nearly five months later and just *9 days* before filing its | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.<br>Defendant further misstates and omits important facts.  First, Fox made its initial production on December 4, not December 7.  Second, defendant |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Motion for Summary Judgment. | likewise made its initial production on this date, and it was *Fox* who first proposed a date for the parties' mutual production of documents.  Defendant never proposed an earlier date.  Finally, defendant stipulated to the briefing schedule for summary judgment *after* receiving Fox's initial production.<br><br>**Defendant's Evidence:**<br>Villar Decl. ¶ 7<br><br>**Fox's Evidence:**<br>Lens Reply Decl. ¶¶ 2-6. |
| 109.    Despite serving numerous subpoenas on August 11, 2015, and reaching agreement on the scope of production with Fox's counsel regarding Fox Music in October 2015 and regarding Lee Daniels and Daniel Strong in November 2015, these witnesses have not produced a single document responsive to the subpoenas as of the date EMPIRE's opposition was due. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.<br><br>**Defendant's Evidence:**<br>Villar Decl. ¶ 11 |
| 110.    As of the date EMPIRE's | **FOX'S RESPONSE:** |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| opposition was due, Fox has only made *one* percipient witness, Geoff Bywater, available for deposition. | Disputed. Relevance. FRE 401. Defendant misstates the facts in that Mr. Bywater was made available as both a percipient witness and as Fox's 30(b)(6) witness on many topics. Defendant further omits the fact that, at defendant's request, Fox also made two of its experts available for deposition prior to the date defendant's opposition was due.<br><br>**Defendant's Evidence:**<br>Villar Decl. ¶ 20<br><br>**Fox's Evidence:**<br>Lens Reply Decl. ¶¶ 6-9. |
| 111.   As of the date EMPIRE's opposition was due, Fox had not provided any confirmed dates for the depositions of expert witnesses Ted Cohen and Erich Joachimsthaler. | **FOX'S RESPONSE:**<br>Disputed. Relevance. FRE 401.<br><br>**Defendant's Evidence:**<br>Villar Decl. ¶ 25<br><br>**Fox's Evidence:**<br>Lens Reply Decl. ¶ 6-7. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 112.    EMPIRE is unable to present facts essential to oppose Fox's Motion for Summary Judgment because the depositions, documents and other discovery that EMPIRE has requested from Fox is directed at issues raised by Fox in its Motion including, but not limited to, the origin and Fox's selection of the *Empire* name; Fox's knowledge of the EMPIRE marks (including Fox's trademark searches relating to the EMPIRE marks); Fox's marketing expenses and promotional efforts relating to the *Empire* series and *Empire* series music; sales data for the *Empire* series music; the strength of the remarks at issue; the proximity of the goods; the similarity of the marks; the evidence of actual and likely confusion; the marketing channels used; the type of goods and the degree of care likely to be exercised by the purchaser; Fox's intent in selecting the mark; and the likelihood of expansion of the product lines. | **FOX'S RESPONSE:**<br>Disputed.  Impermissible legal conclusion.  FRE 701.  Relevance. FRE 401.<br><br>**Defendant's Evidence:**<br>Villar Decl. ¶¶ 2-34<br><br>**Fox's Evidence:**<br>Lens Reply Decl. ¶¶ 2-9. |
| 113.    Fox once owned a record label, | **FOX'S RESPONSE:** |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Fox Records, but it did not succeed because it was not "set up properly." | Disputed.  Relevance.  FRE 401.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 15:22, 16:3-7.  That portion of the transcript states that Fox records was a record label that was disbanded, but does not state that Fox owned this record label.  Earlier in the transcript, Mr. Bywater testifies that Fox Records "was kind of an imprint partnership deal" with BMG.  Bowler Decl. ¶ 4, Ex. 69 at 15:5-10.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 (Bywater Deposition Transcript) at 15:22, 16:3-7. |
| 114.   Music has been a focus of Fox's business for years; for example, Geoff Bywater rose through the ranks at Fox to become Head of Music by working in Fox's dedicated music department for film and television. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 15:8-17:2, 17:6- |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | 19:9, 19:11-24, 20:2-5, and 21:16-22:2. That portion of the transcript states that Mr. Bywater worked on soundtracks in Fox's film division and then on the music that goes into television shows in Fox's television division prior to obtaining his current position, not that "[m]usic has been a focus of Fox's business for years."<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 15:8-17:2, 17:6-19:9, 19:11-19:24, 20:2-5, 21:16-22:2.. |
| 115.    Music became such a major part of Fox's television business that Fox created a television music department separate from film. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 18:22-19:9 and 19:11-17.  That portion of the transcript states that television became a bigger business generally, not that music |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | became "a major part of Fox's television business." **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 18:22-19:9, 19:11-17/ |
| 116.    Fox, like any major record label, signs musical artists to extensive music contracts, including exclusive "360 deals" which cover recording, publishing, merchandising, name and likeness rights, live concert touring rights, etc. | **FOX'S RESPONSE:** Disputed to the extent that defendant suggests Fox acts "like any major record label" and suggests that deals that Fox signs with musical artists are "extensive."  Defendant's cited evidence does not support these purported facts.  Further disputed to the extent this purported fact is incomplete because Columbia, not Fox, has the right to pick up options.  Further disputed to the extent defendant uses "etc."  This term is vague, ambiguous, and unclear.  Finally, disputed to the extent that defendant suggests Fox enters deals with musical artists not associated with its television shows. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Deals that Fox makes with musical artists are related to Fox's television shows. *See, e.g.,* Bowler Decl. ¶ 4, Ex. 69 at 22:10-18, 23:4-6, 24:3-4, 24:8-12. |
| | **Defendant's Evidence:** |
| | Bowler Decl., ¶ 4, Ex. 69 at 22:3-5, 22:10-18, 22:25-23:1, 23:4-6; 23:8-9, 23:14-24:4; 24:8-25:7, 25:11-23; 130:15-17, 130:20-22, 131:4-6; 132:2-5, 132:14-17, 132:20-24, 133:2-5, 133:9-13, 133:15-16, 133:20, 133:24-134:1, 134:9-10, 134:13-17, 134:20-137:11; Bywater Exs. 10, 11 |
| 117.    Fox enters into contractual agreements that record labels traditionally enter into, including at least artist agreements, label waiver agreements, songwriter agreements, publishing agreements, composer agreements, licensing agreements, and remixer agreements, for the creation of *Empire* Series Music. | **FOX'S RESPONSE:** Disputed to the extent that defendant suggests "record labels traditionally enter into" certain agreements. Defendant's cited evidence does not support this purported fact.  Further disputed to the extent defendant suggests "Fox enters into … artist agreements, [and] label waiver |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | agreements."  Defendant's cited evidence does not support this purported fact.  Further disputed to the extent defendant uses the term "contractual agreements that record labels traditionally enter into."  This term is vague and ambiguous.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 138:8-14, 138:17-24; 139:20-140:11; 140:20-141:2; 142:19-143:4; 143:15-20; 144:8-17, 145:2-12; Bywater Exs. 10, 11, 12, 13. |
| 118.    Fox is "develop[ing] talent" like a record label and cannot afford to "have them go someplace else," and therefore requires its artists to sign extensive, exclusive music contracts with Fox. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  Fed. R. Evid. 401.  Defendant's cited evidence does not support this purported fact. Defendant misstates the testimony cited in Bowler Decl. ¶ 4, Ex. 69 at 24:14-25:5.  Defendant suggests Fox currently "is 'develop[ing] talent' … and therefore requires its artists to sign |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | extensive, exclusive music contracts with Fox." However, the cited testimony refers to actions Fox took in the past on the series *Glee*, which has been off the air since March 2015. The cited testimony does not refer to Fox's actions with respect to *Empire*.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 24:14-25:5. |
| 119.    Fox uses *Empire* to launch solo careers for its artists. | **FOX'S RESPONSE:**<br>Disputed to the extent defendant suggests that the purpose of *Empire* is to launch solo careers for musical artists. Defendant's cited evidence does not support this purported fact. Defendant misstates the testimony cited in Bowler Decl. ¶ 4, Ex. 69 at 70:23-71:4, 71:8-17, 71:20. That portion of the transcript states that Fox hopes that the show serves as a launching pad for *Empire*'s cast members, Yazz, Jussie, and Serayah, to end up having solo |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | careers.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 70:23-71:4, 71:8-17, 71:20. |
| 120.    Like a record label, Fox is seeking to locate and retain unknown musical artist talent. | **FOX'S RESPONSE:**<br>Disputed.  Defendant's cited evidence does not support this purported fact. Mr. Bywater's testimony describes a one-off "promotion, publicity contest" that was "just another way of grabbing some additional fun for the fans." Bowler Decl. ¶ 4, Ex. 69 at 128:15-18. Defendant's cited evidence does not demonstrate any plan or strategy by Fox "to locate and retain unknown musical artist talent."   Further, the testimony does not purport to describe how a record label acts.  Finally, defendant's use of the word "retain" is misleading.  The grand prize for this contest was an *Empire* set visit and the opportunity at Fox's discretion to |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | appear on one episode of *Empire*.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 126:14-127:18, 127:25-128:4, 128:12-129:15. |
| 121.    Fox entities, known collectively as "Fox," own the rights to the *Empire* Series and the *Empire* Series Music. | **FOX'S RESPONSE:**<br>Disputed to the extent that the terms "Fox entities" and "rights" are vague and ambiguous.  Impermissible legal conclusion.  Fed. R. Evid. 701.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 26:12-15, 26:18-25, 27:4-8, 27:11, 27:16-21, 27:25-5; 100:11-14, 100:17-21. |
| 122.    Fox's *Empire* Series Music team collaborates with Fox Broadcasting Company to market *Empire* Series Music through appearances on TV, and by providing music to content providers on a regular basis for radio and online advertising. | **FOX'S RESPONSE:**<br>Disputed.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony.  Defendant's counsel asked Mr. Bywater  whether his team collaborates "with the marketing team |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | at FBC as it relates to the 'Empire' show."  This question and Mr. Bywater's answer relate to the *Empire* series, not to whether Mr. Bywater's team collaborates with Fox Broadcasting Company to market *Empire* Series Music.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 32:2-11. |
| 123.    Fox maintains a merchandising business unit that is responsible for creating "Empire" branded merchandise, which consists of promotional items. | Undisputed. |
| 124.    The music model for Fox's massively popular musical television show "GLEE" is similar to the music model for *Empire*, and served as the "prototype" for *Empire*. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 34:9-10, 34:13-14. That portion of the transcript states that the music model for *Empire* is similar to the music model for *Glee* and that |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | "*Glee* kind of became the prototype for *Empire*." <br><br> **Defendant's Evidence:** <br> Bowler Decl., ¶ 4, Ex. 69 at 34:9-10, 34:13-14. |
| 125.    "GLEE" demonstrated the significant business potential associated with using music on television. | **FOX'S RESPONSE:** <br> Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 34:16-22.  That portion of the transcript states "[Glee] just showed what can happen when television uses music in a super great way.  You know, when *Empire* came along, people looked at it and said this looks like it's the same kind of television show, only from more of an African-American position." <br><br> **Defendant's Evidence:** <br> Bowler Decl., ¶ 4, Ex. 69 at 34:16-22. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | |
| 126.   Fox partners with Columbia Records to release music for "GLEE" and *Empire*. | **FOX'S RESPONSE:** Disputed to the extent that any partnership with Columbia Records for *Glee* is in the past as *Glee* is off the air. Relevance.  FRE 401. **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 34:23-35:1, 35:8-9, 35:12. |
| 127.   Unlike "GLEE," *Empire* creates almost all original music geared toward the urban music genres. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 36:6-11; 36:24-25; 37:3-7, 50:5, 50:8-9, 51:10-11, 51:16-52:1. |
| 128.   *Empire* Series Music was designed fill a gap in the marketplace, and has therefore significantly contributed to *Empire*'s success. | **FOX'S RESPONSE:** Disputed.  Defendant's cited evidence does not support this purported fact. Defendant misstates the cited |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | testimony.  The cited testimony of Mr. Bywater says nothing about a gap in the marketplace.  Further, defendant's counsel asked about the *Empire* series, and Mr. Bywater's answer is about "the success of the show," not about the *Empire* Series Music.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 36:12-23. |
| 129.    The *Empire* Series and *Empire* Series Music is targeted toward African Americans and over-performs in larger urban markets. | **FOX'S RESPONSE:**<br>Disputed to the extent that defendant's cited evidence does not support the purported fact that the *Empire* Series and *Empire* Series Music are targeted toward African Americans.  Defendant mischaracterizes the cited testimony. Mr. Bywater stated the show has strong African American appeal, Bowler Decl. ¶ 4, Ex. 69 at 54:16-19, and that the purpose of understanding demographics in his business is to make sure the music he creates |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | resonates, *id.* at 55:24-56:1, 56:5-8, but he never testified that *Empire* and the Soundtracks are targeted toward African Americans.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 54:8-22, 54:25-55:9, 55:13-15, 55:24-56:1, 56:5-8; 106:11-24. |
| 130.    The *Empire* Series Music concept was developed early in the Empire Series development process. | Undisputed. |
| 131.    Fox uses original music for *Empire* as opposed to licensed non-original music at least because it allows Fox to use the song in advertising not only for the *Empire* Series but for "any of its ancillary businesses." | **FOX'S RESPONSE:**<br>Disputed.  Hearsay.  FRE 801, 802.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony.  Mr. Bywater describes the "benefits" of using original music for *Empire*.  These benefits include the ability to use the music in advertising.  However, this is not the reason why Fox uses original music in *Empire*.  When asked, "Why |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | does Fox use original music for "Empire" …?", Mr. Bywater responded, "Well, it was the vision of the show creators, Lee Daniels and Danny Strong, and it was the way we were going to make the show from the very beginning."  Bowler Decl. ¶ 4, Ex. 69 at 37:9-11, 37:15-18.  In other words, there were creative and artistic reasons for using original music in *Empire*. **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 37:22-23, 38:2-10, 38:25-39:5, 39:7-13, 39:18-22; 66:24-67:5, 67:8-21, 70:2-17, 70:21; Bywater Exs. 3,4 **Fox's Evidence:** Bowler Decl. ¶ 4, Ex. 69 at 37:9-11, 37:15-18. |
| 132.    Timbaland, a well-respected musical artist and producer, is the executive music producer for *Empire* Series Music. | Undisputed. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 133. Timbaland works with a team of established music industry partners to write, produce and finalize the *Empire* Series Music for distribution to consumers. | **FOX'S RESPONSE:** Disputed to the extent that defendant's cited evidence does not support the purported fact that music is written, produced, and finalized "for distribution to consumers." Defendant misstates the cited testimony. Mr. Bywater testified that Timbaland and his team write music "for a TV show," rather than for distribution to consumers.

**Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 62:6-9, 62:12-63:2, 63:11-12, 63:16-64:1, 65:4-6, 65:9-11. |
| 134. Fox releases three to five songs used in each episode of the *Empire* Series. | **FOX'S RESPONSE:** Disputed to the extent that defendant's cited evidence does not support the purported fact that Fox "releases" three to five songs used in each episode. Defendant misstates the cited testimony. Rather, in the cited |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | testimony, Mr. Bywater testified that there are three to five songs per episode of *Empire*.  Further disputed to the extent that Fox is not the entity that releases the *Empire* music.  Rather, Columbia Records releases the *Empire* music.  Bowler Decl. ¶ 4, Ex. 69 at 98:11-14.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 58:17-19.<br><br>**Fox's Evidence:**<br>Bowler Decl. ¶ 4, Ex. 69 at 98:11-14. |
| 135.    *Empire* Series Music is often released before the Empire Series episode is aired. | Undisputed. |
| 136.    Approximately 65 songs are released per season of the *Empire* Series. | Undisputed. |
| 137.    Consumers recognize *Empire* Series Music by the song title. | Undisputed. |
| 138.    *Empire* Series Music is marketed to and available to all consumers, not just consumers who have seen the | Undisputed. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| *Empire* Series television show. | |
| 139.    A team of writers consults with Fox regarding the way that real-life record labels operate. | **FOX'S RESPONSE:** Disputed.  Defendant's cited evidence does not support the purported fact that a team of writers consults with Fox regarding the way that real-life record labels operate.<br><br>**Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 48:22-25, 49:3-5. |
| 140.    The *Empire* Series depicts artists creating original songs in a recording studio. | **FOX'S RESPONSE:** Disputed.  Defendant's cited evidence does not support this purported fact. Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 61:22-25. That portion of the transcript states that the story line of *Empire* sometimes has the *character actors* in the recording studio.<br><br>**Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 61:22-25. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | |
| 141.   The *Empire* Series depicts artists giving live performances. | **FOX'S RESPONSE:** Disputed.  Defendant's cited evidence does not support this purported fact. Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 62:1-3. That portion of the transcript states that the story line of *Empire* sometimes has the *character actors* giving live musical performances.  **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 62:1-3. |
| 142.   Real-life musical artists appear on and release songs through *Empire*. | **FOX'S RESPONSE:** Disputed.  Defendant's cited evidence does not support this purported fact. Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 72:24-13. That portion of the transcript states that *Empire* has real-life musical artists make guest appearances on the show and that Snoop Dogg debuted his single "Peaches N Cream" on the show, not |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | that real-life musical artists "release songs through *Empire*."  Indeed, the transcript later notes that this single was released *a week or two before* Snoop Dogg appeared on the show.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 72:24-13.<br><br>**Fox's Evidence:**<br>Bowler Decl. ¶ 4, Ex. 69 at 93:1-4. |
| 143.     Real-life musical artists appear on *Empire* to "bring more reality into the show." | Undisputed. |
| 144.     Real-life rapper Snoop Dogg appeared on *Empire* as himself to release in real-life on iTunes an independently created single called "Peaches N Cream" that was portrayed as being recorded at and released in partnership with *Empire*. | **FOX'S RESPONSE:**<br>Disputed.  Lack of personal knowledge.  FRE 602.  Impermissible hearsay.  FRE 801, 802.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19, and 93:1-11 and Bywater Ex. 7.  That portion of the transcript states that Snoop Dogg's |

FOX'S REPLY STATEMENT OF UNCONTROVERTED FACTS & CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | single "Peaches N Cream" was released *a week or two before* the episode on which Snoop Dogg appeared, not that Snoop Dogg released this single on the show. That portion of the transcript further states that Mr. Bywater did not remember the story line with respect to Snoop Dogg, not that Snoop Dogg's single "was portrayed as being recorded at and released in partnership with *Empire*." |
| | **Defendant's Evidence:** |
| | Bowler Decl., ¶ 4, Ex. 69 at 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19; 93:1-11; Bywater Ex. 7. |
| 145.    Duets with real-life artists improve sales of *Empire* Series Music. | **FOX'S RESPONSE:** Disputed. Defendant's cited evidence does not support this purported fact. Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 124:21-125:16. That portion of the transcript |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | states that ███████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████████████████ ████████████ That portion of the transcript does not make any general statement about real-life artists improving the sales of *Empire* series music.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 124:21-125:16. |
| 146.    Fox values having talent that could "hold up their own in music" to lend authenticity and realism to the *Empire* Series. | Undisputed. |
| 147.    *Empire* is "really deep in the world of music" and Fox wants "to make that world feel very real." | **FOX'S RESPONSE:**<br>Disputed.  Impermissible hearsay.  FRE 801, 802.<br><br>**Defendant's Evidence:** |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Bowler Decl., ¶ 4, Ex. 69 at 83:25-84:7, 84:11-21; Bywater Ex. 6. |
| 148.    Fox partners with Columbia to release *Empire* Series Music in popular formats (digital and physical) and through traditional distribution channels (i.e., iTunes, Spotify, Pandora, Walmart, Target, etc.). | **FOX'S RESPONSE:** Disputed.  Defendant's cited evidence does not support this purported fact. Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 94:21-23, 95:1-19, 95:22-97:9, 99:2-99:15, 99:18-100:10, 101:8-102:13, 108:11-13, and 108:16-23.  That portion of the transcript states that Fox provides the songs from each episode of *Empire* to Columbia, and Columbia then releases and distributes the music.  That portion of the transcript further states that Fox has no role in the  distribution of the music, not that "Fox partners with Columbia to release *Empire* series music."

**Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 94:21-23, 95:1-19, 95:22-97:9, 99:2-99:15, 99:18- |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | 100:10; 101:8-102:13; 108:11-13, 108:16-23. |
| 149.    Fox contemplated rolling out a digital-only format for the *Empire* Series Music. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. Inadmissible hearsay.  FRE 801, 802. **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 104:13-22; 105:7-22; Bywater Ex. 8. |
| 150.    *Empire* Series Music has appeared on the Billboard Top 100 and 200 charts, including at No. 1, as well as urban, rap, R&B, and hip hop genre-specific charts. | Undisputed. |
| 151.    *Empire* Series Music has appeared on iTunes hip hop, urban, and album charts. | Undisputed. |
| 152.    Fox has sold just under 500,000 physical albums of *Empire* Series Music. | **FOX'S RESPONSE:** Disputed.  Defendant's cited evidence does not support this purported fact. Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 163:1-3, 163:10-164:1.  That portion of the |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | transcript does not state that *Fox*, as opposed to Columbia, sold any physical albums of *Empire* Series Music.  With respect to the number of sales, that portion of the transcript states that 65,000 physical copies of the soundtrack album from Season 2 and around 430,000 units, *combined digital and physical*, of the soundtrack album from Season 1 were sold, with approximately 60% of these sales being physical.  The transcript thus states that the total number of *physical* albums sold is approximately 320,000, not 500,000.<br><br>**Defendant's Evidence**:<br>Bowler Decl., ¶ 4, Ex. 69 at 163:1-3, 163:10-164:1.<br><br>**Fox's Evidence**:<br>Bywater Decl. ¶ 3; Ross Decl. ¶¶ 2-5. |
| 153.    Fox has sold approximately 3 million downloads comprising individual track sales of *Empire* Series | **FOX'S RESPONSE:**<br>Disputed.  Defendant's cited evidence does not support this purported fact. |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Music. | Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 164:5-7, 164:11-24, 165:15-16, and 165:19-21. That portion of the *Fox*, as opposed to Columbia, sold any downloads comprising individual track sales of *Empire* Series Music.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 164:5-7, 164:11-164:24, 165:15-16, 165:19-21.<br><br>**Fox's Evidence:**<br>Bywater Decl. ¶ 3; Ross Decl. ¶¶ 2-5. |
| 154.    The largest consumption of *Empire* Series Music is through streaming services such as Spotify. | Undisputed. |
| 155.    *Empire* Series Music has been streamed well over 100 million times. | Undisputed. |
| 156.    *Empire* Series Music sells for approximately $13 per album, and $1 per song. | Undisputed. |
| 157.    Fox monitors sales data for the *Empire* Series Music through platforms such as SoundScan. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 161:18-25, 162:9-12.  That portion of the transcript states that Mr. Bywater receives Soundscan sales reports *from Columbia*, not that Fox monitors sales data.  Exhibit 17 similarly reflects that Mr. Bywater receives Soundscan sales reports *from Columbia*, not that Fox monitors sales data.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 161:18-25, 162:9-12; Bywater Ex. 17. |
| 158.    As with "Glee," Fox maintains ownership of the *Empire* Series Music and has entered into an unexecuted profit-sharing agreement with Columbia Records. | **FOX'S RESPONSE:**<br>Disputed.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 120:18-121:18, 122:13-123:1, 146:21-147:12, 148:8-24, 149:6-12, and 149:15.  That portion of the transcript does not state |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | that Fox "has entered into an unexecuted profit-sharing agreement with Columbia Records" but rather notes that Fox has no signed agreement with Columbia and describes the principle deal points of the draft agreement with Columbia.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 120:18-121:18; 122:13-123:1, 146:21-147:12; 148:8-24, 149:6-12, 149:15; Bywater Exs. 14, 15 |
| 159.    Fox's first distribution of ▉▉▉ under its ▉▉▉▉▉▉ agreement with Columbia was for approximately ▉▉▉ ▉▉▉ | **FOX'S RESPONSE:**<br>Disputed.    Defendant's cited evidence does not support this purported fact. Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 158:5-8. That portion of the transcript states that ▉▉▉▉▉▉▉▉▉▉▉▉ |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 158:5-8, 158:11-21. |
| 160.   Like "GLEE," Fox intends *Empire* to become a big piece of the music business through touring and marketing. | **FOX'S RESPONSE:** Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 85:3-10, 85:14-17. That portion of the transcript states that *Glee* became a big piece of music business and big piece of TV business and that Mr. Bywater "was comparing the early success of 'Empire' to the things [Fox] learned through 'Glee' and in the area of touring and marketing," not that Fox intends *Empire* to become a big piece of the music business through touring and marketing.  In fact, there has been no touring with *Empire*. **Defendant's Evidence:** Bowler Decl., ¶ 4, Ex. 69 at 85:3-10, |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | 85:14-17.<br><br>**Fox's Evidence:**<br>Bowler Decl. ¶ 4, Ex. 69 at 85:22, 85:25. |
| 161.    A dedicated marketing plan is created with respect to the *Empire* Series Music. | **FOX'S RESPONSE:**<br>Disputed to the extent defendant suggests that Fox, rather than Columbia, creates the marketing plan for the *Empire* series music. Defendant's cited evidence indicates that Columbia creates this marketing plan.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 123:12-124:3. |
| 162.    Fox maintains approval rights over the marketing plan for the *Empire* Series Music. | **FOX'S RESPONSE:**<br>Disputed to the extent defendant suggests that Fox maintains approval rights over the marketing plan as a whole for the *Empire* series music. Defendant's cited evidence indicates that Fox has approval rights over |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | certain aspects of the marketing plan, not the marketing plan as a whole.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 155:16-24, 156:2-23; Bywater Exs. 23, 25. |
| 163.    Fox has considered a live concert tour for *Empire* Series music, in which Columbia will have no stake. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 86:12-14, 86:17-24, 87:3-11.  This portion of the transcript states that Fox "had early discussions" regarding a tour with the actors from the show but is "not doing it."<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 86:12-14, 86:17-24; 87:3-11. |
| 164.    Fox has promoted *Empire* Series Music at the South by Southwest music | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.  Lack |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| festival. | of personal knowledge.  FRE 602. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 189:16-190:7, 190:10-12 and Bywater Ex. 24.  That portion of the transcript states that it "looks like" Fox sent bus wraps to the South by Southwest festival, but does not specify whether these bus wraps contained ads/promotions for *Empire* series music as opposed to the *Empire* show.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 189:16-190:7, 190:10-12; Bywater Ex. 24. |
| 165.     Fox seeks and enters into promotional partnerships involving *Empire* Series Music, including with Pepsi. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401. Impermissible hearsay.  FRE 801, 802. Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | Decl. ¶ 4, Ex. 69 at 196:11-197:6 and Bywater Ex. 27.  This portion of the transcript states that Pepsi is a sponsor for the show and a Pepsi commercial featuring a song from one of the actors on the show was written into a few episodes of the show, not that Fox enters into promotional partnerships involving *Empire* series music, separate and apart from the show.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 196:11-197:6; Bywater Ex. 27. |
| 166.    Fox has promoted *Empire* Series Music on the BET television channel, including via live performances. | **FOX'S RESPONSE:**<br>Disputed.  Relevance.  FRE 401.  Lack of personal knowledge.  FRE 602.  Impermissible hearsay.  FRE 801, 802.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 200:10-11, 200:18-201:5.  That portion of the transcript |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
|  | states that cast members from *Empire* have performed on BET awards shows, not that Fox has promoted music released from the *Empire* series on BET.<br><br>**Defendant's Evidence:**<br>Bowler Decl., ¶ 4, Ex. 69 at 200:10-11, 200:18-201:5; Bywater Ex. 29. |
| 167.  *Empire* is promoted on iHeart Radio. | Undisputed. |
| 168.  Fox intends *Empire* to build a music business and consumer products brand. | **FOX'S RESPONSE:**<br>Disputed.  Lack of personal knowledge.  FRE 602.  Impermissible hearsay.  FRE 801, 802.  Defendant's cited evidence does not support this purported fact.  Defendant misstates the cited testimony in Bowler Decl. ¶ 4, Ex. 69 at 208:3-6 209:15-24, 210:4-5, 210:8-14.  That portion of the transcript states that Mr. Bywater believes that Mr. Melnick's suggestion that Brian Grazer tell Jimmy Iovine that "Timbaland and his music |

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | team are crushing it (soundtrack data) and we're building a music business and consumer products brand" is "just hype talk." <br><br> **Defendant's Evidence:** <br> Bowler Decl., ¶ 4, Ex. 69 at 208:3-6; 209:15-24, 210:4-5, 210:8-14; Bywater Ex. 30. |
| 169.  Fox's Head of Music, Geoff Bywater, is familiar with a number of EMPIRE's very famous clients, including some that have been pitched to appear on or have actually appeared on the *Empire* Series. | **FOX'S RESPONSE:** <br> Disputed.  Impermissible opinion testimony.  FRE 701.  Relevance.  FRE 401. <br><br> **Defendant's Evidence:** <br> Bowler Decl., ¶ 4, Ex. 69 at 202:1-205:3. |
| 170.  EMPIRE pled a forward and reverse confusion case. | **FOX'S RESPONSE:** <br> Disputed.  Impermissible legal conclusion.  FRE 701.  Defendant's cited evidence does not support this purported fact. |

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

| DEFENDANT'S ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| | **Defendant's Evidence**: Bowler Decl., ¶¶ 10-11. **Fox's Evidence**: Lens Decl. ¶ 7. |
| 171. Fox was aware of EMPIRE's forward and reverse confusion claims. | **FOX'S RESPONSE:** Disputed. Lack of personal knowledge. FRE 602. Defendant's cited evidence does not support this purported fact. **Defendant's Evidence**: Bowler Decl., ¶¶ 10-12. **Fox's Evidence**: Lens Decl. ¶ 7. |

## CONCLUSIONS OF LAW[1]

As set forth in Fox's summary judgment papers and Proposed Judgment:

1.     Courts in this District have granted summary judgment in cases involving the interplay of the Lanham Act and First Amendment.  *See, e.g.*, *E.S.S. Entm't 2000 v. Rock Star Videos*, 547 F.3d 1095, 1099, 1101 (9th Cir. 2008); *Novalogic, Inc. v. Activision Blizzard*, 41 F. Supp. 3d 885, 901 (C.D. Cal. 2013).

2.     Courts in the Ninth Circuit evaluate trademark infringement claims

---

[1] Defendant has not filed any response to the Conclusions Of Law.  Fox includes them herein in order to provide the Court with one comprehensive document.

FOX'S REPLY STATEMENT OF UNCONTROVERTED FACTS & CONCLUSIONS OF LAW CASE NO. 2:15-CV-02158 PA(FFMX)

involving expressive works using the test articulated in *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989). *See, e.g.*, *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2002); *E.S.S.*, 547 F.3d at 1099.

3.      Under the *Rogers* test, the Lanham Act does not apply to artistic works unless "[1] the title has no artistic relevance to the underlying work whatsoever, or, [2] if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work." *Rogers*, 875 F.2d at 999.

4.      *Empire* and its Soundtracks are core expressive works protected by the First Amendment. *Id.* at 998.

5.      Fox qualifies for First Amendment protection under the first prong of the *Rogers* test since the undisputed facts establish that Fox's use of the word "empire" in connection with *Empire* and its Soundtracks has artistic relevance to the works, which tell the story of a New York (the "Empire State") based conglomerate, called "Empire Enterprises."

6.      Fox qualifies for First Amendment protection under the second prong of the *Rogers* test since the undisputed facts establish that Fox's use of the word "empire" in connection with *Empire* and its Soundtracks does not explicitly mislead consumers as to the source or content of the show and its Soundtracks.

7.      Because Fox qualifies for First Amendment protection under both prongs of the *Rogers* test, defendant's federal trademark infringement claim is barred as a matter of law. *See, e.g.*, *MCA*, 296 F.3d at 900.

8.      The First Amendment also bars claims for trademark dilution unless the speech at issue is "purely commercial." *Id.* at 906-07.

9.      Because Fox's use of the word "empire" in connection with *Empire* and its Soundtracks has artistic relevance to the works, Fox's speech is not "purely commercial" and defendant's federal dilution claim is barred as a matter of law. *See Stewart Surfboards, Inc. v. Disney Book Grp., LLC*, 2011 WL 12877019, at *8

1  (C.D. Cal. May 11, 2011).

2          10.     The First Amendment defense applies equally to bar defendant's state

3  law trademark and dilution claims and state and federal unfair competition claims.

4  *See Kerr Corp. v. Tri Dental, Inc*., 2013 WL 990532, at *4 (C.D. Cal. Mar. 11,

5  2013); *E.S.S.*, 547 F.3d at 1101; *Gucci Am., Inc. v. Pieta*, 2006 WL 4725706, at *7

6  (C.D. Cal. Jan. 23, 2006).

7          11.     In addition to the First Amendment protections, Fox's use of "empire"

8  is not actionable unless it creates a likelihood of confusion with defendant's

9  products that results in mistaken purchasing decisions.  *See M2 Software, Inc. v.*

10  *Madacy Entm't,* 421 F.3d 1073, 1080 (9th Cir. 2005); *Bosley Med. Inst., Inc. v.*

11  *Kremer,* 403 F.3d 672, 676-77 (9th Cir. 2005).

12          12.     Courts in the Ninth Circuit use the factors set forth in *AMF Inc. v.*

13  *Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), to evaluate whether there is

14  a likelihood of this type of confusion:  "(1) strength of the mark; (2) proximity [or

15  relatedness] of the goods; (3) similarity of the marks; (4) evidence of actual

16  confusion; (5) marketing channels used; (6) type of goods and the degree of care

17  likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark;

18  and (8) likelihood of expansion of the product lines."  *M2 Software*, 421 F.3d at

19  1080.

20          13.     It is not necessary for all of the *Sleekcraft* factors to favor a party in

21  order for a Court to grant summary judgment.  *Surfvivor Media, Inc. v. Survivor*

22  *Prods*., 406 F.3d 625, 631-34 (9th Cir. 2005).

23          14.     This standard also governs claims for unfair competition and

24  trademark infringement under California law.  *See, e.g.*, *Grupo Gigante SA De CV*

25  *v. Dallo & Co., Inc.*, 391 F.3d 1088, 1100 (9th Cir. 2004); *Cleary v. News Corp.*, 30

26  F.3d 1255, 1262-63 (9th Cir. 1994).

27          15.     Under the *Sleekcraft* test, defendant has failed to establish a genuine

28

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)

issue of material fact that confusion between Fox's marks and defendant's marks is probable, and defendant's claims for trademark infringement thus fail as a matter of law.  *See, e.g.*, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 842-44 (9th Cir. 2002).

16.    Trademark dilution prohibits uses of a "famous mark that is distinctive" in a manner "likely to cause dilution by blurring or dilution by … tarnishment of the famous mark."  15 U.S.C. § 1125(c)(1).

17.    "A mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner."  15 U.S.C. § 1125(c)(2)(A); *see also Xen, Inc. v. Citrix Sys., Inc.*, 2012 WL 5289609, at *6 (C.D. Cal. Oct. 25, 2012)

18.    California trademark dilution claims "are subject to the same analysis as the federal Lanham Act claims."  *Kerr*, 2013 WL 990532, at *4.

19.    Defendant has failed to establish a genuine issue of material fact that its marks are famous, barring defendant's state and federal trademark dilution claims as a matter of law.  *See, e.g.*, *Xen, Inc.*, 2012 WL 5289609, at *6; *Kerr*, 2013 WL 990532, at *4.

20.    For the foregoing reasons, Fox is entitled to summary judgment on all of defendant's Counterclaims and on all of Fox's claims for declaratory judgment.

Dated:  January 15, 2016

DANIEL M. PETROCELLI
MOLLY M. LENS
CAMERON H. BISCAY
O'MELVENY & MYERS LLP

By:  */s/ Daniel M. Petrocelli*
      Daniel M. Petrocelli

Attorneys for Twentieth Century Fox Television, a division of Twentieth Century Fox Film Corporation, and Fox Broadcasting Company

FOX'S REPLY STATEMENT OF
UNCONTROVERTED FACTS &
CONCLUSIONS OF LAW
CASE NO. 2:15-CV-02158 PA(FFMX)