DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
CAMERON H. BISCAY (S.B. #266786)
cbiscay@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

Attorneys for Twentieth Century Fox
Television, a division of Twentieth Century
Fox Film Corporation, and Fox Broadcasting
Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware company, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EMPIRE DISTRIBUTION, INC., a California corporation,<br><br>Defendant.<br><br>And related counterclaims | Case No. 2:15-cv-02158 PA(FFMx)<br><br>**FOX'S MEMORANDUM OF EVIDENTIARY OBJECTIONS TO EVIDENCE CITED BY DEFENDANT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**Judge:** Hon. Percy Anderson<br><br>**Hearing Date:** February 1, 2016<br>**Time:** 1:30 p.m.<br>**Place:** Courtroom 15 |

1    In support of its Reply Memorandum In Support Of Fox's Notice Of Motion
2    And Motion For Summary Judgment, plaintiffs and counterclaim defendants
3    Twentieth Century Fox Television, a division of Twentieth Century Fox Film
4    Corporation, and Fox Broadcasting Company (collectively, "Fox") submit the
5    following Memorandum Of Evidentiary Objections To Evidence Cited By
6    Defendant In Opposition To Motion For Summary Judgment:

7

8    **<u>Objections To Defendant's Evidence Contesting Fox's Uncontroverted Facts</u>**

9

10   **Fox's Paragraph 1:**

11       (1) Objection to season 1 DVD of *Empire*, lodged with the Court as Ex. 11 to
12   Lens Decl., Pilot at 33:16-23 ("You're so pure only a couple hundred white kids in
13   Brooklyn and San Francisco even know your stuff.") on the basis that this statement
14   does not speak to the setting of *Empire* and thus is irrelevant to the Court's analysis
15   of the artistic relevance of the title "Empire" to the show under Fox's First
16   Amendment defense.  FRE 401.

17       (2) Objection to Ryan Decl. ¶ 6 on the basis that these logos do not speak to
18   the name of the fictional company in *Empire*.  These are real-life logos for the
19   *Empire* television series and its soundtrack.  They are not fictional logos of the
20   fictional company in the series, and thus are irrelevant to the Court's analysis of the
21   artistic relevance of the title "Empire" to the show under Fox's First Amendment
22   defense.  FRE 401.

23       (3) Objection to Bowler Decl. ¶ 4, Ex. 69, 48:22-25, 49:3-5, 71:22-24, 72:5-
24   7, 72:9-10, 72:14, 72:24-73:13, 73:16-18, 73:23-74:17, 75:18-24, 83:25-84:7,
25   84:11-21; 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19;
26   93:1-11; Bywater Exs. 6, 7, on the basis that Mr. Bywater's testimony and the
27   related exhibits about Fox's efforts to make the fictional world of *Empire* seem

28

1   realistic do not suggest that *Empire* is based on real individuals or events and thus
2   are not relevant to whether Empire Enterprises is a fictional company.  FRE 401.

3

4   **Fox's Paragraph 3:**

5       (1) Objection to season 1 DVD of *Empire*, lodged with the Court as Ex. 11 to
6   Lens Decl., Pilot at 6:31-39, 45:16-25, 7:15-20, 9:20-22, 27:32-34, 45:55, signage,
7   symbols, and labels reflecting the name "Empire," 33:16-33:23, on the basis that
8   these scenes dealing with the name of the fictional company (and one with the
9   quote, "You're so pure only a couple hundred white kids in Brooklyn and San
10  Francisco even know your stuff.") do not speak to the wide-reaching and diverse
11  business activities of the fictional company and thus are irrelevant to the Court's
12  analysis of the artistic relevance of the title "Empire" to the show under Fox's First
13  Amendment defense.  FRE 401.

14      (2) Objection to Ryan Decl. ¶ 6 on the basis that these logos do not speak to
15  the wide-reaching and diverse business activities of the fictional company and thus
16  are irrelevant to the Court's analysis of the artistic relevance of the title "Empire" to
17  the show under Fox's First Amendment defense.  FRE 401.

18      (3) Objection to Bowler Decl. ¶ 4, Ex. 69, 48:22-25, 49:3-5, 71:22-24, 72:5-
19  7, 72:9-10, 72:14, 72:24-73:13, 73:16-18, 73:23-74:17, 75:18-24, 83:25-84:7,
20  84:11-21; 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19;
21  93:1-11; Bywater Exs. 6, 7, on the basis that Mr. Bywater's testimony and related
22  exhibits about Fox's efforts to make the fictional word seem realistic do not speak
23  to the wide-reaching and diverse business activities of the fictional company and
24  thus are irrelevant to the Court's analysis of the artistic relevance of the title
25  "Empire" to the show under Fox's First Amendment defense.  FRE 401.

26

27

28

**Fox's Paragraph 7:**

(1) Objection to Shami Decl. ¶¶ 84, 92-94, 100, 114 on the basis that Mr. Shami's testimony, which largely describes consumers' purported views, does not speak to representations about endorsement or affiliation made or not made by Fox and thus is irrelevant to the Court's analysis of whether Fox explicitly misled consumers as to defendant's endorsement or affiliation under Fox's First Amendment defense.  FRE 401.

(2) Further objection to Shami Decl. ¶¶ 92-94, 100, 114 on the basis that Mr. Shami's testimony contains improper opinion testimony from a lay witness about (a) what consumers do or "will" think or believe and why, and (b) purported business or reputational harm.  FRE 701.  Mr. Shami was not designated as an expert witness by defendant, yet he impermissibly provides opinion about consumer behavior and potential harm to one's business or reputation, areas of specialized knowledge that Mr. Shami does not purport to have.  *Munchkin, Inc. v. Luv N' Care, Ltd.*, 2015 WL 774046, at *3 (C.D. Cal. Feb. 24, 2015) ("Lay opinion testimony is not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.") (quoting *United States v. Connecticut*, 297 F.3d 548, 554 (7th Cir. 2002)).

(3) Further objection to Shami Decl. ¶¶ 92-94, 100, 114 on the basis that it contains impermissible legal conclusions about consumer confusion and harm to defendant and its reputation.  FRE 701.

(4) Further objection to Shami Decl. ¶¶ 92-94, 100 (citing Ex. 7) on the basis that it is speculative, describing what consumers "will" think, describing thoughts and intentions behind Twitter users' tweets, describing hypothetical storylines on *Empire*, and speculating as to the harm defendant might face.

(5) Further objection to Shami Decl. ¶¶ 92-94, 100 (citing Ex. 7), 114 on the basis that Mr. Shami lacks personal knowledge of these purported facts.  FRE 602.

1  Mr. Shami does not know what consumers do or might think, and he does not know
2  what a Twitter user thinks when posting a tweet.

3      (6) Objection to Simon Decl. ¶¶ 2-3 on the basis that Mr. Simon's testimony,
4  describing individuals who purportedly asked about or believed that *Empire* was
5  about defendant, does not speak to representations about endorsement or affiliation
6  made or not made by Fox and thus is irrelevant to the Court's analysis of whether
7  Fox explicitly misled consumers as to defendant's endorsement or affiliation under
8  Fox's First Amendment defense.  FRE 401.

9      (7) Objection to Bowler Decl. ¶ 8, Ex. 73 (Expert Report of Kristin J. Lieb)
10 ¶¶ 3, 34-45, 48 on the basis that the purported expert opinion relies entirely on
11 unreliable hearsay statements.  FRE 703; *Marcel v. Placid Oil Co.*, 11 F.3d 563,
12 567 n.6 (5th Cir.1994) (Experts may rely on hearsay "if the data is reliable and
13 qualified under Rule 703."); *Soden v. Freightliner Corp.*, 714 F.2d 498, 503-06 (5th
14 Cir. 1983).

15     (8) Objection to McDaniels Decl. ¶¶ 15-17 on the basis that Mr. McDaniels'
16 testimony, purporting to describe his views, does not speak to representations about
17 endorsement or affiliation made or not made by Fox and thus is irrelevant to the
18 Court's analysis of whether Fox explicitly misled consumers as to defendant's
19 endorsement or affiliation under Fox's First Amendment defense.  FRE 401.

20     (9) Further objection to McDaniels Decl. ¶¶ 15-17 on the basis that it
21 contains improper opinion testimony from a lay witness about likelihood of
22 confusion and similarities between defendant and *Empire*.  FRE 701.  Mr.
23 McDaniels was not designated as an expert witness by defendant, yet he
24 impermissibly provides opinions based on his purported specialized knowledge and
25 experience.  *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir.
26 1997) (opinions based on "perceptions, education, training, and experience of the
27 witness" are expert opinions); *Munchkin*, 2015 WL 774046, at *3 ("Lay opinion
28 testimony is not to provide specialized explanations or interpretations that an

1   untrained layman could not make if perceiving the same acts or events.") (quoting

2   *Connecticut*, 297 F.3d at 554).

3   (10) Further objection to McDaniels Decl. ¶¶ 15-17 on the basis that it

4   contains impermissible legal conclusions about likelihood of consumer confusion.

5   FRE 701.

6   (11) Objection to Douthit Decl. ¶ 14 on the basis that Mr. Douthit's

7   testimony, relating to how names and hashtags have purportedly damaged

8   defendant, does not speak to representations about endorsement or affiliation made

9   or not made by Fox and thus is irrelevant to the Court's analysis of whether Fox

10  explicitly misled consumers as to defendant's endorsement or affiliation under

11  Fox's First Amendment defense.  FRE 401.

12  (12) Further objection to Douthit Decl. ¶ 14 on the basis that Mr. Douthit's

13  testimony contains improper opinion testimony from a lay witness about purported

14  mistaken association between defendant and *Empire* and the alleged damage it

15  causes defendant.  FRE 701.  Mr. Douthit was not designated as an expert witness

16  by defendant, yet he impermissibly provides opinions based on his purported

17  specialized knowledge and experience.  *See Figueroa-Lopez*, 125 F.3d at 1246

18  (opinions based on "perceptions, education, training, and experience of the witness"

19  are expert opinions); *Munchkin*, 2015 WL 774046, at *3 ("Lay opinion testimony is

20  not to provide specialized explanations or interpretations that an untrained layman

21  could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297

22  F.3d at 554).

23  (13) Further objection to Douthit Decl. ¶ 14 on the basis that it contains

24  impermissible legal conclusions about confusion and damage to defendant.  FRE

25  701.

26  (14) Objection to Julien Decl. ¶¶ 22-26 on the basis that Ms. Julien's

27  testimony, relating how confusion may occur and damage may result at events

28  where both parties are present, does not speak to representations about endorsement

or affiliation made or not made by Fox and thus is irrelevant to the Court's analysis of whether Fox explicitly misled consumers as to defendant's endorsement or affiliation under Fox's First Amendment defense.  FRE 401.

(15) Further objection to Julien Decl. ¶¶ 22-26 on the basis that Ms. Julien's testimony contains improper opinion testimony from a lay witness about potential confusion at industry events and resulting damage.  FRE 701.  Ms. Julien was not designated as an expert witness by defendant, yet she impermissibly provides opinions based on her purported specialized knowledge and experience.  *See Figueroa-Lopez*, 125 F.3d at 1246 (9th Cir. 1997) (opinions based on "perceptions, education, training, and experience of the witness" are expert opinions); *Munchkin*, 2015 WL 774046, at *3 ("Lay opinion testimony is not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297 F.3d at 554).

(16) Further objection to Julien Decl. ¶¶ 22-26 on the basis that it contains impermissible legal conclusions about confusion and damage to defendant.  FRE 701.

(17) Further objection to Julien Decl. ¶¶ 22-26 on the basis that it is speculative, describing that *Empire* "may hurt" defendant, speculating why Kendrick Lamar became successful, and speculating that it is "*likely* that other professionals who value honesty like I do will never give themselves the chance to work with [defendant]." (emphasis added).

(18) Further objection to Julien Decl. ¶¶ 22-26 on the basis that Ms. Julien lacks personal knowledge of these purported facts.  FRE 602.  Ms. Julien does not know how professionals react to the fictional storylines in *Empire*.

**Fox's Fact 9:**

(1) Objection to Shami Decl. ¶¶ 136-41 on the basis that Mr. Shami's testimony about appearances on television shows, the production of music videos

1   that have appeared on non-broadcast television networks, and plans to have artist

2   appearances and advertising on television is irrelevant to the fact that defendant

3   does not allege in its Counterclaims that it produces broadcast television

4   programming or that it intends to expand into broadcast television programming.

5   FRE 401.

6       (2) Further objection to Shami Decl. ¶¶ 136-41 on the basis that Mr. Shami's

7   testimony that defendant's music goods and services lend themselves naturally to

8   television, and that *Empire* threatens defendant's purported presence on television,

9   contains improper opinion testimony from a lay witness about the television

10   industry and potential harm to defendant.  FRE 701.  Mr. Shami was not designated

11   as an expert witness by defendant, yet he impermissibly provides opinions about

12   the television industry, an area of specialized knowledge Mr. Shami does not

13   purport to have.  *Munchkin*, 2015 WL 774046, at *3 ("Lay opinion testimony is not

14   to provide specialized explanations or interpretations that an untrained layman

15   could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297

16   F.3d at 554).

17       (3) Further objection to Shami Decl. ¶¶ 136-41 on the basis that Mr. Shami's

18   testimony contains impermissible legal conclusions about damage to defendant.

19   FRE 701.

20

21   **Fox's Fact 10:**

22       (1) Objection to Hobbs Decl. ¶¶ 4-5 on the basis that Mr. Hobbs' testimony

23   about defendant's purported use of marks and defendant's purported common law

24   trademarks is irrelevant to the fact that none of defendant's marks is federally

25   registered.  FRE 401.

26       (2) Further objection to Hobbs Decl. ¶¶ 4-5 on the basis that Mr. Hobbs lacks

27   personal knowledge of the nature and extent of Empire Distribution's use of its

28   purported marks since January 2010.  FRE 602.

(3) Further objection to Hobbs Decl. ¶ 5 on the basis that it contains an impermissible legal conclusion as to Empire Distribution's trademark rights.  FRE 701.

**Fox's Fact 16:**

(1) Objection to Bowler Decl. ¶ 4, Ex. 69 at 32:32-33:10, 33:14-15, 33:21-34:5, on the basis that Mr. Bywater's testimony about merchandising (e.g., hats or swag for promotional events) is irrelevant to whether Columbia Records acts as the record label for the *Empire* soundtrack music and distributes *Empire*'s original songs.  FRE 401.

(2) Objection to Bowler Decl. ¶ 4, Ex. 69 at 34:9-10, 34:13-14, 34:16-22, on the basis that the similarities between *Glee* and *Empire* are not relevant to whether Columbia Records acts as the record label for the *Empire* soundtrack music and distributes *Empire*'s original songs.  FRE 401.

(3) Objection to Bowler Decl. ¶ 4, Ex. 69, 163:1-3, 163:10-164:1, 164:5-7, 164:11-164:24, 165:15-16, 165:19-21, 167:3-4, 167:7, on the basis that the number of sales, downloads, and streams of the *Empire* soundtrack is irrelevant to whether Columbia Records acts as the record label for the *Empire* soundtrack music and distributes *Empire*'s original songs.  FRE 401.

(4) Objection to Bowler Decl. ¶ 4, Ex. 69, 208:3-6 209:15-24, 210:4-5, 210:8-14, and Bywater Ex. 30 on the basis that Mr. Bywater lacks personal knowledge of the intended meaning of Mr. Melnick's statements.  FRE 602.  Further objection to Mr. Melnick's statements in Bywater Ex. 30 on the basis that they are out of court statements offered to prove the truth of the matter asserted and thus constitute impermissible hearsay not subject to any exception.  FRE 801.

(5) Objection to Bowler Decl. ¶ 4, Ex. 69 (Exs. 3, 4 to Bywater Tr.) on the basis these pieces of evidence are out of court statements offered to prove the truth

of the matter asserted and thus constitute impermissible hearsay not subject to any exception.  FRE 801.

**Fox's Fact 29:**

(1) Objection to Defendant's Counterclaims, Lens Decl., Ex. 4 ¶¶ 9, 10, 14, 15, 16, and 18, on the basis that vague allegations of broad advertising and advertising at events are irrelevant to the fact that defendant has not alleged in its Counterclaims that it advertises its marks on television, billboards, or print media. FRE 401.

**Fox's Fact 34:**

(1) Objection to Defendant's Counterclaims, Lens Decl., Ex. 4 at p. 55 ¶ 23, on the basis that the image of a Google search result is irrelevant to the fact that screenshots of *albums* in Paragraph 23 of defendant's Counterclaims do not show defendant's marks, and that defendant highlighted the albums it released.  FRE 401.

**Fox's Fact 39:**

(1) Objection to Bowler Decl. ¶ 8, Ex. 73 (Expert Report of Kristin J. Lieb), including ¶¶ 3, 34-45, 48 on the basis that the purported expert opinion relies entirely on unreliable hearsay statements.  FRE 703; *Marcel*, 11 F.3d at 567 n.6 (Experts may rely on hearsay "if the data is reliable and qualified under Rule 703."); *Soden*, 714 F.2d at 503-06.

(2) Objection to Bowler Decl. ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p. 9, ¶ 21, on the basis that Dr. Steckel's comments about Mr. Johnson's expert report are irrelevant to Dr. Jay's expert report.  FRE 401.

(3) Objection to Bowler Decl. ¶¶ 7-8, Exs. 72-73, on the basis that the purported expert reports, when cited as a whole, contain information irrelevant to Dr. Jay's expert report.  FRE 401.  Further objection that this wholesale citation of

1    purported expert reports that do not support or controvert this proposed statement of

2    undisputed fact violates the Court's Scheduling Order.  Dkt. 23 at 4:12-17.

3        (4) Objection to McDaniels Decl. ¶¶ 15-17 on the basis that it contains

4    improper opinion testimony from a lay witness about likelihood of confusion and

5    similarities between defendant and *Empire*.  FRE 701.  Mr. McDaniels was not

6    designated as an expert witness by defendant, yet he impermissibly provides

7    opinions based on his purported specialized knowledge and experience.  *See*

8    *Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education,

9    training, and experience of the witness" are expert opinions); *Munchkin*, 2015 WL

10   774046, at *3 ("Lay opinion testimony is not to provide specialized explanations or

11   interpretations that an untrained layman could not make if perceiving the same acts

12   or events.") (quoting *Connecticut*, 297 F.3d at 554).

13       (5) Further objection to McDaniels Decl. ¶¶ 15-17 on the basis that it

14   contains impermissible legal conclusions about likelihood of consumer confusion.

15   FRE 701.

16       (6) Objection to Douthit Decl. ¶ 14 on the basis that Mr. Douthit's testimony

17   contains improper opinion testimony from a lay witness about purported mistaken

18   association between defendant and *Empire* and the alleged damage it causes

19   defendant.  FRE 701.  Mr. Douthit was not designated as an expert witness by

20   defendant, yet he impermissibly provides opinions based on his purported

21   specialized knowledge and experience.  *See Figueroa-Lopez*, 125 F.3d at 1246

22   (opinions based on "perceptions, education, training, and experience of the witness"

23   are expert opinions); *Munchkin*, 2015 WL 774046, at *3 ("Lay opinion testimony is

24   not to provide specialized explanations or interpretations that an untrained layman

25   could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297

26   F.3d at 554).

27

28

1       (7) Further objection to Douthit Decl. ¶ 14 on the basis that it contains

2  impermissible legal conclusions about confusion and damage to defendant.  FRE

3  701.

4       (8) Objection to Julien Decl. ¶¶ 22-26 on the basis that Ms. Julien's

5  testimony contains improper opinion testimony from a lay witness about potential

6  confusion and resulting damage.  FRE 701.  Ms. Julien was not designated as an

7  expert witness by defendant, yet she impermissibly provides opinions based on her

8  purported specialized knowledge and experience.  See *Figueroa-Lopez*, 125 F.3d at

9  1246 (opinions based on "perceptions, education, training, and experience of the

10  witness" are expert opinions); *Munchkin*, 2015 WL 774046, at *3 ("Lay opinion

11  testimony is not to provide specialized explanations or interpretations that an

12  untrained layman could not make if perceiving the same acts or events.") (quoting

13  *Connecticut*, 297 F.3d at 554).

14       (9) Further objection to Julien Decl. ¶¶ 22-26 on the basis that it contains

15  impermissible legal conclusions about confusion and damage to defendant.  FRE

16  701.

17       (10) Further objection to Julien Decl. ¶¶ 22-26 on the basis that it is

18  speculative, describing that *Empire* "may hurt" defendant, speculating why

19  Kendrick Lamar became successful, and speculating that it is "*likely* that other

20  professionals who value honesty like I do will never give themselves the chance to

21  work with [defendant]." (emphasis added).

22       (11) Further objection to Julien Decl. ¶¶ 22-26 on the basis that Ms. Julien

23  lacks personal knowledge of these purported facts.  FRE 602.  Ms. Julien does not

24  know how professionals react to the fictional storylines in *Empire.*

25       (12) Objection to Shami Decl. ¶¶ 92-94, 100, 114 on the basis that Mr.

26  Shami's testimony contains improper opinion testimony from a lay witness about

27  (a) what consumers do or "will" think or believe and why, and (b) purported

28  business or reputational harm.  FRE 701.  Mr. Shami was not designated as an

expert witness by defendant, yet he impermissibly provides opinion about consumer behavior and potential harm to one's business or reputation, areas of specialized knowledge that Mr. Shami does not purport to have. *Munchkin*, 2015 WL 774046, at *3 ("Lay opinion testimony is not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297 F.3d at 554).

(13) Further objection to Shami Decl. ¶¶ 92-94, 100, 114 on the basis that it contains impermissible legal conclusions about consumer confusion and harm to defendant and its reputation. FRE 701.

(14) Further objection to Shami Decl. ¶¶ 92-94, 100 (citing Ex. 7) on the basis that it is speculative, describing what consumers "will" think, describing thoughts and intentions behind Twitter users' tweets, describing hypothetical storylines on *Empire*, and speculating as to the harm defendant might face.

(15) Further objection to Shami Decl. ¶¶ 92-94, 100 (citing Ex. 7), 114 on the basis that Mr. Shami lacks personal knowledge of these purported facts. FRE 602. Mr. Shami does not know what consumers do or might think, and he does not know what a Twitter user thinks when posting a tweet.

## Objections To Defendant's Evidence Supporting Its Additional Facts

**Defendant's Fact 42:**

(1) Objection to Hobbs Decl. ¶ 4 on the basis that Mr. Hobbs lacks personal knowledge of the nature and extent of Empire Distribution's use of its purported marks since January 2010. FRE 602.

**Defendant's Fact 43:**

(1) Objection to Hobbs Decl. ¶ 5 on the basis that Mr. Hobbs lacks personal knowledge of the nature and extent of Empire Distribution's use of its purported

marks since January 2010.  FRE 602.  Further objection to Hobbs Decl. ¶ 5 on the basis that it contains an impermissible legal conclusion as to Empire Distribution's trademark rights.  FRE 701.

**Defendant's Fact 48:**

(1) Objection to Hobbs Decl. ¶¶ 9-10 on the basis that Mr. Hobbs lacks personal knowledge of the USPTO's reasons for approving the applications for publication.  FRE 602.  Further objection to Hobbs Decl. ¶¶ 9-10 on the basis that the USPTO's approval of the applications for publication (following which there will be an objection period) is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

**Defendant's Fact 50:**

(1) Objection to Hobbs Decl. ¶ 13 on the basis that it contains an impermissible legal conclusion as to the use of the marks that is "protect[ed] and permit[ted]" based on defendant's trademark applications.  FRE 701.  Further objection to Hobbs Decl. ¶ 13 on the basis that defendant's filing of its trademark applications "without claim to any particular font style, size, design or color" is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

**Defendant's Fact 51:**

(1) Objection to Hobbs Decl. ¶ 14 on the basis that defendant does not dispute that at least some of the over 650 registered or pending applications for "empire" related marks identified by Fox are related to the services and products offered by defendant and thus whether others of these applications are unrelated to the services and products offered by defendant is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

**Defendant's Fact 52:**

1  (1) Objection to Hobbs Decl. ¶ 15 on the basis that it contains an

2  impermissible legal conclusion as to the circumstances under which trademarks are

3  "entitled to trademark rights or protection."  FRE 701.  Further objection to Hobbs

4  Decl. ¶ 15 on the basis that defendant does not contend that the supporting marks

5  for all of the over 650 registered or pending applications for "empire" related marks

6  identified by Fox are no longer in use and thus whether some of these marks are no

7  longer in use is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

8

9  **Defendant's Fact 53:**

10  (1) Objection to Hobbs Decl. ¶ 16, Ex. 2 on the basis that whether or not Fox

11  has claimed trademark rights in "Empire" is not relevant to the Court's First

12  Amendment analysis under *Rogers v. Grimaldi* and thus is not relevant to the merits

13  of Fox's motion or this dispute.  *See Rogers*, 75 F.2d 994, 998 (2d Cir. 1989); FRE

14  401.

15

16  **Defendant's Fact 54:**

17  (1) Objection to Hobbs Decl. ¶ 17 on the basis that it contains an

18  impermissible legal conclusion as to Fox's purported "pattern of filing trademark

19  applications for the names of television programs that it broadcasts…"  FRE 701.

20  Further objection to Hobbs Decl. ¶ 17 on the basis that *Fox's* trademark

21  applications, especially those relating to television programs *other than Empire*, are

22  not relevant to Fox's motion or this dispute.  FRE 401.

23

24  **Defendant's Fact 55:**

25  (1) Objection to Hobbs Decl. ¶ 18 on the basis that it contains an

26  impermissible legal conclusion as to Fox's purported "pattern of filing trademark

27  opposition and cancellation actions before the Trademark Trial and Appeal Board

28  ('TTAB') of the USPTO arising out of the names of television programs that it

1    broadcasts…"  FRE 701.  Further objection to Hobbs Decl. ¶ 18 on the basis that

2    *Fox's* trademark opposition and cancellation actions, especially those relating to

3    television programs *other than Empire*, are not relevant to Fox's motion or this

4    dispute.  FRE 401.

5

6    **Defendant's Fact 56:**

7        (1) Objection to Shami Decl. ¶¶ 6-21 on the basis that it contains improper

8    opinion testimony from a lay witness on Empire Distribution's purported reputation

9    and influence.  FRE 701.  Mr. Shami was not designated as an expert witness by

10   defendant, yet he impermissibly provide opinions as to his own company's

11   reputation based on his purported specialized knowledge and experience.  *See*

12   *Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education,

13   training, and experience of the witness" are expert opinions); *Munchkin,* 2015 WL

14   774046, at *3) ("Lay opinion testimony is not to provide specialized explanations

15   or interpretations that an untrained layman could not make if perceiving the same

16   acts or events.") (quoting *Connecticut.*, 297 F.3d 548, 554 (7th Cir. 2002)).

17

18   **Defendant's Fact 57:**

19       (1) Objection to Shami Decl. ¶¶ 7, 9-19 on the basis that it contains improper

20   opinion testimony from a lay witness concerning the recognition of artists with

21   whom Empire Distribution has worked.  FRE 701.  Mr. Shami was not designated

22   as an expert witness by defendant, yet he impermissibly provides opinions

23   concerning the recognition of various artists based on his purported specialized

24   knowledge and experience.  *See Figueroa-Lopez*, 125 F.3d at 1246 (opinions based

25   on "perceptions, education, training, and experience of the witness" are expert

26   opinions); *Munchkin,* 2015 WL 774046, at *3 ("Lay opinion testimony is not to

27   provide specialized explanations or interpretations that an untrained layman could

28   not make if perceiving the same acts or events.") (quoting *Connecticut*, 297 F.3d at

1    554).

2

3    **Defendant's Fact 58:**

4         (1) Objection to Shami Decl. ¶¶ 8 on the basis that it contains improper

5    opinion testimony from a lay witness as to Empire Distribution's role in Kendrick

6    Lamar's career.  FRE 701.  Mr. Shami was not designated as an expert witness by

7    defendant, yet he impermissibly provide conclusory opinions as to his own

8    company's role with respect to Kendrick Lamar's career based on his purported

9    specialized knowledge and experience.  *See Figueroa-Lopez*, 125 F.3d at 1246

10   (opinions based on "perceptions, education, training, and experience of the witness"

11   are expert opinions); *Munchkin,* 2015 WL 774046, at *3 ("Lay opinion testimony is

12   not to provide specialized explanations or interpretations that an untrained layman

13   could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297

14   F.3d at 554).

15

16   **Defendant's Fact 59:**

17        (1) Objection to Shami Decl. ¶ 20 on the basis that Mr. Shami's recitation of

18   what appears on Spotify's list of the top 100 hip-hop songs of 2015 is an out of

19   court statement offered to prove the truth of the matter asserted and thus constitutes

20   impermissible hearsay not subject to any exception.  FRE 801, 802.

21

22   **Defendant's Fact 60:**

23        (1) Objection to Shami Decl. ¶ 20 on the basis that Mr. Shami's recitation of

24   what appears on Rolling Stone's list of the 40 Best Rap Albums of 2015,

25   Pitchfork's Best Songs of 2015, and Pigeons & Planes' New Artists for 2016 lists is

26   an out of court statement offered to prove the truth of the matter asserted and thus

27   constitutes impermissible hearsay not subject to any exception.  FRE 801, 802.

28

1   **Defendant's Fact 68:**

2       (1) Objection to Shami Decl. ¶ 37 on the basis that advertising and publicity

3   campaigns focused on Empire Distribution's *artists*, without reference to Empire

4   Distribution's *marks*, are not relevant to Fox's motion or this dispute.  FRE 401.

5

6   **Defendant's Fact 69:**

7       (1) Objection to Shami Decl. ¶ 37 on the basis that amounts spent marketing,

8   advertising, and promoting Empire Distribution's *artists*, without reference to

9   Empire Distribution's *marks*, are not relevant to Fox's motion or this dispute.  FRE

10  401.

11

12  **Defendant's Fact 71:**

13      (1) Objection to Shami Decl. ¶¶ 35-61, McDaniels Decl. ¶¶ 4-8, Douthit

14  Decl. ¶¶ 11-14, and Julien Decl. ¶¶ 7-11 on the basis that they contain improper

15  opinion testimony from lay witnesses on Empire Distribution's purported

16  reputation and influence.  FRE 701.  None of these individuals were designated as

17  expert witnesses by defendant, yet they impermissibly provide opinions based on

18  their purported specialized knowledge and experience.  *See United States v.*

19  *Figueroa-Lopez*, 125 F.3d 1241 (9th Cir. 1997) (opinions based on "perceptions,

20  education, training, and experience of the witness" are expert opinions); *Munchkin,*

21  2015 WL 774046, at *3 ("Lay opinion testimony is not to provide specialized

22  explanations or interpretations that an untrained layman could not make if

23  perceiving the same acts or events.") (quoting *Connecticut*, 297 F.3d at 554 (7th

24  Cir. 2002)).

25

26  **Defendant's Fact 73:**

27      (1) Objection to Shami Decl. ¶¶ 62-83, McDaniels Decl. ¶¶ 9-14, Douthit

28  Decl. ¶¶ 7-10, and Julien Decl. ¶¶ 12-21 on the basis that they contain improper

opinion testimony from lay witnesses on the importance of record labels to consumers in the urban music genre.  FRE 701.  None of these individuals were designated as expert witnesses by defendant, yet they impermissibly provide opinions based on their purported specialized knowledge and experience.  *See Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education, training, and experience of the witness" are expert opinions); *Munchkin,* 2015 WL 774046, at *3 ("Lay opinion testimony is not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297 F.3d at 554).

(2) Objection to Bowler Decl. ¶ 8, Ex. 73 (Expert Report of Kristin J. Lieb) ¶¶ 3, 12-22, 46 on the basis that the purported expert opinion relies entirely on unreliable hearsay statements.  FRE 703; *Marcel*, 11 F.3d at 567 n.6 (Experts may rely on hearsay "if the data is reliable and qualified under Rule 703."); *Soden,* 714 F.2d at 503-06.

**Defendant's Fact 74:**

(1) Objection to Shami Decl. ¶¶ 90, 93 on the basis that its assertion that "Empire's reputation is being seriously damaged by Fox's unauthorized use of the "Empire" name for the Empire Series and Empire Series Music…" is an argumentative legal conclusion and conclusory statement.  FRE 701; *Hollander v. American Cyanamid Co.*, 172 F.3d 192,198 (2d. Cir. 1999) (conclusory and argumentative statements should be stricken).

**Defendant's Fact 75:**

(1) Objection to Shami Decl. ¶¶ 95-113 on the basis that its assertion that "Empire and Fox are competing for the sale of the same type of music to the same customers in the same places" is an argumentative legal conclusion and conclusory statement.  FRE 701; *Hollander*, 172 F.3d at 198 (conclusory and argumentative

1    statements should be stricken).

2

3    **Defendant's Fact 76:**

4         (1) Objection to Shami Decl. ¶¶ 95-113 on the basis that its assertion that

5    "Empire and Fox are competing for the sale of the same type of music to the same

6    customers in the same places" is an argumentative legal conclusion and conclusory

7    statement.  FRE 701; *Hollander*, 172 F.3d at 198 (conclusory and argumentative

8    statements should be stricken).

9

10   **Defendant's Fact 77:**

11        (1) Objection to Shami Decl. ¶¶ 84, 92-94, 100, and 114, McDaniels Decl. ¶¶

12   15-17, Douthit Decl. ¶¶ 14, Simon Decl. ¶¶ 2-3 and Julien Decl. ¶¶ 22-24 on the

13   basis that they contain improper opinion testimony from lay witnesses on the

14   likelihood of consumer confusion.  FRE 701.  None of these individuals were

15   designated as expert witnesses by defendant, yet they impermissibly provide

16   opinions based on their purported specialized knowledge and experience.  *See*

17   *Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education,

18   training, and experience of the witness" are expert opinions); *Munchkin,* 2015 WL

19   774046, at *3  ("Lay opinion testimony is not to provide specialized explanations or

20   interpretations that an untrained layman could not make if perceiving the same acts

21   or events.") (quoting *Connecticut*, 297 F.3d 548 at 554 ).

22

23   **Defendant's Fact 78:**

24        (1) Objection to Shami Decl. ¶¶ 115-135, McDaniels Decl. ¶¶ 15-17, Douthit

25   Decl. ¶¶ 14, Simon Decl. ¶¶ 2-3 and Julien Decl. ¶¶ 22-26 on the basis that they

26   contain improper opinion testimony from lay witnesses as to the purported

27   existence of "actual" confusion.  FRE 701.  None of these individuals were

28   designated as expert witnesses by defendant, yet they impermissibly provide

opinions based on their purported specialized knowledge and experience.  *See. Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education, training, and experience of the witness" are expert opinions); *Munchkin,* 2015 WL 774046, at *3  ("Lay opinion testimony is not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297 F.3d at 554).

(2) Objection to Shami Decl. ¶¶ 121, Ex. 10; 124, Ex. 13; 125, Ex. 14 on the basis that these pieces of evidence involve out of court statements offered to prove the truth of the matter asserted and thus constitute impermissible hearsay not subject to any exception.  FRE 801, 802.

(3) Objection to Julien Decl. ¶¶ 22-26; Douthit Decl. ¶ 14; McDaniels Decl. ¶¶ 15-17; Simon Decl. ¶¶ 2-3; Shami Decl. ¶¶ 84; 92-94; 100; 114-118; 119, Ex. 8; 120, Ex. 9; 121, Ex. 10; 122, Ex. 11; 123, Ex. 12; 124, Ex. 13; 125, Ex. 14; 126, Ex. 15; 127, Ex. 16; 128, Ex. 17; 129, Ex. 18; 130, Ex. 19; 131, Ex. 20; 132, Ex. 21; 133, Ex. 22; 134, Ex. 23; 135, Ex. 24 on the basis that none of the cited evidence involves mistaken purchasing decisions and thus is irrelevant to the issue of consumer confusion, the merits of Fox's motion, and this dispute.  FRE 401; *see Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 677 (9th Cir. 2005).

(4) Objection to Shami Decl. ¶¶ 119, Ex. 8; 129, Ex. 18; 133, Ex. 22; 134, Ex. 23; 135, Ex. 24 on the basis that the comments show carelessness or inattentiveness, but no indication that the author is confused regarding source, and thus are irrelevant to the issue of consumer confusion, the merits of Fox's motion, and this dispute.  FRE 401.

(5) Objection to Julien Decl. ¶¶ 22-26; Douthit Decl. ¶ 14; McDaniels Decl. ¶¶ 15-17; Simon Decl. ¶¶ 2-3; Shami Decl. ¶¶ 84; 92-94; 100; 114-18; 120, Ex. 9; 121, Ex. 10; 122, Ex. 11; 123, Ex. 12; 124, Ex. 13; 125, Ex. 14; 131, Ex. 20; 132, Ex. 21 on the basis that evidence of confusion from or comments and inquiries by individuals with pre-existing relationships with the party alleging infringement are

1    irrelevant to the issue of consumer confusion, the merits of Fox's motion, and this

2    dispute.  FRE 401; *see Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138,

3    1147 (9th Cir. 2009).

4        (6) Objection to Shami Decl. ¶ 122, Ex. 11 on the basis that the comment

5    shows only that the individual was reminded of defendant, not that the individual

6    was confused, and thus is irrelevant to the issue of consumer confusion, the merits

7    of Fox's motion, and this dispute.  FRE 401; *see M2 Software, Inc. v. Madacy*

8    *Entm't*, 421 F.3d  1073, 1083 (9th Cir. 2005).  In fact, the individual's inclusion of

9    "lol" to his tweet (a fact which Mr. Shami fails to share in his declaration)

10   demonstrates that his tweet is a joke and there is no confusion.

11       (7) Objection to Shami Decl. ¶¶ 128, Ex. 17; 130, Ex. 19 on the basis that the

12   comments show only that the individual was reminded of *Empire*, not that the

13   individual was confused, and thus are irrelevant to the issue of consumer confusion,

14   the merits of Fox's motion, and this dispute.  FRE 401; *see Madacy*, 421 F.3d at

15   1083.

16       (8) Objection to Shami Decl. ¶¶ 131, Ex. 20; 132, Ex. 21; 135, Ex. 24 on the

17   basis that the comments show the individual knows the difference between

18   defendant and *Empire* and thus are irrelevant to the issue of consumer confusion,

19   the merits of Fox's motion, and this dispute.  FRE 401.  The comment in exhibit 20

20   shows that the individual believes defendant, as someone with connections in the

21   entertainment industry, could "help get" an audition on *Empire*, not that defendant

22   is associated with *Empire*.  Use of the word "they" (rather than "you") further

23   indicates this individual knows defendant and *Empire* are not associated.  The

24   comment in exhibit 21 shows the individual knows the difference between

25   defendant and *Empire* by confirming his knowledge that "you guys aren't working

26   with Empire (the TV show)."  The comment in exhibit 24 correctly identifies

27   @EMPIRE as a record label and @EmpireFOX as a show, demonstrating no

28   confusion.

FOX'S MEMORANDUM OF
EVIDENTIARY OBJECTIONS
CASE NO. 2:15-CV-02158 PA(FFMX)

(10) Objection to Julien Decl. ¶¶ 22-26; Douthit Decl. ¶ 14; McDaniels Decl. ¶¶ 15-17; Shami Decl. ¶¶ 92-94; 100; 114-19 on the basis that the evidence contains impermissible legal conclusions about consumer confusion.  FRE 701.

(11) Objection to Julien Decl. ¶¶ 22-26; Shami Decl. ¶¶ 92-94, 100 on the basis that the declarant lacks personal knowledge of these purported facts.  FRE 602.

(12) Objection to Julien Decl. ¶¶ 22-26; Shami Decl. ¶ 92-94; 100; 119 on the basis that the declarant's testimony is speculative.

**Defendant's Fact 79:**

(1) Objection to Shami Decl. ¶¶ 84, 92-94, 100, and 114-135, McDaniels Decl. ¶ 15-17, Douthit Decl. ¶ 14, Simon Decl. ¶¶ 2-3 and Julien Decl. ¶¶ 22-26 on the basis that they contain improper opinion testimony from lay witnesses on the purported existence of consumer confusion.  FRE 701.  None of these individuals were designated as expert witnesses by defendant, yet they impermissibly provide opinions based on their purported specialized knowledge and experience.  *See Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education, training, and experience of the witness" are expert opinions); *Munchkin,* 2015 WL 774046, at *3 ("Lay opinion testimony is not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.") (quoting *Connecticut*, 297 F.3d at 554).

(2) *See supra* at Defendant's Fact 78, Objections (2)-(12).

**Defendant's Fact 80:**

(1) Objection to Shami Decl. ¶¶ 84, 92-94, 100, and 114-135, McDaniels Decl. ¶¶ 15-17, Douthit Decl. ¶ 14, Simon Decl. ¶¶ 2-3 and Julien Decl. ¶¶ 22-26 on the basis that they contain improper opinion testimony from lay witnesses on the purported existence of consumer confusion.  FRE 701.  None of these individuals

1  were designated as expert witnesses by defendant, yet they impermissibly provide
2  opinions based on their purported specialized knowledge and experience.  *See*
3  *Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education,
4  training, and experience of the witness" are expert opinions); *Munchkin,* 2015 WL
5  774046, at *3 ("Lay opinion testimony is not to provide specialized explanations or
6  interpretations that an untrained layman could not make if perceiving the same acts
7  or events.") (quoting *Connecticut*, 297 F.3d at 554).
8      (2) *See supra* at Defendant's Fact 78,Objections (2)-(12).
9
10  **Defendant's Fact 81:**
11      (1) Objection to Shami Decl. ¶¶ 84, 92-94, 100, and 114-35, McDaniels
12  Decl. ¶¶ 15-17, Douthit Decl. ¶ 14, Simon Decl. ¶¶ 2-3 and Julien Decl. ¶¶ 22-26
13  on the basis that they contain improper opinion testimony from lay witnesses on the
14  purported existence of consumer confusion.  FRE 701.  None of these individuals
15  were designated as expert witnesses by defendant, yet they impermissibly provide
16  opinions based on their purported specialized knowledge and experience.  *See*
17  *Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education,
18  training, and experience of the witness" are expert opinions); *Munchkin, Inc.* 2015
19  WL 774046, at *3 ("Lay opinion testimony is not to provide specialized
20  explanations or interpretations that an untrained layman could not make if
21  perceiving the same acts or events.") (quoting *Connecticut*, 297 F.3d at 554).
22      (2) *See supra* at Defendant's Fact 78,Objections (2)-(12).
23
24  **Defendant's Fact 82:**
25      (1) Objection to Bowler Decl. ¶ 4, Ex. 69, Ross Decl. ¶ 3, and Bywater Decl.
26  ¶ 3 on the basis that whether or not Fox has used the "Empire" name as a "source-
27  identifier" outside of the construct of the *Empire* series is not relevant to the merits
28  of Fox's motion or this dispute.  FRE 401.  Defendant's opposition cites no law to

FOX'S MEMORANDUM OF
EVIDENTIARY OBJECTIONS
CASE NO. 2:15-CV-02158 PA(FFMX)

support its attempt to create a new "source-identifier" exception to the First

Amendment protection for expressive works under *Rogers v. Grimaldi*, 875 F.2d

994 (2nd Cir. 1989).  *See* Opp. at 4-9.

**Defendant's Fact 83:**

(1) Objection to Shami Decl. ¶¶ 136-41 on the basis that Mr. Shami's

appearance on one episode of a reality television show, participation in the

production of music videos that have appeared on television, and vague plans to

have Empire Distribution's artists appear on television is not relevant to the merits

of Fox's motion or this dispute.  FRE 401.

**Defendant's Fact 86:**

(1) Objection that this purported "fact" is mere argument, in violation of the

Court's Scheduling Order (Dkt. No. 23).

**Defendant's Fact 87:**

(1) Objection that this purported "fact" is mere argument, in violation of the

Court's Scheduling Order (Dkt. No. 23).

**Defendant's Fact 88:**

(1) Objection that this purported "fact" is mere argument, in violation of the

Court's Scheduling Order (Dkt. No. 23).

**Defendant's Fact 90:**

(1) Objection that this purported "fact" is mere argument, in violation of the

Court's Scheduling Order (Dkt. No. 23).

1

**Defendant's Fact 91:**

2       (1) Objection that this purported "fact" is mere argument, in violation of the

3   Court's Scheduling Order (Dkt. No. 23).

4

5  **Defendant's Fact 92:**

6       (1) Objection that this purported "fact" is mere argument, in violation of the

7   Court's Scheduling Order (Dkt. No. 23).

8

9  **Defendant's Fact 93:**

10       (1) Objection that this purported "fact" is mere argument, in violation of the

11  Court's Scheduling Order (Dkt. No. 23).

12

13  **Defendant's Fact 94:**

14       (1) Objection to Shami Decl. ¶¶ 62-83, McDaniels Decl. ¶¶ 9-14, Douthit

15  Decl. ¶¶ 7-10, and Julien Decl. ¶¶ 12-21 on the basis that they contain improper

16  opinion testimony from lay witnesses on the importance of record labels to

17  consumers of rap, hip hop, and R&B music.  FRE 701.  None of these individuals

18  were designated as expert witnesses by defendant, yet they impermissibly provide

19  opinions based on their purported specialized knowledge and experience.  *See*

20  *Figueroa-Lopez*, 125 F.3d at 1246 (opinions based on "perceptions, education,

21  training, and experience of the witness" are expert opinions); *Munchkin,* 2015 WL

22  774046, at *3 ("Lay opinion testimony is not to provide specialized explanations or

23  interpretations that an untrained layman could not make if perceiving the same acts

24  or events.") (quoting *Connecticut*, 297 F.3d at 554 ).

25       (2) Objection to Bowler Decl. ¶ 8, Ex. 73 (Expert Report of Kristin J. Lieb)

26  ¶¶ 3, 12-22, 46 on the basis that the purported expert opinion relies entirely on

27  unreliable hearsay statements.  FRE 703; *Marcel*, 11 F.3d at 567 n.6 (Experts may

28  rely on hearsay "if the data is reliable and qualified under Rule 703."); *Soden,* 714

FOX'S MEMORANDUM OF
EVIDENTIARY OBJECTIONS
CASE NO. 2:15-CV-02158 PA(FFMX)

1 | F.2d at 503-06.

2

3 | **Defendant's Fact 95:**

4 | (1) Objection to Shami Decl. ¶¶ 6-21, 35-61, McDaniels Decl. ¶¶ 4-8,

5 | Douthit Decl. ¶¶ 11-14, and Julien Decl. ¶¶ 7-11 on the basis that they contain

6 | improper opinion testimony from lay witnesses on Empire Distribution's purported

7 | reputation and influence.  FRE 701.  None of these individuals were designated as

8 | expert witnesses by defendant, yet they impermissibly provide opinions based on

9 | their purported specialized knowledge and experience.  *See Figueroa-Lopez*, 125

10 | F.3d at 1246 (opinions based on "perceptions, education, training, and experience

11 | of the witness" are expert opinions); *Munchkin,* 2015 WL 774046, at *3  ("Lay

12 | opinion testimony is not to provide specialized explanations or interpretations that

13 | an untrained layman could not make if perceiving the same acts or events.")

14 | (quoting *Connecticut*, 297 F.3d at 554).

15 | (2) Objection to Bowler Decl. ¶ 8, Ex. 73 (Expert Report of Kristin J. Lieb)

16 | ¶¶ 3, 22-33, 47 on the basis that the purported expert opinion relies on unreliable

17 | hearsay statements.  FRE 703; *Marcel*, 11 F.3d at 567 n.6 (Experts may rely on

18 | hearsay "if the data is reliable and qualified under Rule 703."); *Soden,* 714 F.2d at

19 | 503-06.

20

21 | **Defendant's Fact 97:**

22 | (1) Objection to Shami Decl. ¶¶ 92-94, and 100, McDaniels Decl. ¶¶ 15-17,

23 | Douthit Decl. ¶¶ 14, and Julien Decl. ¶¶ 22-24 on the basis that they contain

24 | improper opinion testimony from lay witnesses on the likelihood of consumer

25 | confusion.  FRE 701.  None of these individuals were designated as expert

26 | witnesses by defendant, yet they impermissibly provide opinions based on their

27 | purported specialized knowledge and experience.  *See Figueroa-Lopez*, 125 F.3d at

28 | 1246 (opinions based on "perceptions, education, training, and experience of the

1    witness" are expert opinions); *Munchkin,* 2015 WL 774046, at *3  ("Lay opinion

2    testimony is not to provide specialized explanations or interpretations that an

3    untrained layman could not make if perceiving the same acts or events.") (quoting

4    *Connecticut*, 297 F.3d at 554).

5          (2) Objection to Bowler Decl. ¶ 8, Ex. 73 (Expert Report of Kristin J. Lieb)

6    ¶¶ 3, 34-45, 48 on the basis that the purported expert opinion relies on unreliable

7    hearsay statements.  FRE 703; *Marcel*, 11 F.3d at 567 n.6 (Experts may rely on

8    hearsay "if the data is reliable and qualified under Rule 703."); *Soden,* 714 F.2d at

9    503-06.

10

11    **Defendant's Fact 98:**

12          (1) Objection to Villar Decl. ¶ 2, Ex. 25, on the basis that the fact that Fox

13    identified six individuals in its Initial Disclosures pursuant to Fed. R. Civ. P.

14    26(a)(1) is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

15

16    **Defendant's Fact 99:**

17          (1) Objection to Bowler Decl. ¶ 4, Ex. 69 at 32:12-22, on the basis that the

18    fact that Ms. Ryan's position at FBC and interactions with Mr. Bywater are not

19    relevant to the merits of Fox's motion or this dispute.  FRE 401.

20

21    **Defendant's Fact 100:**

22          (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 45:23-47:1, 47:4, on the basis that

23    Mr. Bywater's lack of knowledge as to the selection of the name "Empire" for

24    Fox's television series is not relevant to the merits of Fox's motion or this dispute.

25    FRE 401.

26

27    **Defendant's Fact 101:**

28          (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 49:13-15, 49:19, on the basis that

Mr. Bywater's lack of knowledge as to whether Fox conducted any trademark searches prior to adopting the name "Empire" for Fox's television series is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

**Defendant's Fact 102:**

(1) Objection to Bowler Decl. ¶ 4, Ex. 69, 150:3-9, on the basis that Mr. Bywater's lack of knowledge as to how much the network spent marketing *Empire* and the fact that Shannon Ryan probably would know is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

**Defendant's Fact 103:**

(1) Objection to Bowler Decl. ¶ 4, Ex. 69, 165:23-166:5, 166:11-15, on the basis that Mr. Bywater's testimony that marketing would know more about the reports on the downloads to date of music released from the second season of *Empire* is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

**Defendant's Fact 104:**

(1) Objection to Villar Decl. ¶ 3 on the basis that Mr. Villar lacks personal knowledge as to which individuals *Fox* believes have discoverable information. FRE 602.  Further objection to Villar Decl. ¶ 3 on the basis that Mr. Villar's assessment of who Fox included on Fox's Initial Disclosures is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

**Defendant's Fact 105:**

(1) Objection to Villar Decl. ¶ 3 on the basis that Mr. Villar lacks personal knowledge as to who Fox's attorneys of record are, FRE 602, and, indeed, Ms. Reynolds is not one of Fox's attorneys of record.

1

**Defendant's Fact 106:**

2      (1) Objection to Villar Decl. ¶ 3 on the basis that the percentage of percipient

3  witnesses who submitted declarations in support of Fox's motion and were not

4  disclosed in Fox's Initial Disclosures is not relevant to the merits of Fox's motion

5  or this dispute.  FRE 401.  Moreover, to the extent defendant claims this is relevant,

6  defendant's opposition to Fox's motion contained declarations from five percipient

7  witnesses (Ghazi Shami, Ari Simon, Robb McDaniels, Thuy-An Julien, and Patrick

8  Denard Douthit), and only *one* of them (Ghazi Shami) was listed in defendant's

9  Initial Disclosures.

10

11 **Defendant's Fact 107:**

12     (1) Objection to Villar Decl. ¶ 4 on the basis that whether or not Fox had

13 supplemented its Initial Disclosures as of the date defendant's opposition was due is

14 not relevant to the merits of Fox's motion or this dispute.  FRE 401.  Moreover, to

15 the extent defendant claims this is relevant, defendant likewise has not

16 supplemented or amended its Initial Disclosures to date.

17

18 **Defendant's Fact 108:**

19     (1) Objection to Villar Decl. ¶ 7 on the basis that the date of Fox's initial

20 document production is not relevant to the merits of Fox's motion or this dispute.

21 FRE 401.

22

23 **Defendant's Fact 109:**

24     (1) Objection to Villar Decl. ¶ 11 on the basis that the date of the document

25 productions of *third parties* Fox Music, Lee Daniels, and Danny Strong is not

26 relevant to the merits of Fox's motion or this dispute.  FRE 401.

27

28

**Defendant's Fact 110:**

(1) Objection to Villar Decl. ¶ 20 on the basis that, under the circumstances, the number of percipient witnesses Fox has made available for deposition to date is not relevant to the merits of Fox's motion or this dispute.  FRE 401.  As an initial matter, Fox closed for the holidays from December 24 through January 4, so Fox's witnesses were unavailable during this period.  More importantly, defendant stipulated to the parties' summary judgment briefing schedule without indicating it would need to depose any Fox witnesses, let alone a specific number, prior to the date its opposition was due.

**Defendant's Fact 111:**

(1) Objection to Villar Decl. ¶ 25 on the basis that, under the circumstances, the fact that Fox had not provided confirmed dates for expert witnesses Ted Cohen and Erich Joachimsthaler is not relevant to the merits of Fox's motion or this dispute.  FRE 401.  As an initial matter, defendant stipulated to the parties' summary judgment briefing schedule without indicating it would need to depose or have confirmed dates for any expert witnesses, let alone Mr. Cohen and Mr. Joachimsthaler specifically, prior to the date its opposition was due.  Moreover, understanding that not all depositions would be completed prior to summary judgment briefing, defendant identified certain "priority" witnesses it wanted to depose first, schedule permitting.  Neither Mr. Cohen nor Mr. Joachimsthaler were among these "priority" witnesses.  Finally, contrary to Mr. Villar's representations, Mr. Cohen's report is cited once in Fox's motion and Mr. Joachimsthaler's report is not cited in Fox's motion at all, further reinforcing the lack of relevance of defendant's purported fact.

**Defendant's Fact 112:**

(1) Objection to Villar Decl. ¶¶ 2-34 on the basis that Mr. Villar's declaration

1   presents improper legal arguments as to Empire Distribution's purported inability to

2   oppose Fox's motion for summary judgment.  FRE 701.  Further objection to Villar

3   Decl. ¶¶ 2-34 on the basis that, under the circumstances, the discovery defendant

4   has requested from Fox is not relevant to the merits of Fox's motion or this dispute.

5   Defendant stipulated to the parties' summary judgment briefing schedule without

6   indicating it required any specific pieces of discovery prior to the date its opposition

7   was due.  Moreover, Fox produced documents on these topics nearly one month

8   before defendant's opposition was due.

9

10  **Defendant's Fact 113:**

11      (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 15:22, 16:3-7, on the basis that

12  whether or not Fox "once owned a record label" that "did not succeed" is not

13  relevant to the merits of Fox's motion or this dispute.  FRE 401.

14

15  **Defendant's Fact 114:**

16      (1) Objection to Bowler Decl. ¶ 4, 15:8-17:2, 17:6-19:9, 19:11-24, 20:2-5,

17  and 21:16-22:2, on the basis that Mr. Bywater's work on soundtracks for films and

18  music for television shows prior to obtaining his current position is not relevant to

19  the merits of Fox's motion or this dispute.  FRE 401.

20

21  **Defendant's Fact 115:**

22      (1) Objection to Bowler Decl. ¶ 4, 18:22-19:9 and 19:11-17, on the basis that

23  the existence of separate departments for film music and television music at Fox is

24  not relevant to the merits of Fox's motion or this dispute.  FRE 401.

25

26  **Defendant's Fact 118:**

27      (1) Objection to Bowler Decl. ¶ 4, Ex. 69 at 24:14-25:5, on the basis that

28  defendant's citation to Mr. Bywater's testimony about deals for *Glee* is not relevant

1    to the merits of Fox's motion or this dispute.  FRE 401.

2

3    **Defendant's Fact 121:**

4          (1) Objection to Bowler Decl. ¶ 4, Ex. 69 at 26:24-25, 27:4-8, 27:11, 27:16-

5    17, on the basis that defendant's counsel asked Mr. Bywater to make an

6    impermissible legal conclusion as to Fox's rights.  FRE 701.

7

8    **Defendant's Fact 124:**

9          (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 34:9-10, 34:13-14, on the basis

10   that the similarities between *Glee* and *Empire* are not relevant to this dispute.  FRE

11   401.

12

13   **Defendant's Fact 125:**

14         (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 34:16-22, on the basis that *Glee*'s

15   "super great" use of music and similarities to *Empire* are not relevant to this

16   dispute.  FRE 401.

17

18   **Defendant's Fact 126:**

19         (1) Objection to Bowler Decl. ¶ 4, Ex. 69 at 34:23-35:1, on the basis that the

20   release of series music for *Glee* is not relevant to the merits of Fox's motion or this

21   dispute.  FRE 401.

22

23   **Defendant's Fact 127:**

24         (1) Objection to Bowler Decl. ¶ 4, Ex. 69 at 36:6-11, on the basis that

25   defendant's counsel asked Mr. Bywater to make a comparison between *Empire* and

26   *Glee*, which is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

27

28

**Defendant's Fact 131:**

(1) Objection to Bowler Decl. ¶ 4, Ex. 69 at Exs. 3, 4, on the basis that these articles are out of court statements offered to prove the truth of the matter asserted and thus constitute impermissible hearsay not subject to any exception.  FRE 801, 802.

**Defendant's Fact 144:**

(1) Objection to Bowler Decl. ¶ 4, Ex. 69, 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19, and 93:1-11, on the basis that Mr. Bywater lacks personal knowledge of the details of the story line with respect to Snoop Dogg's appearance on *Empire*.  FRE 602.  Further objection to Bywater Ex. 7 on the basis that the statements regarding Snoop Dogg's appearance on Empire are out of court statements offered to prove the truth of the matter asserted and thus constitute impermissible hearsay not subject to any exception.  FRE 801, 802.

**Defendant's Fact 147:**

(1) Objection to Bowler Decl. ¶ 4, Ex. 69, 83:25-84:7, 84:11-21, and Bywater Ex. 6 on the basis that the quotes statements are out of court statements offered to prove the truth of the matter asserted and thus constitute impermissible hearsay not subject to any exception.  FRE 801, 802.

**Defendant's Fact 149:**

(1) Objection to Bowler Decl. ¶ 4, Ex. 69, 104:13-22, 105:7-22, and Bywater Ex. 8 on the basis that whether Fox *contemplated* a digital-only release of the Empire soundtrack is not relevant to the merits of Fox's motion or this dispute. FRE 401.  Further objection to Bywater Ex. 8 on the basis that the statements regarding the possibility of a digital-only release are out of court statements offered to prove the truth of the matter asserted and thus constitute impermissible hearsay

1    not subject to any exception.  FRE 801, 802.

2

3    **Defendant's Fact 157:**

4        (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 161:18-25, 162:9-12, and Bywater

5    Ex. 17 on the basis that whether Fox receives Soundscan sales reports from

6    Columbia is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

7

8    **Defendant's Fact 160:**

9        (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 85:3-10, 85:14-17, on the basis

10   that the fact that Mr. Bywater's comparison of *Glee* and *Empire* is not relevant to

11   the merits of Fox's motion or this dispute.  FRE 401.

12

13   **Defendant's Fact 163:**

14       (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 86:12-14, 86:17-24, 87:3-11, on

15   the basis that Fox's *consideration* of a tour with the actors from Empire is not

16   relevant to the merits of Fox's motion or this dispute.  FRE 401.

17

18   **Defendant's Fact 164:**

19       (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 189:16-190:7, 190:10-12, on the

20   basis that Mr. Bywater lacks personal knowledge of any purported promotion by

21   Fox at the South by Southwest festival.  FRE 602.  Further objection to Bowler

22   Decl. ¶ 4, Ex. 69, 189:16-190:7, 190:10-12 and Bywater Ex. 24 on the basis that

23   whether Fox sent a bus wrap with unknown content to the South by Southwest

24   festival is not relevant to the merits of Fox's motion or this dispute.  FRE 401.

25

26   **Defendant's Fact 165:**

27       (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 196:11-197:6, on the basis that

28   whether a Pepsi commercial was written into *Empire*'s storyline is not relevant to

FOX'S MEMORANDUM OF
EVIDENTIARY OBJECTIONS
CASE NO. 2:15-CV-02158 PA(FFMX)

1  the merits of Fox's motion or this dispute.  FRE 401.  Objection to Bywater Ex. 27

2  on the basis that the statements regarding potential sponsorships and partnerships

3  are out of court statements offered to prove the truth of the matter asserted and thus

4  constitute impermissible hearsay not subject to any exception.  FRE 801, 802.

5

6  **Defendant's Fact 166:**

7      (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 200:10-11, 200:18-201:5, on the

8  basis that Mr. Bywater has no personal knowledge of whether an *Empire* promo for

9  the song "No Apologies" aired at the BET Hip-Hop Awards.  FRE 602.  Further

10  objection to Bowler Decl. ¶ 4, Ex. 69, 200:10-11, 200:18-201:5 and Bywater Ex. 29

11  on the basis that whether cast members from *Empire* have performed at BET

12  awards shows is not relevant to the merits of Fox's motion or this dispute.  FRE

13  401.  Further objection to Bywater Ex. 29 on the basis that the statements regarding

14  the use of "No Apologies" for an *Empire* promotion to air on the BET awards are

15  out of court statements offered to prove the truth of the matter asserted and thus

16  constitutes impermissible hearsay not subject to any exception.  FRE 801, 802.

17

18  **Defendant's Fact 168:**

19      (1) Objection to Bowler Decl. ¶ 4, Ex. 69, 208:3-6 209:15-24, 210:4-5,

20  210:8-14, and Bywater Ex. 30 on the basis that Mr. Bywater lacks personal

21  knowledge of the intended meaning of Mr. Melnick's statements.  FRE 602.

22  Further objection to Mr. Melnick's statements in Bywater Ex. 30 on the basis that

23  they are out of court statements offered to prove the truth of the matter asserted and

24  thus constitute impermissible hearsay not subject to any exception.  FRE 801, 802.

25

26  **Defendant's Fact 169:**

27      (1) Objection to Shami Decl. ¶¶ 7 on the basis that it contains improper

28  opinion testimony from a lay witness as to the recognition of artists with whom

FOX'S MEMORANDUM OF
EVIDENTIARY OBJECTIONS
CASE NO. 2:15-CV-02158 PA(FFMX)

1   Empire Distribution has worked.  FRE 701.  Mr. Shami was not designated as an

2   expert witness by defendant, yet he impermissibly provides opinions as to the

3   caliber of various artists based on his purported specialized knowledge and

4   experience.  *See Figueroa-Lopez*, 125 F.3d at 1246  (opinions based on

5   "perceptions, education, training, and experience of the witness" are expert

6   opinions); *Munchkin,* 2015 WL 774046, at *3 ("Lay opinion testimony is not to

7   provide specialized explanations or interpretations that an untrained layman could

8   not make if perceiving the same acts or events.") (*Connecticut*, 297 F.3d at 554).

9          (2) Objections to Bowler Decl. ¶ 4, Ex. 69, 202:1-205:3 on the basis that Mr.

10  Bywater's familiarity with certain artists is not relevant to the merits of Fox's

11  motion or this dispute.

12

13  **Defendant's Fact 170:**

14         (1) Objection to Bowler Decl. ¶¶ 10-11 on the basis that it contains an

15  impermissible legal conclusion unsupported that is contradicted by the facts.  FRE

16  701.  Indeed, defendant's counsel told Fox that its counterclaims pled forward

17  confusion.  Lens Decl. ¶ 7.

18

19  **Defendant's Fact 171:**

20         (1) Objection to Bowler Decl. ¶¶ 10-11 (paragraph 12 does not exist) on the

21  basis that Mr. Bowler lacks personal knowledge as to whether Fox was aware of

22  Empire Distribution's forward and reverse confusion claims.  FRE 602.  Indeed,

23  Fox's evidence shows that it was *not* aware that Empire Distribution intended to

24  assert a reverse confusion claim.  Lens Decl. ¶ 7.

25

26

27

28

1

2   Dated:  January 15, 2016

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DANIEL M. PETROCELLI
MOLLY M. LENS
CAMERON H. BISCAY
O'MELVENY & MYERS LLP

By: */s/ Daniel M. Petrocelli*
        Daniel M. Petrocelli

Attorneys for Twentieth Century Fox
Television, a division of Twentieth
Century Fox Film Corporation, and
Fox Broadcasting Company

FOX'S MEMORANDUM OF
EVIDENTIARY OBJECTIONS
CASE NO. 2:15-CV-02158 PA(FFMX)