PAUL L. GALE (SBN 065873)
paul.gale@troutmansanders.com
PETER N. VILLAR (SBN 204038)
peter.villar@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, California  92614-2545
Telephone:  (949) 622-2700
Facsimile:   (949) 769-2052

JOHN M. BOWLER (*pro hac vice*)
john.bowler@troutmansanders.com
MICHAEL D. HOBBS (*pro hac vice*)
michael.hobbs@troutmansanders.com
LINDSAY MITCHELL HENNER (*pro hac vice*)
lindsay.henner@troutmansanders.com
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street NE, Suite 5200
Atlanta, Georgia  30308-2216

*Attorneys for Defendant-Counterclaimant*
*Empire Distribution Inc.*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| TWENTIETH CENTURY FOX TELEVISION, a division of TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware company, and FOX BROADCASTING COMPANY, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> EMPIRE DISTRIBUTION, INC., a California corporation, <br><br> Defendant. <br><br> *AND RELATED COUNTERCLAIM.* | Case No.  2:15-cv-02158-PA-FFM <br><br> Hon. Percy Anderson <br><br> **EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date:    February 1, 2016 <br> Time:    1:30 p.m. <br> Place:   Courtroom 15 |

27721652v2

Defendant-Counterclaimant EMPIRE DISTRIBUTION, INC. ("EMPIRE")
hereby submits this Statement of Genuine Disputes of Material Fact in Opposition
to Fox's Motion for Summary Judgment.

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| **First Amendment** | |
| 1.   *Empire* is a musical dramatic television series set in New York, which tells the story of a fictional company called Empire Enterprises. | **Objection/Disputed in part**. EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication. Subject to these objections, EMPIRE does not dispute that *Empire* is a musical dramatic television series.  However, there is conflicting evidence as to where it is "set," there is no evidence submitted by Fox that it is based on a "fictional" company (and there is evidence to the contrary including statements from Fox that it is based on individuals and events from the real world music industry), and the company is actually called "Empire Entertainment," though it is also referred to in the series as "Empire Enterprises" and generally just as "Empire" in |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | connection with the series and the sale of music. **Fox's Evidence**: <br>• Bywater Decl. ¶ 2 <br>• Ryan Decl. ¶ 2 <br>• Defendant's Answer to Complaint, attached to Lens Decl. as Ex. 3 at p. 37 ¶ 10; p. 38 ¶ 23 <br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at p. 54 ¶ 20 <br>• DVDs of *Empire,* lodged with Court as Exs. 11 & 13 to Lens Decl., *passim,* including, *e.g.,* Season 1, Episode 1 at 2:57 (Statue of Liberty); Season 1, Episode 2 at 47:53-57 (Lucious Lyon's New York license plate and Statue of Liberty); Season 1, Episode 4 at 36:06 (announcement for event in NYC at Leviticus, the club owned by Empire Enterprises) |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27721652v2

- 2 -

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | • Blazek Decl. ¶ 2 |
| | **EMPIRE's Evidence:** |
| | • DVDs of *Empire*, lodged with Court as Ex. 11 to Lens Decl. including Season 1 Pilot at 6:31-6:39 ("I am proud to announce that **Empire Entertainment** has filed to become a publicly traded company on the New York Stock Exchange.");  45:16-25 ("Ladies and gentlemen, it is my great honor to welcome back the heart and soul of **Empire Enterprises**, Ms. Cookie Lyon"; 45:16-25; 7:15-7:20 ("Your brother and I have been working hard to turn **Empire** into a publicly traded company"; 9:20-9:22 (reference to "Empire"); 27:32-34 (reference to "Empire"); 45:55 (reference to "Empire"); *see also* signage, symbols and labels reflecting |

27721652v2

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | the name "Empire" throughout series; 33:16-33:23 ("You're so pure only a couple hundred white kids in Brooklyn and **San Francisco** even know your stuff.")<br><br>• Ryan Decl. ¶ 6 (various logos reflecting use of the standalone name "Empire")<br><br>• Bowler Decl., ¶ 4, Ex. 69 (Bywater Deposition Transcript) at 48:22-25, 49:3-5, 71:22-24, 72:5-7, 72:9-10, 72:14, 72:24-13, 73:16-18, 73:23-74:17, 75:18-24, 83:25-84:7, 84:11-21; 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19; 93:1-11; Bywater Exs. 6, 7. |
| 2.    In *Empire*, when drug-dealer-turned-music-mogul Lucious Lyon (played by played by Academy Award-nominee Terrence Howard) is diagnosed with a fatal disease, his ex-wife, Cookie (played by Academy Award-nominee | **Objection/Disputed in part.**<br>EMPIRE objects to this statement on the following grounds:<br>(1) Improper citations in violation of the Court's Scheduling Order dated July 23, 2015 stating that "[n]o party should |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| Taraji P. Henson), and their three sons fight for future control over Lucious' entertainment company. | submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact …" (Scheduling Order, p.4:12-17.) (2) Lacks foundation. (3) Hearsay. (4) Lacks authentication. Subject to these objections, EMPIRE does not dispute that Lucious Lyon is played by Terrence Howard and that Cookie Lyon is played by Taraji Henson, or that Lucious Lyon is a "drug dealer-turned-music mogul."  However, that is a not a complete description of Lucious Lyon's character as he is also a murderer, felon, homophobic and child abuser. **Fox's Evidence**: <ul><li>Cover of DVD set of *Empire: The Complete First Season*, attached to Lens Decl. as Ex. 10 at p. 135</li><li>DVDs of *Empire*, lodged with Court as Exs. 11 & 13 to Lens</li></ul> |

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | Decl., *passim* <br> • Blazek Decl. ¶ 2 <br> • February 16, 2015 Letter From Defendant's Counsel To Fox (Exhibit A to Fox's Complaint), attached to Lens Decl. as Ex. 2 at p. 23. <br><br> **EMPIRE's Evidence:** <br> • DVDs of *Empire*, lodged with Court as Ex. 11 to Lens Decl. including Season 1 Pilot at 42:00-43:15 (murder scene); 31:18-31:50 (scene of Lucious throwing his young gay child in garbage can); 44:33-45:02 ("You really aren't ashamed of [gay son Jamal] ...  I'm gonna show you a faggot really can run this company." |
| 3.     The fictional Empire Enterprises produces hip-hop and R&B hits, owns a nightclub, makes champagne and sneakers, and generates hundreds of millions of dollars in annual revenue. | **Objection/Disputed in part.** <br> EMPIRE objects to this statement on the following grounds: <br> (1) Lacks foundation. <br> (2) Hearsay. <br> (3) Lacks authentication. |

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN
OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | Subject to these objections, EMPIRE disputes this statement to the extent it refers to the "fictional Empire Enterprises".  There is no evidence submitted by Fox that it is based on a "fictional" company and there is evidence to the contrary including statements from Fox that it is based on individuals and events from the real world music industry.  Moreover, the company is actually called "Empire Entertainment," though it is also referred to in the series as "Empire Enterprises" and generally just as "Empire" in connection with the series and the sale of music.<br><br>**Fox's Evidence**:<br>• DVDs of *Empire*, lodged with Court as Exs. 11 & 13 to Lens Decl., *passim*, including, e.g., Season 1, Episode 2 at 34:56 (nightclub); Season 1, Episode 8 at 28:46 (champagne); Season 1, Episode 2 at 1:38 (sneakers); Season 1, Episode |

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | 9 at 31:59 (revenue)<br><br>• Blazek Decl. ¶ 2<br><br>**EMPIRE's Evidence:**<br><br>• DVDs of *Empire*, lodged with Court as Ex. 11 to Lens Decl. including Season 1 Pilot at 6:31-6:39 ("I am proud to announce that **Empire Entertainment** has filed to become a publicly traded company on the New York Stock Exchange.");  45:16-25 ("Ladies and gentlemen, it is my great honor to welcome back the heart and soul of **Empire Enterprises**, Ms. Cookie Lyon"; 45:16-25; 7:15-7:20 ("Your brother and I have been working hard to turn **Empire** into a publicly traded company"; 9:20-9:22 (reference to "Empire"); 27:32-34 (reference to "Empire"); 45:55 (reference to "Empire"); *see also* signage, |

27721652v2

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | symbols and labels reflecting the name "Empire" throughout series; 33:16-33:23 ("You're so pure only a couple hundred white kids in Brooklyn and **San Francisco** even know your stuff.")<br>• Ryan Decl. ¶ 6 (various logos reflecting use of the standalone name "Empire")<br>• Bowler Decl., ¶ 4, Ex. 69 (Bywater Deposition Transcript) at 48:22-25, 49:3-5, 71:22-24, 72:5-7, 72:9-10, 72:14, 72:24-13, 73:16-18, 73:23-74:17, 75:18-24, 83:25-84:7, 84:11-21; 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19; 93:1-11; Bywater Exs. 6, 7. |
| 4.   *Empire* features songs in each episode, including original songs produced by Timothy "Timbaland" Mosley. | **Undisputed**. |
| 5.   The Soundtracks comprise songs | **Objection/Undisputed in part.** |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| that appear in *Empire*. | EMPIRE objects to this statement on the following grounds: (1) Vague and ambiguous as to the term "Soundtracks" in this context. (2) Lacks foundation. Subject to these objections, and with the understanding that the term "Soundtracks" only refers to the two compilation CDs released by Fox (and not all other singles and EPs), Empire does not dispute that the Original Soundtrack from Season 1 and the Original Soundtrack Season 2 include songs that appear in the *Empire* series. |
| 6.    Defendant has not alleged in the Counterclaims that Fox has made any statements explicitly misleading consumers as to the source of *Empire* or the Soundtracks. | **Objection/Disputed.** EMPIRE objects to this statement on the following grounds: (1) This is not a statement of fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5.) (2) Irrelevant. (3) Argumentative. (4) Lacks foundation. Subject to these objections, EMPIRE |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | disputes this statement as there are numerous such allegations in the Counterclaims.  Moreover, Fox's citation to the alleged absence of allegations in the Counterclaims is an improper attempt to circumvent all of the relevant evidence that has been provided to Fox in discovery as set forth in EMPIRE's additional undisputed facts below. <br><br> **Fox's Evidence:** <br> • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 47-71 <br><br> **EMPIRE's Evidence:** <br> • EMPIRE's Counterclaims, Lens Decl., Ex. 4 ¶¶ 1, 20, 21, 22, 23, 32, 38, 45, 51, 53, 60, and 61. |
| 7.    Fox's products do not contain any representation as to *Empire Distribution's* endorsement or affiliation. | **Objection/Disputed**. <br> EMPIRE objects to this statement on the following grounds: <br> (1) Vague and ambiguous as to the terms "Fox's products", and "endorsement or affiliation." |

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | (2) Improper citations in violation of the Court's Scheduling Order dated July 23, 2015 stating that "[n]o party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact …" (Scheduling Order, p.4:12-17.)<br><br>(3) Lacks foundation.<br><br>(4) Hearsay.<br><br>(5) Irrelevant.<br><br>Subject to these objections, EMPIRE disputes this statement as EMPIRE contends that Fox's use of the "Empire" mark in connection with all goods and services promoted, advertised, marketed, distributed and sold in connection with the *Empire* series and *Empire* series music (including, but not limited to, DVDs, CDs, singles, digital extended plays ("EPs"), apparel and accessories) misleads and confuses consumers as to the endorsement or affiliation of such goods and services. |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | **Fox's Evidence:**<br><br>• DVDs of *Empire*, lodged with Court as Exs. 11 & 13 to Lens Decl., *passim*<br><br>• Blazek Decl. ¶ 2<br><br>• CDs of Soundtracks, lodged with Court as Exs. 15 & 17 to Lens Decl., *passim*<br><br>• Cover of DVD set of *Empire: The Complete First Season*, attached to Lens Decl. as Ex. 10 at p. 135<br><br>• Covers of albums *Empire: Original Soundtrack From Season 1* and *Empire: Original Soundtrack Season 2 Volume 1*, attached to Lens Decl. as Exs. 14 & 16 at pp. 143, 145<br><br>• Amazon.com sales pages for *Empire: Music From The Pilot* and *Empire: Music From A Man Sinned Against*, attached to Lens Decl. ¶¶ 17-18 as Exs. 18-19 at pp. 147-50 Ryan |

27721652v2

- 13 -

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | Decl. ¶ 6 **EMPIRE's Evidence:** <br>• Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114; Simon Decl. ¶¶ 2-3; Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 34-45, 48; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26 |
| **Likelihood of Confusion** | |
| 8.    Defendant is a music record label and music distribution company. | **Undisputed in part.** EMPIRE does not dispute that it is a music record label and music distribution company, but that is not a complete description of its business. EMPIRE is a full-service music company under the umbrella brand name "EMPIRE" which includes "EMPIRE Distribution" (which provides distribution goods and services), "EMPIRE Recordings" (which offers recording goods and services), and "EMPIRE Publishing" (which provides publishing goods and services). |

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | (Shami Decl., ¶¶ 6-21) |
| 9.   Defendant does not allege in its Counterclaims that it produces broadcast television programming or that it intends to expand into broadcast television programming. | **Objection/Disputed.** EMPIRE objects to this statement on the following grounds: (1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5). (2) Irrelevant. (3) Argumentative. (4) Lacks foundation. (5) Vague and ambiguous as to the term "broadcast television programming". Subject to these objections, EMPIRE disputes this statement in that EMPIRE has been involved in broadcast television programming and intends to expand into broadcast television programming. **Fox's Evidence**:  • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 47-71 **EMPIRE's Evidence:**  • Shami Decl. ¶¶ 136-141 |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| 10.    Defendant claims the rights to three marks, none of which is federally registered: "Empire," the application for which was submitted in April 2015, and "Empire Recordings" and "Empire Distribution," the applications for which were submitted in December 2014, after Fox announced on November 19, 2014 the forthcoming premiere of *Empire*. | **Objection/Disputed.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication. Subject to these objections, EMPIRE disputes this statement.  Contrary to Fox's statement, EMPIRE applied for federal registration of the "EMPIRE DISTRIBUTION" and "EMPIRE RECORDINGS" marks on January 24, 2014, *before* Fox announced the premiere of *Empire*.  Moreover, contrary to Fox's statement, the USPTO has approved the following five EMPIRE trademark applications, and will be publishing same on January 19, 2016: (1) EMPIRE DISTRIBUTION (Serial No. 86174484); (2) EMPIRE DISTRIBUTION (Serial No. 86477123); (3) EMPIRE (Serial No. 86174393); (4) EMPIRE (Serial No. 86590415); and (5) EMPIRE (Serial No. 86590385). |

27721652v2

- 16 -

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN
OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | **Fox's Evidence**: <br> • *Compare* Fox's Complaint, attached to Lens Decl. as Ex. 2 at p. 11 ¶ 14-16 *with* Defendant's Answer to Complaint, attached to Lens Decl. as Ex. 3 at p. 37 ¶¶ 14-16 <br> • Reynolds Decl. ¶¶ 8-14 <br> • Ryan Decl. ¶ 2 <br> **EMPIRE's Evidence:** <br> • Hobbs Decl. ¶ 4-9, Ex. 1. |
| 11.     The USPTO has over 650 registered or pending applications for "empire" related marks. | **Objection/Disputed.** <br> EMPIRE objects to this statement on the following grounds: <br> (1) Lacks foundation. <br> (2) Hearsay. <br> (3) Lacks authentication. <br> Subject to these objections, EMPIRE disputes this statement in that many of the purported "empire" related marks contained in the list submitted by Fox do not contain the word "empire".  For example, Fox's list erroneously includes |

TROUTMAN SANDERS LLP <br> 5 PARK PLAZA <br> SUITE 1400 <br> IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
|  | the names: "ACE MEDIA CORP", "TXTPIRE", "IE TREADS", "1494 IMPERIO", "IMPERIO", "IMPERIO SALSA", "EMPYRE", "IE", "IMPERIO AJEDREZ", "MPIREBOYZ", "VIGILAR IMPERIO", "IMPERIO DEL TIEMPO", "EDM PIRE APPAREL", "ES", "ESRT", "ESG", "E.", "AURUM IMPERIUM", "IMPERIO DOS ACORES", "YKE", "MPIRE", "IMPIRE", "EPC", "SHRIMP IMPERIO", "TEIKOKU PHARMA USA", "ANTIGUO IMPERIO", "IESHINEON.COM", "IEHP MEDICARE DUALCHOICE", and "FEMPIRE", among others. **Fox's Evidence**: • Empire Search Results from USPTO, attached to Reynolds Decl. ¶ 2 as Ex. 1 at pp. 10-27. **EMPIRE's Evidence:** • Empire Search Results from USPTO, Reynolds Decl. ¶ 2 as Ex. 1 at pp. 10-27. |
| 12.    Searches for corporations and | **Objection.** |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| limited liability companies/limited partnerships on California's Secretary of State website for entity names with the word "empire" generates over 5,000 results. | EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication. |
| 13.    Empire Distribution is not the only record label with the word "empire" as part of its name. | **Objection.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Lacks authentication. |
| 14.    Defendant has admitted this case constitutes its lone trademark enforcement effort. | **Objection/Undisputed in part.** EMPIRE objects to this statement on the following grounds: (1) Vague and ambiguous as to the term "trademark enforcement effort." (2) Lacks foundation. Subject to these objections, EMPIRE does not dispute that it has not filed any other trademark infringement lawsuits. |
| 15.    Fox has never used the name "Empire Distribution" on or in connection with any of its products. | **Objection.** EMPIRE objects to this statement on the following grounds: (1) Improper citations in violation of the Court's Scheduling Order dated July 23, |

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | 2015 stating that "[n]o party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact …"  (Scheduling Order, p.4:12-17.) (2) Lacks foundation. (3) Hearsay. (4) Irrelevant. |
| 16.    Columbia Records, a division of Sony Music Entertainment, acts as the record label for the *Empire* soundtrack music and distributes *Empire's* original songs. | **Disputed in part.** EMPIRE does not dispute that Fox identifies Columbia Records as the "record label" for the *Empire* series music, but denies the balance of the request insofar as Fox exercises control over Columbia's release of the music. In fact, Fox omits the relevant portion of paragraphs it cites from the declarations of Bywater and Ross stating that the release of the *Empire* series music is done only "[w]ith the permission of Fox."  (Bywater Decl. ¶ 3, Ross Decl. ¶ 2.)  Moreover, Fox has used the "Empire" name as a source-identifier outside of the construct of the *Empire* |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN
OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | series, including by suggesting, for instance, that "Empire" or "Empire Entertainment" or "Empire Enterprises" is a real-life record label creating and releasing the *Empire* series music. |

**Fox's Evidence**:

- Bywater Decl. ¶ 3
- Ross Decl. ¶ 2-5

**EMPIRE's Evidence:**

- Bywater Decl. ¶ 3
- Ross Decl. ¶ 2
- Bowler Decl., ¶ 4, Ex. 69 at 22:3-5, 22:10-18, 22:25-23:1, 23:4-6; 23:8-9, 23:14-24:4; 24:8-25:7, 25:11-23, 32:23-33:10, 33:14-15, 33:21-34:5, 34:9-10, 34:13-14, 34:16-22, 37:22-23, 38:2-10, 38:25-39:5, 39:7-13, 39:18-22; 59:4-7, 66:24-67:5, 67:8-21, 70:2-17, 70:21, 85:3-10, 85:14-17, 130:15-17, 130:20-22, 131:4-6; 132:2-5, 132:14-17, 132:20-24, 133:2-5, 133:9-13, 133:15-16, 133:20, 133:24-134:1,

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | 134:9-10, 134:13-17, 134:20-137:11, 138:8-14, 138:17-24; 139:20-140:11; 140:20-141:2; 142:19-143:4; 143:15-20; 144:8-17, 145:2-12, 158:5-8, 158:11-21, 163:1-3, 163:10-164:1, 164:5-7, 164:11-164:24, 165:15-16, 165:19-21, 167:3-4, 167:7, 208:3-6; 209:15-24, 210:4-5, 210:8-1; Bywater Exs. 3, 4, 10, 11, 12, 13, 30. |
| 17.   *Empire: The Original Soundtrack From Season 1* is released and distributed with the album cover shown in Exhibit 2 to the Ross Declaration. | **Objection.** EMPIRE objects to this statement on the following grounds: (1) Hearsay. (2) Lacks foundation. |
| 18.   *Empire: The Original Soundtrack Season 2 Volume 1* is released and distributed with the album cover shown in Exhibit 3 to the Ross Declaration. | **Objection.** EMPIRE objects to this statement on the following grounds: (1) Hearsay. (2) Lacks foundation. |
| 19.   *Empire: The Original Soundtrack From Season 1* debuted as the number one album on the Billboard 200 chart for | **Objection.** EMPIRE objects to this statement on the following grounds: |

27721652v2

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| the week of March 28, 2015. | (1) Hearsay.<br>(2) Lacks foundation. |
| 20.    Fox has sold hundreds of thousands of units of the music associated with *Empire*. | **Undisputed.** |
| 21.    *Empire's* Season 1 finale attracted more than 16 million same-day viewers. | **Undisputed.** |
| 22.    *Empire's* Season 2 premiere debuted to an audience of over 20 million viewers. | **Undisputed.** |
| 23.    Consumers who purchase soundtracks are generally familiar with the underlying show or movie. | **Objection.**<br>EMPIRE objects to this statement on the following grounds:<br>(1) Vague and ambiguous as to the terms "soundtracks", "generally familiar" and "underlying show or movie".<br>(2) Lacks foundation.<br>(3) Hearsay. |
| 24.    Fox uses the marks shown in Figures 2-5 of Complaint; Paragraph 21 of defendant's Counterclaims (first image); Paragraph 6 of the Declaration of Shannon Ryan; and Exhibits 2-3 of the Declaration of Andrew Ross. | **Undisputed but incomplete**.<br>EMPIRE does not dispute that Fox uses the "EMPIRE" marks depicted in the pleadings and declarations cited. However, EMPIRE does not agree that these examples encompass *all* of Fox's |

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | uses of the "EMPIRE" marks. |
| 25.    Fox's *Empire* marks are generally accompanied by the Fox house mark and/or well-known elements from the show. | **Objection/Disputed.** EMPIRE objects to this statement on the following grounds: (1) Vague and ambiguous as to the terms "generally accompanied," "Fox house mark", and "well-known elements from the show." (2) Lacks foundation. (3) Hearsay. Subject to these objections, EMPIRE disputes this assertion.  In fact, Shannon Ryan contradicts this assertion in paragraph 6 of her declaration as several of the "EMPIRE" logos she references are standalone "EMPIRE" logos without any reference to Fox or the *Empire* series. <u>**Fox's Evidence**</u>: <ul><li>Ryan Decl. ¶ 5</li></ul> <u>**EMPIRE's Evidence:**</u> <ul><li>Ryan Decl. ¶ 6 Fig. 2, Fig. 6 & Fig. 7</li></ul> |
| 26.    Fox has spent millions of dollars to advertise and promote *Empire* and the | **Objection.** EMPIRE objects to this statement on the |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| Soundtracks. | following grounds: (1) Vague and ambigious as to the term "the Soundtracks." (2) Lacks foundation. |
| 27.     The necklace depicted in Paragraph 22 of Empire Distribution's Counterclaims was used as a prop on the show and was not offered for sale. | **Objection/Undisputed in part.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. (3) Irrelevant. Subject to these objections, EMPIRE does not dispute that the necklace may have been used as a prop on the *Empire* show but disputes that it was used exclusively as a prop on the show.  In fact, Fox spent considerable time and effort promoting the necklace and city skyline graphic on Twitter, Instagram and other social media. |
| 28.     Defendant uses the logos identified in Paragraphs 16, 17, 18, 21 and 22 of its Counterclaims. | **Undisputed but incomplete.** EMPIRE does not dispute that it uses the logos identified in paragraphs 16, 17, 18, 21 and 22.  However, EMPIRE disputes that those are the only logos it has used. (Shami Decl., ¶ 35.) |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27721652v2

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| 29.     Defendant alleges shared use of "online stores such as iTunes, Google Play, Amazon.com, and Spotify" but does not allege in its Counterclaims that it advertises its marks on television, billboards, or print media. | **Objection/Disputed.**<br><br>EMPIRE objects to this statement on the following grounds:<br><br>(1) This is not a statement of fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5.)<br><br>(2) Irrelevant.<br><br>(3) Argumentative.<br><br>Subject to these objections, EMPIRE disputes this assertion as there are multiple such allegations (general and specific) in the Counterclaims.<br><br>**Fox's Evidence**:<br><br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at p. 55 ¶ 23; pp. 47-71<br><br>**EMPIRE's Evidence:**<br><br>• EMPIRE's Counterclaims, Lens Decl., Ex. 4 at ¶¶ 9 ("Empire promotes, markets and sells its music through various channels of commerce"), 10 ("sponsored sold-out showcases under its |

27721652v2

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | name at events such as South by Southwest"), 14 ("The Marks have been used prominently in press releases and coverage of those records"), 15 ("the Marks have been the subject of broad advertising and promotional campaigns, leading to a prominent presence, both online and offline"), 16 ("one of Empire's Marks was promoted … in person at the A3C hip hop festival"), 18 (poster at televised BET awards). |
| 30.    Defendant's examples of its "Marks [being] promoted online" are Instagram posts by its CEO, Ghazi Shami, with the posting in Paragraph 16 receiving 25 likes. | **Disputed in part.** EMPIRE does not dispute that one example in its Counterclaims of its marks being promoted online included a post in October 2012 by EMPIRE's CEO Ghazi Shami which, at the time of the screenshot, had received 25 "likes." However, EMPIRE disputes that is the only example of online promotion of |

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | EMPIRE's marks provided in the Counterclaims including multiple other Instagram posts that received many hundreds of "likes", online promotion on EMPIRE's websites http://empi.re and www.empiredistribution .com, and promotion in online stores including iTunes, Google Play, Amazon.com, and Spotify. **Fox's Evidence**: <br> • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 52-53 ¶¶ 16-18 <br> **EMPIRE's Evidence:** <br> • EMPIRE's Counterclaims, Lens Decl., Ex. 4 at ¶¶ 9, 17, 18, 23,  26, 29 |
| 31.    As of the date of filing, Ghazi Shami's Instagram account has fewer than 5,000 followers. | **Objection.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. |
| 32.    As of the date of filing, Empire Distribution's Instagram account has approximately 6,000 followers. | **Objection.** EMPIRE objects to this statement on the following grounds: |

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | (1) Lacks foundation. |
| | (2) Hearsay. |
| 33.    As of the date of filing, Fox's *Empire* Instagram account has over 1.6 million followers. | **Objection.** EMPIRE objects to this statement on the following grounds: (1) Lacks foundation. (2) Hearsay. |
| 34.    The screenshots of albums in Paragraph 23 of defendant's Counterclaims do not show defendant's marks; defendant highlighted the albums it released. | **Disputed.** The first screenshot in paragraph 23 of EMPIRE's Counterclaims (on the bottom of page 9) shows EMPIRE's marks including the marks "EMPIRE Distribution" and "EMPIRE".  The other screenshots in paragraph 23 (pages 10, 11 and 12) also show EMPIRE's mark "EMPIRE" albeit on several of the albums released by Fox, which, as shown, are sold in close proximity to EMPIRE's music because they share the same search terms and genres. **Fox's Evidence**: • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 55-58 ¶ 23 **EMPIRE's Evidence:** |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | • Defendant's Counterclaims, Lens Decl., Ex. 4 at pp. 55-58 ¶ 23 |
| 35.   The poster in Paragraph 27 of defendant's Counterclaims lists "Yazz of Fox's Hit TV Show 'Empire.'" | **Disputed.** EMPIRE disputes this statement in that Fox's assertion misstates and mischaracterizes the content of the poster in paragraph 27 of EMPIRE's Counterclaims.  The poster lists Dizzy Wright, Hospin, Jarren Benton, Joey Bada$$, Dej Loaf, Rayven Justie, Jay 305, Chedda Da Connect and Yazz "of Fox's Hit Show 'Empire'".  This mistakenly suggests that all of these rap artists are affiliated with the *Empire* television series; however, Dizzy Wright, Hospin, Jarren Benton, Rayven Justice and Pia Mia are EMPIRE rap artists <u>not</u> affiliated with the *Empire* television series. **Fox's Evidence**: • Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 59-60 ¶ 27 **EMPIRE's Evidence:** |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | • EMPIRE's Counterclaims, Lens Decl., Ex. 4 at pp. 59-60 ¶ 27 |
| 36.   The Instagram comment "#teamCookie" in Paragraph 29 of defendant's Counterclaims contains no other text. | **Disputed.**<br>EMPIRE disputes this statement in that the Instagram comment in paragraph 29 of EMPIRE's Counterclaims contains other highly relevant text that evidences the confusion between EMPIRE and the *Empire* television series.  Shaggy, a Grammy award winner and one of the best selling reggae musicians of all time, posted EMPIRE's logo on the internet and commented #therealempire #empire (referring to EMPIRE the record label). In response to Shaggy's comment, another user posted the comments #loveit and #teamCookie (referring to the lead character in the *Empire* television series).<br>**Fox's Evidence**:<br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 60-61 ¶ 29<br>**EMPIRE's Evidence:** |

27721652v2

- 31 -

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | • EMPIRE's Counterclaims, Lens Decl., Ex. 4 at pp. 60-61 ¶ 29 |
| 37.    The Facebook comment in Paragraph 30 of defendant's Counterclaims by GSlaps, states, in part, that "@nima_empire ... agreed to have Empire (NOT the TV show) digitally distribute the music of @JohnnyPhrank and @Alocodaman; two artists who I manage." | **Undisputed but incomplete.** EMPIRE does not dispute that the rap and hip hop music company Glaps Entertainment, posted a comment on its Facebook site praising EMPIRE for the fame, success and longevity of the "Empire logo" over the years (clarifying that it was referring to EMPIRE not the *Empire* television show), which is set forth in full in paragraph 30 of EMPIRE's Counterclaims (Lens Decl., Ex. 4 at pp. 61-62 ¶ 30).  However, Fox's assertion includes only a select portion of that comment taken out of context. |
| 38.    When asked to state the basis for its allegation of confusion in Paragraph 20 of the Counterclaims, defendant listed the examples found in its response to Interrogatory No. 8. | **Objection/Disputed in part.** EMPIRE objects to this statement on the following grounds: (1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5). |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | (2) Argumentative.<br><br>Subject to these objections, EMPIRE does not dispute that it listed certain "examples" of confusion in its response to Fox's First Set of Interrogatories, Interrogatory No. 8.  EMPIRE disputes that these are the only examples, as expressly stated in EMPIRE's response, including the additional examples of confusion set forth in EMPIRE's additional material facts below.<br><br>(3) Irrelevant.<br><br>**Fox's Evidence**:<br>• Defendant's Responses To Fox's First Set of Interrogatories, attached to Lens Decl. as Ex. 5 at pp. 75-77 (Interrogatory No. 8)<br><br>**EMPIRE's Evidence:**<br>• EMPIRE's Responses To Fox's First Set of Interrogatories, Lens Decl., Ex. 5 at pp. 75-77 (Interrogatory No. 8) |
| 39.    Expert Deborah Jay concluded | **Objection/Disputed.** |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27721652v2

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| that the survey she conducted "strongly supports the conclusion that potential viewers of the *Empire* television series are not likely to mistakenly believe that Empire Distribution (or Empire Recordings) is the source, the sponsor of, or affiliated with the *Empire* television series (*i.e.*, there is <u>not</u> a likelihood of confusion)." | EMPIRE objects to this statement on the following grounds: <br> (1) The expression of an opinion, in and of itself, is not a statement of fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5). <br> (2) Hearsay. <br> (3) Lacks foundation. <br> Subject to these objections, EMPIRE does not dispute that the expert hired by Fox, Deborah Jay, submitted a report expressing, in part, this opinion. However, EMPIRE strongly disputes both the opinion and the factual basis of the opinion as set forth in the rebuttal Expert Report of Dr. Joel H. Steckel and rebuttal Expert Report of Kristin J. Lieb. <br> **Fox's Evidence**: <br> • Report of Deborah Jay, attached to Lens Decl. as Ex. 8 at p. 96 <br> **EMPIRE's Evidence:** <br> • Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen |

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
| | J. Lieb) at ¶3, 34-45, 48; Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p. 9, ¶¶21, 22; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114; Simon Decl. ¶¶ 2-3; Bowler Decl., ¶ 7-8, Ex. 72-73 |
| **Dilution** | |
| 40.    Defendant has not identified any evidence in its Counterclaims to support its conclusory assertions that its marks are widely recognized by the general consuming public. | **Objection/Disputed:** EMPIRE objects to this statement on the following grounds: (1) This is not a statement of material fact as required by Local Rule 56-1 and this Court's Scheduling Order dated July 23, 2015 (Dkt. 23, p.3 ¶5). (2) Irrelevant. (3) Argumentative. (4) Lacks foundation. Subject to these objections, EMPIRE disputes this assertion as there is substantial evidence in EMPIRE's Counterclaims that EMPIRE's marks are |

27721652v2

- 35 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| FOX'S ALLEGED UNCONTROVERTED FACTS | EMPIRE'S RESPONSE AND EVIDENCE |
|---|---|
|  | widely recognized by the general consuming public.<br><br>**Fox's Evidence**:<br>• Defendant's Counterclaims, attached to Lens Decl. as Ex. 4 at pp. 47-71<br>**EMPIRE's Evidence:**<br>• EMPIRE's Counterclaims, Lens Decl., Ex. 4 at ¶¶ 9-19, 25-30. |
| 41.    Empire Distribution was formed in June 2011. | **Undisputed but incomplete**.<br>Fox cites to an allegation in its Complaint (Lens Decl., Ex. 2 at p. 11 ¶ 19) and EMPIRE's Answer to the Complaint (Lens Decl., Ex. 3 at p. 37 ¶ 19) as evidence to support this statement but includes only a select excerpt from the allegation and fails to include the remainder of the allegation including the relevant portion stating that EMPIRE began using "**'Empire Distribution' and 'Empire Recordings' in commerce [on] January 1, 2010**." |

1     **EMPIRE'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN**

2     **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

3

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| 42.    Continuously since at least as early as January 2010, EMPIRE has used the mark "EMPIRE" alone and with other words as marks to signify services and products originating uniquely from EMPIRE. | Hobbs Decl., ¶ 4. |
| 43.    EMPIRE's common law trademark rights in the "EMPIRE" mark and variants date back to January, 2010. | Hobbs Decl., ¶ 5. |
| 44.    On January 24, 2014, EMPIRE filed applications through counsel with the USPTO for its "EMPIRE" marks and received Serial Nos. 86174484 and 86174393 for such applications.  ("First Empire Applications"). | Hobbs Decl. ¶ 6, Ex. 1. |
| 45.    On December 10, 2014, EMPIRE filed applications through counsel for the mark "EMPIRE Distribution" and received Serial Nos. 86476822 and 86477123 for such applications. ("Second Empire Applications"). | Hobbs Decl. ¶ 7, Ex. 1. |
| 46.    On April 8, 2015, EMPIRE filed applications through counsel for the | Hobbs Decl. ¶ 8, Ex. 1. |

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| mark "EMPIRE" and received Serial Nos. 86590365, 86590402, 86590415 and 86590385 for such applications. ("Third Empire Applications"). | |
| 47.   The EMPIRE Applications include applications in International Trademark Classes 9 and 41. | Hobbs Decl. ¶ 8, Ex. 1. |
| 48.   Finding no conflicting prior applications or existing registrations and that the marks were entitled to registration, the USPTO has approved five of the EMPIRE Applications, which will be publishing on January 19, 2016 | Hobbs Decl. ¶¶ 9-10, Ex. 1. |
| 49.   EMPIRE's application for Serial No. 86174393 for "EMPIRE" was filed January 24, 2014, nearly a year before Fox broadcast the first episode of the television program "EMPIRE" on January 7, 2015. | Hobbs Decl. ¶ 12, Ex. 1. |
| 50.   The EMPIRE applications were filed without claim to any particular font style, size, design or color and protect and permit use of the Empire marks regardless of the font style, design, size or color. | Hobbs Decl. ¶ 13. |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27721652v2

- 38 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| 51.   Of the over "650 registered or pending applications for 'empire' related marks" (SUF ¶ 11), many of the applications are for services unrelated to the services and products provided by Fox and EMPIRE under their marks. | Hobbs Decl. ¶ 14. |
| 52.   Of the over "650 registered or pending applications for 'empire' related marks" (SUF ¶ 11), the supporting marks for many of such applications or registrations are no longer in use, the marks have been abandoned and they are therefore not entitled to trademark rights or protection. | Hobbs Decl. ¶ 15. |
| 53.   Fox has filed two trademark applications in the USPTO for the mark "Empire," in International Trademark Classes 9 and 41, asserting trademark rights therein and seeking the benefits of U.S. federal trademark registrations. | Hobbs Decl. ¶ 16, Ex. 2. |
| 54.   Fox has shown a pattern of filing trademark applications in the USPTO for the names of television programs that it broadcasts, asserting trademark rights therein and seeking the benefits of U.S. | Hobbs Decl. ¶ 17, Ex. 3. |

27721652v2

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| federal trademark registrations. | |
| 55.   Fox has shown a pattern of filing trademark opposition and cancellation actions before the Trademark Trial and Appeal Board ("TTAB") of the USPTO arising out of the names of programs that it broadcasts, asserting trademark rights therein and seeking the benefits of U.S. trademark rights in the names of its television programs. | Hobbs Decl. ¶ 18, Ex. 4. |
| 56.   Since January 2010, EMPIRE has established itself as a leading record label and music distribution company for urban music, including hip-hop, rap, and R&B in the United States, releasing over 11,000 albums/singles, 6,000 music videos and 85,000 songs. | Shami Decl., ¶¶ 6-21 |
| 57.   EMPIRE has worked with an extensive list of well-known hip hop, rap, and R&B musical artists in the world, including but not limited to, T.I., Snoop Dogg, Kendrick Lamar, Trinidad James, Too $hort, The Game, Mally Mall, Rich Homie Quan, Tyga, Shaggy, Migos, Busta Rhymes, Fat Joe, Sage the | Shami Decl., ¶¶ 7, 9-19 |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| Gemini, Cam'ron, Jim Jones, Rocko, Gladys Knight, Rae Sremmurd, and many more. | |
| 58.    EMPIRE helped launch the careers of a number of rap and hip hop hit-makers including, for example, Grammy Award winning, multi-platinum recording artist, Kendrick Lamar. | Shami Decl., ¶ 8 |
| 59.    EMPIRE released eleven of the top one hundred hip-hop songs of 2015 listed by Spotify (a commercial music streaming service with over 75 million active users) including the number one song, "Flex" by Rich Homie Quan. | Shami Decl., ¶ 20 |
| 60.    EMPIRE has four albums on Rolling Stone's list of the 40 Best Rap Albums of 2015, four tracks in Pitchfork's Best Songs of 2015, and three artists in Pigeons & Planes' New Artists for 2016 list. | Shami Decl., ¶ 20 |
| 61.    What began as EMPIRE Distribution in 2010 has grown into a full-service music company under the umbrella brand name "EMPIRE," which | Shami Decl., ¶¶ 22-29 |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| includes "EMPIRE Distribution" (distribution services), "EMPIRE Recordings" (recording and label), and "EMPIRE Publishing" (publishing services). | |
| 62.    EMPIRE has been using "EMPIRE" as a standalone trademark in association with its music business continuously since at least as early as January 2010. | Shami Decl., ¶ 31 |
| 63.    EMPIRE has used the primary branding "EMPIRE" sometimes in association with other words such as "Distribution" and "Recordings," to identify the services that EMPIRE provides and the products associated with those services under the umbrella EMPIRE brand. | Shami Decl., ¶ 31 |
| 64.    Prior to the first airing of Fox's "Empire" television series, EMPIRE had six pending trademark applications. | Shami Decl., ¶ 34 |
| 65.    By April of 2015, EMPIRE had an additional four pending trademark applications. | Shami Decl., ¶ 34 |
| 66.    Five of these ten trademark | Shami Decl., ¶ 34 |

27721652v2

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN
OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| applications – three for EMPIRE and two for EMPIRE DISTRIBUTION – are expected to be published by the United States Patent and Trademark Office in January 2016. | |
| 67.    EMPIRE's brand is represented in the marketplace in several ways, including, but not limited to, the logos depicted in paragraph 35 of the declaration of Ghazi Shami. | Shami Decl., ¶¶ 35, 36 |
| 68.    Advertising and publicity campaigns began immediately on EMPIRE's launch in 2010 and increased markedly beginning in late 2013 and early 2014. | Shami Decl., ¶ 37 |
| 69.    EMPIRE spent approximately $650,000 in 2014 in marketing, advertising, and promotion and approximately $2.5 million in 2015 on advertising, marketing, and promotional expenses. | Shami Decl., ¶ 37 |
| 70.    The EMPIRE logo is used in a variety of advertising and promotional contexts including, for example, iTunes CD covers, billboards, concerts, and | Shami Decl., ¶¶ 38-40 |

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| promotional items. | |
| 71.    EMPIRE is a well known, highly respected and influential record label and music distribution company. | Shami Decl., ¶¶ 35-61; McDaniels Decl. ¶¶ 4-8; Douthit Decl. ¶¶ 11-14; Julien Decl. ¶¶ 7-11 |
| 72.    EMPIRE has sold millions of songs distributed or recorded under the EMPIRE marks. | Shami Decl., ¶ 44 |
| 73.    Record labels, including EMPIRE, are important to consumers in the urban music genre. | Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 12-22, 46; McDaniels Decl. ¶¶ 9-14; Douthit Decl. ¶¶ 7-10; Julien Decl. ¶¶ 12-21; Shami Decl., ¶¶ 62-83 |
| 74.    EMPIRE's reputation is being seriously damaged by Fox's unauthorized use of the "Empire" name for the Empire Series and Empire Series Music. | Shami Decl., ¶¶ 90, 93 |
| 75.    EMPIRE and Fox are competing for the sale of the same type of music to the same customers in the same places. | Shami Decl., ¶¶ 95-113 |
| 76.    Fox's Empire marks are nearly identical to EMPIRE's marks. | Shami Decl., ¶¶ 35, 96; Ryan Decl., ¶ 6 |
| 77.    Given their overlapping businesses, there is likely to be consumer confusing between EMPIRE, | Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22- |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27721652v2

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| on the one hand, and Fox's *Empire* television series and music, on the other hand. | 26; Simon Decl. ¶¶ 2-3 |
| 78.     There have been many instances of actual confusion expressed by artists and consumers between EMPIRE, on the one hand, and Fox's *Empire* television series and music, on the other hand. | Shami Decl., ¶¶ 115-135, Exs. 8-24; Simon Decl. ¶¶ 2-3; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26 |
| 79.     There are consumers and artists who have expressed confusion as to whether the products bearing EMPIRE's marks were sponsored or approved by Fox or the *Empire* television series. | McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114115-135, Exs. 8-24; Simon Decl. ¶¶ 2-3 |
| 80.     There are consumers and artists who have expressed confusion as to whether the *Empire* series and the *Empire* series related products were sponsored or approved by EMPIRE. | McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114115-135, Exs. 8-24; Simon Decl. ¶¶ 2-3 |
| 81.     Numerous consumers, artists, and EMPIRE's business partners have expressed confusion to EMPIRE as to whether the fictional "Empire" program has any affiliation or business relationship with the real-life EMPIRE. | McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114115-135, Exs. 8-24; Simon Decl. ¶¶ 2-3 |
| 82.     Fox has used the "Empire" name | Bywater Decl. ¶ 3; Ross Decl. ¶ 2; |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| as a source-identifier outside of the construct of the Empire series. | Bowler Decl., ¶ 4, Ex. 69 at 22:3-5, 22:10-18, 22:25-23:1, 23:4-6; 23:8-9, 23:14-24:4; 24:8-25:7, 25:11-23, 32:23-33:10, 33:14-15, 33:21-34:5, 34:9-10, 34:13-14, 34:16-22, 37:22-23, 38:2-10, 38:25-39:5, 39:7-13, 39:18-22; 59:4-7, 66:24-67:5, 67:8-21, 70:2-17, 70:21, 85:3-10, 85:14-17, 130:15-17, 130:20-22, 131:4-6; 132:2-5, 132:14-17, 132:20-24, 133:2-5, 133:9-13, 133:15-16, 133:20, 133:24-134:1, 134:9-10, 134:13-17, 134:20-137:11, 138:8-14, 138:17-24; 139:20-140:11; 140:20-141:2; 142:19-143:4; 143:15-20; 144:8-17, 145:2-12, 158:5-8, 158:11-21, 163:1-3, 163:10-164:1, 164:5-7, 164:11-164:24, 165:15-16, 165:19-21, 167:3-4, 167:7, 208:3-6; 209:15-24, 210:4-5, 210:8-1; Bywater Exs. 3, 4, 10, 11, 12, 13, 30. |
| 83.    Empire has been involved in network television programming and intends to continue using television-based media to promote and grow its brand. | Shami Decl. ¶¶ 136-141 |

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| 84.    Fox's purported survey expert, Philip Johnson, conducted a survey purporting to measure the extent of "reverse confusion" between the Empire's marks and the *Empire* series and *Empire* series music. | Bowler Decl., ¶ 6, Ex. 71 (Johnson Deposition Transcript) at 20:2-10.. |
| 85.    Fox's purported survey expert, Deborah Jay, conducted a survey purporting to measure the extent of "forward confusion" between the Empire's marks and the *Empire* series and *Empire* series music. | Lens Decl., ¶ 11, Ex. 8. |
| 86.    The survey conducted by Philip Johnson does not provide a valid scientific basis for measuring the extent of reverse confusion in this matter. | Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶21 |
| 87.    Philip Johnson's choice of stimuli inhibited respondents from linking the stimuli with Empire. | Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶21 |
| 88.    Philip Johnson's survey question wording minimized the possibility of respondents linking the stimuli with Empire. | Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶21 |
| 89.    Philip Johnson's survey did not measure confusion among consumers | Bowler Decl., ¶ 6, Ex. 71 at 21:11-14, 21:16-21, 21:23-22:3, 22:5-18. |

27721652v2

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| who have encountered both parties' marks. | |
| 90.   Deborah Jay's survey results do not generalize beyond the situation where a consumer is watching a television trailer or commercial. | Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶22 |
| 91.   In particular, Deborah Jay's survey results could not be generalized to a situation when a consumer searches for the *Empire* television show or its soundtrack or hip hop music generally on a platform like iTunes or Google Play or Google search engine. | Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶22 |
| 92.   Deborah Jay's survey cannot be used to measure confusion amongst the subset of consumers who participate in the activities mentioned above. | Bowler Decl., ¶ 7, Ex. 72 (Expert Report of Dr. Joel H. Steckel) at p.9, ¶22 |
| 93.   Deborah Jay's survey did not account for the *Empire* Series Music. | Bowler Decl., ¶ 5, Ex. 70 (Jay Deposition Transcript) at 20:2-3, 20:6-11, 20:16-21:18, 21:23, 21:25-22:15, 22:19-23:4. |
| 94.   Record labels are important to consumers of rap, hip hop, and R&B music. | Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 12-22, 46; McDaniels Decl. ¶¶ 9-14; Douthit Decl. ¶¶ 7-10; Julien Decl. ¶¶ |

27721652v2

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| | 12-21; Shami Decl., ¶¶ 62-83 |
| 95.   EMPIRE is a well-known and respected label in the rap and hip hop music genre/space. | Shami Decl., ¶¶ 6-21, 35-61; Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 24-33, 47; McDaniels Decl. ¶¶ 4-8; Douthit Decl. ¶¶ 11-14; Julien Decl. ¶¶ 7-11; McDaniels Decl. ¶¶ 4-8; Douthit Decl. ¶¶ 11-14; Julien Decl. ¶¶ 7-11 |
| 96.   EMPIRE receives significant press in industry and national publications. | Bowler Decl., ¶ 3, Exs. 42-68. |
| 97.   Some consumers are likely to be confused regarding the affiliation between EMPIRE's use of the brand or term "Empire" and Fox's use of the term "Empire" in connection with the *Empire* television series and sales of the *Empire* series music. | Bowler Decl., ¶ 8, Ex. 73 (Expert Report of Dr. Kristen J. Lieb) at ¶3, 34-45, 48; McDaniels Decl. ¶¶ 15-17; Douthit Decl. ¶¶ 14; Julien Decl. ¶¶ 22-26; Shami Decl., ¶¶ 84, 92, 93, 94, 100, 114; Simon Decl. ¶¶ 2-3 |
| 98.   On July 31, 2015, Fox served its Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) identifying only six individuals including:  Geoff Bywater (SVP, Television Music); Jeremy Kaufman (VP, Intellectual Property, Fox Group Legal); Vibiana Molina (SVP, | Villar Decl. ¶ 2, Ex. 25 |

27721652v2

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| Business Affairs); Shannon Ryan (EVP, Marketing and Communications); Mei-lan Stark (SVP, Intellectual Property, Fox Group Legal); and Michael Thorn (EVP, Development). | |
| 99.    Shannon Ryan, whom Fox has not made available for deposition, has significant relevant knowledge regarding *Empire* Series Music marketing and promotional efforts. | Bowler Decl., ¶ 4, Ex. 69 at 32:12-22. |
| 100.    Fox has not yet produced a witness on the selection of the name "Empire" for the *Empire* Series. | Bowler Decl., ¶ 4, Ex. 69 at 45:23-47:1, 47:4. |
| 101.    Fox has not yet produced a witness on whether Fox conducted trademark searches prior to adopting the name "Empire." | Bowler Decl., ¶ 4, Ex. 69 at 49:13-15, 49:19. |
| 102.    Fox has not yet provided a witness with knowledge of Fox's marketing spend on *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 150:3-9. |
| 103.    Fox has not produced the witness most knowledgeable regarding sales data for the *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 165:23-166:5, 166:11-15. |
| 104.    There were many other | Villar Decl. ¶ 3 |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| individuals known to Fox who have discoverable information who were not identified in Fox's Initial Disclosures including, for example, the creators and executive producers of the *Empire* series, Daniel Strong and Lee Daniels, and other employees of Fox and Columbia Records who release music from the *Empire* series. | |
| 105.    Fox filed seven declarations in support of its Motion for Summary Judgment, five of which are purported percipient witnesses (Melissa Blazek, Geoff Bywater, Tracey Raftery, Andrew Ross, and Shannon Ryan) and two of which are Fox's attorneys of record, Molly Lens and Farrah Reynolds of O'Melveny & Myers LLP. | Villar Decl. ¶ 3 |
| 106.    Three of the five (60%) percipient witnesses (Melissa Blazek, Tracey Raftery, and Andrew Ross) who submitted declarations in support of Fox's Motion for Summary Judgment were *not disclosed* in Fox's Initial Disclosures Pursuant to Fed. R. Civ. P. | Villar Decl. ¶ 3 |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN
OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
| --- | --- |
| 26(a)(1). | |
| 107.    As of the date EMPIRE's opposition was due, Fox had not amended or supplemented its Initial Disclosures pursuant to Fed. R. Civ. P. 26(e). | Villar Decl. ¶ 4 |
| 108.    Despite serving a First Request for Production of Documents on July 17, 2015, Fox did not make its initial production documents until on or about December 7, 2015, nearly five months later and just *9 days* before filing its Motion for Summary Judgment. | Villar Decl. ¶ 7 |
| 109.    Despite serving numerous subpoenas on August 11, 2015, and reaching agreement on the scope of production with Fox's counsel regarding Fox Music in October 2015 and regarding Lee Daniels and Daniel Strong in November 2015, these witnesses have not produced a single document responsive to the subpoenas as of the date EMPIRE's opposition was due. | Villar Decl. ¶ 11 |
| 110.    As of the date EMPIRE's opposition was due, Fox has only made | Villar Decl. ¶ 20 |

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| *one* percipient witness, Geoff Bywater, available for deposition. | |
| 111.　　As of the date EMPIRE's opposition was due, Fox had not provided any confirmed dates for the depositions of expert witnesses Ted Cohen and Erich Joachimsthaler. | Villar Decl. ¶ 25 |
| 112.　　EMPIRE is unable to present facts essential to oppose Fox's Motion for Summary Judgment because the depositions, documents and other discovery that EMPIRE has requested from Fox is directed at issues raised by Fox in its Motion including, but not limited to, the origin and Fox's selection of the *Empire* name; Fox's knowledge of the EMPIRE marks (including Fox's trademark searches relating to the EMPIRE marks); Fox's marketing expenses and promotional efforts relating to the *Empire* series and *Empire* series music; sales data for the *Empire* series music; the strength of the remarks at issue; the proximity of the goods; the similarity of the marks; the evidence of | Villar Decl. ¶¶ 2-34 |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| actual and likely confusion; the marketing channels used; the type of goods and the degree of care likely to be exercised by the purchaser; Fox's intent in selecting the mark; and the likelihood of expansion of the product lines. | |
| 113.    Fox once owned a record label, Fox Records, but it did not succeed because it was not "set up properly." | Bowler Decl., ¶ 4, Ex. 69 (Bywater Deposition Transcript) at 15:22, 16:3-7. |
| 114.    Music has been a focus of Fox's business for years; for example, Geoff Bywater rose through the ranks at Fox to become Head of Music by working in Fox's dedicated music department for film and television. | Bowler Decl., ¶ 4, Ex. 69 at 15:8-17:2, 17:6-19:9, 19:11-19:24, 20:2-5, 21:16-22:2.. |
| 115.    Music became such a major part of Fox's television business that Fox created a television music department separate from film. | Bowler Decl., ¶ 4, Ex. 69 at 18:22-19:9, 19:11-17/ |
| 116.    Fox, like any major record label, signs musical artists to extensive music contracts, including exclusive "360 deals" which cover recording, publishing, merchandising, name and likeness rights, live concert touring | Bowler Decl., ¶ 4, Ex. 69 at 22:3-5, 22:10-18, 22:25-23:1, 23:4-6; 23:8-9, 23:14-24:4; 24:8-25:7, 25:11-23; 130:15-17, 130:20-22, 131:4-6; 132:2-5, 132:14-17, 132:20-24, 133:2-5, 133:9-13, 133:15-16, 133:20, 133:24- |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN
OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| rights, etc. | 134:1, 134:9-10, 134:13-17, 134:20-137:11; Bywater Exs. 10, 11 |
| 117.    Fox enters into contractual agreements that record labels traditionally enter into, including at least artist agreements, label waiver agreements, songwriter agreements, publishing agreements, composer agreements, licensing agreements, and remixer agreements, for the creation of *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 138:8-14, 138:17-24; 139:20-140:11; 140:20-141:2; 142:19-143:4; 143:15-20; 144:8-17, 145:2-12; Bywater Exs. 10, 11, 12, 13. |
| 118.    Fox is "develop[ing] talent" like a record label and cannot afford to "have them go someplace else," and therefore requires its artists to sign extensive, exclusive music contracts with Fox. | Bowler Decl., ¶ 4, Ex. 69 at 24:14-25:5. |
| 119.    Fox uses *Empire* to launch solo careers for its artists. | Bowler Decl., ¶ 4, Ex. 69 at 70:23-71:4, 71:8-17, 71:20. |
| 120.    Like a record label, Fox is seeking to locate and retain unknown musical artist talent. | Bowler Decl., ¶ 4, Ex. 69 at 126:14-127:18, 127:25-128:4, 128:12-129:15. |
| 121.    Fox entities, known collectively as "Fox," own the rights to the *Empire* Series and the *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 26:12-15, 26:18-25, 27:4-8, 27:11, 27:16-21, 27:25-5; 100:11-14, 100:17-21. |
| 122.    Fox's *Empire* Series Music team | Bowler Decl., ¶ 4, Ex. 69 at 32:2-11. |

27721652v2

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| collaborates with Fox Broadcasting Company to market *Empire* Series Music through appearances on TV, and by providing music to content providers on a regular basis for radio and online advertising. | |
| 123.    Fox maintains a merchandising business unit that is responsible for creating "Empire" branded merchandise, which consists of promotional items. | Bowler Decl., ¶ 4, Ex. 69 at 32:23-33:10, 33:14-15, 33:21-34:5. |
| 124.    The music model for Fox's massively popular musical television show "GLEE" is similar to the music model for *Empire*, and served as the "prototype" for *Empire*. | Bowler Decl., ¶ 4, Ex. 69 at 34:9-10, 34:13-14. |
| 125.    "GLEE" demonstrated the significant business potential associated with using music on television. | Bowler Decl., ¶ 4, Ex. 69 at 34:16-22. |
| 126.    Fox partners with Columbia Records to release music for "GLEE" and *Empire*. | Bowler Decl., ¶ 4, Ex. 69 at 34:23-35:1, 35:8-9, 35:12. |
| 127.    Unlike "GLEE," *Empire* creates almost all original music geared toward the urban music genres. | Bowler Decl., ¶ 4, Ex. 69 at 36:6-11; 36:24-25; 37:3-7, 50:5, 50:8-9, 51:10-11, 51:16-52:1. |
| 128.    *Empire* Series Music was | Bowler Decl., ¶ 4, Ex. 69 at 36:12-23. |

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| designed fill a gap in the marketplace, and has therefore significantly contributed to *Empire*'s success. | |
| 129.    The *Empire* Series and *Empire* Series Music is targeted toward African Americans and over-performs in larger urban markets. | Bowler Decl., ¶ 4, Ex. 69 at 54:8-22, 54:25-55:9, 55:13-15, 55:24-56:1, 56:5-8; 106:11-24. |
| 130.    The *Empire* Series Music concept was developed early in the Empire Series development process. | Bowler Decl., ¶ 4, Ex. 69 at 40:16-41:7, 41:13-16, 41:19-42:1, 45:11-12, 45:15-46:13, 46:16-21. |
| 131.    Fox uses original music for *Empire* as opposed to licensed non-original music at least because it allows Fox to use the song in advertising not only for the *Empire* Series but for "any of its ancillary businesses." | Bowler Decl., ¶ 4, Ex. 69 at 37:22-23, 38:2-10, 38:25-39:5, 39:7-13, 39:18-22; 66:24-67:5, 67:8-21, 70:2-17, 70:21; Bywater Exs. 3,4 |
| 132.    Timbaland, a well-respected musical artist and producer, is the executive music producer for *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 42:3-8, 43:12-18, 43:25-44:2, 44:6-11. |
| 133.    Timbaland works with a team of established music industry partners to write, produce and finalize the *Empire* Series Music for distribution to consumers. | Bowler Decl., ¶ 4, Ex. 69 at 62:6-9, 62:12-63:2, 63:11-12, 63:16-64:1, 65:4-6, 65:9-11. |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| 134.   Fox releases three to five songs used in each episode of the *Empire* Series. | Bowler Decl., ¶ 4, Ex. 69 at 58:17-19. |
| 135.   *Empire* Series Music is often released before the Empire Series episode is aired. | Bowler Decl., ¶ 4, Ex. 69 at 79:21-80:9, 81:16-18, 98:16-17, 98:20-99:15, 99:18-100:10; 113:4-6, 113:11-13. |
| 136.   Approximately 65 songs are released per season of the *Empire* Series. | Bowler Decl., ¶ 4, Ex. 69 at 59:4-7. |
| 137.   Consumers recognize *Empire* Series Music by the song title. | Bowler Decl., ¶ 4, Ex. 69 at 207:6-7, 207:11-15. |
| 138.   *Empire* Series Music is marketed to and available to all consumers, not just consumers who have seen the *Empire* Series television show. | Bowler Decl., ¶ 4, Ex. 69 at 59:18-22, 60:1-10. |
| 139.   A team of writers consults with Fox regarding the way that real-life record labels operate. | Bowler Decl., ¶ 4, Ex. 69 at 48:22-25, 49:3-5. |
| 140.   The *Empire* Series depicts artists creating original songs in a recording studio. | Bowler Decl., ¶ 4, Ex. 69 at 61:22-25. |
| 141.   The *Empire* Series depicts artists giving live performances. | Bowler Decl., ¶ 4, Ex. 69 at 62:1-3. |
| 142.   Real-life musical artists appear on and release songs through *Empire*. | Bowler Decl., ¶ 4, Ex. 69 at 72:24-13. |
| 143.   Real-life musical artists appear on | Bowler Decl., ¶ 4, Ex. 69 at 73:16-18, |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27721652v2

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| *Empire* to "bring more reality into the show." | 73:23-74:17, 75:18-24, 83:25-84:7, 84:11-21. |
| 144.    Real-life rapper Snoop Dogg appeared on *Empire* as himself to release in real-life on iTunes an independently created single called "Peaches N Cream" that was portrayed as being recorded at and released in partnership with *Empire*. | Bowler Decl., ¶ 4, Ex. 69 at 89:10-25, 90:1, 90:8-14, 91:2-3, 91:6-7, 91:10-17, 92:4-7, 92:10-19; 93:1-11; Bywater Ex. 7. |
| 145.    Duets with real-life artists improve sales of *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 124:21-125:16. |
| 146.    Fox values having talent that could "hold up their own in music" to lend authenticity and realism to the *Empire* Series. | Bowler Decl., ¶ 4, Ex. 69 at 71:22-24, 72:5-7, 72:9-10, 72:14. |
| 147.    *Empire* is "really deep in the world of music" and Fox wants "to make that world feel very real." | Bowler Decl., ¶ 4, Ex. 69 at 83:25-84:7, 84:11-21; Bywater Ex. 6. |
| 148.    Fox partners with Columbia to release *Empire* Series Music in popular formats (digital and physical) and through traditional distribution channels (i.e., iTunes, Spotify, Pandora, Walmart, Target, etc.). | Bowler Decl., ¶ 4, Ex. 69 at 94:21-23, 95:1-19, 95:22-97:9, 99:2-99:15, 99:18-100:10; 101:8-102:13; 108:11-13, 108:16-23. |
| 149.    Fox contemplated rolling out a digital-only format for the *Empire* Series | Bowler Decl., ¶ 4, Ex. 69 at 104:13-22; 105:7-22; Bywater Ex. 8. |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN
OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| Music. | |
| 150.    *Empire* Series Music has appeared on the Billboard Top 100 and 200 charts, including at No. 1, as well as urban, rap, R&B, and hip hop genre-specific charts. | Bowler Decl., ¶ 4, Ex. 69 at 67:23-68:3, 68:7-10, 68:16-17, 68:20-69:2, 77:13-23, 78:2-4; 114:12-23; 114:24-115:1, 115:5-7; 172:10-16, 172:18-25. |
| 151.    *Empire* Series Music has appeared on iTunes hip hop, urban, and album charts. | Bowler Decl., ¶ 4, Ex. 69 at 170:12-14; Bywater Ex. 16. |
| 152.    Fox has sold just under 500,000 physical albums of *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 163:1-3, 163:10-164:1. |
| 153.    Fox has sold approximately 3 million downloads comprising individual track sales of *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 164:5-7, 164:11-164:24, 165:15-16, 165:19-21. |
| 154.    The largest consumption of *Empire* Series Music is through streaming services such as Spotify. | Bowler Decl., ¶ 4, Ex. 69 at 102:14-18, 102:22-103:5; 104:20-22. |
| 155.    *Empire* Series Music has been streamed well over 100 million times. | Bowler Decl., ¶ 4, Ex. 69 at 167:3-4, 167:7. |
| 156.    *Empire* Series Music sells for approximately $13 per album, and $1 per song. | Bowler Decl., ¶ 4, Ex. 69 at 110:3-11. |
| 157.    Fox monitors sales data for the *Empire* Series Music through platforms such as SoundScan. | Bowler Decl., ¶ 4, Ex. 69 at 161:18-25, 162:9-12; Bywater Ex. 17. |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| 158.   As with "Glee," Fox maintains ownership of the *Empire* Series Music and has entered into an unexecuted profit-sharing agreement with Columbia Records. | Bowler Decl., ¶ 4, Ex. 69 at 120:18-121:18; 122:13-123:1, 146:21-147:12; 148:8-24, 149:6-12, 149:15; Bywater Exs. 14, 15 |
| 159.   Fox's first distribution of ▆▆▆▆ under its ▆▆▆▆▆ agreement with Columbia was for approximately ▆▆▆▆ ▆▆▆. | Bowler Decl., ¶ 4, Ex. 69 at 158:5-8, 158:11-21. |
| 160.   Like "GLEE," Fox intends *Empire* to become a big piece of the music business through touring and marketing. | Bowler Decl., ¶ 4, Ex. 69 at 85:3-10, 85:14-17. |
| 161.   A dedicated marketing plan is created with respect to the *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 123:12-124:3. |
| 162.   Fox maintains approval rights over the marketing plan for the *Empire* Series Music. | Bowler Decl., ¶ 4, Ex. 69 at 155:16-24, 156:2-23; Bywater Exs. 23, 25. |
| 163.   Fox has considered a live concert tour for *Empire* Series music, in which Columbia will have no stake. | Bowler Decl., ¶ 4, Ex. 69 at 86:12-14, 86:17-24; 87:3-11. |
| 164.   Fox has promoted *Empire* Series Music at the South by Southwest music festival. | Bowler Decl., ¶ 4, Ex. 69 at 189:16-190:7, 190:10-12; Bywater Ex. 24. |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

| EMPIRE'S ADDITIONAL MATERIAL FACTS | EMPIRE'S EVIDENCE |
|---|---|
| 165.    Fox seeks and enters into promotional partnerships involving *Empire* Series Music, including with Pepsi. | Bowler Decl., ¶ 4, Ex. 69 at 196:11-197:6; Bywater Ex. 27. |
| 166.    Fox has promoted *Empire* Series Music on the BET television channel, including via live performances. | Bowler Decl., ¶ 4, Ex. 69 at 200:10-11, 200:18-201:5; Bywater Ex. 29. |
| 167.    *Empire* is promoted on iHeart Radio. | Bowler Decl., ¶ 4, Ex. 69 at 81:19-82:3, 82:6-7; Bywater Ex. 5. |
| 168.    Fox intends *Empire* to build a music business and consumer products brand. | Bowler Decl., ¶ 4, Ex. 69 at 208:3-6; 209:15-24, 210:4-5, 210:8-14; Bywater Ex. 30. |
| 169.    Fox's Head of Music, Geoff Bywater, is familiar with a number of EMPIRE's very famous clients, including some that have been pitched to appear on or have actually appeared on the *Empire* Series. | Bowler Decl., ¶ 4, Ex. 69 at 202:1-205:3. |
| 170.    EMPIRE pled a forward and reverse confusion case. | Bowler Decl., ¶¶ 10-11. |
| 171.    Fox was aware of EMPIRE's forward and reverse confusion claims. | Bowler Decl., ¶¶ 10-12. |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

27721652v2

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Dated:  January 19, 2016

Respectfully submitted,

TROUTMAN SANDERS LLP

By:  /s/ Peter N. Villar
    Paul L. Gale
    Peter N. Villar
    John M. Bowler
    Michael D. Hobbs
    Lindsay Mitchell Henner

*Attorneys for Defendant-
Counterclaimant Empire
Distribution Inc.*

EMPIRE DISTRIBUTION, INC.'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN
OPPOSITION TO FOX'S MOTION FOR SUMMARY JUDGMENT